SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
TRACEY A. KENNEDY, Cal Bar No. 150782
ROBERT E. MUSSIG, Cal. Bar No. 240369
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398
E-mail: tkennedy@sheppardmullin.com
rmussig@sheppardmullin.com

LINDA Z. SHEN, Cal Bar No. 294039
501 W. Broadway, 18th Floor
San Diego, CA 92101-3598
Telephone: 619.338.6500
Facsimile: 619.234.3815
Email: lshen@sheppardmullin.com

Attorneys for Defendant.
CHEVRON U.S.A, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

MARK SNOOKAL, an individual,

Plaintiff,

vs.

CHEVRON U.S.A. INC, a California Corporation, and DOES 1 through 10, inclusive,

Defendants.

Case No. 2:23-cv-06302-HDV-AJR

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Complaint served: August 9, 2023

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant Chevron U.S.A. Inc. ("Defendant"), a Pennsylvania corporation, by and through its undersigned counsel, hereby answers the Complaint of Plaintiff Mark Snookal ("Plaintiff") as follows:

## I. PARTIES

1. In response to Paragraph 1 of the Complaint, Defendant admits that Plaintiff was employed by Defendant in the city of El Segundo, California in the County of Los Angeles during the relevant time period. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis, denies the remaining allegations.

2. In response to Paragraph 2 of the Complaint, Defendant admits that during the relevant time period and at present, Defendant conducts business in Los Angeles County, and Defendant employs more than five employees. Defendant denies that it is incorporated and exists under the laws of the State of California. Defendant is not required to answer legal conclusions and argument, and on that basis, denies the remaining allegations.

3. In response to Paragraph 3 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's factual allegations, and on that basis, denies each and every factual allegation. Defendant is not required to answer legal conclusions and argument, and on that basis, denies the remaining allegations.

4. In response to Paragraph 4 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the factual allegations, and on that basis, denies each and every factual allegation. Defendant is not required to answer legal conclusions and argument, and on that basis, denies the remaining allegations.

## II. JURISDICTION

5. In response to Paragraph 5 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's factual allegations, and on that basis, denies each and every factual allegation. Defendant does not deny that jurisdiction is proper in this Court.

## III. VENUE

6. In response to Paragraph 6 of the Complaint, Defendant admits that Plaintiff was employed at Defendant's El Segundo refinery located at 324 West El Segundo Boulevard. Defendant denies the remaining factual allegations in this Paragraph but does not dispute that venue is proper in this Court.

## IV. FACTS

7. In response to Paragraph 7 of the Complaint, Defendant denies each and every allegation.

8. In response to Paragraph 8 of the Complaint, Defendant denies each and every allegation.

9. In response to Paragraph 9 of the Complaint, Defendant admits that Plaintiff held the position of Maintenance Supervisor – Analyzer/Digital Group in 2011. Defendant denies the remaining allegations.

10. In response to Paragraph 10 of the Complaint, Defendant denies each and every allegation.

11. In response to Paragraph 11 of the Complaint, Defendant denies each and every allegation.

12. In response to Paragraph 12, Defendant admits that in 2019, Plaintiff applied for the Reliability Engineer Manager ("REM") position in Escravos, Nigeria, which had a salary grade 22. Defendant admits that the job description for the REM position specified that "the position is responsible for managing a multidiscipline team of ~20 engineers and technicians" and that "the RE Manager sets the high-level strategies and work direction for the asset integrity management program in a highly complex Gas to Liquids (GTL) plant environment." Defendant denies the remaining allegations.

13. In response to Paragraph 13, Defendant denies each and every allegation.

14. In response to Paragraph 14 of the Complaint, Defendant admits that Plaintiff was required to successfully pass a Medical Suitability for Expat Assignment ("MSEA") as a condition for obtaining the REM position in Escravos, Nigeria. Defendant admits that a health care professional advised of several work restrictions. Defendant denies the remaining allegations.

15. In response to Paragraph 15 of the Complaint, Defendant denies each and every allegation.

16. In response to Paragraph 16 of the Complaint, Defendant admits that a health care professional provided a doctor's note regarding a medical examination. Defendant denies the remaining allegations.

17. In response to Paragraph 17 of the Complaint, Defendant admits that in August 2019, Plaintiff was advised that he was not fit for duty. Defendant denies the remaining allegations.

