SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
TRACEY A. KENNEDY, Cal Bar No. 150782
ROBERT E. MUSSIG, Cal. Bar No. 240369
H. SARAH FAN, Cal. Bar No. 328282
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
Telephone:    213.620.1780
Facsimile:    213.620.1398
E-mail:         tkennedy@sheppardmullin.com
                    rmussig@sheppardmullin.com
                    sfan@sheppardmullin.com

Attorneys for Defendant.
CHEVRON U.S.A. INC.,
a Pennsylvania corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MARK SNOOKAL, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>CHEVRON USA, INC., a California Corporation, and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 2:23-cv-6302-HDV-AJR<br><br>**NOTICE OF DEFENDANT CHEVRON U.S.A., INC.'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>[*Filed concurrently with Joint Brief re Defendant's Motion for Summary Judgment; Defendant's Statement of Uncontroverted Facts and Genuine Disputes; Joint Appendix of Declarations and Written Evidence; [Proposed] Judgment granting Defendant's Motion for Summary Judgment*]<br><br>Hearing:  December 5, 2024<br>Time:      10:00 a.m.<br>Place:      Courtroom 5B – 5th Floor<br>Judge:     Hon. Hernán D. Vera<br><br>Action Filed: August 3, 2023<br>Trial Date: February 4, 2025 |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on December 5, 2024, at 10:00 a.m. in Courtroom 5B of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, California 90012, the Honorable Hernán D. Vera presiding, Defendant Chevron U.S.A. Inc., a Pennsylvania corporation ("Chevron U.S.A.") will and hereby does move, pursuant to Rule 56 of the Federal Rules of Civil Procedure and the Court's Civil Standing Order section X.E, for summary judgment as to all claims for relief asserted in Plaintiff Mark Snookal's ("Plaintiff") Complaint. In the alternative, Chevron U.S.A. will and hereby does move for partial summary judgment as to those claims for relief that this Court determines there is no genuine dispute as to any material fact and that Chevron U.S.A. is entitled to summary judgment as a matter of law.

This Motion is made on the following grounds establishing that Chevron U.S.A. is entitled to summary judgment as a matter of law.

**ISSUES FOR SUMMARY JUDGMENT OR ALTERNATIVELY**

**FOR PARTIAL SUMMARY JUDGMENT IN CHEVRON U.S.A.'S FAVOR**

1. Plaintiff's First Cause of Action for Disability (Actual or Perceived) Discrimination under the California Fair Employment and Housing Act ("FEHA") fails because Chevron U.S.A. was not the employer with respect to the job position which Plaintiff claims he was wrongfully denied. (Fact Nos. 1-5, 29.)

2. Plaintiff's First Cause of Action for Disability (Actual or Perceived) Discrimination under the FEHA fails because Plaintiff cannot establish a prima facie claim for disability discrimination. (Fact Nos. 1-3, 5-28, 30-32.)

3. Plaintiff's First Cause of Action for Disability (Actual or Perceived) Discrimination under the FEHA fails because Chevron U.S.A.'s employment actions with respect to Plaintiff were made for legitimate, nondiscriminatory business reasons, in particular, Chevron U.S.A. relied on a reasoned determination by medical professionals that Plaintiff could not perform the essential duties of the job position without endangering his own health and safety or the health and safety of others. (Fact Nos. 20, 22-23, 26-28; *see also* Fact Nos. 3, 5-19, 21, 24-25, 30-32.)

    4.     Plaintiff's First Cause of Action for Disability (Actual or Perceived) Discrimination under the FEHA fails because Plaintiff cannot establish that Chevron U.S.A.'s legitimate, nondiscriminatory business reasons were pretextual.  (Fact Nos. 30-32; *see also* Fact Nos. 3, 5-28.)

    5.     Plaintiff's Second Cause of Action for Failure to Accommodate under the FEHA fails because Plaintiff admits he did not need an accommodation and therefore cannot establish a prima facie claim of failure to accommodate under the FEHA.  (Fact Nos. 13, 33-39.)

    6.     Plaintiff's Second Cause of Action for Failure to Accommodate under the FEHA fails because, even if Chevron U.S.A. had a duty to provide Plaintiff with accommodations, which it did not, Chevron U.S.A. reasonably accommodated Plaintiff by creating a new role for him with the same pay and benefits as his prior position.  (Fact Nos. 33-39; *see also* Fact No. 13.)

    7.     Plaintiff's Fourth Cause of Action for Wrongful Constructive Discharge in Violation of Public Policy fails because Plaintiff cannot establish a prima facie claim for wrongful constructive discharge because he cannot establish working conditions that were so intolerable he had not choice but to resign his position.  (Fact Nos. 40-43.)

    8.     Plaintiff's Fourth Cause of Action for Wrongful Constructive Discharge in Violation of Public Policy fails as derivative because Plaintiff cannot establish his discrimination and failure to accommodate claims.  (Fact Nos. 1-43.)

    9.     Plaintiff cannot recover punitive damages.  (Fact Nos. 1-43.)

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on August 27, 2024.  Counsel for the parties continued to communicate, meet, and confer through the date of filing of this Motion regarding the preparation of the required Joint submissions pertaining to this Motion.

This Motion is based upon this Notice of Motion and the concurrently-filed Joint Brief re Chevron U.S.A.'s Motion for Summary Judgment; Chevron U.S.A.'s Statement of Undisputed Facts and Genuine Disputes; the Joint Appendix of Declarations and Written Evidence and Chevron U.S.A.'s exhibits and declarations attached thereto; all other pleadings, papers, and records filed in this matter; any matters that are the proper subject of judicial notice by this Court; and on such additional oral and documentary evidence and authority as may be presented at or before the hearing of this Motion.

Dated: October 24, 2024

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  */s/ Sarah Fan*
TRACEY A. KENNEDY
ROBERT E. MUSSIG
H. SARAH FAN

Attorneys for Defendant
CHEVRON U.S.A. INC.,
a Pennsylvania Corporation