# DECLARATION OF DR. SCOTT LEVY

I, Dr. Scott Levy, declare as follows:

1.      I am currently employed by Chevron U.S.A. Inc., a Pennsylvania corporation, as the Regional Medical Manager.  From June 2017 until May 2024, my position served the Europe, Eurasia, Middle East & Africa region.  I have personal knowledge of the facts set forth in this declaration, which are known by me to be true and correct.  If called as a witness, I could and would competently testify concerning these facts under oath.

2.      All candidates who are seeking an expatriate assignment must successfully pass a Medical Suitability for Expat Assignment ("MSEA") with the local medical team at the location of the job site.  The local team, who has superior knowledge regarding the circumstances and resources available at their location, makes the final determination as to medical fitness for duty.

3.      The MSEA standard for medical clearance is based on the MSEA Location Clusters Table, which evaluates the relative level of safety in terms of medical care in categories from the highest "A" to the least "D," taking into account the promptness and availability of medical care in those countries.  A true and correct copy of the MSEA Location Clusters Table is attached here as **Exhibit A**.

4.      After Dr. Eshiofe Asekomeh determined that Plaintiff Mark Snookal was not cleared to work in Escravos, I became involved in the matter when Mr. Snookal requested a second opinion on the MSEA.  Mr. Snookal communicated to me that he was interested in challenging the finding that he was medically unfit for duty.  While the local medical team would make the ultimate determination as to Mr. Snookal's medical clearance, I agreed to speak with Mr. Snookal's cardiologist and facilitate discussion with the local team regarding Mr. Snookal's medical clearance to further consider whether Mr. Snookal could safely assume the expatriate assignment in Escravos. With Mr. Snookal's permission, I communicated several times with Mr. Snookal's cardiologist, Dr. Steven Khan, regarding Mr. Snookal's heart condition. A true and correct copy of Dr. Khan's email correspondence to me regarding Mr. Snookal's heart condition, dated August 23, 2019, is attached here as **Exhibit B**.

-1-

1    5.    I discussed the contents of Dr. Khan's email with Dr. Asekomeh to determine

2  whether, in light of the information provided, Mr. Snookal could safely assume the expatriate

3  assignment in Escravos.  Dr. Asekomeh reviewed the information provided by Dr. Khan, which

4  only addressed Dr. Khan's assessment of the risk of an occurrence, but not the lack of resources in

5  Escravos to provide treatment in the event of such an occurrence.  Since the necessary medical

6  resources and immediate emergency responses were not available in Escravos, a rupture or

7  dissection occurring would most certainly result in death in Escravos.  Given the catastrophic

8  outcome in such a scenario, Dr. Asekomeh maintained his determination that Mr. Snookal could not

9  be cleared for duty in Escravos.

10    6.    I also conducted inquiries to determine whether the Reliability Engineering Manager

11  ("REM") position that he sought could be performed in Lagos, where Dr. Asekomeh did grant

12  medical clearance.  However, I understand the essential duties of the REM position require on-site

13  supervision and interaction with personnel and equipment in Escravos, and the assignment could

14  not be moved to Lagos.

15    7.    I did not have any final determination in whether Mr. Snookal ultimately received

16  medical clearance for the expatriate assignment in Escravos, nor in whether Mr. Snookal's offer for

17  the assignment was rescinded.

18    I declare under penalty of perjury under the laws of the State of California that the foregoing

19  is true and correct and that this declaration was executed on ____8/21/24____ at Houston____ ,

20  Texas.

21

22    DR. SCOTT LEVY

23

24

25

26

27

28

-2-

DECLARATION OF DR. SCOTT LEVY