SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
TRACEY A. KENNEDY, Cal Bar No. 150782
ROBERT E. MUSSIG, Cal. Bar No. 240369
H. SARAH FAN, Cal. Bar No. 328282
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
Telephone:    213.620.1780
Facsimile:     213.620.1398
E-mail:          tkennedy@sheppardmullin.com
                    rmussig@sheppardmullin.com
                    sfan@sheppardmullin.com

Attorneys for Defendant.
CHEVRON U.S.A. INC.,
a Pennsylvania corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MARK SNOOKAL, an individual,<br><br>             Plaintiff,<br><br>      vs.<br><br>CHEVRON USA, INC., a California Corporation, and DOES 1 through 10, inclusive,<br><br>             Defendants. | Case No. 2:23-cv-6302-HDV-AJR<br><br>**DEFENDANT CHEVRON U.S.A., INC.'S EVIDENTIARY OBJECTIONS TO PLAINTIFF MARK SNOOKAL'S EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>[*Filed concurrently with Joint Brief re Defendant's Motion for Summary Judgment; Defendant's Statement of Uncontroverted Facts and Genuine Disputes; Joint Appendix of Declarations and Written Evidence; [Proposed] Judgment granting Defendant's Motion for Summary Judgment*]<br><br>Hearing:  December 5, 2024<br>Time:      10:00 a.m.<br>Place:      Courtroom 5B – 5th Floor<br>Judge:     Hon. Hernán D. Vera<br><br>Action Filed: August 3, 2023<br>Trial Date: February 4, 2025 |

Defendant Chevron U.S.A. Inc., a Pennsylvania corporation ("Chevron U.S.A.") hereby submits the following objections to Plaintiff Mark Snookal's evidence, in support of its Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment:

| Plaintiff's Evidence | Defendant's Objections |
|---|---|
| Paragraph 5 to the Declaration of Mark Snookal | Lacks foundation/personal knowledge (Federal Rules of Evidence ["FRE"] 602); Hearsay (FRE 802); Best Evidence Rule (FRE 1002); Failure to authenticate evidence (FRE 901). |
| Paragraph 6 to the Declaration of Mark Snookal | Hearsay (FRE 802) |
| Paragraph 9 to the Declaration of Mark Snookal | Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Unreliable expert opinion (FRE 702). |
| Paragraph 11 to the Declaration of Mark Snookal | Irrelevant (FRE 402). |
| Paragraph 12 to the Declaration of Mark Snookal | Lacks foundation/personal knowledge; speculation (FRE 602). |
| Paragraph 13 to the Declaration of Mark Snookal | Unreliable expert opinion (FRE 702). |
| Paragraph 14 to the Declaration of Mark Snookal | Hearsay (FRE 802). |
| Paragraph 15 to the Declaration of Mark Snookal | Hearsay (FRE 802). |
| Paragraph 16 to the Declaration of Mark Snookal | Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Unreliable expert opinion (FRE 702); Best Evidence Rule (FRE 1002); Failure to authenticate evidence (FRE 901). |
| Paragraph 17 to the Declaration of Mark Snookal | Hearsay (FRE 802). |
| Paragraph 18 to the Declaration of Mark Snookal | Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Unreliable expert opinion (FRE 702); Best Evidence Rule (FRE 1002); Failure to authenticate evidence (FRE 901). |
| Paragraph 19 to the Declaration of Mark Snookal | Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Best Evidence Rule (FRE 1002); Failure to authenticate evidence (FRE 901). |
| Paragraph 20 to the Declaration of Mark Snookal | Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Unreliable expert opinion (FRE 702); Best Evidence Rule (FRE 1002); Failure to authenticate evidence (FRE 901). |
| Paragraph 21 to the Declaration of Mark Snookal | Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Unreliable expert opinion (FRE 702). |
| Paragraph 22 to the Declaration of Mark Snookal | Irrelevant (FRE 402). |
| Paragraph 24 to the Declaration of Mark Snookal | Lacks foundation/personal knowledge (FRE 602); misstates evidence. |
| Paragraph 25 to the Declaration of Mark Snookal | Lacks foundation/personal knowledge (FRE 602); Irrelevant (FRE 402). |
| Paragraph 26 to the | Irrelevant (FRE 402). |

