SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
TRACEY A. KENNEDY, Cal Bar No. 150782
ROBERT E. MUSSIG, Cal. Bar No. 240369
H. SARAH FAN, Cal. Bar No. 328282
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
Telephone:   213.620.1780
Facsimile:   213.620.1398
E-mail:      tkennedy@sheppardmullin.com
             rmussig@sheppardmullin.com
             sfan@sheppardmullin.com

Attorneys for Defendant.
CHEVRON U.S.A. INC.,
a Pennsylvania corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MARK SNOOKAL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CHEVRON USA, INC., a California Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-6302-HDV-AJR<br><br>**[PROPOSED] JUDGMENT GRANTING DEFENDANT CHEVRON U.S.A. INC.'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>[*Filed concurrently with Notice of Motion for Summary Judgment; Joint Brief re Defendant's Motion for Summary Judgment; Defendant's Statement of Uncontroverted Facts and Genuine Disputes; and Joint Appendix of Declarations and Written Evidence*]<br><br>Hearing: December 5, 2024<br>Time:    10:00 a.m.<br>Place:   Courtroom 5B – 5th Floor<br>Judge:   Hon. Hernán D. Vera<br><br>Action Filed: August 3, 2023<br>Trial Date: February 4, 2025 |

The Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment of Defendant Chevron U.S.A. Inc., a Pennsylvania corporation ("Chevron U.S.A."), came on regularly for hearing December 5, 2024, at 10:00 a.m. in Courtroom 5B of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, California 90012, the Honorable Hernán D. Vera presiding. All parties were represented by their respective counsel.

After considering the moving and opposing papers, arguments of counsel, and all other matters presented to the Court, for good cause shown, the Court finds that there is no triable issue of material fact and that Chevron U.S.A. is entitled to summary judgment as a matter of law as to the following issues or claims for relief. Specifically, the Court finds that:

1. Plaintiff's First Cause of Action for Disability (Actual or Perceived) Discrimination under the California Fair Employment and Housing Act ("FEHA") fails because Chevron U.S.A. was not the employer with respect to the job position which Plaintiff claims he was wrongfully denied.

2. Plaintiff's First Cause of Action for Disability (Actual or Perceived) Discrimination under the FEHA fails because Plaintiff cannot establish a prima facie claim for disability discrimination.

3. Plaintiff's First Cause of Action for Disability (Actual or Perceived) Discrimination under the FEHA fails because Chevron U.S.A.'s employment actions with respect to Plaintiff were made for legitimate, nondiscriminatory business reasons, in particular, Chevron U.S.A. relied on a reasoned determination by medical professionals that Plaintiff could not perform the essential duties of the job position without endangering his own health and safety or the health and safety of others.

4. Plaintiff's First Cause of Action for Disability (Actual or Perceived) Discrimination under the FEHA fails because Plaintiff cannot establish that Chevron U.S.A.'s legitimate, nondiscriminatory business reasons were pretextual.

5. Plaintiff's Second Cause of Action for Failure to Accommodate under the FEHA fails because Plaintiff admits he did not need an accommodation and therefore cannot establish a prima facie claim of failure to accommodate under the FEHA.

6. Plaintiff's Second Cause of Action for Failure to Accommodate under the FEHA fails because, even if Chevron U.S.A. had a duty to provide Plaintiff with accommodations, which it did not,

Chevron U.S.A. reasonably accommodated Plaintiff by creating a new role for him with the same pay and benefits as his prior position.

7. Plaintiff's Fourth Cause of Action for Wrongful Constructive Discharge in Violation of Public Policy fails because Plaintiff cannot establish a prima facie claim for wrongful constructive discharge because he cannot establish working conditions that were so intolerable he had not choice but to resign his position.

8. Plaintiff's Fourth Cause of Action for Wrongful Constructive Discharge in Violation of Public Policy fails as derivative because Plaintiff cannot establish his discrimination and failure to accommodate claims.

9. Plaintiff cannot recover punitive damages.

**IT IS THEREFORE ORDERED** that, Chevron U.S.A.'s Motion is granted in its entirety and that judgment be entered forthwith in favor of Chevron U.S.A. as to the issues and claims for relief set forth above.

**IT IS SO ORDERED.**

Dated: _____

By _____
THE HONORABLE HERNÁN D. VERA
UNITED STATES DISTRICT COURT JUDGE