DOLORES Y. LEAL (134176)
OLIVIA FLECHSIG (334880)
ALLRED, MAROKO & GOLDBERG
6300 Wilshire Blvd. Suite 1500
Los Angeles, CA 90048-5217
(323) 653-6530
dleal@amglaw.com
oflechsig@amglaw.com

**Attorneys for Plaintiff MARK SNOOKAL**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SNOOKAL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CHEVRON USA, INC., a California Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 2:23-cv-6302-HDV-AJR<br><br>**PLAINTIFF MARK SNOOKAL'S NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION FOR LEAVE TO SUPPLEMENT OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, LEAVE FOR PLAINTIFF TO TAKE FURTHER DISCOVERY, AND LEAVE TO FILE MOTION SEEKING DISCOVERY SANCTIONS AGAINST DEFENDANTS AND ITS COUNSEL**<br><br>[Opposed by Defendant]<br><br>District Judge: Hon. Hernan D. Vera<br>Magistrate Judge: Hon. A. Joel Richlin<br>Action Filed: August 3, 2023<br>Trial Date: February 4, 2025 |

1

PLAINTIFF MARK SNOOKAL'S *EX PARTE* APPLICATION FOR LEAVE TO SUPPLEMENT OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, LEAVE FOR PLAINTIFF TO TAKE FURTHER DISCOVERY, AND LEAVE TO FILE MOTION SEEKING DISCOVERY SANCTIONS AGAINST DEFENDANT AND ITS COUNSEL

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Local Rule 7-19, *et seq*. and the Court's Civil Standing Order Sections XIII (Dkt 10), Plaintiff hereby moves the Court on an *ex parte* basis for leave to supplement Plaintiff's opposition to Defendant Chevron U.S.A. Inc.'s Motion for Summary Judgment, for leave for Plaintiff to seek further discovery relating to new issues revealed in Defendant's late document production, and for leave to file a motion seeking discovery sanctions against Defendant and its counsel. This *ex parte* application shall be based upon this Notice, the Memorandum of Points and Authorities in Support Thereof, the Declaration of Olivia Flechsig, and all pleadings, papers, and documents filed in the above entitled action, along with oral and/or documentary evidence as may be presented at any hearing on said *ex parte* application.

DATED: November 20, 2024 ALLRED, MAROKO & GOLDBERG

By: ______________________________
DOLORES Y. LEAL
OLIVIA FLECHSIG
Attorneys for Plaintiff,
**MARK SNOOKAL**

# TABLE OF CONTENTS

**Page**

I. FACTUAL OVERVIEW .......... 1

II. PROCEDURAL HISTORY .......... 2

III. ARGUMENT .......... 7

A. The Information Defendant Withheld is Material to the Fair Disposition of Defendant's Motion for Summary Judgment .......... 7

B. Plaintiff Was Without Fault in Creating the Time Constraints Necessitating *Ex Parte* Relief, and Plaintiff Would Be Irreparably Prejudiced Absent *Ex Parte* Relief .......... 9

C. Providing Plaintiff with Leave to Supplement His Opposition to Defendant's Motion for Summary Judgment is An Appropriate Remedy .......... 10

D. Good Cause Exists to Allow Plaintiff Leave to File a Motion for Discovery Sanctions .......... 11

E. Good Cause Exists to Allow Plaintiff Leave to Complete Discovery Relating to New Issues Raised by Dr. Frangos' Involvement in the Decision to Deem Plaintiff "Not Fit For Duty" .......... 12

IV. CONCLUSION .......... 13

i

PLAINTIFF MARK SNOOKAL'S *EX PARTE* APPLICATION FOR LEAVE TO SUPPLEMENT OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, LEAVE FOR PLAINTIFF TO TAKE FURTHER DISCOVERY, AND LEAVE TO FILE MOTION SEEKING DISCOVERY SANCTIONS AGAINST DEFENDANT AND ITS COUNSEL

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bell v. City of Los Angeles*, 835 F. Supp. 2d 836 (C.D. Cal. 2011) .......... 10

