SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
TRACEY A. KENNEDY, Cal Bar No. 150782
ROBERT E. MUSSIG, Cal. Bar No. 240369
H. SARAH FAN, Cal. Bar No. 328282
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398
E-mail: tkennedy@sheppardmullin.com
        rmussig@sheppardmullin.com
        sfan@sheppardmullin.com

Attorneys for Defendant.
CHEVRON U.S.A. INC.,
a Pennsylvania corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MARK SNOOKAL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CHEVRON USA, INC., a California Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-6302-HDV-AJR<br><br>**DECLARATION OF ROBERT E. MUSSIG IN SUPPORT OF DEFENDANT CHEVRON U.S.A., INC.'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR:**<br><br>**(1) LEAVE TO SUPPLEMENT OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT;**<br><br>**(2) LEAVE FOR PLAINTIFF TO TAKE FURTHER DISCOVERY; AND**<br><br>**(3) LEAVE TO FILE MOTION SEEKING DISCOVERY SANCTIONS**<br><br>**(Dkt. No. 35)**<br><br>District Judge: Hon. Hernán De. Vera<br>Magistrate Judge: Hon. A. Joel Richlin<br><br>Action Filed: August 3, 2023<br>Trial Date: February 4, 2025 |

# DECLARATION OF ROBERT E. MUSSIG

I, Robert Mussig, declare as follows:

1. I am an attorney licensed to practice law in California. I am a partner with the law firm Sheppard, Mullin, Richter & Hampton LLP, counsel of record for Defendant Chevron U.S.A., Inc., a Pennsylvania corporation ("Chevron U.S.A."). I have personal knowledge of the facts set forth below and, if called as a witness, could and would testify competently to such facts under oath.

2. On or about November 30, 2023, Chevron U.S.A. served its Initial Disclosures in this case pursuant to Federal Rules of Civil Procedure, Rule 26(a)(1), identifying individuals it believed may have discoverable information that Chevron U.S.A. may use to support its defenses or to rebut Plaintiff's claims. Chevron U.S.A. conducted a diligent search for information and documents regarding nonprivileged matters that are relevant to the parties' claims or defenses in this case. As part of its initial search, Chevron U.S.A. identified the decisionmaker with respect to Plaintiff's MSEA determination, Dr. Asekomeh, and based on information he provided, identified the individuals Dr. Asekomeh communicated with during his review of Plaintiff's MSEA determination. Neither Dr. Asekomeh nor anyone else identified Dr. Frangos as an individual who was involved in the process. Chevron U.S.A. also identified the Human Resources representatives whom Plaintiff contacted after Plaintiff's conditional offer was rescinded and identified Dr. Levy as the individual who spoke with Plaintiff and with one of the HR representatives regarding Plaintiff's MSEA determination. Dr. Levy did not identify Dr. Frangos as an individual who was involved in the MSEA determination process. Chevron U.S.A. was not aware that Dr. Stephen Frangos was involved in Plaintiff's Medical Suitability for Expatriate Assignment fitness for duty ("MSEA") determination in any capacity at that time. I am informed and believe that Dr. Frangos retired from his employment with Chevron U.S.A. in 2022.

3. On May 10, 2024, I took the deposition of Plaintiff Mark Snookal. I am in possession of a certified copy of his deposition transcript. Attached hereto as **Exhibit A** is a true and correct copy of relevant excerpts from Plaintiff's deposition transcript. At his deposition, Mr. Snookal testified that that after he was deemed unfit for duty in Escravos, he was referred to Dr. Stephen Frangos, who passed him off to Dr. Mark Levy to discuss the MSEA determination.

4. Plaintiff has taken six depositions in this case thus far, including four of the doctors involved in the MSEA determination—Dr. Mark Levy, Dr. Eshiofe Asekomeh, Dr. Ujomoti Akintunde, and Dr. Victor Adeyeye. Dr. Adeyeye's deposition is still pending completion. (*See* Fan Dec., ¶ 3.) I defended the depositions of Drs. Levy and Asekomeh, and neither testified about any involvement by Dr. Frangos in Plaintiff's MSEA determination, nor indicated in any way that he was a decisionmaker with respect to the determination.

5. On August 30, 2024, Plaintiff took the deposition of Dr. Mark Levy. I defended Dr. Levy's deposition and am in possession of a certified copy of his deposition transcript. Attached hereto as **Exhibit B** is a true and correct copy of relevant excerpts from Dr. Levy's deposition transcript. During that deposition, Dr. Levy did not testify regarding any involvement by Dr. Frangos at all in Plaintiff's MSEA determination.

6. On October 8, 2024, when I met with Dr. Asekomeh, I learned that Dr. Asekomeh had corresponded by email with Drs. Akintunde and Adeyeye regarding Plaintiff. Chevron U.S.A. does not have the ability to search the records of all Chevron-related entities because electronic records are not centrally stored. Chevron U.S.A. worked with Chevron Nigeria to search for and obtain copies of Dr. Asekomeh's emails with Drs. Akintunde and Adeyeye, which Dr. Asekomeh had to regain access to. From that search, my office produced copies of emails between Dr. Asekomeh and Drs. Akintunde and Adeyeye on October 10, 2024, in advance of Dr. Asekomeh's deposition.

7. On October 10, 2024, Plaintiff took the deposition of Dr. Eshiofe Asekomeh. I defended Dr. Asekomeh's deposition and am in possession of a certified copy of his

deposition transcript.  Attached hereto as **Exhibit C** is a true and correct copy of relevant excerpts from Dr. Asekomeh's deposition transcript.  During his deposition, Dr. Asekomeh did not testify regarding any involvement by Dr. Frangos in Plaintiff's MSEA determination.  Dr. Asekomeh did not testify that he ever communicated with Dr. Frangos or considered Dr. Frangos's input in making his MSEA determination.

8. During his deposition, Dr. Asekomeh testified that he did not specifically recall, but may have corresponded by email with Dr. Olorunfemi Pitan, former Head of Occupational Health in Lagos, Nigeria.  Following Dr. Asekomeh's deposition, Chevron U.S.A. again worked with Chevron Nigeria to conduct a search for any email correspondence between Dr. Asekomeh and Dr. Pitan.  In the course of this search, Chevron U.S.A. received a copy of an email chain which Dr. Pitan forwarded to Dr. Asekomeh on August 15, 2019, which included an email from Dr. Frangos dated August 8, 2019, which is the subject of Plaintiff's ex parte application.  My office duly produced the email chain on November 8, 2024.  Until this point, Chevron U.S.A. had not known of any involvement by Dr. Frangos except for the referral that Plaintiff testified to in his deposition.

9. To date, Plaintiff has not served any discovery on Chevron Nigeria, nor made any attempts to do so either before or after the discovery cutoff.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed on November 21, 2024, at Los Angeles, California.

/s/ Robert E. Mussig

_____
ROBERT E. MUSSIG