SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
TRACEY A. KENNEDY, Cal Bar No. 150782
ROBERT E. MUSSIG, Cal. Bar No. 240369
H. SARAH FAN, Cal. Bar No. 328282
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
Telephone:  213.620.1780
Facsimile:   213.620.1398
E-mail:            tkennedy@sheppardmullin.com
                      rmussig@sheppardmullin.com
                      sfan@sheppardmullin.com

Attorneys for Defendant.
CHEVRON U.S.A. INC.,
a Pennsylvania corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MARK SNOOKAL, an individual,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CHEVRON USA, INC., a California Corporation, and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. 2:23-cv-6302-HDV-AJR<br><br>**DECLARATION OF H. SARAH FAN IN SUPPORT OF DEFENDANT CHEVRON U.S.A., INC.'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR:**<br><br>**(1) LEAVE TO SUPPLEMENT OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT;**<br><br>**(2) LEAVE FOR PLAINTIFF TO TAKE FURTHER DISCOVERY; AND**<br><br>**(3) LEAVE TO FILE MOTION SEEKING DISCOVERY SANCTIONS**<br><br>**(Dkt. No. 35)**<br><br>District Judge: Hon. Hernán De. Vera<br>Magistrate Judge: Hon. A. Joel Richlin<br><br>Action Filed: August 3, 2023<br>Trial Date: February 4, 2025 |

# DECLARATION OF H. SARAH FAN

I, Sarah Fan, declare as follows:

1.  I am an attorney licensed to practice law in California. I am an associate with the law firm Sheppard, Mullin, Richter & Hampton LLP, counsel of record for Defendant Chevron U.S.A., Inc., a Pennsylvania corporation ("Chevron U.S.A."). I make I have personal knowledge of the facts set forth below and, if called as a witness, could and would testify competently to such facts under oath.

2.  Plaintiff has taken six depositions in this case thus far, including four of the doctors involved in the MSEA determination—Dr. Mark Levy, Dr. Eshiofe Asekomeh, Dr. Ujomoti Akintunde, and Dr. Victor Adeyeye. Aside from Dr. Levy, these doctors have never been employed by Chevron U.S.A., and their depositions had to be coordinated through Chevron Nigeria, Limited ("Chevron Nigeria"), which is a wholly separate and distinct corporate entity from Chevron U.S.A. I defended the depositions of Drs. Akintunde and Adeyeye, and neither of these witnesses testified that Dr. Stephen Frangos was involved in Plaintiff's MSEA determination in any way, nor indicated that he was a decisionmaker with respect to the determination.

3.  On November 15, 2024, at 6:00 a.m., I attended the deposition of Dr. Victor Adeyeye as noticed by Plaintiff. Although Dr. Adeyeye was prepared to proceed and complete his deposition, the deposition was terminated early by the court reporter, who indicated that she could not continue with the deposition because she could not understand Dr. Adeyeye's accent. The parties are currently coordinating a mutually available date to continue Dr. Adeyeye's deposition.

4.  After Plaintiff noticed the depositions of the doctors located in Nigeria, Chevron U.S.A. worked diligently to coordinate with Chevron Nigeria regarding the doctors' availability for deposition, taking into account their schedules, availability, and clinical duties, as well as the 8-9 hour time difference between California and Nigeria.

5. On November 20, 2024, Plaintiff's counsel gave notice of this ex parte application by voicemail and by email, stating generically that Plaintiff was seeking leave to take additional discovery, to file a motion for discovery sanctions, and to file a supplemental opposition to Chevron U.S.A.'s pending and fully-briefed Motion for Summary Judgment. Prior to this Plaintiff's counsel had not made any effort to meet and confer regarding any discovery regarding Dr. Frangos they allege they need.

6. On November 20, 2024, at approximately 2:54 p.m., I called Plaintiff's counsel Olivia Flechsig, to get more information about the nature of Plaintiff's ex parte application. Ms. Flechsig told me that they wanted to take the deposition of Dr. Frangos, and to file a supplemental opposition to Chevron U.S.A.'s MSJ, and that they wanted to seek sanctions for the purported concealment of the email chain at issue. When I inquired about whether the parties could reach an agreement which would obviate the need for the parties to engage in unnecessary and costly motion work, particularly on the even of the MSJ hearing and shortly before trial, Ms. Flechsig informed me that Plaintiff did not believe there was any stipulation the parties could reach that would obviate t he need for his ex parte application. Less than three hours later, Plaintiff filed his ex parte application with the court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed on November 21, 2024, at Culver City, California.

/s/ Sarah Fan

_____
H. SARAH FAN

-3-