UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-06302-HDV-AJR | Date | November 27, 2024 |
| Title | *Mark Snookal v. Chevron USA, Inc. et al.* | | |

Present: The Honorable   Hernán D. Vera, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

Not Present   Not Present

**Proceedings:   ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION TO TAKE FURTHER DISCOVERY**

Before the Court is Plaintiff's *ex parte* application to reopen discovery. [Dkt. No. 35]. Plaintiff argues in the main that Defendants failed to identify a key witness (Dr. Frangos) in their interrogatory responses and delayed in producing relevant documents until the eve of various crucial depositions. Plaintiff further contends that Defendants' dilatory tactics negatively affected Plaintiff's ability to take discovery on issues central to Chevron's pending motion for summary judgment. [Dkt. No. 29].

The Court agrees. Based on the Court's review of the correspondence provided in support of Plaintiff's application, it appears that Dr. Frangos was an important participant in the relevant employment decisions at issue. And the additional documents produced at the eleventh hour certainly could have affected the scope of the parties' depositions. Although the Court does not find sufficient bad faith to justify sanctions, the Court is not persuaded that Defendants' delays were necessary or reasonable.

When ruling on a motion to amend a scheduling order to reopen discovery, the Court considers: (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence. *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).[1]

Applying that standard, the Court finds that the factors support reopening discovery in this case. Though Plaintiff's application is opposed, [Dkt. No. 36], and trial is imminent, additional discovery regarding Dr. Frangos' involvement in the decision to deem Plaintiff "Not Fit For Duty" is highly likely to lead to relevant evidence. Moreover, Defendants' failure to produce probative documents regarding Dr. Frangos' role is not attributable to Plaintiff's lack of diligence. *See* Flechsig Decl. ¶¶ 4–6 [Dkt No. 35-1]; Exhibit 2 [Dkt. No. 35-3]; Exhibit 3 [Dkt. No. 35-4]. Finally, Defendants are not prejudiced here, given their inexcusable delay in producing probative documents.

In short, the Court finds that good cause exists pursuant to Fed. R. Civ. P. 16(b)(4) to grant Plaintiff's request. Discovery will be reopened for a period of ninety (90) days. The Court will issue a modified scheduling order adjusting all other dates.

**IT IS SO ORDERED.**

---

[1] To justify *ex parte* relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) that it is without fault in creating the crisis that required *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Here, because Chevron produced a key document *after* filing the Joint Brief Regarding Chevron's Motion for Summary Judgment, Declaration of Olivia Flechsig ("Fleschsig Decl.") ¶ 16 [Dkt. No. 35-1], Exhibit 10 [Dkt. No. 35-11], a regularly noticed motion would not allow Plaintiff the opportunity to have this evidence heard. Moreover, because this document should have been produced in response to Plaintiff's discovery requests, Plaintiff is without fault in creating the crisis requiring *ex parte* relief.