SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
TRACEY A. KENNEDY, Cal Bar No. 150782
ROBERT E. MUSSIG, Cal. Bar No. 240369
H. SARAH FAN, Cal. Bar No. 328282
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
Telephone:    213.620.1780
Facsimile:    213.620.1398
E-mail:        tkennedy@sheppardmullin.com
              rmussig@sheppardmullin.com
              sfan@sheppardmullin.com

Attorneys for Defendant.
CHEVRON U.S.A. INC.,
a Pennsylvania corporation

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MARK SNOOKAL, an individual,<br><br>      Plaintiff,<br><br>      vs.<br><br>CHEVRON USA, INC., a California Corporation, and DOES 1 through 10, inclusive,<br><br>      Defendants. | Case No. 2:23-cv-6302-HDV-AJR<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT CHEVRON U.S.A., INC.'S EVIDENTIARY OBJECTIONS TO PLAINTIFF MARK SNOOKAL'S EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>*[Filed concurrently with Joint Brief re Defendant's Motion for Summary Judgment; Defendant's Statement of Uncontroverted Facts and Genuine Disputes; Joint Appendix of Declarations and Written Evidence; [Proposed] Judgment granting Defendant's Motion for Summary Judgment]*<br><br>Hearing:  May 8, 2025<br>Time:      10:00 a.m.<br>Place:      Courtroom 5B – 5th Floor<br>Judge:      Hon. Hernán D. Vera<br><br>Action Filed: August 3, 2023<br>Trial Date: August 19, 2025 |

SMRH:4871-3845-9122.1                    [PROPOSED] ORDER GRANTING DEFENDANT'S EVIDENTIARY OBJECTIONS

The Court, having considered Defendant Chevron U.S.A. Inc.'s Evidentiary Objections to Plaintiff's Evidence, in support of its Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment, ORDERS as follows:

| Plaintiff's Evidence | Defendant's Objection(s) | Ruling |
|---|---|---|
| Paragraph 5 to the Declaration of Mark Snookal | Lacks foundation/personal knowledge (Federal Rules of Evidence ["FRE"] 602); Hearsay (FRE 802); Best Evidence Rule (FRE 1002);  Failure to authenticate evidence (FRE 901). | SUSTAINED ___<br><br>OVERRULED ___ |
| Paragraph 6 to the Declaration of Mark Snookal | Hearsay (FRE 802) | SUSTAINED ___<br><br>OVERRULED ___ |
| Paragraph 9 to the Declaration of Mark Snookal | Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Unreliable expert opinion (FRE 702). | SUSTAINED ___<br><br>OVERRULED ___ |
| Paragraph 11 to the Declaration of Mark Snookal | Irrelevant (FRE 402). | SUSTAINED ___<br><br>OVERRULED ___ |
| Paragraph 12 to the Declaration of Mark Snookal | Lacks foundation/personal knowledge; speculation (FRE 602). | SUSTAINED ___<br><br>OVERRULED ___ |
| Paragraph 13 to the Declaration of Mark Snookal | Unreliable expert opinion (FRE 702). | SUSTAINED ___<br><br>OVERRULED ___ |
| Paragraph 14 to the Declaration of Mark Snookal | Hearsay (FRE 802). | SUSTAINED ___<br><br>OVERRULED ___ |
| Paragraph 15 to the Declaration of Mark Snookal | Hearsay (FRE 802). | SUSTAINED ___<br><br>OVERRULED ___ |
| Paragraph 16 to the Declaration of Mark Snookal | Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Unreliable expert opinion (FRE 702); Best Evidence Rule (FRE 1002);  Failure to authenticate evidence (FRE 901). | SUSTAINED ___<br><br>OVERRULED ___ |
| Paragraph 17 to the Declaration of Mark Snookal | Hearsay (FRE 802). | SUSTAINED ___<br><br>OVERRULED ___ |

| Plaintiff's Evidence | Defendant's Objection(s) | Ruling |
|---|---|---|
| | | |
| Paragraph 18 to the Declaration of Mark Snookal | Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Unreliable expert opinion (FRE 702); Best Evidence Rule (FRE 1002);  Failure to authenticate evidence (FRE 901). | SUSTAINED ___<br><br>OVERRULED ___ |
| Paragraph 19 to the Declaration of Mark Snookal | Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Best Evidence Rule (FRE 1002);  Failure to authenticate evidence (FRE 901). | SUSTAINED ___<br><br>OVERRULED ___ |
| Paragraph 20 to the Declaration of Mark Snookal | Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Unreliable expert opinion (FRE 702); Best Evidence Rule (FRE 1002);  Failure to authenticate evidence (FRE 901). | SUSTAINED ___<br><br>OVERRULED ___ |
| Paragraph 21 to the Declaration of Mark Snookal | Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Unreliable expert opinion (FRE 702). | SUSTAINED ___<br><br>OVERRULED ___ |
| Paragraph 22 to the Declaration of Mark Snookal | Irrelevant (FRE 402). | SUSTAINED ___<br><br>OVERRULED ___ |
| Paragraph 24 to the Declaration of Mark Snookal | Lacks foundation/personal knowledge (FRE 602); misstates evidence. | SUSTAINED ___<br><br>OVERRULED ___ |
| Paragraph 25 to the Declaration of Mark Snookal | Lacks foundation/personal knowledge (FRE 602); Irrelevant (FRE 402). | SUSTAINED ___<br><br>OVERRULED ___ |
| Paragraph 26 to the Declaration of Mark Snookal | Irrelevant (FRE 402). | SUSTAINED ___<br><br>OVERRULED ___ |
| Paragraph 27 to the Declaration of Mark Snookal | Unreliable expert opinion (FRE 702); Irrelevant (FRE 402). | SUSTAINED ___<br><br>OVERRULED ___ |
| Paragraph 28 to the Declaration of Mark Snookal | Irrelevant (FRE 402). | SUSTAINED ___<br><br>OVERRULED ___ |
| Paragraph 29 to the Declaration of Mark Snookal | Irrelevant (FRE 402); Hearsay (FRE 802). | SUSTAINED ___<br><br>OVERRULED ___ |

