1  DOLORES Y. LEAL (134176)
   OLIVIA FLECHSIG (334880)
2  ALLRED, MAROKO & GOLDBERG
3  6300 Wilshire Blvd. Suite 1500
   Los Angeles, CA 90048-5217
4  (323) 653-6530
   dleal@amglaw.com
5  oflechsig@amglaw.com

6

7  **Attorneys for <u>Plaintiff MARK SNOOKAL</u>**

8
                        UNITED STATES DISTRICT COURT
9
             FOR THE CENTRAL DISTRICT OF CALIFORNIA
10

11  MARK SNOOKAL, an individual,          )  CASE NO.: 2:23-cv-6302-HDV-AJR
                                          )
12                                        )
                                          )
13              Plaintiff,                )  **PLAINTIFF MARK SNOOKAL'S**
                                          )  **NOTICE OF *EX PARTE* APPLICATION**
14                                        )  **AND *EX PARTE* APPLICATION FOR**
                                          )  **LEAVE TO FILE A MOTION TO**
15       vs.                              )  **COMPEL FURTHER DISCOVERY AND**
                                          )  **TO FILE A MOTION FOR SANCTIONS**
16  CHEVRON USA, INC., a California       )  **AGAINST DEFENDANT AND ITS**
17  Corporation, and DOES 1 through 10,   )  **COUNSEL**
    inclusive,                            )
18                                        )  **[OPPOSED BY DEFENDANT]**
                                          )
19                                        )  [*Filed concurrently with the Declaration of*
20              Defendants.               )  *Olivia Flechsig and Exhibits 1-23 in Support*
                                          )  *of Plaintiff's Ex Parte Application for Leave to*
21                                        )  *File a Moton to Compel Further Discovery*
                                          )  *and to File a Motion for Sanctions against*
22                                        )  *Defendant and Its Counsel; and [Proposed]*
                                          )  *Order Granting Plaintiff's Ex Parte*
23                                        )  *Application for Leave to File a Motion to*
                                          )  *Compel Further Discovery and To File a*
24                                        )  *Motion for Sanctions against Defendant and*
                                          )  *Its Counsel*]
25                                        )
26                                           District Judge: Hon. Hernan D. Vera
                                             Magistrate Judge: Hon. A. Joel Richlin
27                                           Action Filed: August 3, 2023
28                                           Trial Date: August 19, 2025

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Local Rule 7-19, *et seq.* and the Court's Civil Standing Order, Section XIII (Dkt 10), Plaintiff hereby moves the Court on an *ex parte* basis for Leave to File a Motion to Compel Further Discovery and To File a Motion for Sanctions Against Defendant and Its Counsel. This *Ex Parte* Application shall be based upon this Notice, the Memorandum of Points and Authorities in Support Thereof, the Declaration of Olivia Flechsig and Exhibits thereto, and all pleadings, papers, and documents filed in the above-entitled action, along with oral and/or documentary evidence as may be presented at any hearing on said *Ex Parte* Application.


DATED: March 31, 2025                    ALLRED, MAROKO & GOLDBERG


By: _____
DOLORES Y. LEAL
OLIVIA FLECHSIG
Attorneys for Plaintiff,
**MARK SNOOKAL**

PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO FILE A MOTION TO COMPEL FURTHER DISCOVERY AND TO FILE A MOTION FOR SANCTIONS AGAINST DEFENDANT AND ITS COUNSEL

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

Defendant Chevron U.S.A., Inc. (hereinafter "Defendant" or "Chevron") has repeatedly engaged in bad-faith discovery abuse by, *inter alia*, withholding key documents and important information helpful to Plaintiff's position, making empty promises to provide supplemental discovery responses and to schedule the deposition of its expert witness, Dr. Victor Adeyeye, and ignoring several requests over the course of two months to provide their availability for an informal discovery conference (or "IDC"). Previously, in response to Defendant's "inexcusable delay in producing probative documents" which "negatively affected Plaintiff's ability to take discovery on issues central to Chevron's pending motion for summary judgement,"[1] the Court granted Plaintiff's *Ex Parte* Application, reopening discovery for a 90-day period and set new close of fact discovery deadline of February 25, 2025. (Dkt. 38.) This further discovery abuse and unreasonable delay has necessitated this second *Ex Parte* Application, this time seeking leave for Plaintiff to file a motion to compel discovery and a motion seeking sanctions against Defendant and its counsel.

