DOLORES Y. LEAL (134176)
OLIVIA FLECHSIG (334880)
ALLRED, MAROKO & GOLDBERG
6300 Wilshire Blvd. Suite 1500
Los Angeles, CA 90048-5217
(323) 653-6530
dleal@amglaw.com
oflechsig@amglaw.com

**Attorneys for <u>Plaintiff MARK SNOOKAL</u>**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SNOOKAL, an individual,<br><br>         Plaintiff,<br><br>vs.<br><br>CHEVRON USA, INC., a California Corporation, and DOES 1 through 10, inclusive,<br><br>         Defendants. | CASE NO.: 2:23-cv-6302-HDV-AJR<br><br>**DECLARATION OF OLIVIA FLECHSIG IN SUPPORT OF PLAINTIFF MARK SNOOKAL'S *EX PARTE* APPLICATION FOR LEAVE TO FILE A MOTION TO COMPEL FURTHER DISCOVERY AND TO FILE A MOTION FOR SANCTIONS AGAINST DEFENDANT AND ITS COUNSEL**<br><br>District Judge: Hon. Hernan D. Vera<br>Magistrate Judge: Hon. A. Joel Richlin<br>Action Filed: August 3, 2023<br>Trial Date: August 19, 2025 |

## DECLARATION OF OLIVIA FLECHSIG

I, Olivia Flechsig, declare as follows:

1. I am an attorney licensed to practice law in California. I am an associate with the law firm Allred, Maroko & Goldberg, counsel of record for Plaintiff Mark Snookal ("Plaintiff") in the above-captioned matter. I have personal knowledge of the facts set forth below and, if called as a witness, I could and would testify competently to such facts under oath.

2. I make this declaration in support of Plaintiff Mark Snookal's *Ex Parte* Application for Leave to File a Motion to Compel Further Discovery and to File a Motion to Sanction Defendant and Its Counsel.

**Defendant's Past Pattern of Delaying in Making Discovery Available to Plaintiff**

3. On November 30, 2023, Defendant Chevron U.S.A., Inc. ("Chevron" or "Defendant") served its Initial Disclosures pursuant to FRCP Rule 26. Nowhere in their initial disclosures did they reference Dr. Stephen Frangos.

4. On May 7, 2024, I caused to be served Plaintiff's First Set of Interrogatories (containing Interrogatories Nos. 1-17) and Plaintiff's First Set of Requests for Production of Documents (containing Requests for Production Nos. 1-22). A true and correct copy of relevant excerpts of those Interrogatories, and proof of service of same, are attached hereto as Exhibit 1. A true and correct copy of relevant excerpts of those Requests for Production, and proof of service of same, are attached hereto as Exhibit 2.

5. On July 12, 2024, I caused to be served Plaintiff's Second Set of Interrogatories (containing Interrogatories Nos. 18-25) and Plaintiff's Second Set of Requests for Production of Documents (containing Requests for Production Nos. 23-40). A true and correct copy of relevant excerpts of those Requests for Production, and proofs of service of same, are attached hereto as Exhibit 3.

6. On July 11, 2024, I caused five deposition notices to be electronically served upon counsel for Chevron. One such notice was for the deposition Dr. Eshiofe Asekomeh. A true and correct copy of this deposition notice for Dr. Asekomeh is attached hereto as Exhibit 4.

7. Even after several follow up emails to Chevron's counsel, Chevron's counsel did not provide any availability for Dr. Asekomeh until September 3, 2024. Then, on September 5, 2024, they advised over the phone that Dr. Asekomeh would be "off rotation" until October 1, 2024, so his deposition could not go forward until October. Attached hereto as Exhibit 5 are true and correct copies of my and Dolores Y. Leal's email correspondence with counsel for Chevron attempting to obtain Dr. Asekomeh's availability for a deposition.

8. On October 10, 2024 at 6:52 am Pacific Time, Defendant produced documents bates stamped CUSA000768-775. Attached hereto as Exhibit 6 is a true and correct copy of the documents produced at CUSA000768-775. These include email threads dated August 5-7, 2019 in which Dr. Asekomeh communicates with others about whether Mr. Snookal should be deemed "unfit for duty" in Escravos, Nigeria. Attached hereto as Exhibit 7 is a true and correct copy of Defendant's email effecting service of same eight minutes before Dr. Asekomeh's deposition was scheduled to begin at 7:00 am Pacific Time on October 10, 2024.

