# EXHIBIT 11

*Law Offices*

# ALLRED, MAROKO & GOLDBERG
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

NATHAN GOLDBERG*
MICHAEL MAROKO*
GLORIA R. ALLRED*†◊
JOHN S. WEST
DOLORES Y. LEAL
RENEE MOCHKATEL
MARCUS SPIEGEL
CHRISTINA CHEUNG†
BYRON R. LAU
OLIVIA FLECHSIG
KARIS L. STEPHEN
SABRINA M. MEDLER

6300 WILSHIRE BOULEVARD
SUITE 1500
LOS ANGELES, CALIFORNIA 90048
(323) 653-6530
FAX (323) 653-1660
www.amglaw.com

* A PROFESSIONAL CORPORATION
† ALSO ADMITTED TO NEW YORK BAR
◊ ALSO ADMITTED TO WASHINGTON DC BAR

January 16, 2025

E-MAIL:
dleal@amglaw.com
oflechsig@amglaw.com

**VIA ELECTRONIC MAIL ONLY**

Tracey A. Kennedy
Robert E. Mussig
Sarah Fan
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
350 South Grand Avenue, 40th Floor
Los Angeles, CA 90071-3460
tkennedy@sheppardmullin.com
rmussig@sheppardmullin.com
sfan@sheppardmullin.com

      **Re:** *Snookal v. Chevron USA, Inc.*
      **Meet and Confer Letter to Remedy Chevron's Deficient Document Discovery**

Dear Counsel,

      We write to meet and confer regarding outstanding issues with Defendant Chevron USA Inc.'s ("Chevron's") document discovery responses.

      Chevron is under a continuing obligation to supplement its discovery responses and document production as new information becomes available. Per FRPC Rule 26(e)(1) "A party who . . . has responded to an interrogatory, request for production, or request for admission— must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. . ."

      In light of the delayed revelation of Dr. Stephen Frangos' involvement in the decision to deem Mr. Snookal ("Plaintiff") "not fit for duty," there are a number of Plaintiff's Requests for Production which Chevron must correct/supplement.

EXHIBIT 11/1

**Re:** *Snookal v. Chevron USA, Inc.*
**Meet and Confer Letter to Remedy Chevron's Deficient Document Discovery**
January 16, 2025
Page 2

### I.    Chevron's Insufficient Responses to Plaintiff's Requests for Production

First, as a global issue, Chevron's responses to Plaintiff's Requests for Production, Set One (constituting **Requests for Production ("RFP's") Nos. 1-22**) are **all insufficient.** For all of Chevron's responses, the response lacks the requisite assurance[1] that Chevron will comply with its legal obligation to search for responsive documents and produce same. Instead, each of Chevron's responses lists *some* documents which Chevron will produce, but the responses leaving ambiguity as to whether those documents are *all* of the non-privileged, responsive documents that exist. All of these requests need to be supplemented for this reason alone. Chevron's omission was made more apparent—and problematic—by the revelation that it had not produced directly responsive documents until long after the close of discovery.

In addition, there are several categories of documents which Plaintiff has already requested but that Chevron has nonetheless failed to produce. These categories of documents include all of the following:

    **A.  Plaintiff's RFP No. 10**

**Plaintiff's RFP No. 10** requests "All documents about or concerning YOUR decision to deem Plaintiff "not fit for duty" for the Reliability Engineering Manager position in Escravos, Nigeria."

Chevron responded: "Defendant will produce the medical forms and examination records that were completed in connection with the assessment of Plaintiff's medical fitness for duty for the Reliability Engineering Manager position in Escravos, Nigeria, as well as relevant correspondence from Plaintiff, Dr. Sahid Khan (Plaintiff's cardiologist), Dr. Scott Levy (Chevron's Regional Medical Manager for Europe, Eurasia, Middle East & Africa), and other medical professionals affiliated with Chevron Nigeria Limited in its possession, custody or control."

However, as revealed by the late production of CUSA000824-000827, an email thread involving additional decisionmakers, there are more responsive documents that exist. These include, without limitation, any communications involving Dr. Stephen Frangos weighing in on this decision. CUSA000824-000827 also revealed that there was an email directed to Dr. Scott

---

[1] FRCP Rule 34(b)(2)(B) provides that "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response."

Re: *Snookal v. Chevron USA, Inc.*
**Meet and Confer Letter to Remedy Chevron's Deficient Document Discovery**
January 16, 2025
Page 3

Levy regarding the decision to deem Plaintiff "not fit for duty" before the final decision was made. Yet, Chevron has not produced Dr. Levy's response to this email to date.[2]

### B. Plaintiff's RFP No. 13

Next, **Plaintiff's RFP No. 13** requests "Any and all communications about or concerning Plaintiff's complaints to YOU, from January 1, 2019 to January 1, 2022. Plaintiff's complaints to YOU include without limitation, disability discrimination complaints to the Chevron Ombudsman and Chevron's Human Resources."

