# EXHIBIT 13

**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
213.620.1780 main
213.620.1398 fax
www.sheppardmullin.com

H. Sarah Fan
213.617.5549 direct
SFan@sheppardmullin.com

File Number: 0NAS-378181

February 3, 2025

**VIA E-MAIL**

Dolores Leal
Olivia Flechsig
Allred, Maroko & Goldberg
6300 Wilshire Boulevard, Suite 1500
Los Angeles, California 90048
E-Mail: dleal@amglaw.com

Re:   Snookal, Mark v. Chevron U.S.A., Inc.
      Defendant's Responses to Requests for Production of Documents

Counsel:

We are in receipt of your correspondence dated January 16, 2025, regarding Defendant Chevron U.S.A., Inc.'s ("Chevron U.S.A.") responses to Plaintiff Mark Snookal's ("Plaintiff") Requests for Production of Documents ("Requests"), Sets 1-3, and write in response to same.

Since Plaintiff dismissed his age discrimination claim after many of these discovery requests were propounded, we believe it makes sense for the parties to meet and confer regarding the scope of the Requests at issue. Please let us know your availability for a call regarding the matters raised in your meet and confer letter and discussed further below.

**Request Nos. 1-22**

As you know, the scope of permissible discovery is limited to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" based on certain enumerated factors. Fed. R. Civ. P. 26(b)(1). To the extent Plaintiff's requests seek, e.g., "any and all documents" or "all documents" "evincing," "relating to," or which "evidence or otherwise pertain to" broad categories of documents or information, they are inherently overbroad and unduly burdensome. Every single piece of paper generated by personnel at the Escravos location could theoretically "relate to" the REM position. We invite Plaintiff to meet and confer regarding any specific additional documents or types of documents Plaintiff believes are necessary and relevant to his claims and which have yet to be produced.

**Request No. 10**

In response to Request No. 10, Plaintiff seeks further production of communications from Drs. Steve Frangos and Dr. Scott Levy regarding Plaintiff's MSEA determination, which are also being specifically sought in Plaintiff's Request Nos. 60 and 61. Chevron U.S.A. has produced

EXHIBIT 13/1

**SheppardMullin**

Dolores Leal
Olivia Flechsig
*Snookal, Mark v. Chevron U.S.A., Inc.*
February 3, 2025
Page 2

email correspondence to and from Drs. Levy and Frangos (see, e.g., Bates nos. CUSA 557-558, 559-560, 824-827, etc.).  To the extent any additional communications exist, Chevron U.S.A. will agree to supplement its response to Request No. 10.

**Request Nos. 13-14**

In response to Request Nos. 13-14, Plaintiff seeks further production of communications to Dr. Levy regarding Plaintiff's MSEA determination, which is also being specifically requested in Plaintiff's Request No. 60.  To the extent any additional communications exist, Chevron U.S.A. will agree to supplement its response to these Requests.  In advance of Chevron U.S.A.'s supplemental response, we note that email correspondence between Dr. Ayanna Jones, Andrew Powers, and Dr. Levy was produced (*see, e.g.,* CUSA650-651).  To the extent there are additional written communications sent or received by Dr. Levy regarding Plaintiff's MSEA determination, those will be produced.

**Request No. 28**

This Request seeks "all documents reflecting communications which refer or relate to [Plaintiff]" made by any of the individuals identified in Chevron U.S.A.'s response to Plaintiff's Interrogatory No. 1.  In response to Interrogatory No. 1, which sought the identification of individuals "involved in the decision to declare Plaintiff 'not fit for duty' for the Reliability Engineering Manager position in Escravos, Nigeria," Chevron U.S.A. identified 8 individuals, seven of whom are not employees of Chevron U.S.A.  As previously discussed, electronic records are not centrally stored, and Chevron U.S.A. does not have the ability to search the records of all Chevron-related associates.  Chevron U.S.A. has previously made diligent efforts to coordinate with Chevron Nigeria to conduct targeted searches of electronic records pursuant to the needs of this case.  To the extent communications relating to Plaintiff were made by the identified individuals, are within Chevron U.S.A.'s possession, custody, or control, and were not previously produced, Chevron U.S.A. will supplement its response to this Request and produce responsive documents.

**Request Nos. 33-34**

These Requests seek documents "reflecting" Chevron U.S.A.'s "policies, procedures, and/or best practices" for "investigating complaints of discrimination" or "providing disability accommodations in California from January 1, 2019, through January 1, 2022.  These Requests are patently overbroad in time and scope.

Plaintiff testified during his deposition that there was never any point during his employment with Chevron U.S.A. that he needed an accommodation due to his heart condition (Pl. Dep. Tr. 95:10-13), nor did he ever request any accommodations (*id.* at 295:20-23).  The only time Plaintiff's heart condition was discussed during his employment was in connection with Plaintiff's MSEA determination, which took place in July 2019.  Plaintiff also testified that the only alleged complaint he made regarding disability discrimination is the email he sent to Mr. Powers on September 4, 2019.  (*Id.* at 218:25-219:3.)

EXHIBIT 13/2

# SheppardMullin

Dolores Leal
Olivia Flechsig
*Snookal, Mark v. Chevron U.S.A., Inc.*
February 3, 2025
Page 3

As Chevron U.S.A. stated in its responses to these Requests, it has already produced Human Resources and Corporate policies on these topics, and the El Segundo Refinery Handbook, which likewise addresses these topics (*see, e.g.,* CUSA298-350). To the extent Plaintiff believes additional documents are necessary, we invite Plaintiff to further meet and confer.

**Request Nos. 39-40**

These Requests seek documents regarding the restructuring or elimination of the REM position following the rescission of Plaintiff's assignment offer. As we discussed during the parties' meet and confer discussions on this topic, these documents, if any exist, are difficult to locate due to the nature of the reorganization, which occurred during the COVID-19 pandemic and which precipitated changes to the REM position. We have conducted a diligent search and reasonable inquiry to locate these document and unfortunately have yet to do so. However, Chevron U.S.A. will continue attempting to locate these documents in a diligent effort to supplement its responses to these Requests.

**Request No. 43**

To the extent there is a job description within Chevron U.S.A.'s possession, custody, or control for the individuals identified in Chevron U.S.A.'s Amended Initial Expert Witness Disclosure, Chevron U.S.A. will supplement its response to this Request.

\*\*\*

Chevron U.S.A. anticipates being able to provide supplemental responses as outlined above by February 18, 2025, the date its responses to Plaintiff's fourth set of Requests for Production of Documents are due.

Given the nature of the matters discussed above, we anticipate the parties should be able to reach a mutual resolution on these relatively straightforward matters. To facilitate these efforts, it is our hope that the parties can meet and confer regarding any remaining issues regarding Chevron U.S.A.'s responses in advance of February 18, 2025.

Thank you for your courtesy and attention to this matter. Please do not hesitate to reach out by phone or by email to discuss further.

Sincerely,

H. Sarah Fan
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

SMRH:4905-5462-8885.2

EXHIBIT 13/3