# EXHIBIT 15

DOLORES Y. LEAL (134176)
OLIVIA FLECHSIG (334880)
ALLRED, MAROKO & GOLDBERG
6300 Wilshire Blvd. Suite 1500
Los Angeles, CA 90048-5217
(323) 653-6530
dleal@amglaw.com
oflechsig@amglaw.com

**Attorneys for Plaintiff MARK SNOOKAL**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SNOOKAL, an individual, | CASE NO.: 2:23-cv-6302-HDV-AJR |
| Plaintiff, | **PLAINTIFF MARK SNOOKAL'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CHEVRON USA INC., SET FOUR** |
| vs. | |
| | **[FRCP RULE 34]** |
| CHEVRON USA, INC., a California Corporation, and DOES 1 through 10, inclusive, | |
| Defendants. | |

Pursuant to Federal Rules of Civil Procedure Rule 34, Plaintiff Mark Snookal (hereinafter "Plaintiff") demands that Defendant Chevron USA, Inc. (hereinafter "Defendant" or "Chevron") produce all documents and tangible things described below, in accordance with the definitions and instructions set forth, within the time provided by Federal Rules of Civil Procedure 6(d) and 34(b)(2)(A), to his counsel, Allred, Maroko & Goldberg, 6300 Wilshire Boulevard, Suite 1500, Los Angeles, CA 90048.

## I.   DEFINITIONS

For the purpose of this request, the following definitions shall apply:

1. The terms "Defendant," "**YOU**," and "**YOUR**" as used herein, refer to Defendant Chevron USA, Inc. ("Chevron") and your attorneys, employees, or any person acting as your agent or otherwise on your behalf.

2. The term "Plaintiff," as used herein, refers to Plaintiff Mark Snookal, or any person(s) acting as an agent or otherwise on behalf of Plaintiff.

3. The term "**DOCUMENTS**" means all forms of "writings and recordings" as defined in Rule 1001 of the Federal Rules of Evidence ("'Writings' and 'recordings' consist of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation."), as well as "photographs," as defined in Rule 1001 of the Federal Rules of Evidence ("'Photographs' include still photographs, X-ray films, video tapes, and motion pictures."). The term "**DOCUMENTS**" also means "originals" and "duplicates" as defined in Rule 1001 of the Federal Rules of Evidence. The term "**DOCUMENTS**" includes any form of electronically-stored, written, typewritten, printed or recorded material of any kind, including, but not limited to, notes, memoranda, letters, diaries, calendars, articles, telegrams, telefaxes, correspondence, E-mail, voicemail, worksheets, recordings, books, reports, transcriptions, computer entries, information retrievable from computers, pictures, drawings, photographs,

screenshots, any other graphic or visual representations and any other physical means of communications including tape recordings, video tape, computer discs or data storage, and magnetic tape. The term also includes drafts, whether or not used, of any of the foregoing categories as well as any altered or annotated copies of the foregoing.

## II. GENERAL INSTRUCTIONS

1. <u>Documents Requested</u>

The requests set out herein call for all documents in your actual or constructive possession, custody, control or care, including but not limited to, those documents in the actual or constructive possession, custody, control or care of any lawyer, agent, employee or other representative of Defendant.

You are further requested to identify any document called for by these requests if you know it to be in the possession of Plaintiff or his attorneys.

If you subsequently become aware of any document called for by the requests set out herein, you are requested to provide a copy of that document to the Plaintiff or to identify it if you know it to be in the possession of Plaintiff or his attorneys.

2. <u>Documents Withheld</u>

If any document is withheld under a claim of privilege or other protection, so as to aid the court and the parties hereto to determine the validity of the claim of privilege or other protection, provide the following information with respect to any such document:

A. The identity of the person(s) who prepared the document, who signed it, and over whose name it was sent out or issued;

B. The identity of the person(s) to whom the document was directed;

C. The nature and substance of the document with sufficient particularity to enable the court and parties hereto to identify the document;

D. The date of the document;

  E. The identity of the person who has custody of, or control over, the document and each copy thereof;

  F. The identity of each person to whom copies of the document were furnished;

  G. The number of pages of the document;

  H. The basis on which any privilege or other protection is claimed; and

  I. Whether any non-privileged matter is included in the document.

3. <u>Partial Production</u>

  If you object to a particular request, or portion thereof, you must produce all documents called for which are not subject to that objection. Similarly, whenever a document is not produced in full for some other reason, state with particularity the reason(s) it is not being produced in full, and describe, to the best of your knowledge, information, and belief, and with as much particularity as possible those portions of the document which are not produced.

  Please note that Defendant is under a continuing duty, pursuant to Federal Rule of Civil Procedure § 26(e), to seasonably supplement the production with documents obtained subsequent to the preparation and filing of a response to each request.

