# EXHIBIT 16

| | |
|---|---|
| **From:** | Olivia Flechsig |
| **To:** | Sarah Fan |
| **Cc:** | Dolores Leal; Robert Mussig; Tracey Kennedy |
| **Subject:** | Re: Snookal, Mark v. Chevron U.S.A., Inc. \| RFP Set 4 |
| **Date:** | Thursday, February 27, 2025 9:08:00 PM |

Dear Sarah,

Thank you for taking the laboring oar on documenting our discussion below. Please see my responses below in red.

We ask that you provide your final position regarding the outstanding disputes regarding the RFP's below, as well RFP's 19, 21, 33, and 34 no later than close of business on Monday, March 3 so that we can move forward with an IDC. Again, please let us know your availability for an IDC after Tuesday, March 4 so we can coordinate our schedules.

I will add to the below that since we did not finish meeting and conferring after over an hour, we scheduled a further meet and confer call for Tuesday, March 4 at 3:00 pm Pacific to discuss Chevron's responses to Interrogatory, Set 3 as well as the RFA's. We also ran out of time to discuss Dr. Adeyeye's deposition, and as you know, we have still not been able to finish his deposition. Any update you can provide on your efforts to reach him would be appreciated.

In terms of timing, you shared that you are intending to serve the actual document production by this Monday, March 3, 2025. However, you were not able to commit to a specific date on which you will serve RFA responses (as opposed to the objections which we have). We cannot agree to wait for these indefinitely, so if these are not supplemented by the end of next week (March 7, 2025), we will add the lack of RFA responses to the list of things we will need to take before Judge Richlin.

Best,
Olivia


Olivia Flechsig, Esq.

ALLRED, MAROKO & GOLDBERG

6300 Wilshire Boulevard, Suite 1500

Los Angeles, CA  90048

(323) 653-6530

EXHIBIT 16/1

(323) 653-1660, Facsimile

New York Office

305 Broadway, Suite 607
New York, NY 10007

[www.amglaw.com](www.amglaw.com)

[oflechsig@amglaw.com](oflechsig@amglaw.com)

---

**From:** Sarah Fan <SFan@sheppardmullin.com>
**Sent:** Wednesday, February 26, 2025 7:38 PM
**To:** Olivia Flechsig <oflechsig@amglaw.com>; Dolores Leal <dleal@amglaw.com>
**Cc:** Tracey Kennedy <TKennedy@sheppardmullin.com>; Robert Mussig <RMussig@sheppardmullin.com>
**Subject:** Snookal, Mark v. Chevron U.S.A., Inc. | RFP Set 4

Hello Olivia:

Thanks for the call today. I've included my notes below regarding our discussion this evening. Please let me know if anything below doesn't conform to your understanding of our discussion.

---------

**REQUEST FOR PRODUCTION NO. 47:**

The parties agreed to limit this Request to "all internal and/or external job postings for the Reliability Engineering Manager position in Escravos, Nigeria from January 1, 2019, through December 31, 2019." Correct.

**REQUEST FOR PRODUCTION NO. 48:**

The parties agreed to define the category of documents sought in this Request as "policies and

EXHIBIT 16/2

procedures regarding the process for recruiting candidates for rotational expatriate assignments from January 1, 2019, through December 31, 2019." Plaintiff seeks policies and procedures applicable to the recruitment of candidates for rotational expatriate assignments throughout the EEMEA region, including any global policies which would apply to an expatriate assignment in that region. Defendant seeks to limit the scope of this request to policies and procedures which were applicable to the recruitment of candidates for the REM position that Plaintiff applied for, including any applicable regional or global policies. Defendant will review and determine whether the parties can reach an agreement on the scope of this Request. This is correct, and more specifically, one of the reasons why it is not acceptable to Plaintiff to limit the scope to the REM position is because of his subsequent searches for other expatriate assignments for which he was qualified (globally and not at all limited to REM positions specifically).

**REQUEST FOR PRODUCTION NO. 49:**

The parties agreed to define the category of documents sought in this Request as "all documents reflecting the selection criteria for rotational expatriate assignments, excluding documents relating to third-party employee applications." Plaintiff seeks the production of such documents from January 1, 2019, through December 31, 2019, for all rotational expatriate assignments worldwide. Defendant will agree to produce documents reflecting the selection criteria for the REM position that Plaintiff applied for, from May 7, 2019, through September 3, 2019, which is the period between the time Plaintiff began applying for the REM position and the time Plaintiff had his offer rescinded. This accurately reflects the dispute, and we have reached an impasse as to the scope.

**REQUEST FOR PRODUCTION NOS. 50-51:**

The parties agree that Defendant may produce the job description for the positions of the identified individuals if it describes the job duties of those individuals. To clarify, as the Request states, we are looking for the job description *and* job duties for the positions held by the identified individuals. There may be overlap in terms of job duties listed in a job description. If this is a problem, we have reached an impasse.

**REQUEST FOR PRODUCTION NO. 52-54**

Defendant agrees to produce a privilege log for these Requests. Please plan to supplement the response by the end of next week (March 7).

**REQUEST FOR PRODUCTION NO. 56**

Defendant agrees to supplement its response to this Request. Please plan to supplement the response by the end of next week (March 7).

EXHIBIT 16/3

**REQUEST FOR PRODUCTION NO. 58**

The parties agreed to limit this Request to documents "sufficient to reflect the entity which compensates employees on rotational expatriate assignment in the REM position which Plaintiff applied to." Defendant agrees to specifically identify the relevant Bates number reflecting responsive information, or to produce a document sufficient to reflect the information requested. Correct, and I explained our position that the documents which Defendant referenced in its existing responses do not on their face "reflect the entity which compensates employees on rotational expatriate assignment."

**REQUEST FOR PRODUCTION NO. 62-64**

The parties agreed to limit this Request to organizational charts reflecting the chain of command for the identified individuals, both upwards and downwards. Correct.

**REQUEST FOR PRODUCTION NO. 65**

Plaintiff represented this Request was intended to reference Interrogatory Nos. 22-23. Defendant will not provide a further response to this Request. You mentioned you would confer with Dolores, but that Plaintiff would probably not pursue this Request further. Confirmed that we can agree to drop this request as well as 66.

**REQUEST FOR PRODUCTION NO. 66**

Plaintiff will not pursue this Request further.

**Sarah Fan** | Associate
+1 213-617-5549 | direct
SFan@sheppardmullin.com | Bio

**Sheppard**Mullin
350 South Grand Avenue, 40th Floor
Los Angeles, CA 90071-3460
+1 213-620-1780 | main
www.sheppardmullin.com | LinkedIn

EXHIBIT 16/4

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
_____ This message is CONFIDENTIAL and may contain legally privileged information intended only for the addressee. If you are not the addressee you may not use, forward, copy or disclose to anyone any information contained in this message. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY ALLRED, MAROKO & GOLDBERG IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 323-653-6530. Thank you.

_____

EXHIBIT 16/5