18. In response to Paragraph 18 of the Complaint, Defendant admits that Plaintiff was required to pass successfully a MSEA as a condition of awarding him the REM position in Escravos, Nigeria, which, among other things, required medical clearance by non-party Chevron Nigeria Limited. Defendant further admits that the REM jobsite was in a remote area in Nigeria with limited medical facilities. Defendant denies the remaining allegations.

19. In response to Paragraph 19 of the Complaint, Defendant denies each and every allegation.

20. In response to Paragraph 20 of the Complaint, Defendant admits that there is an email dated August 23, 2019 from Dr. Khan to Dr. Levy. Defendant denies the remaining allegations.

21. In response to Paragraph 21 of the Complaint, Defendant denies each and every allegation.

22. In response to Paragraph 22 of the Complaint, Defendant denies each and every allegation.

23. In response to Paragraph 23 of the Complaint, Defendant denies each and every allegation.

24. In response to Paragraph 24 of the Complaint, Defendant admits that another employee was hired into the position of Instrumentation, Electrical and Analyzer Reliability Team Lead in El Segundo. Defendant denies the remaining allegations.

25. In response to Paragraph 25 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the allegations, and on that basis, denies each and every allegation.

26. In response to Paragraph 26 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the allegations, and on that basis, denies each and every allegation.

27. In response to Paragraph 27 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the allegations, and on that basis, denies each and every allegation.

28. In response to Paragraph 28 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

29. In response to Paragraph 29 of the Complaint, Defendant denies each and every allegation.

30. In response to Paragraph 30 of the Complaint, Defendant admits that Plaintiff is over the age of 40. Defendant denies the remaining allegations.

31. In response to Paragraph 31 of the Complaint, Defendant denies each and every allegation.

32. In response to Paragraph 32 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations concerning Mr. Snookal's mental health and/or mental health treatments, and on that basis, denies each and every allegation.

33. In response to Paragraph 33 of the Complaint, Defendant denies that Plaintiff was constructively terminated. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis, denies each and every allegation.

34. In response to Paragraph 34 of the Complaint, Defendant denies each and every allegation.

**FIRST CAUSE OF ACTION**

**(Disability – (Actual or Perceived) Discrimination in Violation of Cal. Gov't Code § 12940 *et seq*. against Chevron and DOES 1-10)**

35. In response to Paragraph 35 of the Complaint, Defendant incorporates herein by reference its responses to Paragraphs 1-34 inclusive, as though fully set forth herein.

36. In response to Paragraph 36 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

37. In response to Paragraph 37 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

38. In response to Paragraph 38 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

39. In response to Paragraph 39 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

40. In response to Paragraph 40 of the Complaint, Defendant denies each and every allegation.

41. In response to Paragraph 41 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

42. In response to Paragraph 42 of the Complaint, Defendant denies each and every allegation.

43. In response to Paragraph 43 of the Complaint, Defendant admits that Plaintiff filed a complaint against Defendant with the California Department of Fair Employment and Housing on December 22, 2021, which issued Plaintiff a right-to-sue notice. Defendant denies the remainder of the allegations on the grounds that they consist solely of legal conclusions and argument.

44. In response to Paragraph 44 of the Complaint, Defendant denies each and every allegation.

45. In response to Paragraph 45 of the Complaint, Defendant denies each and every allegation.

46. In response to Paragraph 46 of the Complaint, Defendant denies each and every allegation.

**SECOND CAUSE OF ACTION**

**(Failure to Accommodate in Violation of California Gov't Code § 12940 *et seq.* against Chevron and DOES 1-10)**

47. In response to Paragraph 47 of the Complaint, Defendant incorporates herein by reference its responses to Paragraphs 1-46 inclusive, as though fully set forth herein.

48. In response to Paragraph 48 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

49. In response to Paragraph 49 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

50. In response to Paragraph 50 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

51. In response to Paragraph 51 of the Complaint, Defendant denies each and every allegation.

52. In response to Paragraph 52 of the Complaint, Defendant denies each and every allegation.

53. In response to Paragraph 53 of the Complaint, Defendant admits that Plaintiff filed a complaint against Defendant with the California Department of Fair Employment and Housing on December 22, 2021, which issued Plaintiff a right-to-sue notice. Defendant denies the remainder of the allegations on the grounds that they consist solely of legal conclusions and argument.