| Plaintiff's Evidence | Defendant's Objections |
|---|---|
| Declaration of Mark Snookal | |
| Paragraph 27 to the Declaration of Mark Snookal | Unreliable expert opinion (FRE 702); Irrelevant (FRE 402). |
| Paragraph 28 to the Declaration of Mark Snookal | Irrelevant (FRE 402). |
| Paragraph 29 to the Declaration of Mark Snookal | Irrelevant (FRE 402); Hearsay (FRE 802). |
| Paragraph 30 to the Declaration of Mark Snookal | Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Unreliable expert opinion (FRE 702); Best Evidence Rule (FRE 1002); Failure to authenticate evidence (FRE 901). |
| Paragraph 30 to the Declaration of Mark Snookal | Irrelevant (FRE 402). |
| Paragraph 5 to the Declaration of Dr. Alexander Marmureanu | Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Unreliable expert opinion (FRE 702); Best Evidence Rule (FRE 1002); Failure to authenticate evidence (FRE 901). |
| Exhibit 11, Dr. Marmureanu's Report | Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Unreliable expert opinion (FRE 702); Best Evidence Rule (FRE 1002); Failure to authenticate evidence (FRE 901). |
| 45. Mr. Snookal would have received an additional 55% of his base salary as a location premium for the Reliability Engineering Manager ("REM") position in Escravos, Nigeria.<br><br>Snookal Decl. at 5; see also the Transcript of the Deposition of Andrew Powers ("Powers Dep. Tr.") 31:5-11; 32:23 – 33:20 | Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Best Evidence Rule (FRE 1002). |
| 52. Mr. Snookal provided a clearance letter to Chevron from his treating cardiologist, Dr. S. Khan, which indicated that Mr. Snookal was "under [his] care for his heart condition. It is safe for [Mr. Snookal] to work in Nigeria with his heart condition. His condition is under good control and no special treatments are needed."<br><br>Snookal Decl. at 9 and Exh. 3; Levy Dep. Tr. at 84:7-19. | Hearsay (FRE 802); Failure to authenticate evidence (FRE 901); Unreliable expert opinion (FRE 702). |

SMRH:4871-3845-9122.1                                   DEFENDANT'S EVIDENTIARY OBJECTIONS

| Plaintiff's Evidence | Defendant's Objections |
|---|---|
| 53. On August 23, 2019, Dr. Khan wrote an email to Dr. Scott Levy, Chevron's then Regional Medical Manager for the Europe, Eurasia, Mid-East, and Africa region, explaining that Mr. Snookal's thoracic aneurysm is "relatively small and considered low risk" and that given a number of factors applicable to Mr. Snookal, including that his "aneurysm has not shown any growth for 3 years, his risk may be lower than the published 2% number above" especially given that "the studies of risk of rupture are fairly old (2002) and treatment has improved as has our understanding of aortic aneurysms."<br><br>Snookal Decl. at 16 and Exh. 5; Levy Dep. Tr. at 62:5-63:21 and Exh. 12-C. | Hearsay (FRE 802); Failure to authenticate evidence (FRE 901); Unreliable expert opinion (FRE 702). |
| 56. Mr. Snookal's risk of a serious cardiac event due to his thoracic aneurysm was actually less than 1% per year.<br><br>Marmureanu Decl. at Exh. 11 p. 6; 7. | Hearsay (FRE 802); Unreliable expert opinion (FRE 702); Lacks foundation/personal knowledge; speculation (FRE 602); Irrelevant (FRE 402). |
| 57. Mr. Snookal's risk of a serious cardiac event due to his thoracic aneurysm while in Escravos was less than 0.5% per year. | Hearsay (FRE 802); Unreliable expert opinion (FRE 702); Lacks foundation/personal knowledge; speculation (FRE 602); Irrelevant (FRE 402). |
| 58. Mr. Snookal's risk of a serious cardiac event due to his thoracic aneurysm is "negligible compared to the general population, especially given the absence of rapid growth in Mr. Snookal's case." | Hearsay (FRE 802); Unreliable expert opinion (FRE 702); Lacks foundation/personal knowledge; speculation (FRE 602); Irrelevant (FRE 402). |