*Betz v. Trainer Wortham & Co.*, 610 F.3d 1169 (9th Cir.2010).......... 10

*Campidoglio LLC v. Wells Fargo & Co.*, 870 F.3d 963 (9th Cir. 2017).......... 11

*Infanzon v. Allstate Ins. Co.*, 335 F.R.D. 305 (C.D. Cal. 2020) .......... 11, 12

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir.1992).......... 11

*Kilroy v. Los Angeles Unified School District*, (C.D. Cal., Dec. 6, 2018, No. CV1609068DMGJDE) 2018 WL 7916367 .......... 10

*Lofton v. Verizon Wireless* (VAW) LLC, 308 F.R.D. 276 (N.D. Cal. 2015).......... 12

*Lyon v. U.S. Immigr. & Customs, Enf't*, 308 F.R.D. 203 (N.D. Cal. 2015) .......... 11

*Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995) .......... 9

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct. 1749 (S. Ct. 2014) .......... 12

*Roadway Exp., Inc. v. Piper*, 447 U.S. 752 (S. Ct. 1980) .......... 12

*Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218 (9th Cir. 2018).......... 11

ii

PLAINTIFF MARK SNOOKAL'S *EX PARTE* APPLICATION FOR LEAVE TO SUPPLEMENT OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, LEAVE FOR PLAINTIFF TO TAKE FURTHER DISCOVERY, AND LEAVE TO FILE MOTION SEEKING DISCOVERY SANCTIONS AGAINST DEFENDANT AND ITS COUNSEL

**Statutes**

Cal. Gov. Code § 12940 ........ 1

**Rules**

Fed. r. Civ. P. 16(4)(b) ........ 10

Fed. R. Civ. P. 26(a)(1)(A)(i) ........ 3

Fed. R. Civ. P. 37 ........ 11

Fed. R. Civ. P. 16(b)(4) ........ 11

Fed. R.Civ. P. 14(6)(b) ........ 12

Fed. R. Civ. P. Rule 26(a)(1)(i) ........ 12

iii

PLAINTIFF MARK SNOOKAL'S *EX PARTE* APPLICATION FOR LEAVE TO SUPPLEMENT OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, LEAVE FOR PLAINTIFF TO TAKE FURTHER DISCOVERY, AND LEAVE TO FILE MOTION SEEKING DISCOVERY SANCTIONS AGAINST DEFENDANT AND ITS COUNSEL

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTUAL OVERVIEW

This is a case in which Plaintiff Mark Snookal (hereinafter "Plaintiff" or "Mr. Snookal") was discriminated against by his former employer, Defendant Chevron U.S.A. Inc. (hereinafter "Defendant" or "Chevron"), because of his disability. After Chevron offered Mr. Snookal a plum job position in Escravos, Nigeria, Chevron rescinded the offer because of Mr. Snookal's disability, claiming he was "not fit for duty" in the remote location. Chevron meanwhile gave away Mr. Snookal's old position, leaving him in limbo, and ultimately wrongfully constructively terminated him. Mr. Snookal has brought claims against Chevron for 1) disability discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12940, *et seq.*; (2) failure to accommodate a disability in violation of the FEHA, *Id.*; and (3) wrongful constructive discharge in violation of public policy.[1]

Defendant Chevron U.S.A. Inc.'s Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment, is now pending before the Court and set for hearing on December 12, 2024.

On Friday November 8, 2024, fifteen days after filing the integrated Joint Brief Regarding Defendant's Motion for Summary Judgment, and almost two months after the Close of Fact Discovery, Defendant produced documents bate stamped as CUSA000816-948. (See Declaration of Olivia Flechsig, Esq. in Support of Plaintiff's *Ex Parte* Application (hereinafter "Flechsig Decl.") at ¶ 16, Exhibit 10.) This delayed production contained key documents which bear directly upon Plaintiff's Opposition to Defendant's Motion for Summary Judgment, and which are responsive to discovery requests Plaintiff has made over the course of

---

[1] On September 27, 2024, the Court entered the Parties' joint stipulation to dismiss Mr. Snookal's third cause of action for age discrimination. (Dkt 27).

the preceding seven months. (Flechsig Decl. at ¶¶ 4-5, 16.)