SMRH:4871-3845-9122.1    [PROPOSED] ORDER GRANTING DEFENDANT'S EVIDENTIARY OBJECTIONS

| Plaintiff's Evidence | Defendant's Objection(s) | Ruling |
|---|---|---|
| | | |
| Paragraph 30 to the Declaration of Mark Snookal | Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Unreliable expert opinion (FRE 702); Best Evidence Rule (FRE 1002);  Failure to authenticate evidence (FRE 901). | SUSTAINED ___<br><br>OVERRULED ___ |
| Paragraph 30 to the Declaration of Mark Snookal | Irrelevant (FRE 402). | SUSTAINED ___<br><br>OVERRULED ___ |
| Paragraph 5 to the Declaration of Dr. Alexander Marmureanu | Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Unreliable expert opinion (FRE 702); Best Evidence Rule (FRE 1002);  Failure to authenticate evidence (FRE 901). | SUSTAINED ___<br><br>OVERRULED ___ |
| Exhibit 11, Dr. Marmureanu's Report | Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Unreliable expert opinion (FRE 702); Best Evidence Rule (FRE 1002);  Failure to authenticate evidence (FRE 901). | SUSTAINED ___<br><br>OVERRULED ___ |
| Exhibit 27 to the Declaration of Dolores Leal | Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802);  Failure to authenticate evidence (FRE 901). | SUSTAINED ___ |
| Exhibit 28 to the Declaration of Dolores Leal | Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802);  Failure to authenticate evidence (FRE 901). | |
| Exhibit 29 to the Declaration of Dolores Leal | Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802);  Failure to authenticate evidence (FRE 901). | OVERRULED ___ |
| Exhibit 30 to the Declaration of Dolores Leal | Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802);  Failure to authenticate evidence (FRE 901). | SUSTAINED ___ |
| Exhibit 31 to the Declaration of Dolores Leal | Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802);  Failure to authenticate evidence (FRE 901). | |
| Exhibit 32 to the Declaration of Dolores Leal | Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802);  Failure to authenticate evidence (FRE 901). | OVERRULED ___ |
| Exhibit 33 to the Declaration of Dolores Leal | Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802);  Failure to authenticate evidence (FRE 901). | SUSTAINED ___ |
| Exhibit 34 to the Declaration of Dolores Leal | Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802);  Failure to authenticate evidence (FRE 901). | |
| Exhibit 35 to the Declaration of Dolores | Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802);  Failure to | OVERRULED ___ |

-4-

| Plaintiff's Evidence | Defendant's Objection(s) | Ruling |
|---|---|---|
| Leal | authenticate evidence (FRE 901). | |
| Exhibit 36 to the Declaration of Dolores Leal | Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Failure to authenticate evidence (FRE 901). | SUSTAINED ___ |
| Exhibit 37 to the Declaration of Dolores Leal | Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Failure to authenticate evidence (FRE 901). | |
| Exhibit 38 to the Declaration of Dolores Leal | Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Failure to authenticate evidence (FRE 901). | OVERRULED ___ |
| Exhibit 39 to the Declaration of Dolores Leal | Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Failure to authenticate evidence (FRE 901). | SUSTAINED ___ |
| 50. Mr. Snookal would have received an additional 55% of his base salary as a location premium for the Reliability Engineering Manager ("REM") position in Escravos, Nigeria.<br><br>Snookal Decl. at 5; see also the Transcript of the Deposition of Andrew Powers ("Powers Dep. Tr.") 31:5-11; 32:23 – 33:20 | Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Best Evidence Rule (FRE 1002). | SUSTAINED ___<br><br>OVERRULED ___ |
| 51.    The REM position was a rotational assignment with a schedule of 28 days working in Escravos, Nigeria, and 28 days off to return home.<br><br>Snookal Decl. ¶5. | Objection: Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802). | SUSTAINED ___<br><br>OVERRULED ___ |
| 55.    Given the rotational schedule of the REM position, Mr. Snookal could and would have received the recommended treatment for his | Objection: Lacks foundation/personal knowledge; speculation (FRE 602). | SUSTAINED ___<br><br>OVERRULED ___ |

| Plaintiff's Evidence | Defendant's Objection(s) | Ruling |
|---|---|---|
| dilated aortic root at home in California without interruption.<br><br>Snookal Decl. ¶12; Khan Dep. Tr. at 31:10-32:4; 40:20-41:23. | | |
| 56.    The REM position did not have any requirement to lift more than 50 pounds.<br><br>Snookal Decl. ¶8; See also Levy Dep. Tr. 75:20-76:2. | Misstates the evidence / not supported by evidence.  Plaintiff did not make any attestation regarding a lifting requirement for the REM position.  Dr. Levy did not testify about any 50-pound lifting requirement.<br><br>A 50-pound lifting restriction was not a factor in Plaintiff's MSEA determination of unfit for duty in Escravos.  *See* DUF 20, 22-23, 26. | SUSTAINED ___<br><br>OVERRULED ___ |
| 57. Mr. Snookal provided a clearance letter to Chevron from his treating cardiologist, Dr. S. Khan, which indicated that Mr. Snookal was "under [his] care for his heart condition. It is safe for [Mr. Snookal] to work in Nigeria with his heart condition. His condition is under good control and no special treatments are needed."<br><br>Snookal Decl. at 9 and Exh. 3; Levy Dep. Tr. at 84:7-19. | Hearsay (FRE 802); Failure to authenticate evidence (FRE 901); Unreliable expert opinion (FRE 702). | SUSTAINED ___<br><br>OVERRULED ___ |
| 58. On August 23, 2019, Dr. Khan wrote an email to Dr. Scott Levy, Chevron's then Regional Medical Manager for the Europe, Eurasia, Mid-East, and Africa region, explaining that | Hearsay (FRE 802); Failure to authenticate evidence (FRE 901); Unreliable expert opinion (FRE 702). | SUSTAINED ___<br><br>OVERRULED ___ |

| Plaintiff's Evidence | Defendant's Objection(s) | Ruling |
|---|---|---|
| Mr. Snookal's thoracic aneurysm is "relatively small and considered low risk" and that given a number of factors applicable to Mr. Snookal, including that his "aneurysm has not shown any growth for 3 years, his risk may be lower than the published 2% number above" especially given that "the studies of risk of rupture are fairly old (2002) and treatment has improved as has our understanding of aortic aneurysms."<br><br>Snookal Decl. at 16 and Exh. 5; Levy Dep. Tr. at 62:5-63:21 and Exh. 12-C. | | |
| 62. Changes in the size of Mr. Snookal's dilated aortic root would mainly be caused by a significant increase in his blood pressure.<br><br>Khan Dep. Tr. 24:8-18. | Objection: Hearsay (FRE 802); Failure to authenticate evidence (FRE 901); Unreliable expert opinion (FRE 702). | SUSTAINED ___<br><br>OVERRULED ___ |
| 63. In assessing Mr. Snookal's risk of a serious cardiac event due to his dilated aortic root, Dr. Khan referred to three of Mr. Snookal's past CT scans which suggested it was stable in size over a three-year period and indicated an even lower risk. | Objection: Hearsay (FRE 802); Failure to authenticate evidence (FRE 901); Unreliable expert opinion (FRE 702). | SUSTAINED ___<br><br>OVERRULED ___ |