There is no reasonable explanation for Defendant's extreme and repeated delay. To the contrary, the evidence indicates that Defendant has been cherry-picking which responsive documents to produce, and which to withhold. The late production of additional documents, yet again, has exposed 1) the pressing need to obtain supplemental discovery responses from Defendant and 2) the need to sanction Defendant and its counsel for their repeated failure to cooperate in the discovery process.

**II.    FACTUAL OVERVIEW**

Chevron is the former employer of Plaintiff Mark Snookal (hereinafter "Plaintiff" or "Mr. Snookal"), and the instant lawsuit arises out of Chevron's disability discrimination against Mr. Snookal. After Chevron offered Mr. Snookal a job position in Escravos, Nigeria, Chevron rescinded the offer after Mr. Snookal disclosed his disability during a medical screening.

---

[1] Docket 37, the Court's Order Granting Plaintiff's Ex Parte Application to Take Further Discovery.

PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO FILE A MOTION TO COMPEL FURTHER DISCOVERY AND TO FILE A MOTION FOR SANCTIONS AGAINST DEFENDANT AND ITS COUNSEL

1   Chevron claimed this was because Mr. Snookal was a "direct threat" to himself and therefore

2   "not fit for duty," despite the recommendations of multiple doctors who opined about the

3   negligible risks associated with Mr. Snookal's asymptomatic disability. Chevron meanwhile

4   gave away Mr. Snookal's old position in El Segundo, California, leaving him in limbo, and

5   ultimately wrongfully constructively terminated him. Mr. Snookal has therefore brought claims

6   against Chevron for 1) disability discrimination in violation of the California Fair Employment

7   and Housing Act ("FEHA"), Cal. Gov. Code § 12940, *et seq.*; (2) failure to accommodate a

8   disability in violation of the FEHA, *Id.*; and (3) wrongful constructive discharge in violation of

9   public policy.[2]

10  **III.    PROCEDURAL HISTORY**

11          Plaintiff filed the complaint in the instant action on August 3, 2023 (Dkt 1), and the

12  Court initially ordered Close of Fact Discovery on August 13, 2024 (Dkt 19). Despite the

13  deadlines, Defendant unreasonably delayed in producing documents in their own custody and

14  control, among other abusive discovery tactics. (See generally, the Declaration of Olivia

15  Flechsig ("Flechsig Decl.") filed concurrently herewith.) In particular, on Friday November 8,

16  2024, almost three months after the close of fact discovery, Defendant produced one hundred

17  and thirty-two pages of new documents as CUSA000816-948. (Flechsig Decl. at ¶ 14.) These

18  documents revealed for the first time the involvement of a percipient witness, Dr. Stephen

19  Frangos, in the decision to deem Mr. Snookal "unfit for duty" in Escravos, a factual and legal

20  issue at the core of Mr. Snookal's disability discrimination claim and claim for punitive

21  damages. (Id. at ¶¶ 14-15.)  This despite multiple junctures at which Chevron was legally and

22  ethically bound to make this disclosure and to certify the truthfulness of their disclosures.

23  (Flechsig Decl. at ¶ 3-17.) Indeed, Defendant concealed Dr. Frangos' involvement as a

24  percipient witness, key decisionmaker, and managing agent throughout the *entire* course of

25  discovery. (Id). Defendant's delayed production also contained documents which Plaintiff had

26

27  _____

28  [2] On September 27, 2024, the Court entered the Parties' joint stipulation to dismiss Mr. Snookal's third cause of action for age discrimination. (Dkt 27).

4

PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO FILE A MOTION TO COMPEL FURTHER DISCOVERY AND TO FILE A MOTION FOR SANCTIONS AGAINST DEFENDANT AND ITS COUNSEL

1   been requesting for months, well in advance of the August 13, 2024 Close of Fact Discovery

2   Deadline. (Flechsig Decl. at ¶¶ 4-5.) Nonetheless, Chevron conveniently withheld these

3   documents until *after* filing the Joint Brief Regarding Chevron's Motion for Summary

4   Judgment. (Flechsig Decl. at ¶ 14-18.) Perhaps worse still, these documents bore date stamps

5   which suggest that Defendant's counsel had had these responsive documents for months prior

6   but withheld them without any basis for doing so.[3] (Flechsig Decl. at ¶ 8, Exhibit 6.)