9. Dolores Y. Leal, Esq., a partner at my law firm, took the deposition of Dr. Asekomeh on October 10, 2024. A true and correct copy of relevant excerpts from the certified transcript are attached hereto as Exhibit 8.

10. During Dr. Asekomeh's deposition, Robert Mussig, Esq., counsel for Defendant, represented that "Dr. Asekomeh can testify to this. He—during our prep session, he referenced [emails], and they took a little time to pull them, but we go them and produced them this morning." (See Exhibit 8 at p. 3-4, Asekomeh Deposition Transcript at p. 11:15-12:6.) Dr. Asekomeh similarly testified that his lawyers in the United States were given access to his emails, stating: "I was just able to open my e-mails yesterday while the team in the U.S.—Rob [Mussig] and his group were able to get this to – from the back end." (See Exhibit 8 at p. 5-6, Asekomeh Deposition Transcript at p. 116:21-117:5.)

11. Parties stipulated through their respective counsel to a deadline of October 17, 2024 for Plaintiff to provide his opposition and supporting materials (including Exhibits, declarations, objections, etc.) to Defendant's first Motion for Summary Judgment. Chevron's

3
DECLARATION OF OLIVIA FLECHSIG IN SUPPORT OF PLAINTIFF MARK SNOOKAL'S *EX PARTE* APPLICATION FOR LEAVE TO FILE A MOTION TO COMPEL FURTHER DISCOVERY AND TO FILE A MOTION TO SANCTION DEFENDANT AND ITS COUNSEL

1  deadline to file the integrated materials was October 24, 2024.

2  12. On October 30, 2024 at 10:48 P.M. Pacific Time, Defendant produced documents bates stamped CUSA000776-815. Attached hereto as Exhibit 9 is a true and correct copy of the documents produced at CUSA000776-815 and the proof of service for same. This document production consists of four medical studies regarding thoracic aneurysms.

13. These documents were produced the night before the 8:00 A.M. Pacific Time start time for Plaintiff to take the deposition of Dr. Ujomoti Akintunde, one of the people Defendant has disclosed as an expert witness. During Dr. Akintunde's deposition the next morning, Sarah Fan ("Ms. Fan"), counsel for Chevron, then used two of these articles as exhibits during Dr. Akintunde's deposition.

14. On November 8, 2024, Defendant Chevron U.S.A. Inc. ("Chevron" or "Defendants") produced documents bates stamped CUSA000816-948. A true and correct copy of CUSA000816-948 is attached hereto as Exhibit 10, along with a proof of service of same.

15. I reviewed the contents of Defendant's new document production at CUSA000816-948 and discovered they contained significant new information bearing on facts and issues at the heart of Defendant's first Motion for Summary Judgment. One of the new issues was the involvement of Dr. Stephen Frangos in the decision to deem Mr. Snookal "not fit for duty" in Escravos, Nigeria.

16. Nowhere in Dr. Asekomeh's deposition did he name or apparently refer to Dr. Frangos, despite questions regarding who weighed in on the decision to deem Mr. Snookal "not fit for duty." Dr. Frangos also was not named anywhere in Chevron's initial disclosures or any of its discovery responses.

**Plaintiff's Previous Ex Parte Application and Resulting New Deadlines**

17. Accordingly, on November 20, 2024, I caused to be filed Plaintiff's *Ex Parte* Application for Leave to Supplement Opposition to Defendant's Motion for Summary Judgment, Leave to Take Further Discovery, and Leave to File Motion Seeking Discovery Sanctions Against Defendant and Its Counsel. (Dkt 35.)

18. The Court granted Plaintiff's *Ex Parte* Application, in part, agreeing with Plaintiff that "Defendant's dilatory tactics negatively affected Plaintiff's ability to take discovery on issues central to Chevron's pending motion for summary judgment" and that Defendant's "[were] not prejudiced here given their inexcusable delay in producing probative documents." (Dkt. 37). The Court re-opened discovery for 90 days and issued a Modified Order Setting Pretrial and Trial Schedule. (Dkt. 38.)