Per Chevron's response, "Defendant will produce Plaintiff's correspondence with Defendant's Human Resources personnel concerning any complaints of disability discrimination for the period of January 1, 2019 through the termination of Plaintiff's employment on August 20, 2021 in its possession, custody or control. Defendant will also produce its correspondence with the California Department of Fair Employment and Housing (now called the California Civil Rights Department) concerning Plaintiff's administrative complaint against Defendant in its possession, custody or control."

However, Chevron has produced no documents indicating how Dr. Scott Levy became involved in Plaintiff's complaint, nor any information which was provided to Dr. Levy to initiate his review process, etc.[3] These types of communication are clearly responsive, directly relevant, and must be produced. This further raises serious concerns about whether Chevron has completed the appropriate search efforts for directly responsive and potentially highly probative documents.

### C. Plaintiff's RFP No. 28

**Plaintiff's RFP No. 28** requests "all documents reflecting communications which refer or relate to Plaintiff Mark Snookal, made by any one of the persons identified in YOUR response to Plaintiff's Interrogatory No. 1."

---

[2] This category of document is also responsive to **Plaintiff's RFP No. 20** requesting "Any and all communications by Dr. Scott Levy about or concerning Plaintiff." And **Plaintiff's RFP No. 28** to "Produce all documents reflecting communications which refer or relate to Plaintiff Mark Snookal, made by any one of the persons identified in YOUR response to Plaintiff's Interrogatory No. 1."

[3] These documents are also responsive to **Plaintiff's RFP No. 14** which requests "Any and all documents reflecting **YOUR** alleged efforts to investigate any of Plaintiff's complaints of discrimination and/or failure to accommodate a disability, including any of YOUR investigative files relating to same."

**Re:** *Snookal v. Chevron USA, Inc.*
**Meet and Confer Letter to Remedy Chevron's Deficient Document Discovery**
January 16, 2025
Page 4

This should include, without limitation, any such communications about Plaintiff involving Dr. Stephen Frangos or other decisionmakers.

### D. Plaintiff's RFP No. 33 and 34

**Plaintiff's RFP No. 33 and 34** request, respectively, documents reflecting "Chevron's policies, procedures, and/or best practices for investigating complaints of discrimination in California from January 1, 2019 through January 1, 2022" and "Chevron's policies, procedures, and/or best practices for providing disability accommodations in California from January 1, 2019 through January 1, 2022."

To date, Chevron has not produced any documents reflecting its best practices or guidelines for investigating complaints of discrimination nor for providing disability accommodations.

### E. Plaintiff's RFP No. 39 and 40

Chevron has argued as a defense that the REM position in question was restructured or eliminated following Chevron's decision to rescind the position from Plaintiff. This is a defense which could bear on Plaintiff's economic damages.

Despite the requests in **RFP No. 39[4] and 40[5]** asking for documents sufficient to reflect this alleged restructuring, Chevron has produced no documents in support of this defense. As you know, we also subsequently met and conferred about these requests, and you agreed to produce these responsive documents. Perhaps documents supporting this defense do not actually exist, but nonetheless, we are once again renewing this request to give Chevron a final chance to timely produce same.

### F. Plaintiff's RFP No. 43

Last, Plaintiffs' RFP No. 43 asks that "[f]or each person named in YOUR Initial Expert Disclosures, produce documents sufficient to show their Chevron job description as of August of

---

[4] **RFP No. 39** requests "Documents sufficient to reflect the extent to which the Reliability Engineering Manager position in Escravos, Nigeria was modified or eliminated due to the COVID-19 pandemic."

[5] **RFP No. 40** requests "Documents sufficient to reflect the extent to which the Reliability Engineering Manager position in Escravos, Nigeria was restructured or eliminated any time after January 1, 2019."

Re: *Snookal v. Chevron USA, Inc.*
**Meet and Confer Letter to Remedy Chevron's Deficient Document Discovery**
January 16, 2025
Page 5

2019."

  Chevron responded ""Defendant will produce the job description for a list of publications for the past 10 years for the persons named in its Initial Expert Disclosures, to the extent such lists exist." It appears this response was made in error and was intended for RFP No. 42. In any case, Chevron has not produced any such responsive documents, and this requires supplementation.

  To remedy these deficiencies, we ask that you produce supplemental discovery responses and documents as outlined above by **January 23, 2025**. If we are unable to resolve this via our meet and confer efforts, we will initiate Judge Richlin's procedures[6] for resolving discovery disputes with court intervention by requesting an informal discovery conference. Thereafter, if necessary, we will move the court to compel further responses.

  Please feel free to contact us over the phone to discuss ahead of the January 23, 2025 deadline.

        Very truly yours,

        ALLRED, MAROKO & GOLDBERG

        DOLORES Y. LEAL
        OLIVIA J. FLECHSIG

---

[6] Please refer to the Honorable A. Joel Richlin's civil discovery dispute procedures here: https://www.cacd.uscourts.gov/honorable-joel-richlin.