4. <u>Orderly Response</u>

  Please produce the documents called for herein either as they are kept in the usual course of your affairs or organize them in such a manner as will facilitate their identification with a particular request(s) to which they are responsive.

### III. DOCUMENTS REQUIRED TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 47:**

  All DOCUMENTS which reflect the internal and/or external job postings for the Reliability Engineering Manager position in Escravos, Nigeria ("the REM position") from January 1, 2019 through December 31, 2019.

/ / /

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS which reflect YOUR process for recruiting candidates for Chevron's rotational expatriate assignments from January 1, 2019 through December 31, 2019.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS which reflect YOUR selection criteria for rotational expatriate assignments from January 1, 2019 through December 31, 2019.

**REQUEST FOR PRODUCTION NO. 50:**

DOCUMENTS sufficient to reflect the job description and duties of the people YOU IDENTIFIED in response to Plaintiff's Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 51:**

DOCUMENTS sufficient to reflect the job description and duties of Dr. Stephen Frangos in 2019.

**REQUEST FOR PRODUCTION NO. 52:**

Any and all communications made by, or directed to, Dr. Stephen Frangos about or concerning Plaintiff.

**REQUEST FOR PRODUCTION NO. 53:**

Any and all communications regarding hiring decisions for the Reliability Engineering Manager position in Escravos, Nigeria ("the REM position") in 2019.

**REQUEST FOR PRODUCTION NO. 54:**

Any and all communications made by, or directed to, Plaintiff regarding hiring decisions for the Reliability Engineering Manager position in Escravos, Nigeria ("the REM position") in 2019.

**REQUEST FOR PRODUCTION NO. 55:**

Produce DOCUMENTS sufficient to reflect the professional business relationship between YOU and Chevron Nigeria Ltd.

**REQUEST FOR PRODUCTION NO. 56:**

Produce DOCUMENTS sufficient to reflect the professional business

relationship between YOU and Chevron Hospital in Warri, Nigeria.

**REQUEST FOR PRODUCTION NO. 57:**

Produce all DOCUMENTS which support YOUR contention that Chevron Nigeria Ltd. was the employer of the REM position.

**REQUEST FOR PRODUCTION NO. 58:**

Produce DOCUMENTS sufficient to reflect the entity which compensates employees on rotational expatriate assignment in Escravos, Nigeria.

**REQUEST FOR PRODUCTION NO. 59:**

Any and all DOCUMENTS reflecting Plaintiff's application for the REM position.

**REQUEST FOR PRODUCTION NO. 60:**

Any and all DOCUMENTS reflecting or relating to Dr. Scott Levy's involvement in Mr. Snookal's designation as "unfit for duty" for the REM position.

**REQUEST FOR PRODUCTION NO. 61:**

Any and all DOCUMENTS reflecting or relating to Dr. Stephen Frangos' involvement in Mr. Snookal's designation as "unfit for duty" for the REM position.

**REQUEST FOR PRODUCTION NO. 62:**

The organizational chart(s) applicable to Dr. Scott Levy's job position(s) in 2019.

**REQUEST FOR PRODUCTION NO. 63:**

The organizational chart(s) applicable to Dr. Stephen Frangos' job position(s) in 2019.

**REQUEST FOR PRODUCTION NO. 64:**

The organizational chart(s) applicable to Andrew Powers' job position(s) in 2019.

/ / /

**REQUEST FOR PRODUCTION NO. 65:**

Produce DOCUMENTS sufficient to support YOUR responses to Plaintiff's Interrogatories No. 22 and 25.

**REQUEST FOR PRODUCTION NO. 66:**

Produce all DOCUMENTS which YOU intend to introduce as evidence at trial.

DATED: January 16, 2025    ALLRED, MAROKO & GOLDBERG

By: _____
DOLORES Y. LEAL
OLIVIA FLECHSIG
Attorneys for Plaintiff,
**MARK SNOOKAL**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 6300 Wilshire Boulevard, Suite 1500, Los Angeles, California 90048.

On **January 16, 2025** I served the foregoing document described as **PLAINTIFF MARK SNOOKAL'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CHEVRON USA INC., SET FOUR** on interested parties in this action:

Attorneys for Defendant Chevron USA, Inc.

Tracey A. Kennedy, Esq.
Robert E. Mussig, Esq.
Sarah Fan, Esq.
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
350 S. Grand Avenue, 40th Floor
Los Angeles, CA 90071-3460
(213) 620-1780

e-mails: tkennedy@sheppardmullin.com; rmussig@sheppardmullin.com sfan@sheppardmullin.com

[X]   **BY ELECTRONIC SERVICE:** Pursuant to the Parties' agreement to accept service electronically, I caused such document to be electronically served via email to the email addresses of the addressee(s).

Executed on **January 16, 2025** at Los Angeles, California.

[X]   **Federal**   I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____
JOSIE PEÑA

EXHIBIT 15/8