54. In response to Paragraph 54 of the Complaint, Defendant denies each and every allegation.

55. In response to Paragraph 55 of the Complaint, Defendant denies each and every allegation.

56. In response to Paragraph 56 of the Complaint, Defendant denies each and every allegation.

## THIRD CAUSE OF ACTION

## (Age Discrimination in Violation of Cal. Gov't Code § 12940 *et seq.* against Chevron and DOES 1-10)

57. In response to Paragraph 57 of the Complaint, Defendant incorporates herein by reference its responses to Paragraphs 1-56 inclusive, as though fully set forth herein.

58. In response to Paragraph 58 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

59. In response to Paragraph 59 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

60. In response to Paragraph 60 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

61. In response to Paragraph 61 of the Complaint, Defendant denies each and every allegation.

62. In response to Paragraph 62 of the Complaint, Defendant denies each and every allegation.

63. In response to Paragraph 63 of the Complaint, Defendant admits that Plaintiff filed a complaint against Defendant with the California Department of Fair Employment and Housing on December 22, 2021, which issued Plaintiff a right-to-sue notice. Defendant denies the remainder of the allegations on the grounds that they consist solely of legal conclusions and argument.

64. In response to Paragraph 64 of the Complaint, Defendant denies each and every allegation.

65. In response to Paragraph 65 of the Complaint, Defendant denies each and every allegation.

66. In response to Paragraph 66 of the Complaint, Defendant denies each and every allegation.

**FOURTH CAUSE OF ACTION**

**(Constructive Discharge in Violation of Public Policy Against Defendant Chevron and DOES 1-10)**

67. In response to Paragraph 67 of the Complaint, Defendant incorporates herein by reference its responses to Paragraphs 1-66 inclusive, as though fully set forth herein.

68. In response to Paragraph 68 of the Complaint, Defendant denies each and every allegation.

69. In response to Paragraph 69 of the Complaint, Defendant denies each and every allegation.

70. In response to Paragraph 70 of the Complaint, Defendant denies each and every allegation.

71. In response to Paragraph 71 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

72. In response to Paragraph 72 of the Complaint, Defendant denies each and every allegation.

73. In response to Paragraph 73 of the Complaint, Defendant denies each and every allegation.

74. In response to Paragraph 74 of the Complaint, Defendant denies each and every allegation.

**FOR ALL CAUSES OF ACTION**

Defendant denies that Plaintiff is entitled to any relief from Defendant, including, but not limited to, the relief sought by Plaintiff in the Complaint.

**AFFIRMATIVE DEFENSES**

Without assuming any burden of proof that it would not otherwise bear, Defendant asserts the following defenses to Plaintiff's Complaint:

**FIRST DEFENSE**

**(Failure to State a Cause of Action)**

75. Neither the Complaint, nor any purported cause of action or claim alleged therein, states facts sufficient to establish a cause of action upon which relief from Defendant may be granted.

**SECOND DEFENSE**

**(Statute of Limitations)**

76. The Complaint and each purported cause of action or claim alleged therein is barred in whole or in part to the extent Plaintiff seeks relief for conduct falling outside the applicable statute of limitations, including, but not limited to, the limitations periods established by applicable versions of California Government Code section 12960, California Government Code section 12965, California Code of Civil Procedure section 335.l, and/or California Code of Civil Procedure section 340.

**THIRD DEFENSE**

**(Laches)**

77. Plaintiff unreasonably and inexcusably delayed in pursuing the claims alleged against Defendant, thereby prejudicing Defendant's ability to find witnesses and/or evidence to defend against Plaintiff's claims. Therefore, the equitable doctrine of laches wholly or partially bars the claims alleged against Defendant.

**FOURTH DEFENSE**

**(Estoppel)**

78. Plaintiff is estopped from claiming or recovering the relief demanded in his Complaint by reason of his own acts, omissions, representations, and courses of conduct.

**FIFTH DEFENSE**

**(Unclean Hands)**

79. The Complaint and each purported cause of action or claim alleged therein is barred in whole or in part because of Plaintiff's "unclean hands" with respect to the alleged events upon which the claims against Defendant are based.

**SIXTH DEFENSE**

**(Waiver)**

80. Through Plaintiff's words and/or conduct, Plaintiff waived whatever right Plaintiff may have had to assert the claims alleged against Defendant.

**SEVENTH DEFENSE**

**(Consent/Ratification)**

81. The Complaint and each purported cause of action or claim alleged therein is barred in whole or in part because Plaintiff knowingly and voluntarily consented to, ratified, and/or participated in some or all of the conduct upon which the claims against Defendant are based.