| Plaintiff's Evidence | Defendant's Objections |
|---|---|
| Marmureanu Decl. at Exh. 11 p. 7. | |
| 60. The REM position is a not physically strenuous job, and Chevron categorized it as an "office based job."<br><br>Levy Dep. Tr. at 75: 14-76:2; 93:21-94:9; 94:11-95:3; 95:10-25; Marmureanu Decl. at Exh. 11 at p. 8; Asekomeh Dep. Tr. at 74:24-76:19; . Snookal Decl. at 19, Exh. 7 (Chevron's "Physical Requirements and Working Conditions GO-308" for the REM Position). | Hearsay (FRE 802); Unreliable expert opinion (FRE 702); Lacks foundation/personal knowledge; speculation (FRE 602).<br><br>Objection to Plaintiff's Exhibit 7: Failure to authenticate evidence (FRE 901); Hearsay (FRE 802); Lacks foundation/personal knowledge (FRE 602). |
| 61. The REM position did not require the operation of equipment, heavy or otherwise. The position is not considered a safety-sensitive position, as defined in the Chevron "Medical Examination Program."<br><br>Snookal Decl. at 19, Exh. 7 (Physical Requirements and Working Conditions GO-308).<br><br>Job Description: "Job Title: NMA EGTL Reliability Engineering Manager." Declaration of Dr. Eshiofe Asekomeh ("Asekomeh Dep. Tr.") at 81:3, Exh. 15-2. | Objection to Plaintiff's Exhibit 7: Failure to authenticate evidence (FRE 901); Hearsay (FRE 802); Lacks foundation/personal knowledge (FRE 602).<br><br>Objection to Plaintiff's Exhibit 15-2: Failure to authenticate evidence (FRE 901); Lacks foundation/personal knowledge (FRE 602). |
| 62. Dr. Asekomeh could not "cite a specific example" of how Mr. Snookal's thoracic aneurysm posed a threat to others.<br><br>Asekomeh Dep. Tr. At 122:19 – 124:12. | Irrelevant (FRE 402). |

SMRH:4871-3845-9122.1                                    DEFENDANT'S EVIDENTIARY OBJECTIONS

| **Plaintiff's Evidence** | **Defendant's Objections** |
|---|---|
| 63. Dr. Asekomeh did not review the job duties of the REM position before making his decision.<br><br>Asekomeh Dep. Tr. at 69:9-12; 81:3-18 and Exh. 15-2 (Job Description for NMA EGTL Reliability Engineering Manager); Asekomeh Dep. Tr. at 71:9-25. | Irrelevant (FRE 402).<br><br><u>Objection to Plaintiff's Exhibit 15-2</u>: Failure to authenticate evidence (FRE 901); Lacks foundation/personal knowledge (FRE 602). Dr. Asekomeh testified he has never seen the document before and di not rely on it in connection with Plaintiff's MSEA determination. (Pl. Ex. 15 ["Asekomeh Dep. Tr."], 81:3-18.) |
| 70. Chevron did not consider Mr. Snookal's past work history before making their decision to rescind the REM position from Mr. Snookal.<br><br>Asekomeh Dep. Tr. at 67:25-69:21; 66:18-68:12. | Irrelevant (FRE 402). |
| 72. Dr. Asekomeh did not speak with or otherwise contact Mr. Snookal's treating cardiologist, Dr. Khan, before making his decision to rescind the REM position.<br><br>Asekomeh Dep. Tr. at 66:10-17. | Irrelevant (FRE 402). |
| 73. Dr. Asekomeh did not speak with Mr. Snookal in conjunction with his MSEA evaluation.<br><br>Asekomeh Dep. Tr. at 66:18-25. | Irrelevant (FRE 402). |
| 74. Dr. Asekomeh did not speak with Dr. Irving Sobel, the physician to deemed Mr. Snookal "fit for duty with restrictions" before making his decision to rescind the REM position.<br><br>Asekomeh Dep. Tr. 65:14-66:9. | Irrelevant (FRE 402). |
| 75. After reporting Chevron's | Irrelevant (FRE 402); Lacks foundation/ personal knowledge (FRE |