What is more, it appears that Defendant willfully suppressed this evidence to deprive Plaintiff of useful information to contradict Defendant's misrepresentations of fact made in support of its Motion for Summary Judgment.

Accordingly, due to Chevron's discovery misconduct and material misrepresentations of fact, Mr. Snookal moves this court for *ex parte* relief for 1) leave to file supplemental brief in support of Mr. Snookal's opposition to Chevron's Motion for Summary Judgment and 2) leave for Plaintiff to seek further discovery relating to this withheld evidence and 3) leave for Plaintiff to file a motion for discovery sanctions against Defendant and its counsel.

## II.     PROCEDURAL HISTORY

Plaintiff filed the complaint in the instant action on August 3, 2023 (Dkt 1), and the Court ordered the following pertinent deadlines:

- Close of Fact Discovery: August 13, 2024 (Dkt 19);
- Close of Expert Discovery: September 17, 2024 (Dkt 23);
- Hearing on Defendant's Motion for Summary Judgment: December 12, 2024 (Dkt. 34).

Notably, after the Court granted the Parties' stipulated continuance of the deadline to hear motions (Dkt. 26), Parties stipulated to a deadline of October 17, 2024 for Plaintiff to submit his opposition materials to Chevron's Motion for Summary Judgment, and Defendant had to file the integrated materials by October 24, 2024. (Flechsig Decl. at ¶ 13.)

Despite the deadlines the Court has ordered, Defendant has repeatedly, unreasonably delayed in producing documents in their own custody and control, among other abusive discovery tactics.

Most recently and perhaps most egregiously, on Friday November 8, 2024, Defendant produced CUSA000816-948. (Flechsig Decl. at ¶ 16.) These documents

revealed for the first time the involvement of Dr. Stephen Frangos, Chevron U.S.A.'s Regional Manager, Health and Medical – Americas, in the decision to deem Mr. Snookal "unfit for duty" in Escravos, an issue at the very core of Mr. Snookal's disability discrimination claim and claim for punitive damages.

This egregiously-delayed production contained documents which directly contradict Defendant's key factual contentions, and which Plaintiff has been requesting for months, well in advance of the August 13, 2024 Close of Fact Discovery Deadline. (Flechsig Decl. at ¶¶ 4-5, 16.) Nonetheless, Chevron conveniently withheld these documents until *after* filing the Joint Brief Regarding Chevron's Motion for Summary Judgment. (Flechsig Decl. at ¶ 16, Exhibit 10.)

Indeed, Defendant concealed Dr. Frangos' involvement as a percipient witness, key decisionmaker, and managing agent throughout the *entire* course of discovery, despite multiple junctures at which Chevron was legally and ethically bound to make this disclosure and to certify the truthfulness of their disclosures.

First, on November 30, 2023, Chevron omitted Dr. Frangos as a witness in its Initial Disclosures, contrary to their disclosure requirements pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i). (Flechsig Decl. at ¶ 3.)

Further, Plaintiff made diligent efforts to obtain relevant written, document, and oral discovery from Defendant. In Plaintiff's Requests for Production, Set One, served on May 7, 2024, he made the following applicable requests:

- "All documents about or concerning YOUR decision to deem Plaintiff 'not fit for duty' for the Reliability Engineering Manager position in Escravos, Nigeria." (Plaintiff's RFP No. 10) (Flechsig Decl. at ¶ 4, Exhibit 2.);
- "Any and all communications by Dr. Eshiole Asekomeh about or concerning Plaintiff" (Plaintiff's RFP No. 19) (Flechsig Decl. at ¶ 4, Exhibit 2.); and

- "Any and all communications by anyone in Chevron's Human Resources Department about or concerning Plaintiff from January 1, 2019 to January 1, 2022." (Flechsig Decl. at ¶ 4, Exhibit 2.) (Plaintiff's RFP No. 21).