-7-

| Plaintiff's Evidence | Defendant's Objection(s) | Ruling |
|---|---|---|
| Khan Dep. Tr. 23:10-20. | | |
| 64. Mr. Snookal's blood pressure was well-controlled through medications (amlodipine and losartan).<br><br>Khan Dep. Tr. 27:23-28:1; 29:2-5. Marmureanu Decl. at Exh. 11-7. | Irrelevant (FRE 402). | SUSTAINED ___<br><br>OVERRULED ___ |
| 65. Mr. Snookal's risk of a serious cardiac event due to his thoracic aneurysm was actually less than 1% per year.<br><br>Marmureanu Decl. at Exh. 11 p. 6; 7. | Hearsay (FRE 802); Unreliable expert opinion (FRE 702); Lacks foundation/personal knowledge; speculation (FRE 602); Irrelevant (FRE 402). | SUSTAINED ___<br><br>OVERRULED ___ |
| 66. Mr. Snookal's risk of a serious cardiac event due to his thoracic aneurysm while in Escravos, Nigeria was less than 0.5% per year.<br><br>Id. | Hearsay (FRE 802); Unreliable expert opinion (FRE 702); Lacks foundation/personal knowledge; speculation (FRE 602); Irrelevant (FRE 402). | SUSTAINED ___<br><br>OVERRULED ___ |
| 67. Mr. Snookal's risk of a serious cardiac event due to his thoracic aneurysm is "negligible compared to the general population, especially given the absence of rapid growth in Mr. Snookal's case."<br><br>Marmureanu Decl. at Exh. 11 p. 7. | Hearsay (FRE 802); Unreliable expert opinion (FRE 702); Lacks foundation/personal knowledge; speculation (FRE 602); Irrelevant (FRE 402). | SUSTAINED ___<br><br>OVERRULED ___ |
| 68. The occupational | Objection to Plaintiff's Exhibits 24, 28: | SUSTAINED ___ |

| Plaintiff's Evidence | Defendant's Objection(s) | Ruling |
|---|---|---|
| hazards associated with Chevron's gas to liquids oil refinery in Escravos, Nigeria are high, and employees sustain injuries, or even die, on a regular basis.<br><br>Leal Decl. at ¶ 10, Exh. 24 and Id. at ¶ 13. Exh. 28. | Failure to authenticate evidence (FRE 901); Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Unreliable expert opinion (FRE 702). | OVERRULED ___ |
| 69. Dr. Aiwuyo opined that "[f]rom, the Canadian guidelines these values [for Mr. Snookal] appear low risk for a major adverse CV event. Some have used values of <4.5cm as a partition value for low risk situations."<br><br>Leal Decl. at ¶ 13. Exh. 37. | <u>Objection to Plaintiff's Exhibit 37:</u> Failure to authenticate evidence (FRE 901); Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Unreliable expert opinion (FRE 702). | SUSTAINED ___<br><br>OVERRULED ___ |
| 70. Dr. Adeyeye agreed with Dr. Aiwuyo. Id. | <u>Objection to Plaintiff's Exhibit 37:</u> Failure to authenticate evidence (FRE 901); Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Unreliable expert opinion (FRE 702). | SUSTAINED ___<br><br>OVERRULED ___ |
| 73. Mr. Snookal's thoracic aneurysm would not have impacted his day-to-day ability to work or complete any of his required job duties. | Misstates the evidence. Dr. Asekomeh testified that the REM would be required to visit the field. *See* DUF 16.<br><br><u>Objection:</u> Lacks foundation/personal knowledge (FRE 602); Unreliable expert opinion (FRE 702). | SUSTAINED ___<br><br>OVERRULED ___ |
| 74. The REM position is a not physically strenuous job, and Chevron categorized it as an "office based job."<br><br>Levy Dep. Tr. at 75: 14-76:2; 93:21-94:9; | Hearsay (FRE 802); Unreliable expert opinion (FRE 702); Lacks foundation/personal knowledge; speculation (FRE 602).<br><br><u>Objection to Plaintiff's Exhibit 7:</u> Failure to authenticate evidence (FRE 901); Hearsay (FRE 802); Lacks foundation/personal knowledge (FRE | SUSTAINED ___<br><br>OVERRULED ___ |

[PROPOSED] ORDER GRANTING DEFENDANT'S EVIDENTIARY OBJECTIONS

| Plaintiff's Evidence | Defendant's Objection(s) | Ruling |
|---|---|---|
| 94:11-95:3; 95:10-25; Marmureanu Decl. at Exh. 11 at p. 8; Asekomeh Dep. Tr. at 74:24-76:19; . Snookal Decl. at 19, Exh. 7 (Chevron's "Physical Requirements and Working Conditions GO-308" for the REM Position). | 602). | |
| 75. The REM position did not require the operation of equipment, heavy or otherwise.  The position is not considered a safety-sensitive position, as defined in the Chevron "Medical Examination Program."

Snookal Decl. at 19, Exh. 7 (Physical Requirements and Working Conditions GO-308).

Job Description: "Job Title: NMA EGTL Reliability Engineering Manager." Declaration of Dr. Eshiofe Asekomeh ("Asekomeh Dep. Tr.") at 81:3, Exh. 18-2. | Objection to Plaintiff's Exhibit 7: Failure to authenticate evidence (FRE 901); Hearsay (FRE 802); Lacks foundation/personal knowledge (FRE 602).

Objection to Plaintiff's Exhibit 18-2: Failure to authenticate evidence (FRE 901); Lacks foundation/personal knowledge (FRE 602). | SUSTAINED ___

OVERRULED ___ |
| 76. Dr. Asekomeh could not "cite a specific example" of how Mr. Snookal's thoracic aneurysm posed a threat to others.