7   Defendant's counsel and its witness, Dr. Eshiofe Asekomeh also indicated that Defendant's

8   counsel had already received these non-privileged and responsive documents months prior.

9   (Flechsig Decl. at ¶ 10, Exhibit 8.)

10        Further still, while Plaintiff took depositions of Defendant's witnesses during the initial

11   discovery period, Defendant twice delayed in producing relevant documents until hours, or even

12   *minutes* before the witnesses' respective depositions, even though Plaintiff had requested the

13   documents month prior. (Flechsig Decl. at ¶¶ 8, 12-13.)

14        Given Chevron's concealment of key information and gamesmanship in withholding

15   documents, on November 20, 2024, Plaintiff filed an *Ex Parte* Application for Leave to

16   Supplement Opposition to Defendant's Motion for Summary Judgment, Leave for Plaintiff to

17   Take Further Discovery, and Leave to File Motion Seeking Discovery Sanctions against

18   Defendant and Its Counsel. (Dkt 35.) Despite Chevron's opposition, the Court agreed with Mr.

19   Snookal that Chevron "failed to identify a key witness (Dr. Frangos) in their interrogatory

20   responses and delayed in producing relevant documents until the eve of various crucial

21   depositions." (Dkt. 37). The Court also noted that "Defendants' (sic) dilatory tactics negatively

22   affected Plaintiff's ability to take discovery on issues central to Chevron's pending motion for

23   summary judgment," and that Defendant's delay was "not attributable to Plaintiff's lack of

24   diligence." (Dkt 37). Given Chevron's "inexcusable delay in producing probative documents"

25   the Court reopened discovery for a ninety-day period and issued a modified scheduling order.

26

27

28   [3] It also bears noting that Chevron's Opposition to Plaintiff's previous *Ex Parte* Application was devoid of any explanation for these date/time stamps and contained no denial that they had long had those responsive documents in their possession.

(Id.) The Court's Modified Order Setting Pretrial & Trial Schedule (Dkt 38) set the new Fact
Discovery Cut-Off on February 25, 2025, and the Last Date to Hear Motions on May 13, 2025.

However, during the reopened discovery period, Defendant's counsel engaged in
additional dilatory tactics. More specifically, Defendant's counsel:

1) Agreed to supplement several of its responses to Plaintiff's Requests for
   Production and Plaintiff's Interrogatories, and to provide a privilege log for
   withheld documents, then never did so (Flechsig Decl. at ¶¶ 19-28);

2) Agreed to schedule the deposition of one of their designated expert witnesses, Dr.
   Adeyeye, for the end of March 2025, then never did so (Id. at ¶¶ 35-38);

3) Outright refused and/or ignored *five* written requests to provide their availability
   for an Informal Discovery Conference over the course of two months, making it
   impossible for Plaintiff to schedule same[4] (Id. at ¶¶ 33-34); and

4) Most recently, on the night of March 11, 2025, Defendant served over 613 pages
   of *new documents* which Plaintiff had requested in his first set of Requests for
   Production over ten months prior (Id. ¶¶ at 29-32.) This was not only after the
   close of fact discovery deadline, but also only nine days before Plaintiff's
   deadline to oppose Defendant's renewed Motion for Summary Judgment.[5] (Id.)

In accordance with Local Rule 7-19.1 and the Court's Civil Standing Order Section XIII,
on March 25, 2025, Plaintiff's counsel provided the requisite notice to counsel for Defendant by
advising them, both by voicemail message, during a real-time phone call with Chevron's
counsel, and via email of the anticipated date and substance of this *Ex Parte* Application, and of

---

[4] On March 11, 2025, almost two months after the first of five requests to provide their
availability for an IDC, Defendant's counsel finally provided a date range of availability for
March 19-21, 2025. These dates were clearly untenable for Plaintiff's counsel since Plaintiff's
deadline to oppose Defendant's MSJ was March 20, 2025, and because this "offer" of March 19-
21 was made in conjunction with Defendant's late production of over 600 new documents nine
days before the opposition deadline. (Flechsig Decl. at ¶¶ 32-34)

[5] Defendant served Plaintiff with its renewed Motion for Summary Judgment on March 6, 2025.
The integrated Joint Brief Re: Defendant's Motion for Summary Judgment Or, in the
Alternative, Partial Summary Judgment, is set for hearing on May 8, 2025. (Dkts 43-46).