**Plaintiff's Subsequent Efforts to Obtain Further Discovery and to Meet and Confer with Defense Counsel About Same**

19. After the Court ordered the modified deadlines, I inquired with Defendant's counsel multiple times about whether they represented Dr. Stephen Frangos and whether they would accept service of a deposition notice on his behalf. I was eventually informed by Defendant's counsel that due to health issues, Dr. Frangos is not available to have his deposition taken.

20. On January 16, 2025, I sent Defendant's counsel a meet and confer letter which outlined Defendant's need to supplement certain responses to Plaintiff's Requests for Production. A true and correct copy of my January 16, 2025 letter is attached hereto as Exhibit 11. The letter requested a response from Defense counsel by January 23, 2025 (a week after the letter was sent). (Id.)

21. After waiting until 11:20 pm on the last day to respond, counsel for Defendant, Sarah Fan ("Ms. Fan"), emailed to say that they required an additional week to reply and would do so "on or before January 31st." Attached hereto as Exhibit 12 is a true and correct copy of Ms. Fan's January 23, 2025 response email.

22. Ms. Fan ultimately did not respond on the deadline she set, but on February 3, 2025, she sent a response letter. In said response letter, Ms. Fan agreed that Defendant would supplement responses and document production to Plaintiff's Requests for Production Nos. 10, 13, 14, 28, 39-40, and 43. Attached hereto as Exhibit 13 is a true and correct copy of this Defendant's counsel's February 3, 2025 letter. To date, Defendant's counsel has not produced

5

the supplemental responses to which they agreed.

23.     With respect to the balance of the discovery issues I outlined in my January 16, 2025 meet and confer letter (including Plaintiff's Requests for Production Nos. 1-9, 11-12, 15-22, and 33-44), Ms. Fan demurred and "invit[ed] Plaintiff to further meet and confer." (Id.)

24.     Accordingly, Ms. Fan and I had an extensive, real-time meet and confer call on February 4, 2025. During the call, Ms. Fan said she yet needed additional time to get back to us about several of the outstanding issues.

25.     On February 11, 2025, Ms. Fan emailed agreeing to "supplement Chevron USA's responses to RFP nos. 1 (with the exception of the requested harassment policies we discussed) and 15-18." However, she did not respond at all regarding Defendant's position on Plaintiff's Requests for Production Nos. 19, 21, 33, and 34. Ms. Fan also requested a new deadline of February 24, 2025 to produce these supplemental responses. As a professional courtesy, and on the condition that Defendant would stipulate to allow Plaintiff to initiate court intervention after the close of fact discovery, as needed, I agreed to Ms. Fan's extension request and reminded her of our need to get Chevron's position on whether they would supplement Plaintiff's Requests for Production Nos. 19, 21, 33, and 34. Ms. Fan ignored this reminder, but she later asked for a further extension to respond.[1] Attached hereto as Exhibit 14 is a true and correct copy of this meet and confer email thread. To date, Defendant has not produced any of the promised supplemental responses to Plaintiff's Requests for Production. Defendant also refused to provide their position on RFP's Nos. 21, 33, and 34 until March 11, 2025.

26.     On January 16, 2025, Plaintiff served Requests for Production, Set 4 via email. A true and correct copy of same are attached hereto as Exhibit 15. On February 21, 2025, Defendant served only boilerplate objections to same with no responses. Ms. Fan simultaneously emailed that "[w]e are providing these solely for the purpose of preserving our clients' objections

---

[1] As an aside, Ms. Fan also requested an extension to respond to Plaintiff's Requests for Admission until February 25, 2025, but ultimately did not produce substantive responses until weeks later on March 11, 2025. Plaintiff did not stipulate to that extension.

6

DECLARATION OF OLIVIA FLECHSIG IN SUPPORT OF PLAINTIFF MARK SNOOKAL'S *EX PARTE* APPLICATION FOR LEAVE TO FILE A MOTION TO COMPEL FURTHER DISCOVERY AND TO FILE A MOTION TO SANCTION DEFENDANT AND ITS COUNSEL

and will serve further responses as soon as possible."

27. Defendant finally served substantive written responses to Plaintiff's Requests for Production, Set 4, on February 25, 2025 (though they still did not produce responsive documents to same). The next day, on February 26, 2025, Ms. Fan and I had a meet and confer call about Defendant's responses. During this call, Ms. Fan agreed to the following:

- To produce a privilege log for Plaintiff's Request for Production Nos. 52-54, and 56;
- To supplement its responses to Plaintiff's Request for Production Nos. 56, 58; and
- To "get back to us" about their position on Plaintiff's Request for Production Nos. No. 48.