**EIGHTH DEFENSE**

**(Outside Scope of Authority)**

82. The Complaint and each purported cause of action or claim alleged therein is barred in whole or in part because Defendant did not authorize, ratify, or condone any allegedly unlawful conduct under circumstances where Defendant had actual or constructive knowledge of such conduct. If any agent or employee of Defendant engaged in any allegedly unlawful conduct, then such conduct was outside the course and scope of such agent or employee's authority.

**NINTH DEFENSE**

**(Privileged Conduct)**

83. The Complaint and each purported cause of action or claim alleged therein is barred in whole or in part because Defendant's acts were a reasonable and good faith exercise of its legal rights and were therefore privileged.

**TENTH DEFENSE**

**(Justified Conduct)**

84. The Complaint and each purported cause of action or claim alleged therein is barred in whole or in part because any acts alleged to have been committed by Defendant or any of its agents or employees were justified under the circumstances.

**ELEVENTH DEFENSE**

**(Failure to Exhaust Administrative and Procedural Remedies)**

85. The Complaint and each purported cause of action or claim alleged therein is barred in whole or in part because Plaintiff failed to timely and/or adequately exhaust all applicable administrative and procedural remedies before filing suit.

**TWELFTH DEFENSE**

**(Failure to Exhaust Internal Remedies)**

86. The Complaint and each purported cause of action or claim alleged therein is barred in whole or in part because Plaintiff failed to timely and/or adequately exhaust the internal remedies provided by Defendant to complain about the alleged unlawful conduct, if any, before filing suit.

**THIRTEENTH DEFENSE**

**(Legitimate, Non-Discriminatory, and Non-Retaliatory Reasons)**

87. Each adverse employment action of which Plaintiff complains, if it occurred, was taken for legitimate, non-discriminatory and non-retaliatory business reasons, with no malicious intent, and not as a pretext for any discriminatory, retaliatory, unlawful, or otherwise improper conduct.

**FOURTEENTH DEFENSE**

**(Detrimental Reliance)**

88. Plaintiff is barred from recovering any relief on the Complaint or any cause of action or claim alleged therein because Defendant relied on

(mis)representations made by Plaintiff in taking actions alleged in the Complaint, and/or Defendant took such actions, if any, because Plaintiff failed to notify Defendant of necessary information or deliberately prevented Defendant from acquiring knowledge of such information.

**FIFTEENTH DEFENSE**

**(Mixed Motive/Same Decision)**

89. Even if Defendant's conduct was partially motivated by discriminatory and/or retaliatory motive, which Defendant expressly denies, Defendant cannot be held liable, in whole or in part, because Defendant also had legitimate non-discriminatory and non-retaliatory motives for its actions, which alone would have induced Defendant to engage in the same conduct.

**SIXTEENTH DEFENSE**

**(Not a Qualified Individual with a Disability)**

90. Plaintiff's claims for disability discrimination, failure to accommodate, and wrongful termination in violation of public policy are barred in whole or in part because Plaintiff was not a qualified individual with a disability.

**SEVENTEENTH DEFENSE**

**(Bona Fide Occupational Qualification)**

91. The Complaint and each purported cause of action or claim alleged therein is barred in whole or in part to the extent that any allegedly unlawful practice was based on a bona fide occupational qualification reasonably necessary to the normal operation of Defendant's business, and it was impossible or highly impractical to rearrange Plaintiff's duties to avoid that qualification.

**EIGHTEENTH DEFENSE**

**(Failure by Plaintiff to Request Reasonable Accommodation and/or Engage in Interactive Process)**

92. Plaintiff's claims for disability discrimination, failure to accommodate, and wrongful termination in violation of public policy are barred in whole or in part

because any failure to accommodate and/or failure to fully engage in the interactive process was the result of Plaintiff's own acts or omissions.

**NINETEENTH DEFENSE**

**(Direct Threat to Himself or Others)**

93. Plaintiff's claims of disability discrimination, failure to accommodate, and wrongful termination in violation of public policy are barred in whole or in part because any accommodation for Plaintiff's purported disabilities would have resulted in a direct threat to the health and/or safety of Plaintiff, Defendant's employees, and/or others.