| Plaintiff's Evidence | Defendant's Objections |
|---|---|
| decision to rescind the REM position to the Chevron Ombuds, Chevron passed Mr. Snookal along to discuss with Dr. Levy, Chevron's Regional Medical Manager for Europe, Eurasia, Middle East & Africa.<br><br>Snookal Decl. at 13. | 602); Hearsay (FRE 801). |
| 76. Dr. Levy spoke with Mr. Snookal and advised that the REM position jobsite was in a remote area in Nigeria with limited medical facilities and emergency care only available via charter aircraft to Lagos, Nigeria.<br><br>Snookal Decl. at 14; Levy Dep. Tr. at 38:24 – 39:14. | Irrelevant (FRE 402); Hearsay (FRE 801). |
| 79. On August 23, 2019, Dr. Khan sent Dr. Levy an email, with a cc to Mr. Snookal, reiterating his opinion that Mr. Snookal was medically fit for duty despite the remote location of the job.<br><br>Snookal Decl. at 16, Exh. 5; Levy Dep. Tr. at 62:5-18, Exh. 12-C. | Hearsay (FRE 802); Failure to authenticate evidence (FRE 901); Unreliable expert opinion (FRE 702). |
| 80. On September 4, 2019, Mr. Snookal emailed Chevron USA Human Resources Manager, Andrew Powers, to report the disability discrimination, writing, *inter alia*: "I believe this decision was made based on a lack of understanding and stereotypical assumptions about my medical condition and is therefore, discriminatory in nature" and | Irrelevant (FRE 402); Hearsay (FRE 802); Failure to authenticate evidence (FRE 901). |

| **Plaintiff's Evidence** | **Defendant's Objections** |
|---|---|
| "aside from my complaint of medical discrimination where does their decision leave me?"<br><br>Snookal Decl. at 18 and Exh. 6; Powers Dep. Tr. at 46:15-48:2 and Exh. 14-3. | |
| 81. Minutes after receiving Mr. Snookal's disability complaint on September 4, 2019, before further investigation, Mr. Powers wrote to his colleagues Troy Tortorich, Austin Ruppert, and Thalia Tse, inter alia: "I am sure there is a very good reason why this [job] was rescinded"<br><br>Powers Dep. Tr. at 49:13-52:11 and Exh. 14-3 at CUSA000539. | Irrelevant (FRE 402); Hearsay (FRE 802); Failure to authenticate evidence (FRE 901). |
| 82. Mr. Powers also forwarded Mr. Snookal's disability discrimination complaint to the medical team in Nigeria, asking Dr. Ayanna Jones for "context" "and suggested response" to Mr. Snookal's disability discrimination complaint.<br><br>Powers Dep. Tr. at 136:5-25, Exh. 14-12 (Email from Andrew Powers to medical team in Nigeria at CUSA000650). | Irrelevant (FRE 402); Hearsay (FRE 802); Failure to authenticate evidence (FRE 901). |
| 83. Dr. Ayanna Jones wrote back to Mr. Powers' email referring him to speak to Dr. Levy who "would be able to provide [] context on this case and appropriate response."<br><br>Powers Dep. Tr. at 136:5 – 137:16, Exh. 14-12 (Email | Irrelevant (FRE 402); Hearsay (FRE 802); Failure to authenticate evidence (FRE 901). |