In Plaintiff's Requests for Production, Set Two, served on July 12, 2024, Plaintiff made the following applicable requests:

- "For each person identified in YOUR response to Plaintiff's Interrogatory No. 1, produce all documents reflecting the "discussions" and/or "information" provided "in connection with the decision to declare Plaintiff Mark Snookal 'not fit'" for duty for the Reliability Engineering Manager position in Escravos, Nigeria." (Flechsig Decl. at ¶ 5, Exhibit 3.) (Plaintiff's RFP No. 29);
- "Produce all documents reflecting communications which refer or relate to Plaintiff Mark Snookal, made by any one of the persons identified in YOUR response to Plaintiff's Interrogatory No. 2." (Flechsig Decl. at ¶ 5, Exhibit 3.) (Plaintiff's RFP No. 31).

The documents involving discussions with Dr. Asekomeh, Dr. Frangos, and Dr. Levy regarding the decision to deem Mr. Snookal "unfit for duty" were clearly responsive to these requests served months ago.

Further still, in Plaintiff's first set of Interrogatories, served on May 7, 2024, Plaintiff specifically asked Defendant to "IDENTIFY all individuals involved in the decision to declare Plaintiff 'not fit for duty' for the Reliability Engineering Manager position in Escravos, Nigeria." Yet, Chevron failed to reference Dr. Frangos in its response to Plaintiff's First Set of Interrogatories, nor did Chevron name him anywhere else in any response to written discovery. (Flechsig Decl. at ¶ 6.)

This in turn deprived Plaintiff of the opportunity to depose Dr. Frangos or

seek other discovery relating to Defendant's late-produced documents.

Plaintiff did, however, take other depositions, including the deposition of Dr. Eshiofe Asekomeh— who was prepped and represented by Defendant's counsel for his deposition— on October 10, 2024.[2] Dr. Asekomeh similarly omitted any reference to Dr. Frangos, despite direct questions regarding who weighed in on the decision to deem Mr. Snookal "not fit for duty." (Flechsig Decl. at ¶ 11.)

What is more, Defendant Chevron produced CUSA000768-774 on October 10, 2024[3] at 6:52 am – eight minutes before Dr. Asekomeh's deposition started at 7:00 am. CUSA000768-774 were, in essence, emails dated August 5-7, 2019. (Flechsig Decl. at ¶ 9, Exhibit 7.) In these emails, Dr. Asekomeh corresponded with others (though not Dr. Levy or Dr. Frangos) about the decision to deem Mr. Snookal "not fit for duty" in Escravos, Nigeria. (Id.) Counsel for Defendant, Robert Mussig, represented during Dr. Asekomeh's deposition that "Dr. Asekomeh can testify to this. He—during our prep session, he referenced [emails], and they took a little time to pull them, but we got them and produced them this morning." (Asekomeh Deposition Transcript at p. 11:15-12:6). (Flechsig Decl. at ¶

---

[2] Plaintiff first noticed Dr. Asekomeh's deposition on July 11, 2024, for July 30, 2024. Chevron's counsel advised on July 22, 2024 that Dr. Asekomeh's deposition could not go forward on the noticed date, and we agreed to find mutually agreeable dates. After several follow-up emails to Chevron's counsel to obtain Dr. Asekomeh's availability for a deposition, and almost two months after first noticing the deposition, on September 3, 2024, Chevron's counsel offered a date for his deposition. However, on September 5, 2024, Chevron's counsel advised that Dr. Asekomeh would be "off rotation" until October 1, 2024, so his deposition could not go forward until October. (Flechsig Decl. at ¶ 8, Exhibit 5). This inexcusable delay, requiring copious follow-up from Plaintiff's counsel, has been part and parcel of Chevron's attempts to obstruct Plaintiff's access to even basic discovery.

[3] This was one week in advance of Plaintiff's deadline to oppose Chevron's Motion for Summary Judgment.

12, Exhibit 8.) Dr. Asekomeh further testified that "I was just able to open my e-mails yesterday while the team in the U.S.—Rob [Mussig] and his group were able to get this to – from the back end." (Flechsig Decl. at ¶ 12, Exhibit 8).