Asekomeh Dep. Tr. At | Irrelevant (FRE 402). | SUSTAINED ___

OVERRULED ___ |

| Plaintiff's Evidence | Defendant's Objection(s) | Ruling |
|---|---|---|
| 122:19 – 124:12. | | |
| 77. In fact, Dr. Akintunde, one of the Nigeria-based cardiologists with whom Chevron U.S.A. consulted, testified that Mr. Snookal's dilated aortic root was not a threat to others.<br><br>Akintunde Dep. Tr. 40:19-24. | Misstates the evidence.    Objection: Irrelevant (FRE 402). | SUSTAINED ___<br><br>OVERRULED ___ |
| 78. Dr. Asekomeh did not review the job duties of the REM position before making his decision.<br><br>Asekomeh Dep. Tr. at 69:9-12; 81:3-18 and Exh. 18-2 (Job Description for NMA EGTL Reliability Engineering Manager); Asekomeh Dep. Tr. at 71:9-25. | Irrelevant (FRE 402).<br><br>Objection to Plaintiff's Exhibit 18-2: Failure to authenticate evidence (FRE 901); Lacks foundation/personal knowledge (FRE 602). Dr. Asekomeh testified he has never seen the document before and di not rely on it in connection with Plaintiff's MSEA determination.  (Pl. Ex. 15 ["Asekomeh Dep. Tr."], 81:3-18.) | SUSTAINED ___<br><br>OVERRULED ___ |
| 80. Drs. Khan and Marmureanu, in contrast, had access to at least three years of Mr. Snookal's scans, which indicated a decreased risk to Mr. Snookal because his dilated aortic root was stable in size over time. Khan Dep. Tr. 23:10-20; Marmureanu Decl. at Exh. 11 p. 4-6. | Objection: Hearsay (FRE 802); Failure to authenticate evidence (FRE 901); Unreliable expert opinion (FRE 702). | SUSTAINED ___<br><br>OVERRULED ___ |
| 84. Chevron did not conduct a functional capacity evaluation for Mr. Snookal because "almost-always office | Misstates the evidence.  Dr. Asekomeh testified that office-based jobs don't require a functional capacity evaluation, but "almost-always" office jobs [sic] and management will visit the field. (Asekomeh Dep. Tr. 76:11-19.) | SUSTAINED ___<br><br>OVERRULED ___ |

| Plaintiff's Evidence | Defendant's Objection(s) | Ruling |
|---|---|---|
| jobs" that are not "physically-demanding" do not require one.<br><br>Asekomeh Dep. Tr. 74:18-76:19. | | |
| 85. Nothing about the job duties for the REM position itself, or its location, would exacerbate Mr. Snookal's thoracic aneurysm or increase the risk of a serious cardiac event occurring.<br><br>Levy Dep. Tr. 75: 14-76:2; 93:21-94:9; 94:11-95:3; 95:10-25; Marmureanu Decl. Exh. 11 at p. 8; Asekomeh Dep. Tr. 95:6-24; Khan Dep. Tr. at 40:20-41:23. | <u>Objection to Dr. Marmureanu's Report</u>: Irrelevant (FRE 402); Lacks foundation/ personal knowledge (FRE 602); Hearsay (FRE 801); Unreliable expert opinion (FRE 702). | SUSTAINED ___<br><br>OVERRULED ___ |
| 86. The local medical team "regularly" performs emergency medical evacuations (i.e. medevacs) people from Chevron's Escravos, Nigeria refinery due to emergent medical issues, and there are approximately 300 annual medical evacuations annually in the region.<br><br>Asekomeh Dep. Tr. 39:9-21; see also Levy Dep. Tr. 24:20-25:9; Akintunde Dep. Tr. | Irrelevant (FRE 402). | SUSTAINED ___<br><br>OVERRULED ___ |

| Plaintiff's Evidence | Defendant's Objection(s) | Ruling |
|---|---|---|
| 33:19-34:14. | | |
| 87. As of October 10, 2024, Dr. Asekomeh was aware of two emergency medical evacuations during the previous week alone.<br><br>Asekomeh Dep. Tr. 39:9-40:5. | Irrelevant (FRE 402). | SUSTAINED ___<br><br>OVERRULED ___ |
| 88. Based upon her experience working in Escravos, Dr. Akintunde estimated that the average time for a medical evacuation by helicopter was approximately one and a half hours.<br><br>Akintunde Dep. Tr. 36:6-14. | Irrelevant (FRE 402). | SUSTAINED ___<br><br>OVERRULED ___ |
| 89. Chevron did not consider Mr. Snookal's past work history before making their decision to rescind the REM position from Mr. Snookal.<br><br>Asekomeh Dep. Tr. at 67:25-69:21; 66:18-68:12. | Irrelevant (FRE 402). | SUSTAINED ___<br><br>OVERRULED ___ |
| 90. Had they considered Mr. Snookal's past work history with Chevron, they would have found that Mr. Snookal never suffered any serious cardiac event while at work or otherwise.<br><br>Id. | Irrelevant (FRE 402). | SUSTAINED ___<br><br>OVERRULED ___ |
| 91. Dr. Asekomeh did | Irrelevant (FRE 402). | SUSTAINED ___ |

| Plaintiff's Evidence | Defendant's Objection(s) | Ruling |
|---|---|---|
| not speak with or otherwise contact Mr. Snookal's treating cardiologist, Dr. Khan, before making his decision to rescind the REM position.<br><br>Asekomeh Dep. Tr. at 66:10-17. | | OVERRULED ___ |
| 92. Dr. Asekomeh did not speak with Mr. Snookal in conjunction with his MSEA evaluation.<br><br>Asekomeh Dep. Tr. at 66:18-25. | Irrelevant (FRE 402). | SUSTAINED ___<br><br>OVERRULED ___ |
| 93. Dr. Asekomeh did not speak with Dr. Irving Sobel, the physician to deemed Mr. Snookal "fit for duty with restrictions" before making his decision to rescind the REM position.<br><br>Asekomeh Dep. Tr. 65:14-66:9. | Irrelevant (FRE 402). | SUSTAINED ___<br><br>OVERRULED ___ |
| 94. The local medical team in Nigeria repeatedly deferred to Chevron U.S.A. employees for their input regarding Mr. Snookal's fitness for duty in Escravos. 93, on August 8, 2019, Dr. Paul Arenyeka wrote to Drs. Frangos and Levy: "I would greatly value your kind opinions and thoughts on [Mr. Snookal's case]." Leal Decl. at ¶ | Objection to Plaintiff's Exhibits 27, 31: Failure to authenticate evidence (FRE 901); Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Unreliable expert opinion (FRE 702). | SUSTAINED ___<br><br>OVERRULED ___ |