1    their deadline to file an opposition to same. (Flechsig Decl. at ¶¶ 39-40). Chevron's counsel

2    advised that they will be filing an opposition to same. (Id. at ¶ 41.)

3    **IV.    ARGUMENT**

4          **A.    Plaintiff Was Without Fault in Creating the Time Constraints Necessitating**
             ***Ex Parte* Relief and Would Be Irreparably Prejudiced Without Same**

5

6          The standard for *ex parte* relief is twofold.  First, "the evidence must show that the

7    moving party's cause will be irreparably prejudiced if the underlying motion is heard according

8    to regular noticed motion procedures. Second, it must be established that the moving party is

9    without fault in creating the crisis ...." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp.

10   488, 492 (C.D. Cal. 1995).

11         Here, a regularly-noticed motion would be impracticable because the Court's next

12   available hearing dates are not until May of 2025, and Parties' first round of pretrial filings,

13   including a joint exhibit list, are due on July 1, 2025. (Dkt 38.) By the time a regularly-noticed

14   on these issues could be heard in May, and then a subsequent discovery motion could be made

15   thereafter, it would be too late for Plaintiff to obtain the necessary discovery at issue. Absent

16   relief on an *ex parte* basis, Plaintiff will be irreparably prejudiced 1) by being denied the

17   opportunity to complete discovery and 2) by allowing Defendant to continue to needlessly delay

18   to their own benefit.

19         Moreover, Plaintiff is "without fault in creating the crisis" which necessitates this *ex*

20   *parte* application. Plaintiff timely sought discovery and made extensive follow-up attempts to

21   meet and confer with Defendant in good faith. (Flechsig Decl. at ¶¶ 17-38.) However,

22   Defendant's delay in responding, and its unfulfilled promises to make the requested information

23   available prevented Plaintiff from making these motions until after the close of fact discovery.

24   (Id.)

25         More specifically, with respect to Dr. Adeyeye's deposition, Plaintiff's counsel inquired

26   with Defendant in writing about scheduling over *nine times* over a period of five months. (Id. at

27   ¶¶ 36-38.) Defendant's counsel ignored many of these scheduling attempts, but ultimately, on

28   March 5, 2025, Defendant's counsel represented that the deposition could be scheduled for the

1    second half of March 2025. (Id. at ¶ 38, Exhibit 17.) They then failed to do so. (Id.)

2          With respect to Plaintiff's Requests for Production and Plaintiff's Interrogatories, after

3    extensive meet and confer efforts, Defendant's counsel agreed to supplement many of them. (Id.

4    at ¶¶ 19-29.) This seemed to obviate the need for Plaintiff to make a motion to compel further

5    discovery concerning these issues, until they failed to uphold their promise to do so. Similarly,

6    Plaintiff was unaware of the sheer magnitude of missing key documents until Defendant finally

7    produced them on March 11, 2025. (Id. at ¶¶ 30-32.) Containing over six hundred pages of new

8    documents, this delayed production is more than 40% of all documents Defendant has produced

9    to date. (Id.) Most of these documents were responsive to requests Plaintiff served over ten

10   months ago. (Id. at ¶¶ 30-32.) Further, many of these documents are email threads between the

11   same senders/recipients and in the same date range, for documents which Defendant produced

12   long ago, so one can infer that Defendant has long had these documents in their possession. (Id.)

13   This is new evidence which supports the need to move to sanction Defendant and its counsel.

14                **B. Good Cause Exists to Allow Plaintiff Leave to File A Motion to Compel
                      Further Discovery**

15

16         FRCP Rule 16(4)(b) provides that a scheduling order "may be modified only for good

17   cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). In evaluating whether the "good

18   cause" standard is satisfied, the Court considers (1) whether trial is imminent, (2) whether the

19   request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the

20   moving party was diligent in obtaining discovery within the guidelines established by the court,

21   (5) the foreseeability of the need for additional discovery in light of the time allowed for

22   discovery by the district court, and (6) the likelihood that the discovery will lead to relevant

23   evidence. *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

24         These factors support allowing Plaintiff to file a motion to compel further discovery and

25   to file a motion for sanctions against Defendant and its counsel.  Though trial is set for August

26   19, 2025 and Defendants oppose this *Ex Parte* Application, Defendant would not be prejudiced

27   because this application is narrowly-tailored and need not disturb the other existing deadlines.