Attached hereto as Exhibit 16 is a true and correct copy of my email thread with Ms. Fan documenting these meet and confer efforts. To date, despite their promises to do so, Defendant has not produced any of these supplemental responses nor a corresponding privilege log.

28. On March 4, 2025, I yet again met and conferred with Ms. Fan about Chevron's need to produce supplemental responses to Plaintiff's Requests for Production and Plaintiff's Interrogatories via phone call. Ms. Fan agreed that Defendant would supplement its response to Plaintiff's Interrogatory No. 32 and Plaintiff's Request for Production No. 21, but Ms. Fan again said she would have to "get back to me" concerning Chevron's position on Plaintiff's Request for Production Nos. 33 and 34. A true and correct copy of my March 5, 2025 email memorializing our March 4, 2025 meet and confer call is attached hereto as Exhibit 17.

**Defendant's Late Production of Documents after Serving Plaintiff with Its Second Motion for Summary Judgment**

29. Thursday March 6, 2025, Defendant served Plaintiff with a second Motion for Summary Judgment, Or in the Alternative, Partial Summary Judgment. (See Dkts 43-46.) This started Plaintiff's fourteen-day deadline to provide his opposition to same. Defendant made this motion without meeting and conferring with us about their renewed motion.

30. Five days later (i.e., 9 days before Plaintiff's deadline to oppose Defendant's

1 second Motion for Summary Judgment), on March 11, 2025 at 7:10 pm, Defendant served Plaintiff with over 613 pages of *new documents* (marked as CUSA000949-1562), as well as their responses to Plaintiff's Requests for Admission. Attached hereto as Exhibit 18 is a true and correct copy of Defendant's proof of CUSA000949-1562.

31. Many of these documents were responsive to Plaintiff's First Set of Requests for Production served over ten months ago in May of 2024. For example, in his First Set of Requests for Production, Plaintiff requested "[a]ll documents about or concerning YOUR decision to deem Plaintiff "not fit for duty" for the Reliability Engineering Manager position in Escravos, Nigeria"; "[a]ny and all communications made by Dr. Eshiofe Asekomeh about or concerning Plaintiff"; and "[a]ny and all communications made by Dr. Scott Levy about or concerning Plaintiff." (See Exhibit 2 at p. 2-3.)

32. Yet, March 11, 2025 was the first time Defendant produced dozens of these key responsive documents such as the email threads concerning Mr. Snookal's fitness for duty in Escravos, Nigeria, produced as CUSA000995-997; CUSA1003-1006; CUSA0001041; CUSA0001486-1489; CUSA0001526-1527; CUSA0001539-1542. Attached hereto as Exhibit 19 is a true and correct copy of same. This despite the fact that Defendant already produced related documents, including email threads form the *same dates* and between the *same senders/recipients*. (See e.g., Exhibit 10 at p. 8-12). It therefore seems extremely unlikely that Defendant has not already had these documents in their possession for months.

**Plaintiff's Efforts to Schedule an Informal Discovery Conference ("IDC") and Defendant's Refusal to Cooperate with Same**

33. Meanwhile, on January 16 2025; February 11, 2025; February 24, 2025; February 27, 2025; and March 5, 2025, I requested in writing that Defendant's counsel provide their upcoming availability for an Informal Discovery Conference so that I could provide the Honorable A. Joel Richlin with "proposed times mutually agreed upon by the parties for the conference via Zoom" pursuant to his pre-motion procedures. (See Exhibits 11, 14, 16, and 17.) Defense counsel entirely ignored or refused my five written requests (along with the additional

times I raised this request orally during our meet and confer calls).

34. In her March 11, 2025 email, attached hereto as Exhibit 20, Ms. Fan for the first time ever offered some availability (March 19-21) for an informal discovery conference. Given the timing of Plaintiff's deadline to provide his opposition to Defendant's Motion for Summary Judgments, these dates were clearly unviable for Plaintiff's counsel. This was particularly so in light of the hundreds of new documents she simultaneously produced. These new documents needed to reviewed and incorporated into Plaintiff's opposition to Defendant's motion for summary judgement, due only nine days later.