**TWENTIETH DEFENSE**

**(Undue Hardship)**

94. Plaintiff's claims of disability discrimination, failure to accommodate, and wrongful termination in violation of public policy are barred in whole or in part because any accommodation for Plaintiff's purported disabilities would have resulted in an undue hardship on Defendant.

**TWENTY-FIRST DEFENSE**

**(After-Acquired Evidence)**

95. Based on information and belief, the Complaint and each purported cause of action or claim alleged therein is barred in whole or in part to the extent Defendant acquires evidence of wrongdoing by Plaintiff during the course of this action that would have materially affected the terms and conditions of Plaintiff's employment or resulted in the purported adverse action(s) alleged in the Complaint had it been known during Plaintiff's employment.

**TWENTY-SECOND DEFENSE**

**(Failure to Prevent/Avoidable Consequences)**

96. Plaintiff's right, if any, to recover damages based on the Complaint and each purported cause of action or claim therein is limited and/or barred because at all relevant times, Defendant exercised reasonable care to prevent and promptly

correct any discriminatory, retaliatory, or otherwise unlawful conduct, and Plaintiff unreasonably failed to use the preventative and/or corrective measures that Defendant provided, or to otherwise avoid harm.

**TWENTY-THIRD DEFENSE**

**(Failure to Mitigate)**

97. Plaintiff's claims for relief are barred, or in the alternative, offset, by his failure to mitigate, minimize, or prevent the damages he claims, including, but not limited to, his failure to use reasonable diligence in seeking comparable employment. Therefore, any damages actually suffered by Plaintiff must be reduced to the extent Plaintiff reasonably could have avoided or mitigated such damages

**TWENTY-FOURTH DEFENSE**

**(Reasonable Care)**

98. If Plaintiff suffered any discriminatory or retaliatory behavior, Defendant is not liable and/or Plaintiff's damages must be reduced because Defendant exercised reasonable care to prevent and promptly correct any discriminatory and/or retaliatory behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided or to otherwise avoid harm.

**TWENTY-FIFTH DEFENSE**

**(Setoff/Offset/Recoupment)**

99. Any recovery sought by Plaintiff is subject to setoff, offset, and/or recoupment and is therefore barred in whole or in part.

**TWENTY-SIXTH DEFENSE**

**(Exclusive Remedy of Workers' Compensation Act)**

100. Plaintiff's claims for general damages, including, but not limited to, damages for any and all alleged physical, mental, and emotional distress or injury, are barred in whole or in part and/or are preempted to the extent the California Workers' Compensation Act provides the exclusive remedy for such injuries.

**TWENTY-SEVENTH DEFENSE**

**(Failure to State Facts For Punitive Damages and Unconstitutionality)**

101. Plaintiff is not entitled to recover punitive or exemplary damages from Defendant because Plaintiff has failed to allege facts sufficient to state a claim for punitive or exemplary damages, or that Defendant, or any of its officers, directors, or managing agents, are guilty of oppression, fraud or malice; and/or because there was no advance knowledge of and/or conscious disregard, authorization, ratification, or act of oppression, fraud or malice on the part of any officer, director, or managing agent of Defendant. *See* Cal. Code Civ. Proc. § 3294. Further, Plaintiff may not recover punitive damages because at all relevant times, Defendant engaged in good faith efforts to prevent discrimination, retaliation, and/or other unlawful conduct, including, *inter alia*, by having policies and procedures in place to prevent discrimination, retaliation, and/or other unlawful conduct, and making good-faith efforts to implement and enforce such policies and procedures. Plaintiff's claims for punitive damages are barred in whole or in part because any award of punitive damages in this action would violate various provisions of the United States and California Constitutions, including, but not limited to, the due process clauses, equal protection clauses, excessive fines clauses, and/or cruel and unusual punishment clauses.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for the following relief:

1. A judgment in favor of Defendant and against Plaintiff as to each claim and cause of action asserted against Defendant in the Complaint;

2. Dismissal of the Complaint with prejudice as to each and every cause of action alleged against Defendant, with Plaintiff taking nothing by the Complaint;

3. An award to Defendant of reasonable attorneys' fees and costs of suit incurred in defending this action pursuant to applicable law; and

4. All other relief as the Court deems just, equitable, and proper.

Dated: September 29, 2023

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By *\/s/ Tracey A. Kennedy*

TRACEY A. KENNEDY
ROBERT E. MUSSIG
LINDA Z. SHEN

Attorneys for Defendant
CHEVRON U.S.A. INC.