SMRH:4871-3845-9122.1    DEFENDANT'S EVIDENTIARY OBJECTIONS

| Plaintiff's Evidence | Defendant's Objections |
|---|---|
| from Andrew Powers to medical team in Nigeria at CUSA000650). | |
| 84. On September 6, 2019, Mr. Powers sent an email reply to Mr. Snookal which read: "I've reached out to the Medical Department and while I'm not privy to any medical information, I understand a thorough review was conducted and alternatives were explored. We would respectfully disagree that the determination was based on stereotyping or impermissible discrimination."<br><br>Powers depo at 95:21-98:3 and Exh. 14-5 (Andrew Powers Email to Mark Snookal Re: Medical Team Findings at CUSA000542); Snookal Decl. at 18, Exh. 6 (CUSA000542-543). | Irrelevant (FRE 402); Hearsay (FRE 802); Failure to authenticate evidence (FRE 901). |
| 85. Mr. Snookal requested of Mr. Powers an explanation for why the REM position had been rescinded.<br><br>Levy Dep. Tr. at 78:10-79:6, Exh. 12-D; (September 16, 2019 Email from Dr. Levy to Mr. Snookal); Snookal Decl. at 20. | Irrelevant (FRE 402); Hearsay (FRE 802); Failure to authenticate evidence (FRE 901). |
| 86. On September 16, 2019, Dr. Levy emailed Mr. Snookal explaining that he "became involved on [Mr. Snookal's] case when [he] had requested a second opinion on the initial denial" and, *inter alia*, wrote that Chevron had a right to rescind the offer based on a "direct | Irrelevant (FRE 402); Hearsay (FRE 802); Failure to authenticate evidence (FRE 901). |

SMRH:4871-3845-9122.1                             DEFENDANT'S EVIDENTIARY OBJECTIONS

| Plaintiff's Evidence | Defendant's Objections |
|---|---|
| threat" to Mr. Snookal's "health and safety" because "if the condition were to occur, the outcome would be catastrophic and would require an immediate emergency response which is not available and would most certainly result in death in Escravos."<br><br>Levy Dep. Tr. at 78:10-79:6, Exh. 12-D; (September 16, 2019 Email from Dr. Levy to Mr. Snookal). | |
| 90. The four vacant positions to which Mr. Snookal applied were comparable to, or worse than, the REM position.<br><br>Snookal Dep. Tr. at 122:7-15. | Irrelevant (FRE 402); Lacks foundation/ personal knowledge (FRE 602); Hearsay (FRE 801). |
| 93. The Reliability Change OA role was a demotion from Mr. Snookal's previous IEAR role and the REM job because it was not a supervisory nor managerial role with no direct reports, and it was a temporary position with no pathways to promotion.<br><br>Snookal Decl. at 24; Snookal Decl. Tr. at 168:11 – 169:10; 174:5-175:11; 28:8-22. | Irrelevant (FRE 402); Lacks foundation/ personal knowledge (FRE 602); Hearsay (FRE 801). |
| 96. The treatment recommendations for Mr. Snookal's thoracic aneurysm were to get an annual CT and echocardiogram and to take his recommended blood pressure medications.<br><br>Snookal Decl. at 9 and Exh. 3; Marmureanu Decl. at Exh. 11 p. 8; Asekomeh Dep. Tr. at 104:11-20. | Irrelevant (FRE 402); Lacks foundation/ personal knowledge (FRE 602); Hearsay (FRE 801).<br><br><u>Objection to Dr. Marmureanu's Report</u>: Irrelevant (FRE 402); Lacks foundation/ personal knowledge (FRE 602); Hearsay (FRE 801); Unreliable expert opinion (FRE 702). |