Yet, Chevron withheld CUSA000827-824, an email thread from Dr. Asekomeh, dated August 7-15, 2019, until after Chevron's deadline to submit the Joint Brief Regarding Chevron's Motion for Summary Judgment. It strains the imagination to think that Dr. Asekomeh could not have accessed and provided these emails to his counsel at the same time as the documents produced on October 10, 2019.

As a further indication that Chevron willfully suppressed this evidence, the documents themselves bear clues indicating that Defense counsel – not merely Defendant's employees – has long had these documents in their possession, yet they withheld them without any basis in law or fact. The very bottom left of the emails include a file path with what appears to be an autogenerated date stamp of *2023*: file:///C:/Users/sfan/Downloads/2023-0945[]. . .[4] (Flechsig Decl. at ¶ 16, Exhibit 10 p. 9-13.) "SFan" seems to indicate a download by Defendant's counsel, Sarah Fan.

This gamesmanship is consistent with Chevron's pattern and practice of strategically delaying, obscuring, and withholding documents. Chevron's delayed production of highly probative emails on October 10, 2024, minutes before Dr. Asekomeh's deposition started, was not the only instance of delay. Again, at 10:48 pm on October 30, 2024, the night before an 8:00 a.m. deposition of Dr. Ujomoti

[4] The top left of the documents at CUSA000824-828 include a later time stamp of "10/23/24." Assuming *arguendo* that Defense counsel obtained these documents only as of October 23, 2024, they nonetheless should have taken actions to remedy the misrepresentations of fact they presented in their portion of the Joint Brief Re: Defendant's Motion for Summary Judgment, which they filed thereafter.

Akintunde, one of Chevron's designated medical experts, Chevron produced CUSA000776-815. This production constituted four medical studies about thoracic aneurysms, two of which defense counsel then used as exhibits during Dr. Akintunde's deposition the next morning. (Flechsig Decl. at ¶ 15.) Again, these were documents responsive to requests which Plaintiff served nearly six months prior on May 7, 2024.[5]

Given Chevron's concealment of the involvement of Dr. Frangos, and Chevron's late production of documents which contradict Chevron's assertions in its Motion for Summary Judgment, Plaintiff has had to resort to moving the Court on an *ex parte* basis.

In accordance with Local Rule 7-19.1 and the Court's Civil Standing Order Section XIII, on Wednesday, November 20, 2024, Plaintiff's counsel provided the requisite notice to counsel for Defendant by advising them, both by voicemail message and via email of the date and substance of this *ex parte* application, and of their deadline to file an opposition to same. (Flechsig Decl. at ¶ 18, Exhibit 12). Chevron's counsel advised that they will be filing an opposition to same. (Id. at ¶ 20.)

## III.   ARGUMENT

### A.   The Information Defendant Withheld is Material to the Fair Disposition of Defendant's Motion for Summary Judgment

These new documents directly bear upon the issues in Chevron's Motion for Summary Judgment and to Mr. Snookal's Opposition to same. Indeed, in its Motion for Summary Judgment, Defendant Chevron U.S.A. Inc. repeatedly

---

[5] On May 7, 2024, Plaintiff served Requests for Production including a request for "All documents about or concerning YOUR decision to deem Plaintiff "not fit for duty" for the Reliability Engineering Manager position in Escravos, Nigeria. (Flechsig Decl. at ¶ 4, Exhibit 2) (RFP No. 10).

7

PLAINTIFF MARK SNOOKAL'S *EX PARTE* APPLICATION FOR LEAVE TO SUPPLEMENT OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, LEAVE FOR PLAINTIFF TO TAKE FURTHER DISCOVERY, AND LEAVE TO FILE MOTION SEEKING DISCOVERY SANCTIONS AGAINST DEFENDANT AND ITS COUNSEL

asserted that: “no Chevron U.S.A. employee made any final determination regarding Plaintiff’s fitness for duty in Escravos,” so Chevron U.S.A. could not be held liable as the “employer” for the purposes of Plaintiff’s disability discrimination. (Defendant’s Reply Memorandum of Points and Authorities in Support of Motion for Summary Judgment at p. 34:24-27). Second, Chevron asserts that “Plaintiff furthermore failed to raise a triable issue of fact that any of the actors were involved were officers, directors, or managing agents of Chevron U.S.A.,” so Plaintiff’s claim for punitive damages should be dismissed. (Id. at p. 45:24-27.)