| Plaintiff's Evidence | Defendant's Objection(s) | Ruling |
|---|---|---|
| 13. Exh. 27<br><br>On August 26, 2019, Dr. Paul Arenyeka, the "Medical Director for the Nigeria Mid Africa SBU" wrote to Dr. Levy that "I will appreciate your guidance" regarding Mr. Snookal's fitness for duty. Leal Decl. at ¶ 13. Exh. 31.<br><br>Dr. Levy responded "I support your decision and appreciate your rereview." Id. | | |
| 95. Dr. Stephen Frangos, then Chevron's Regional Manager, Health and Medical – Americas, made the decision to deem Mr. Snookal unfit for duty, emailing that "the patient is low risk or a major adverse CV [cardiovascular] event. Yet in Escravos, there are only limited resources for initial stabilization and transfer of a major adverse CV event. There is health risk in an Escravos assignment."<br><br>Leal Decl. at ¶ 13. Exh. 27. | Objection to Plaintiff's Exhibit 27: Failure to authenticate evidence (FRE 901); Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Unreliable expert opinion (FRE 702). | SUSTAINED ___<br><br>OVERRULED ___ |
| 96. In response to Dr. Frangos' email thread, Dr. Olorunfemi Pitan, | Objection to Plaintiff's Exhibit 27: Failure to authenticate evidence (FRE 901); Lacks foundation/personal knowledge (FRE | SUSTAINED ___<br><br>OVERRULED ___ |

| Plaintiff's Evidence | Defendant's Objection(s) | Ruling |
|---|---|---|
| Occupational Physician Head for Chevron's Nigeria Mid Africa Strategic Business Unit wrote instructing Dr. Asekomeh to 'kindly decline a job transfer to Escravos."<br><br>Id. | 602); Hearsay (FRE 802); Unreliable expert opinion (FRE 702). | |
| 97. Dr. Frangos was a managing agent of Chevron U.S.A. "[r]esponsible for the development and implementation of Occupational Health services for business operations with more than 25,000 employees, including oversight of ten occupational health clinics and 6,000 employees enrolled in medical surveillance programs." Leal Decl. at ¶ 14, Exh. 39. | Objection to Plaintiff's Exhibit 39: Failure to authenticate evidence (FRE 901); Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Unreliable expert opinion (FRE 702). | SUSTAINED ___<br><br>OVERRULED ___ |
| 98. On August 20, 2019, Dr. Frangos emailed Dr. Levy that "the employee [Snookal] reached me Friday evening, through guidance from another employee. I shared with him what Paul [Arenyeka] and I had determined in our review of the case: that he was deemed not fit for assignment in Escravos because of the location . . .He said he planned to appeal the medical clearance decision." | Objection to Plaintiff's Exhibit 32: Failure to authenticate evidence (FRE 901); Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Unreliable expert opinion (FRE 702). | SUSTAINED ___<br><br>OVERRULED ___ |

| Plaintiff's Evidence | Defendant's Objection(s) | Ruling |
|---|---|---|
| Leal Decl. at ¶ 13. Exh. 32. | | |
| 99. After reporting Chevron's decision to rescind the REM position to the Chevron Ombuds, Chevron passed Mr. Snookal along to discuss with Dr. Levy, Chevron's Regional Medical Manager for Europe, Eurasia, Middle East & Africa.<br><br>Snookal Decl. ¶13; Leal Decl. at ¶ 13. Exh. 32. | Objection to Plaintiff's Exhibit 32: Failure to authenticate evidence (FRE 901); Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Unreliable expert opinion (FRE 702). | SUSTAINED ___<br><br>OVERRULED ___ |
| 100. Dr. Levy spoke with Mr. Snookal and advised that the REM position jobsite was in a remote area in Nigeria with limited medical facilities and emergency care only available via charter aircraft to Lagos, Nigeria.<br><br>Snookal Decl. ¶14; Levy Dep. Tr. 38:24 – 39:14. | Objection: Irrelevant (FRE 402); Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 801). | SUSTAINED ___<br><br>OVERRULED ___ |
| 103. On August 23, 2019, Dr. Levy emailed Eldyleida Seca Torres that "I don't know who the msea advisor is for Mark Snookal but can you inform them that we're reviewing his msea eval for escravos. This was previous sent (sic) as not ffd [fit for duty] | Objection to Plaintiff's Exhibit 33: Failure to authenticate evidence (FRE 901); Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Unreliable expert opinion (FRE 702). | SUSTAINED ___<br><br>OVERRULED ___ |

| Plaintiff's Evidence | Defendant's Objection(s) | Ruling |
|---|---|---|
| but I'm performing a second review." Leal Decl. at ¶ 13. Exh. 33. | | |
| 104. On August 23, 2019, Dr. Khan sent Dr. Levy an email, with a cc to Mr. Snookal, reiterating his opinion that Mr. Snookal was medically fit for duty despite the remote location of the job. Snookal Decl. ¶16, Exh. 5; Levy Dep. Tr. 62:5-18, Exh. 12-C. | Objection: Hearsay (FRE 802); Failure to authenticate evidence (FRE 901); Unreliable expert opinion (FRE 702). | SUSTAINED ___ OVERRULED ___ |
| 105. On September 4, 2019, Mr. Snookal emailed Chevron USA Human Resources Manager, Andrew Powers, to report the disability discrimination, writing, *inter alia*: "I believe this decision was made based on a lack of understanding and stereotypical assumptions about my medical condition and is therefore, discriminatory in nature" and "aside from my complaint of medical discrimination where does their decision leave me?" Snookal Decl. at 18 and Exh. 6; Powers Dep. Tr. at 46:15-48:2 and Exh. 17-3. | Irrelevant (FRE 402); Hearsay (FRE 802); Failure to authenticate evidence (FRE 901). | SUSTAINED ___ OVERRULED ___ |