28   The discovery in question is also highly likely to lead to relevant evidence, since Dr. Adeyeye is

PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO FILE A MOTION TO COMPEL FURTHER
DISCOVERY AND TO FILE A MOTION FOR SANCTIONS AGAINST DEFENDANT AND ITS COUNSEL

one of Defendant's designated expert witnesses, and the categories of discovery sought pertain to central issues of the case, including communications about the decision to rescind the Escravos, Nigeria job from Mr. Snookal, and why. Here, providing an *ex parte* exception to the court's scheduling order is also appropriate because it is in fact "based upon new and pertinent information" to Plaintiff, which Defendant has unreasonably withheld—despite their representations — until after close of fact discovery.

**C.    Good Cause Exists to Allow Plaintiff to Seek Sanctions Against Defendant and its Counsel for Repeated Discovery Abuse and Bad-Faith Delay**

It is canonical that "[d]iscovery between parties should be cooperative and largely unsupervised by the district court. *Infanzon v. Allstate Ins. Co.*, 335 F.R.D. 305, 310–11 (C.D. Cal. 2020), *aff'd*, No. 22-56070, 2024 WL 3631140 (9th Cir. Aug. 2, 2024) citing *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219-20 (9th Cir. 2018). The *Infanzon* court further noted that, "[w]hen that cooperation breaks down, the district court has broad discretion to regulate discovery conduct and, if needed, impose a wide array of sanctions. *See* Fed. R. Civ. P. 37; L.R. 37-4; *Campidoglio LLC v. Wells Fargo & Co.*, 870 F.3d 963, 975 (9th Cir. 2017). When justified, discovery sanctions 'must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Infanzon v. Allstate Ins. Co.*, 335 F.R.D. 305, 310–11 (C.D. Cal. 2020), *aff'd*, No. 22-56070, 2024 WL 3631140 (9th Cir. Aug. 2, 2024) quoting *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763-64 (S. Ct. 1980). "Under its inherent powers, a court may impose sanctions where a party has willfully disobeyed a court order, or where the party has "acted in bad faith, vexatiously, or for oppressive reasons." *Lofton v. Verizon Wireless* (VAW) LLC, 308 F.R.D. 276, 285 (N.D. Cal. 2015) (citation omitted) citing *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct. 1749, 1758 (S. Ct. 2014).

Plaintiff's counsel has now expended numerous hours attempting to meet and confer with Defense counsel, following up on ignored correspondence regarding discovery, and drafting two separate *ex parte* applications because of Chevron's discovery abuse. If this *Ex Parte* Application is granted, there will be additional expenditure of Plaintiff's counsel's time

1  and resources to obtain the requested relief. This would not have been necessary absent

2  Defendant's vexatious and oppressive actions, and sanctions are appropriate to both to

3  compensate Plaintiff's counsel and to deter Defendant and its counsel from further abuses.

4  In an attempt to deter Plaintiff from exposing their discovery abuse, Defendant's counsel

5  has once again offered to "stipulate" to allow further discovery. (Flechsig Decl. at ¶¶ 39-40.)

6  This is not a tenable solution for Plaintiff. For one thing, Defendant's discovery misconduct

7  indicates that court intervention is required. This is especially true since Defendant has already

8  unreasonably delayed in cooperating and has broken their own stipulated agreements to produce

9  supplemental responses and to provide availability for Dr. Adeyeye's deposition. (See generally,

10  Id.) And, since fact discovery has closed for the second time, absent *ex parte* relief, Plaintiff

11  would be without any remedy for continued discovery abuses (i.e. he could not file a motion to

12  compel because fact discovery has closed). To avoid irreparable prejudice to Plaintiff, Plaintiff

13  should be granted leave to file these specific motions despite the passage of the close of fact

14  discovery deadline.

15  **D. CONCLUSION**

16  For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's

17  *Ex Parte* Application in full.

18  DATED:  March 31, 2025                      ALLRED, MAROKO & GOLDBERG

19

20                                              By:_____

21                                              DOLORES Y. LEAL
                                                OLIVIA FLECHSIG
22                                              Attorneys for Plaintiff,
                                                **MARK SNOOKAL**
23

24

25

26

27

28

PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO FILE A MOTION TO COMPEL FURTHER
DISCOVERY AND TO FILE A MOTION FOR SANCTIONS AGAINST DEFENDANT AND ITS COUNSEL