**Plaintiff's Efforts to Complete the Deposition of Dr. Victor Adeyeye and Defendant's Lack of Cooperation Regarding Same**

35. Back on September 16, 2024, I caused to be served a Notice of Deposition on Dr. Victor Adeyeye, one of Defendant's designated expert witnesses. After Meeting and conferring with Defendant's counsel regarding their and Dr. Adeyeye's availability for a deposition, on October 25, 2024, I caused to be served an Amended Notice of Deposition of Dr. Adeyeye. Attached hereto as Exhibit 21 are true and correct copies of the original Notice of Deposition of Dr. Adeyeye and the Amended Notice of Deposition of Dr. Adeyeye.

36. I began taking Dr. Adeyeye's deposition on November 15, 2024 at or around 6:00 am Pacific Time to accommodate Dr. Adeyeye's schedule. However, at the request of the court reporter, who had concerns about continuing to interrupt Dr. Adeyeye because of her challenges with understanding his accent, the deposition adjourned at 7:01 am. At the conclusion of the deposition, Parties agreed that we would meet and confer to find mutually-agreeable dates on which to conclude his deposition. Attached hereto as Exhibit 22 is a true and correct copy of relevant excerpts from Dr. Adeyeye's November 15, 2024 deposition.

37. My colleague, Dolores Leal, Esq., and I followed-up with defense counsel *extensively* to obtain Dr. Adeyeye's availability to conclude his deposition. We sent no fewer than nine emails to this effect to Defendant's counsel on November 14, 2024; December 3, 2024; December 10, 2024; December 12, 2024; January 6, 2025; January 10, 2025, January 14, 2025;

1 January 28, 2025; and February 18, 2025. Many of these times, Defense counsel did not respond at all. Attached hereto as Exhibit 23 are true and correct copies of my and Ms. Leal's email correspondence with Defendant's counsel attempting to schedule Dr. Adeyeye's deposition.

38. Finally, on March 5, 2025, during one of our meet-and-confer calls, Ms. Fan said that she had been in touch with Dr. Adeyeye and that he would be back on service soon. Therefore, we could schedule his deposition for one of the last two weeks of March 2025. To further help facilitate scheduling, I provided my entire availability for the final two weeks of March 2025, and agreed to again commence Dr. Adeyeye's deposition at 6:00 am Pacific Time to accommodate his work schedule and the time difference in Nigeria. See Exhibit 17 at 2, which refers to our agreement regarding the timing of the deposition and providing my availability for same. To date, however, Defendant's counsel never provided us with any update as to Dr. Adeyeye's availability, so we have been unable to conclude his deposition.

**Parties' Meet and Confer Efforts Regarding this *Ex Parte* Application**

39. On Tuesday, March 25, 2025, I provided the requisite notice pursuant to Local Rule 7-19.1 and the Court's Standing Order Section XIII to counsel for Defendant by advising them, both orally via the phone and via email of the anticipated date and substance of this *ex parte* application.

40. On March 25, 2025, Ms. Fan called me back to further discuss the substance of the motion. Ms. Fan proposed trying to try to stipulate to further discovery. However, I advised that we cannot merely stipulate given the discovery issues we have since encountered so far, including that they have already agreed to supplement their responses, even in writing, but they have not kept their word.

41. During this meet and confer call, Ms. Fan advised that Chevron plans to file an opposition to Plaintiff's *Ex Parte* Application.

//

//

//

---
10
DECLARATION OF OLIVIA FLECHSIG IN SUPPORT OF PLAINTIFF MARK SNOOKAL'S *EX PARTE* APPLICATION FOR LEAVE TO FILE A MOTION TO COMPEL FURTHER DISCOVERY AND TO FILE A MOTION TO SANCTION DEFENDANT AND ITS COUNSEL

1    I declare under penalty of perjury under the laws of the State of California that the
2 foregoing is true and correct. This Declaration was executed on March 31, 2025, at Los Angeles,
3 California.

4
5    _____
       Olivia Flechsig
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

11
DECLARATION OF OLIVIA FLECHSIG IN SUPPORT OF PLAINTIFF MARK SNOOKAL'S *EX PARTE* APPLICATION FOR LEAVE TO FILE A MOTION TO COMPEL FURTHER DISCOVERY AND TO FILE A MOTION TO SANCTION DEFENDANT AND ITS COUNSEL