| Plaintiff's Evidence | Defendant's Objections |
|---|---|
| 97. Mr. Snookal is the breadwinner for his family, including his son with disabilities.<br><br>Snookal Decl. at 28. | Irrelevant (FRE 402). |
| 98. After Chevron rescinded the REM position, Mr. Snookal had to pull his son out of private school because he could no longer afford it.<br><br>Snookal Dep. Tr. at 246:25 – 247:17; Snookal Decl. at 28. | Irrelevant (FRE 402). |
| 99. In or about November of 2019, Mr. Snookal started treating with a therapist due to the symptoms of depression he was experiencing.<br><br>Snookal Decl. at 27 | Irrelevant (FRE 402). |
| 100. In or about October of 2020, Mr. Snookal started taking antidepressants to treat the symptoms of depression he was experiencing.<br><br>Snookal Decl. at 27; Snookal Dep. Tr. at 243:1 – 245:25 | Irrelevant (FRE 402). |
| 101. Mr. Snookal and his therapist discussed looking for other work because of the detrimental effects Chevron's discrimination was having on Mr. Snookal's mental health.<br><br>Snookal Dep. Tr. at 243:1 – 245:25; Snookal Decl. at 27-29. | Irrelevant (FRE 402). |
| 102. After resigning from Chevron in August of 2021, Mr. Snookal relocated himself and his family out of the state to try to better support his family's needs. | Irrelevant (FRE 402). |

SMRH:4871-3845-9122.1                     DEFENDANT'S EVIDENTIARY OBJECTIONS

| Plaintiff's Evidence | Defendant's Objections |
|---|---|
| Snookal Decl. at 30; Snookal Dep. Tr. at 51:6-8. | |
| 110. The two cardiologists with whom Dr. Asekomeh consulted regarding Mr. Snookal's thoracic aneurysms identified Mr. Snookal as being "low risk" and noting that the size of Mr. Snookal's thoracic aneurysm is smaller than the 4.5 cm "partition value for low-risk situations." <br><br> Asekomeh Dep. Tr. at 115:11-21, Exh. 15-7 (Dr. Asekomeh email thread with Nigerian cardiologists). | Objection to Plaintiff's Exhibit 15-7: Failure to authenticate evidence (FRE 901); Hearsay (FRE 802). |
| 111. The two cardiologists with whom Dr. Asekomeh consulted regarding Mr. Snookal's thoracic aneurysms admitted they were unable to find "clear cut field guidelines for patient with aortic aneurysm." <br><br> Id. at CUSA000773. | Objection to Plaintiff's Exhibit 15-7: Failure to authenticate evidence (FRE 901); Hearsay (FRE 802). |
| 112. The two cardiologists with whom Dr. Asekomeh consulted regarding Mr. Snookal's thoracic aneurysms offered clinical instructions for Mr. Snookal, including to "avoid lifting heavy objects"; "quit smoking (if he is a smoker); (manage hypertension strictly)"; "watch out for alarm symptoms" and "avoid moderate to high intensity exercises as much as possible." <br><br> Asekomeh Dep. Tr. at 115:11-21, Exh. 15-7 (Dr. Asekomeh | Objection to Plaintiff's Exhibit 15-7: Failure to authenticate evidence (FRE 901); Hearsay (FRE 802). |