However, Chevron’s November 8, 2024 production has revealed for the first time that on August 8, 2019, Dr. Paul Arenyeka, the Occupational Health Physician for the Chevron Nigeria Mid Africa Strategic Business Unit, emailed Dr. Scott Levy, Chevron U.S.A.’s Regional Medical Manager then serving the Europe, Eurasia Middle East & Africa Region, and Dr. Stephen Frangos, Chevron U.S.A. Inc.’s Regional Manager, Health and Medical—Americas, asking them both to weigh in regarding whether Mr. Snookal should be deemed fit or unfit for duty in Escravos. (Flechsig Decl. at ¶ 16, Exhibit 10 p. 9-11). Dr. Arenyeka concluded his email to Drs. Levy and Frangos by writing: “I would greatly value your kind opinions and thoughts on this.” (Id. at p. 10.)

Dr. Frangos responded to the email thread, *inter alia*: “As is pointed out, the patient is low risk for a major CV [cardiovascular] event. Yet in Escravos, there are only limited resources for initial stabilization and transfer of a major adverse CV event. There is health risk in an Escravos assignment. This individual would likely be fit for expatriate assignment in Lagos.” (Id. at p. 9.)

Not only does this reveal that Dr. Frangos, a Chevron U.S.A. Inc. employee, weighed in directly on the discriminatory decision in question, it also lays bare the fact that Dr. Frangos is Chevron U.S.A.’s managing agent. Dr. Frangos’ email

signature identifies him as the "Regional Manager, Health and Medical – Americas" for "Chevron Services Company A Division of Chevron U.S.A. Inc.," so he is clearly an employee of Defendant Chevron U.S.A. Inc. (Flechsig Decl. at ¶ 16, Exhibit 10 at p. 10.) Dr. Frangos' LinkedIn describes his job duties as "Responsible for the development and implementation of Occupational Health services for business operations with more than 25,000 employees, including oversight of ten occupational health clinics and 6,000 employees enrolled in medical surveillance programs." (Flechsig Decl. at ¶ 17, Exhibit 11). This newly-revealed evidence wholly undermines Chevron's false contention that "there is no evidence that any officer, director or managing agent engaged in or ratified an act of fraud, oppression, or malice." (Defendant's Motion for Summary Judgment at p. 18:25-26).

### B. Plaintiff Was Without Fault in Creating the Time Constraints Necessitating *Ex Parte* Relief, and Plaintiff Would Be Irreparably Prejudiced Absent *Ex Parte* Relief

The standard for *ex parte* relief is twofold. First, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis ...." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). "Generally, courts will not grant a party relief when the crisis from which they suffer is of their own making." *Id.* at 493.

Here, a regularly-noticed motion for leave to supplement Plaintiff's Opposition to Defendant's Motion for Summary Judgment could not be heard before the hearing on the merits set for December 12, 2024. The deadline to hear discovery motions passed on August 23, 2024, long before Defendants revealed this information. Therefore, absent relief on an *ex parte* basis, Plaintiff would be

irreparably prejudiced by 1) being denied the opportunity to have pertinent evidence heard opposing Defendant's Motion for Summary Judgment, 2) he would be denied the opportunity to seek further discovery on related issues revealed by the evidence Defendant's withheld, and 3) he would be denied altogether the opportunity to seek discovery sanctions against Defendant and its counsel of record.

Moreover, Plaintiff is "without fault in creating the crisis" which necessitates this *ex parte* application. As further described above, Plaintiff timely sought discovery via interrogatories, requests for production, and in depositions all well before the close of fact discovery. However, Defendant's discovery misconduct kept Plaintiff from discovering same until after the Close of Fact Discovery and Motion for Summary Judgment briefing deadlines had come and gone.