| Plaintiff's Evidence | Defendant's Objection(s) | Ruling |
|---|---|---|
| 106. Minutes after receiving Mr. Snookal's disability complaint on September 4, 2019, before further investigation, Mr. Powers wrote to his colleagues Troy Tortorich, Austin Ruppert, and Thalia Tse, inter alia: "I am sure there is a very good reason why this [job] was rescinded"<br><br>Powers Dep. Tr. at 49:13-52:11 and Exh. 17-3 at CUSA000539. | Irrelevant (FRE 402); Hearsay (FRE 802); Failure to authenticate evidence (FRE 901). | SUSTAINED ___<br><br>OVERRULED ___ |
| 107. Mr. Powers also forwarded Mr. Snookal's disability discrimination complaint to the medical team in Nigeria, asking Dr. Ayanna Jones for "context" "and suggested response" to Mr. Snookal's disability discrimination complaint.<br><br>Powers Dep. Tr. at 136:5-25, Exh. 17-12 (Email from Andrew Powers to medical team in Nigeria at CUSA000650). | Irrelevant (FRE 402); Hearsay (FRE 802); Failure to authenticate evidence (FRE 901). | SUSTAINED ___<br><br>OVERRULED ___ |
| 108. Dr. Ayanna Jones wrote back to Mr. Powers' email referring him to speak to Dr. Levy who "would be able to provide [] | Irrelevant (FRE 402); Hearsay (FRE 802); Failure to authenticate evidence (FRE 901). | SUSTAINED ___<br><br>OVERRULED ___ |

| Plaintiff's Evidence | Defendant's Objection(s) | Ruling |
|---|---|---|
| context on this case and appropriate response." <br><br> Powers Dep. Tr. at 136:5 – 137:16, Exh. 17-12 (Email from Andrew Powers to medical team in Nigeria at CUSA000650). | | |
| 109. Dr. Levy was the subject of Mr. Snookal's disability discrimination complaint since he was the one who had already reviewed and upheld the decision to deem Mr. Snookal not fit for duty in Escravos. Yet, Mr. Powers' "investigation" consisted solely of speaking with Dr. Levy and accepting his explanation for his own discriminatory decision. <br><br> Leal Decl. at ¶ 13, Exh. 29 and 31. | <u>Objection to Plaintiff's Exhibits 29, 31</u>: Failure to authenticate evidence (FRE 901); Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Unreliable expert opinion (FRE 702). | SUSTAINED ___ <br><br> OVERRULED ___ |
| 110. On September 6, 2019, Mr. Powers sent an email reply to Mr. Snookal which read: "I've reached out to the Medical Department and while I'm not privy to any medical information, I understand a thorough review was conducted and alternatives were explored. We would respectfully disagree | Irrelevant (FRE 402); Hearsay (FRE 802); Failure to authenticate evidence (FRE 901). | SUSTAINED ___ <br><br> OVERRULED ___ |

| Plaintiff's Evidence | Defendant's Objection(s) | Ruling |
|---|---|---|
| that the determination was based on stereotyping or impermissible discrimination."<br><br>Powers depo at 95:21-98:3 and Exh. 14-5 (Andrew Powers Email to Mark Snookal Re: Medical Team Findings at CUSA000542); Snookal Decl. at 18, Exh. 6 (CUSA000542-543). | | |
| 111. Mr. Snookal requested of Mr. Powers an explanation for why the REM position had been rescinded.<br><br>Levy Dep. Tr. at 78:10-79:6, Exh. 12-D; (September 16, 2019 Email from Dr. Levy to Mr. Snookal); Snookal Decl. at 20. | Irrelevant (FRE 402); Hearsay (FRE 802); Failure to authenticate evidence (FRE 901). | SUSTAINED ___<br><br>OVERRULED ___ |
| 112. On September 16, 2019, Dr. Levy emailed Mr. Snookal explaining that he "became involved on [Mr. Snookal's] case when [he] had requested a second opinion on the initial denial" and, *inter alia*, wrote that Chevron had a right to rescind the offer based on a "direct threat" to Mr. Snookal's "health and safety" because "if the condition were to | Irrelevant (FRE 402); Hearsay (FRE 802); Failure to authenticate evidence (FRE 901). | SUSTAINED ___<br><br>OVERRULED ___ |

| Plaintiff's Evidence | Defendant's Objection(s) | Ruling |
|---|---|---|
| occur, the outcome would be catastrophic and would require an immediate emergency response which is not available and would most certainly result in death in Escravos." <br><br> Levy Dep. Tr. at 78:10-79:6, Exh. 12-D; (September 16, 2019 Email from Dr. Levy to Mr. Snookal). | | |
| 113. On or about September 5, 2019, Mr. Snookal searched for and identified four different vacant positions for which he was qualified and submitted applications for same: (1) El Segundo Routine Maintenance General Team Lead, (2) El Segundo Operating Assistant (which had two separate openings) and (3) Maintenance Change Operating Assistant. <br><br> Snookal Decl. ¶24; Snookal Dep. Tr., 110:25 – 111:10; 113:18 – 116:18. | Irrelevant (FRE 402). | SUSTAINED ___ <br><br> OVERRULED ___ |
| 114. Chevron made Mr. Snookal apply with the rest of the general applicant pool without preference for these four vacant positions. <br><br> Snookal Decl. ¶ 24; Snookal Depo Tr. | Irrelevant (FRE 402). | SUSTAINED ___ <br><br> OVERRULED ___ |

| Plaintiff's Evidence | Defendant's Objection(s) | Ruling |
|---|---|---|
| 123:14-19. | | |
| 115. Mr. Snookal was qualified for the four vacant positions to which he applied.<br><br>Snookal Depo Tr. 110:25 – 111:10; 118:5 – 119:10; Pg. 130:18-25; 136:6-23; 167:7-168:8. | Irrelevant (FRE 402). | SUSTAINED ___<br><br>OVERRULED ___ |
| 116. The four vacant positions to which Mr. Snookal applied were comparable to, or worse than, the REM position.<br><br>Snookal Dep. Tr. at 122:7-15. | Irrelevant (FRE 402); Lacks foundation/ personal knowledge (FRE 602); Hearsay (FRE 801). | SUSTAINED ___<br><br>OVERRULED ___ |
| 117. Chevron did not select Mr. Snookal for any of the four vacant positions to which he applied.<br><br>Snookal Decl. ¶ 24; Snookal Depo Tr. 123:24 – 125:1; Pg. 131:17-20; 134:17-19; 136:6-23. | Irrelevant (FRE 402). | SUSTAINED ___<br><br>OVERRULED ___ |
| 119. The Reliability Change OA role was a demotion from Mr. Snookal's previous IEAR role and the REM job because it was not a supervisory nor managerial role with no direct reports, and it was a temporary position with no pathways to promotion.<br><br>Snookal Decl. at 24; Snookal Decl. Tr. at | Irrelevant (FRE 402); Lacks foundation/ personal knowledge (FRE 602); Hearsay (FRE 801). | SUSTAINED ___<br><br>OVERRULED ___ |