SMRH:4871-3845-9122.1                                      DEFENDANT'S EVIDENTIARY OBJECTIONS

| Plaintiff's Evidence | Defendant's Objections |
|---|---|
| email thread with Nigerian cardiologists). | |
| 113. Mr. Snookal was already following the guidelines to "avoid lifting heavy objects"; "quit smoking (if he is a smoker); (manage hypertension strictly)"; "watch out for alarm symptoms" and "avoid moderate to high intensity exercises as much as possible." <br><br> Id. at CUSA000775; Snookal Decl. at 11. | <u>Objection to Plaintiff's Exhibit 15-7</u>: Failure to authenticate evidence (FRE 901); Hearsay (FRE 802). |
| 114. The two cardiologists with whom Dr. Asekomeh consulted regarding Mr. Snookal's thoracic aneurysms did not provide a specific recommendation to bar Mr. Snookal from working in Escravos, Nigeria. However, they did write/endorse that "[w]hat is established is that a patient with symptomatic aneurysm should not be allowed to work in an offshore location." <br><br> Asekomeh Dep. Tr. at 115:11-21, Exh. 15-7 (Dr. Asekomeh email thread with Nigerian cardiologists) at CUSA000773. | <u>Objection to Plaintiff's Exhibit 15-7</u>: Failure to authenticate evidence (FRE 901); Hearsay (FRE 802). |
| 115. Mr. Snookal had only an *asymptomatic* thoracic aneurysm, not a *symptomatic* thoracic aneurysm. <br><br> Asekomeh Dep. Tr. at 115:11-21 and Exh. 15-7 Dr. Asekomeh email thread with Nigerian cardiologists) at CUSA000775; Marmureanu | Irrelevant (FRE 402); Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 801). <br><br> <u>Objection to Plaintiff's Exhibit 15-7</u>: Failure to authenticate evidence (FRE 901); Hearsay (FRE 802). <br><br> <u>Objection to Dr. Marmureanu's Report</u>: Irrelevant (FRE 402); Lacks foundation/ personal knowledge (FRE 602); Hearsay (FRE 801); Unreliable expert opinion (FRE 702). |

SMRH:4871-3845-9122.1   DEFENDANT'S EVIDENTIARY OBJECTIONS

| **Plaintiff's Evidence** | **Defendant's Objections** |
|---|---|
| Decl. at Exh. 11, p. 2-5. | |
| 116. Prior to his resignation, Mr. Snookal expressed to multiple Chevron employees, including Greg Curtin and Austin Ruppert, tat he felt he had been treated unfairly by Chevron and he felt he had no choice but to quit.<br><br>Snookal Dep. Tr. at 225:20-226:7. | Irrelevant (FRE 402). |
| 117. Prior to his resignation, Mr. Snookal also discussed being subjected to disability discrimination with Mr. Ruppert.<br><br>Snookal Dep. Tr. at 228:18-229:4. | Irrelevant (FRE 402). |
| 118. Mr. Snookal did not state in his Chevron resignation paperwork all his reasons for leaving Chevron because he did not see the practical purpose and because he thought it would be atypical to state negative things about Chevron in the separation paperwork.<br><br>Snookal Dep. Tr. At 229:23-230:4; 231:17-232:8; Snookal Decl. at 29-30. | Irrelevant (FRE 402). |
| 119. Mr. Snookal did not resign his employment with Chevron merely because his career "was not progressing as he wanted."<br><br>Snookal Decl. at 25-29; Snookal Dep. Tr. at 243:4-6; 246:6-248:19. | Irrelevant (FRE 402). |
| 120. Mr. Snookal did not resign his employment with | Irrelevant (FRE 402). |

SMRH:4871-3845-9122.1                         DEFENDANT'S EVIDENTIARY OBJECTIONS

| Plaintiff's Evidence | Defendant's Objections |
|---|---|
| Chevron merely to pursue another job opportunity.<br><br>Snookal Decl. at 25-29; Snookal Dep. Tr. at 243:4-6; 246:6-248:19. | |
| 130. Dr. Levy, as the Regional Manager for the Europe, Eurasia, Middle East & Africa region, had a role in evaluating purported risks to Chevron's expatriate employees, to give recommendations for setting policies for Chevron's fitness for duty program, and "create[d] policies and protocols for [Chevron's] medical evacuations."<br><br>Levy Dep. Tr. at 20:11-25:10; Snookal Dep. Tr. at 314:11-315:12. | Hearsay (FRE 802). |

Dated:  October 24, 2024

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   */s/ Sarah Fan*
TRACEY A. KENNEDY
ROBERT E. MUSSIG
H. SARAH FAN

Attorneys for Defendant
CHEVRON U.S.A. INC.,
a Pennsylvania Corporation

SMRH:4871-3845-9122.1                     DEFENDANT'S EVIDENTIARY OBJECTIONS

SMRH:4871-3845-9122.1                    DEFENDANT'S EVIDENTIARY OBJECTIONS