**C.   Providing Plaintiff with Leave to Supplement His Opposition to Defendant's Motion for Summary Judgment is An Appropriate Remedy**

Federal Rule of Civil Procedure "Rule 56(e) gives this Court discretion to permit a litigant to supplement the factual record in the context of a motion for summary judgment." *Bell v. City of Los Angeles*, 835 F. Supp. 2d 836, 848 (C.D. Cal. 2011) (granting Plaintiff leave to supplement factual record on motion for summary judgment) citing *Betz v. Trainer Wortham & Co.*, 610 F.3d 1169, 1171 (9th Cir.2010). See also *Kilroy v. Los Angeles Unified School District* (C.D. Cal., Dec. 6, 2018, No. CV1609068DMGJDE) 2018 WL 7916367, at *2. ("In light of certain late and/or insufficient discovery responses by certain Defendants, the hearings on the motions for summary judgment were continued, eventually being set for hearing to December 6, 2018; Plaintiff was provided an opportunity to file an optional brief supplementing his Opposition to Defendants' Motion . . .").

10

PLAINTIFF MARK SNOOKAL'S *EX PARTE* APPLICATION FOR LEAVE TO SUPPLEMENT OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, LEAVE FOR PLAINTIFF TO TAKE FURTHER DISCOVERY, AND LEAVE TO FILE MOTION SEEKING DISCOVERY SANCTIONS AGAINST DEFENDANT AND ITS COUNSEL

Moreover, as the Northern District of California noted in *Lyon v. U.S. Immigr. & Customs Enf't*:

> "[FRCP] Rule 16(4)(b) holds that a scheduling order "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). The "good cause" standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992). The inquiry should focus on the moving party's reasons for seeking modification to the order: If these reasons do not indicate proper diligence, the inquiry should end. *Id.* As relevant here, courts often find good cause when the motion to amend the scheduling order is based upon new and pertinent information."

*Lyon v. U.S. Immigr. & Customs Enf't*, 308 F.R.D. 203, 216 (N.D. Cal. 2015).

Here, providing an *ex parte* exception to the court's scheduling order is appropriate because it is in fact "based upon new and pertinent information" to Plaintiff, which Defendant withheld.

**D. Good Cause Exists to Allow Plaintiff Leave to File a Motion for Discovery Sanctions**

Pursuant to the Court's Order Setting Scheduling Conference at Section 8(c) (Dkt 16), the discovery cut-off date "govern[s] the completion of all fact discovery, including resolution of al discovery motions." Here, the discovery cut-off date passed before Plaintiff was aware of Defendant's discovery misconduct.

It is canonical that "[d]iscovery between parties should be cooperative and largely unsupervised by the district court. *Infanzon v. Allstate Ins. Co.*, 335 F.R.D. 305, 310–11 (C.D. Cal. 2020), *aff'd*, No. 22-56070, 2024 WL 3631140 (9th Cir. Aug. 2, 2024) citing *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219-20 (9th Cir. 2018). The *Infanzon* court further noted that, "[w]hen that cooperation breaks down, the district court has broad discretion to regulate discovery conduct and, if needed, impose a wide array of sanctions. *See* Fed. R. Civ. P. 37; L.R. 37-4;

*Campidoglio LLC v. Wells Fargo & Co.*, 870 F.3d 963, 975 (9th Cir. 2017). When justified, discovery sanctions 'must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Infanzon v. Allstate Ins. Co.*, 335 F.R.D. 305, 310–11 (C.D. Cal. 2020), *aff'd*, No. 22-56070, 2024 WL 3631140 (9th Cir. Aug. 2, 2024) quoting *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763-64 (S. Ct. 1980).

Moreover, "[u]nder its inherent powers, a court may impose sanctions where a party has willfully disobeyed a court order, or where the party has "acted in bad faith, vexatiously, or for oppressive reasons." *Lofton v. Verizon Wireless* (VAW) LLC, 308 F.R.D. 276, 285 (N.D. Cal. 2015) (citation omitted) citing *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct. 1749, 1758 (S. Ct. 2014).