| Plaintiff's Evidence | Defendant's Objection(s) | Ruling |
|---|---|---|
| 168:11 – 169:10; 174:5-175:11; 28:8-22. | | |
| 122. The treatment recommendations for Mr. Snookal's thoracic aneurysm were to get an annual CT and echocardiogram and to take his recommended blood pressure medications.<br><br>Snookal Decl. at 9 and Exh. 3; Marmureanu Decl. at Exh. 11 p. 8; Asekomeh Dep. Tr. at 104:11-20. | Irrelevant (FRE 402); Lacks foundation/ personal knowledge (FRE 602); Hearsay (FRE 801).<br><br>Objection to Dr. Marmureanu's Report: Irrelevant (FRE 402); Lacks foundation/ personal knowledge (FRE 602); Hearsay (FRE 801); Unreliable expert opinion (FRE 702). | SUSTAINED ___<br><br>OVERRULED ___ |
| 123. Mr. Snookal is the breadwinner for his family, including his son with disabilities.<br><br>Snookal Decl. at 28. | Irrelevant (FRE 402). | SUSTAINED ___<br><br>OVERRULED ___ |
| 124. After Chevron rescinded the REM position, Mr. Snookal had to pull his son out of private school because he could no longer afford it.<br><br>Snookal Dep. Tr. at 246:25 – 247:17; Snookal Decl. at 28. | Irrelevant (FRE 402). | SUSTAINED ___<br><br>OVERRULED ___ |
| 125. In or about November of 2019, Mr. Snookal started treating with a therapist due to the symptoms of depression he was experiencing.<br><br>Snookal Decl. at 27 | Irrelevant (FRE 402). | SUSTAINED ___<br><br>OVERRULED ___ |
| 126. In or about October of 2020, Mr. Snookal started taking | Irrelevant (FRE 402). | SUSTAINED ___<br><br>OVERRULED ___ |

-24-

| Plaintiff's Evidence | Defendant's Objection(s) | Ruling |
|---|---|---|
| antidepressants to treat the symptoms of depression he was experiencing.<br><br>Snookal Decl. at 27; Snookal Dep. Tr. at 243:1 – 245:25 | | |
| 127. Mr. Snookal and his therapist discussed looking for other work because of the detrimental effects Chevron's discrimination was having on Mr. Snookal's mental health.<br><br>Snookal Dep. Tr. at 243:1 – 245:25; Snookal Decl. at 27-29. | Irrelevant (FRE 402). | SUSTAINED ___<br><br>OVERRULED ___ |
| 128. After his employment with Chevron ended in August of 2021, Mr. Snookal relocated himself and his family out of the state to try to better support his family's needs.<br><br>Snookal Decl. ¶ 30; Snookal Dep. Tr. 51:6-8. | Irrelevant (FRE 402). | SUSTAINED ___<br><br>OVERRULED ___ |
| 129. Dr. Levy has consistently been employed by Chevron U.S.A., even while he has changed job assignments and been based outside of the United States in London and Singapore.<br><br>Levy Dep. Tr. at 12:15- | Irrelevant (FRE 402). | SUSTAINED ___<br><br>OVERRULED ___ |

| Plaintiff's Evidence | Defendant's Objection(s) | Ruling |
|---|---|---|
| 15:6; 14:8-11; 14:18-23. | | |
| 130. Chevron U.S.A. was his employer and paid Andrew Powers while he was on assignment in different states and on expatriate assignments in other countries, including Kazakhstan and the Philippines. Mr. Powers was never an employee of the expatriate host assignment.<br><br>Powers Dep. Tr. 19:2 - 22:1. | Irrelevant (FRE 402). | SUSTAINED ___<br><br>OVERRULED ___ |
| 136. The cardiologists with whom Dr. Asekomeh consulted regarding Mr. Snookal's thoracic aneurysms identified Mr. Snookal as being "low risk" and noting that the size of Mr. Snookal's thoracic aneurysm is smaller than the 4.5 cm "partition value for low-risk situations."<br><br>Asekomeh Dep. Tr. 115:11-21, Exh. 18-7 (Dr. Asekomeh email thread with Nigerian cardiologists). | Objection to Plaintiff's Exhibit 18-7: Failure to authenticate evidence (FRE 901); Hearsay (FRE 802). | SUSTAINED ___<br><br>OVERRULED ___ |
| 137. The three cardiologists with whom Dr. Asekomeh consulted regarding Mr. Snookal's thoracic aneurysms admitted they were unable to | Objection to Plaintiff's Exhibit 38: Failure to authenticate evidence (FRE 901); Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Unreliable expert opinion (FRE 702). | SUSTAINED ___<br><br>OVERRULED ___ |

| Plaintiff's Evidence | Defendant's Objection(s) | Ruling |
|---|---|---|
| find "clear cut field guidelines for patient with aortic aneurysm."<br><br>Leal Decl. at ¶ 13, Exh. 38. (""Unfortunately Dr. Aiwuyo is unable to get any other literature on risk stratification aside from the one he already referenced (Canadian)." | | |
| 138. The cardiologists with whom Dr. Asekomeh consulted regarding Mr. Snookal's thoracic aneurysms offered clinical instructions for Mr. Snookal, including to "avoid lifting heavy objects"; "quit smoking (if he is a smoker); (manage hypertension strictly)"; "watch out for alarm symptoms" and "avoid moderate to high intensity exercises as much as possible."<br><br>Asekomeh Dep. Tr. 115:11-21, Exh. 18-7 (Dr. Asekomeh email thread with Nigerian cardiologists); Leal Decl. at ¶ 13, Exh. 37. | Objection to Plaintiff's Exhibit 18-7: Failure to authenticate evidence (FRE 901); Hearsay (FRE 802). | SUSTAINED ___<br><br>OVERRULED ___ |
| 139. Mr. Snookal was already following the guidelines to "avoid lifting heavy objects"; "quit smoking (if he is a smoker); (manage hypertension strictly)"; "watch out for alarm symptoms" and "avoid | Objection to Plaintiff's Exhibit 18-7: Failure to authenticate evidence (FRE 901); Hearsay (FRE 802). | SUSTAINED ___<br><br>OVERRULED ___ |