Plaintiff's counsel has had to spend numerous hours to research and draft this *ex parte* application. There will then be additional expenditure of Plaintiff's counsel's time and resources to complete supplemental briefing and discovery if the Court grants the requested relief. This would not have been necessary absent Defendant's willful discovery misconduct, and sanctions are appropriate to compensate Plaintiff's counsel and to deter Defendant and its counsel from further abuses.

**E. Good Cause Exists to Allow Plaintiff Leave to Complete Discovery Relating to New Issues Raised by Dr. Frangos' Involvement in the Decision to Deem Plaintiff "Not Fit For Duty"**

Finally, good cause exists pursuant to FRCP Rule 14(6)(b) to grant Plaintiff leave from the Court's Scheduling Order concerning the close of fact discovery, with respect to new issues raised by Defendant's tardy production. Despite seeking this information via  interrogatories and request for production made months

before the close of fact discovery, and despite Chevron's mandatory disclosure obligations pursuant to FRCP Rule 26(a)(1)(i), Plaintiff was unaware of Dr. Frangos' pertinence as a witness directly involved in the decision to deem Plaintiff "unfit for duty." This was by Chevron's design.

This deprived Plaintiff of numerous opportunities to seek related discovery, including, but not limited to, having been unable to take Dr. Frangos' deposition and having been unable to seek any document discovery relating to Dr. Frangos (such as his job description, his resume, etc.).

Now, in an attempt to deter Plaintiff from seeking court intervention, Defendant's counsel offers to "stipulate" to allow some further discovery regarding Dr. Frangos. (Flechsig Decl. at ¶ 19.) This is not a tenable solution for Plaintiff. For one thing, the revelation of Defendant's discovery misconduct indicates that court intervention is required here. And, since fact discovery has closed, absent *ex parte* relief, Plaintiff would be without any remedy for continued discovery abuses (i.e. could not file a motion to compel because fact discovery has closed). To avoid irreparable prejudice to Plaintiff, Plaintiff respectfully should be allowed to seek this related discovery.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's *Ex Partee* Application in full.

DATED: November 20, 2024

ALLRED, MAROKO & GOLDBERG

By: ______________________

DOLORES Y. LEAL
OLIVIA FLECHSIG
Attorneys for Plaintiff,
**MARK SNOOKAL**

13

PLAINTIFF MARK SNOOKAL'S *EX PARTE* APPLICATION FOR LEAVE TO SUPPLEMENT OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, LEAVE FOR PLAINTIFF TO TAKE FURTHER DISCOVERY, AND LEAVE TO FILE MOTION SEEKING DISCOVERY SANCTIONS AGAINST DEFENDANT AND ITS COUNSEL

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 6300 Wilshire Boulevard, Suite 1500, Los Angeles, California 90048.

On **November 20, 2024** I served the foregoing document described as **PLAINTIFF MARK SNOOKAL'S NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION FOR LEAVE TO SUPPLEMENT OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, LEAVE FOR PLAINTIFF TO TAKE FURTHER DISCOVERY, AND LEAVE TO FILE MOTION SEEKING DISCOVERY SANCTIONS AGAINST DEFENDANTS AND ITS COUNSEL** on interested parties in this action:

**Attorneys for Defendant Chevron USA, Inc.**
Tracey A. Kennedy, Esq.
Robert E. Mussig, Esq.
H. Sarah Fan, Esq.
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
(213) 620-1780
e-mail: tkennedy@sheppardmullin.com
e-mail: rmussig@sheppardmullin.com
email: sfan@sheppardmullin.com

[X] **BY ELECTRONIC SERVICE:** Pursuant to the Parties' agreement to accept service electronically, I caused such document to be electronically served via email to the email addresses of the addressee(s).

Executed on **November 20, 2024** at Los Angeles, California.

[X] **Federal** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

JOSIE PEÑA