-27-

[PROPOSED] ORDER GRANTING DEFENDANT'S EVIDENTIARY OBJECTIONS

| Plaintiff's Evidence | Defendant's Objection(s) | Ruling |
|---|---|---|
| moderate to high intensity exercises as much as possible." Id.; Snookal Decl. ¶11. | | |
| 140. The cardiologists with whom Dr. Asekomeh consulted regarding Mr. Snookal's thoracic aneurysms did not provide a specific recommendation to bar Mr. Snookal from working in Escravos, Nigeria. However, they did write/endorse that "[w]hat is established is that a patient with symptomatic aneurysm should not be allowed to work in an offshore location." Asekomeh Dep. Tr. 115:11-21, Exh. 18-7 (Dr. Asekomeh email thread with Nigerian cardiologists) at CUSA000773; see also Leal Decl. at ¶ 13, Exh. 37. | Objection to Plaintiff's Exhibit 18-7: Failure to authenticate evidence (FRE 901); Hearsay (FRE 802). Objection to Plaintiff's Exhibit 37: Failure to authenticate evidence (FRE 901); Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Unreliable expert opinion (FRE 702). | SUSTAINED ___ OVERRULED ___ |
| 143. Mr. Snookal had only an *asymptomatic* thoracic aneurysm, not a *symptomatic* thoracic aneurysm. Asekomeh Dep. Tr. 115:11-21 and Exh. 15-7 Dr. Asekomeh email thread with Nigerian cardiologists) at CUSA000775; Marmureanu Decl. at Exh. 11, p. 2-5; Leal | Objection: Irrelevant (FRE 402); Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 801). Objection to Plaintiff's Exhibit 15-7: Failure to authenticate evidence (FRE 901); Hearsay (FRE 802). Objection to Dr. Marmureanu's Report: Irrelevant (FRE 402); Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 801); Unreliable expert opinion (FRE 702). Objection to Plaintiff's Exhibit 37: Failure to authenticate evidence (FRE 901); Lacks | SUSTAINED ___ OVERRULED ___ |

-28-

| Plaintiff's Evidence | Defendant's Objection(s) | Ruling |
|---|---|---|
| Decl. at ¶ 13, Exh. 37. | foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Unreliable expert opinion (FRE 702). | |
| 144. Prior to his resignation, Mr. Snookal expressed to multiple Chevron employees, including Greg Curtin and Austin Ruppert, tat he felt he had been treated unfairly by Chevron and he felt he had no choice but to quit.<br><br>Snookal Dep. Tr. at 225:20-226:7. | Irrelevant (FRE 402). | SUSTAINED ___<br><br>OVERRULED ___ |
| 145. Prior to his resignation, Mr. Snookal also discussed being subjected to disability discrimination with Mr. Ruppert.<br><br>Snookal Dep. Tr. at 228:18-229:4. | Irrelevant (FRE 402). | SUSTAINED ___<br><br>OVERRULED ___ |
| 146. Mr. Snookal did not state in his Chevron resignation paperwork all his reasons for leaving Chevron because he did not see the practical purpose and because he thought it would be atypical to state negative things about Chevron in the separation paperwork.<br><br>Snookal Dep. Tr. At 229:23-230:4; 231:17-232:8; Snookal Decl. at 29-30. | Irrelevant (FRE 402). | SUSTAINED ___<br><br>OVERRULED ___ |

| Plaintiff's Evidence | Defendant's Objection(s) | Ruling |
|---|---|---|
| 147. Mr. Snookal did not resign his employment with Chevron merely because his career "was not progressing as he wanted."<br><br>Snookal Decl. at 25-29; Snookal Dep. Tr. at 243:4-6; 246:6-248:19. | Irrelevant (FRE 402). | SUSTAINED ___<br><br>OVERRULED ___ |
| 148. Mr. Snookal did not resign his employment with Chevron merely to pursue another job opportunity.<br><br>Snookal Decl. at 25-29; Snookal Dep. Tr. at 243:4-6; 246:6-248:19. | Irrelevant (FRE 402). | SUSTAINED ___<br><br>OVERRULED ___ |
| 149. Dr. Levy, as the Regional Manager for the Europe, Eurasia, Middle East & Africa region, had a role in evaluating purported risks to Chevron's expatriate employees, to give recommendations for setting policies for Chevron's fitness for duty program, and "create[d] policies and protocols for [Chevron's] medical evacuations."<br><br>Levy Dep. Tr. at 20:11-25:10; Snookal Dep. Tr. at 314:11-315:12. | Hearsay (FRE 802). | SUSTAINED ___<br><br>OVERRULED ___ |
| 150. Dr. Paul Arenyeka, Medical Director for Chevron Nigeria's Mid Africa | Objection: Irrelevant (FRE 402); Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 801). | SUSTAINED ___<br><br>OVERRULED ___ |

-30-

| Plaintiff's Evidence | Defendant's Objection(s) | Ruling |
|---|---|---|
| SBU, in justifying the decision to deem Mr. Snookal unfit for duty, concluded that "the risk of an incident no matter how low is a major factor in Escravos medical care."<br><br>Leal Decl. at ¶ 13, Exh. 31. | Objection to Plaintiff's Exhibit 31: Failure to authenticate evidence (FRE 901); Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Unreliable expert opinion (FRE 702). | |
| 151. Dr. Levy, in reviewing  the decision to deem Mr. Snookal unfit for duty in Escravos, emailed Dr. Arenyeka that: "[a]lthough not without some risk, I don't think we're dealing with high risk. We can mandate yearly clearance and report from nephrologist (sic) on a yearly basis. Risk is even lower when we consider that [Mr. Snookal]'ll be a rotator."<br><br>Id. | Objection: Irrelevant (FRE 402); Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 801).<br><br>Objection to Plaintiff's Exhibit 31: Failure to authenticate evidence (FRE 901); Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Unreliable expert opinion (FRE 702). | SUSTAINED ___<br><br>OVERRULED ___ |
| 152. In an August 26, 2019 email to Dr. Khan, Dr. Levy referred to the medical team in Nigeria as "my team in Nigeria," and stated that he was "working with" them to discuss Mr. Snookal's fitness for duty<br><br>Leal Decl. at ¶ 13, Exh. | Objection: Irrelevant (FRE 402); Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 801).<br><br>Objection to Plaintiff's Exhibit 34: Failure to authenticate evidence (FRE 901); Lacks foundation/personal knowledge (FRE 602); Hearsay (FRE 802); Unreliable expert opinion (FRE 702). | SUSTAINED ___<br><br>OVERRULED ___ |

| Plaintiff's Evidence | Defendant's Objection(s) | Ruling |
|---|---|---|
| 34. | | |

**IT IS SO ORDERED.**

Dated: _____

By: _____

THE HONORABLE HERNÁN D. VERA
UNITED STATES DISTRICT COURT JUDGE