# EXHIBIT 20

| | |
|---|---|
| **From:** | Sarah Fan |
| **To:** | Olivia Flechsig; Robert Mussig; Tracey Kennedy |
| **Cc:** | Josie Pena; Dolores Leal; Angie Paz |
| **Subject:** | RE: Snookal, Mark v. Chevron U.S.A., Inc. | RFP Set 4 |
| **Date:** | Tuesday, March 11, 2025 7:10:26 PM |
| **Attachments:** | Mimecast Large File Send Instructions.msg |

I'm using Mimecast to share large files with you. Please see the attached instructions.

Hello Olivia:

Thank you for taking the time to summarize our meet and confer discussion below. To add:

**Interrogatory Nos. 27-28** – We will agree to supplement these Interrogatory responses with respect to Chevron U.S.A.'s relationship with the subject hospital/clinic in Escravos. Please let us know if this is agreeable.

**Interrogatory No. 29** – We are still determining whether we will be able to produce this information for the time period requested. We will get back to you as soon as possible.

**Request for Production No. 21** – We discussed that Mr. Snookal was a supervisor for significant periods of his employment during the time period requested, and his communications with HR necessarily included private personal and personnel information about the third-party employees he supervised. Due to the nature of Mr. Snookal's position, a search of all email communications within Chevron U.S.A.'s HR department would be extremely and disproportionately burdensome. However, I agreed that Chevron U.S.A. would produce communications from the HR personnel who were involved with the subject of Mr. Snookal's claims, and that those communications will be included in Chevron U.S.A.'s document production. You indicated that this sounded fine, but that Plaintiff would reserve his rights to seek further production after reviewing the document production. I believe we reached a compromise on this Request during our call. Again, to the extent Mr. Snookal believes additional HR personnel were involved in his claims, we ask Mr. Snookal to identify those individuals so we can target our search.

**Request for Production Nos. 33-34** – As we discussed on our call, Mr. Snookal testified during deposition that he never needed accommodations for his medical condition, nor did he ever request any. Mr. Snookal also testified that the only complaint he made about alleged disability discrimination was made in September 2019. Chevron U.S.A. has already produced its responsive policies applicable in 2019 and fulfilled its discovery obligations with respect to these requests.

**IDC**: We are available on March 19-21 for an informal discovery conference. Please let us know if you need more dates from us so that we can provide mutually available dates to the court.

----------

We are also sending Chevron U.S.A.'s further document production and responses to Requests for Admission via a secure Mimecast link. Please let us know if you have any difficulty accessing the sharefile.

EXHIBIT 20/1

Thanks,
-Sarah

**Sarah Fan** | Associate
**SheppardMullin** | Los Angeles
+1 213-617-5549 | ext. 15549

---

**From:** Olivia Flechsig <oflechsig@amglaw.com>
**Sent:** Wednesday, March 5, 2025 10:40 AM
**To:** Sarah Fan <SFan@sheppardmullin.com>; Robert Mussig <RMussig@sheppardmullin.com>; Tracey Kennedy <TKennedy@sheppardmullin.com>
**Cc:** Dolores Leal <dleal@amglaw.com>; Josie Pena <jpena@amglaw.com>; Angie Paz <apaz@amglaw.com>
**Subject:** Re: Snookal, Mark v. Chevron U.S.A., Inc. | RFP Set 4

Dear Sarah,

Thank you for the meet and confer call yesterday afternoon. As promised, I am writing to memorialize same.

First, despite your previous agreement to produce the documents responsive to Plaintiff's Requests for Production, Set 4, no later than last Monday, March 3, we still have not received any of those responsive documents. Therefore, we could not meaningfully meet and confer about issues related to this document production.

We did discuss Chevron's responses to **Plaintiff's Interrogatories, Set 3**, specifically that:

- For Interrogatory No. 32, you agreed to supplement this response

- For Interrogatories No. 27-29 and 31, we discussed our disparate positions concerning the accuracy of Defendant's objections, and you agreed to check and get back to us with a final answer regarding Chevron's position no later than this Friday, March 7. I explained that we will stand on the scope as articulated in these Interrogatories, and if any outstanding disputes as to the appropriate scope remain, we will have exhausted our meet and confer efforts on these issues and need to move forward with an IDC before Judge Richlin ASAP.

With respect to Plaintiff's Request for Production **(RFP) No. 19**, which seeks "Any and all communications by Dr. Eshiole Asekomeh about or concerning Plaintiff," you agreed to provide a supplemental response which includes a privilege log for any documents withheld on a basis of privilege.

EXHIBIT 20/2

With respect to Plaintiff's **RFP No. 21**, which seeks "all communications by anyone in Chevron's Human Resources Department about or concerning Plaintiff from January 1, 2019 to January 1, 2022," Plaintiff agreed that the scope need not include discussion between Plaintiff and Chevron's Human Resources about third party employees who Plaintiff supervised. This should allay Chevron's third-party privacy concerns. You also agreed to produce a privilege log for any documents withheld on a basis of privilege for this request.

With respect to Plaintiff's **RFP No. 33** which seeks "all documents reflecting Chevron's policies, procedures, and/or best practices for investigating complaints of discrimination in California from January 1, 2019 through January 1, 2022." and **Plaintiff's RFP No. 34** which seeks "all documents reflecting Chevron's policies, procedures, and/or best practices for providing disability accommodations in California from January 1, 2019 through January 1, 2022." you are continuing to take the position that documents outside of the 2019 time period are "not relevant." We think they are highly relevant, particularly because Mr. Snookal's need for a disability accommodation did not automatically terminate after 2019. In addition, we have already limited the time period to avoid creating an unduly burdensome request. You once again said you would get back to me on this. We have also more than exhausted our meet and confer efforts on these issues, and if you cannot agree to Plaintiff's scope for these requests, we need to have Judge Richlin determine the scope ASAP.

With respect to all of the outstanding items (documents responsive to **Plaintiff's RFP's Set 4**; s**upplemental document production and/or responses to Plaintiff's other RFP's listed herein; substantive responses to Plaintiff's Requests for Admission**; and **supplemental responses to Plaintiff's Interrogatories Set 3 Nos. 27-29 and 31-32**), I shared that we need to have all of these final answers no later than this Friday, March 7.  I also asked once again that when you provide these items by this Friday March 7, that you please provide dates for the possible IDC next week so we can move forward with Judge Richlin determining the outcome of these disputes.

Last, so that Plaintiff can conclude Dr. Adeyeye's deposition, you said that you are planning to schedule his deposition for later this month when he returns to service (since he is a rotational employee).  I also provided you with my current availability for this deposition during the last two weeks of March, and as of now, I'm available any day except March 19, 2025.

Best,
Olivia

EXHIBIT 20/3

Olivia Flechsig, Esq.

ALLRED, MAROKO & GOLDBERG

6300 Wilshire Boulevard, Suite 1500

Los Angeles, CA  90048

(323) 653-6530

(323) 653-1660, Facsimile

New York Office

305 Broadway, Suite 607
New York, NY 10007

[www.amglaw.com](www.amglaw.com)

[oflechsig@amglaw.com](oflechsig@amglaw.com)

---

**From:** Olivia Flechsig <[oflechsig@amglaw.com](oflechsig@amglaw.com)>
**Sent:** Thursday, February 27, 2025 9:08 PM
**To:** Sarah Fan <[SFan@sheppardmullin.com](SFan@sheppardmullin.com)>
**Cc:** Dolores Leal <[dleal@amglaw.com](dleal@amglaw.com)>; Robert Mussig <[RMussig@sheppardmullin.com](RMussig@sheppardmullin.com)>; Tracey Kennedy <[TKennedy@sheppardmullin.com](TKennedy@sheppardmullin.com)>
**Subject:** Re: Snookal, Mark v. Chevron U.S.A., Inc. | RFP Set 4

Dear Sarah,

Thank you for taking the laboring oar on documenting our discussion below. Please see my responses below in red.

We ask that you provide your final position regarding the outstanding disputes regarding the RFP's below, as well RFP's 19, 21, 33, and 34 no later than close of business on Monday, March 3 so that we can move forward with an IDC. Again, please let us know your availability for an IDC after Tuesday, March 4 so we can coordinate our schedules.

I will add to the below that since we did not finish meeting and conferring after over an

EXHIBIT 20/4

hour, we scheduled a further meet and confer call for Tuesday, March 4 at 3:00 pm Pacific to discuss Chevron's responses to Interrogatory, Set 3 as well as the RFA's. We also ran out of time to discuss Dr. Adeyeye's deposition, and as you know, we have still not been able to finish his deposition. Any update you can provide on your efforts to reach him would be appreciated.

In terms of timing, you shared that you are intending to serve the actual document production by this Monday, March 3, 2025. However, you were not able to commit to a specific date on which you will serve RFA responses (as opposed to the objections which we have). We cannot agree to wait for these indefinitely, so if these are not supplemented by the end of next week (March 7, 2025), we will add the lack of RFA responses to the list of things we will need to take before Judge Richlin.

Best,
Olivia


Olivia Flechsig, Esq.

ALLRED, MAROKO & GOLDBERG

6300 Wilshire Boulevard, Suite 1500

Los Angeles, CA  90048

(323) 653-6530

(323) 653-1660, Facsimile


New York Office

305 Broadway, Suite 607
New York, NY 10007

[www.amglaw.com](www.amglaw.com)

[oflechsig@amglaw.com](oflechsig@amglaw.com)

---

**From:** Sarah Fan <[SFan@sheppardmullin.com](SFan@sheppardmullin.com)>
**Sent:** Wednesday, February 26, 2025 7:38 PM
**To:** Olivia Flechsig <[oflechsig@amglaw.com](oflechsig@amglaw.com)>; Dolores Leal <[dleal@amglaw.com](dleal@amglaw.com)>

EXHIBIT 20/5

**Cc:** Tracey Kennedy <TKennedy@sheppardmullin.com>; Robert Mussig <RMussig@sheppardmullin.com>
**Subject:** Snookal, Mark v. Chevron U.S.A., Inc. | RFP Set 4

Hello Olivia:

Thanks for the call today. I've included my notes below regarding our discussion this evening. Please let me know if anything below doesn't conform to your understanding of our discussion.

---------

### REQUEST FOR PRODUCTION NO. 47:

The parties agreed to limit this Request to "all internal and/or external job postings for the Reliability Engineering Manager position in Escravos, Nigeria from January 1, 2019, through December 31, 2019." Correct.

### REQUEST FOR PRODUCTION NO. 48:

The parties agreed to define the category of documents sought in this Request as "policies and procedures regarding the process for recruiting candidates for rotational expatriate assignments from January 1, 2019, through December 31, 2019." Plaintiff seeks policies and procedures applicable to the recruitment of candidates for rotational expatriate assignments throughout the EEMEA region, including any global policies which would apply to an expatriate assignment in that region. Defendant seeks to limit the scope of this request to policies and procedures which were applicable to the recruitment of candidates for the REM position that Plaintiff applied for, including any applicable regional or global policies. Defendant will review and determine whether the parties can reach an agreement on the scope of this Request. This is correct, and more specifically, one of the reasons why it is not acceptable to Plaintiff to limit the scope to the REM position is because of his subsequent searches for other expatriate assignments for which he was qualified (globally and not at all limited to REM positions specifically).

### REQUEST FOR PRODUCTION NO. 49:

The parties agreed to define the category of documents sought in this Request as "all documents reflecting the selection criteria for rotational expatriate assignments, excluding documents relating to third-party employee applications." Plaintiff seeks the production of such documents from

EXHIBIT 20/6

January 1, 2019, through December 31, 2019, for all rotational expatriate assignments worldwide. Defendant will agree to produce documents reflecting the selection criteria for the REM position that Plaintiff applied for, from May 7, 2019, through September 3, 2019, which is the period between the time Plaintiff began applying for the REM position and the time Plaintiff had his offer rescinded. This accurately reflects the dispute, and we have reached an impasse as to the scope.

**REQUEST FOR PRODUCTION NOS. 50-51:**

The parties agree that Defendant may produce the job description for the positions of the identified individuals if it describes the job duties of those individuals. To clarify, as the Request states, we are looking for the job description *and* job duties for the positions held by the identified individuals. There may be overlap in terms of job duties listed in a job description. If this is a problem, we have reached an impasse.

**REQUEST FOR PRODUCTION NO. 52-54**

Defendant agrees to produce a privilege log for these Requests. Please plan to supplement the response by the end of next week (March 7).

**REQUEST FOR PRODUCTION NO. 56**

Defendant agrees to supplement its response to this Request. Please plan to supplement the response by the end of next week (March 7).

**REQUEST FOR PRODUCTION NO. 58**

The parties agreed to limit this Request to documents "sufficient to reflect the entity which compensates employees on rotational expatriate assignment in the REM position which Plaintiff applied to." Defendant agrees to specifically identify the relevant Bates number reflecting responsive information, or to produce a document sufficient to reflect the information requested. Correct, and I explained our position that the documents which Defendant referenced in its existing responses do not on their face "reflect the entity which compensates employees on rotational expatriate assignment."

**REQUEST FOR PRODUCTION NO. 62-64**

The parties agreed to limit this Request to organizational charts reflecting the chain of command for the identified individuals, both upwards and downwards. Correct.

EXHIBIT 20/7

**REQUEST FOR PRODUCTION NO. 65**

Plaintiff represented this Request was intended to reference Interrogatory Nos. 22-23. Defendant will not provide a further response to this Request. You mentioned you would confer with Dolores, but that Plaintiff would probably not pursue this Request further. Confirmed that we can agree to drop this request as well as 66.

**REQUEST FOR PRODUCTION NO. 66**

Plaintiff will not pursue this Request further.

**Sarah Fan** | Associate
+1 213-617-5549 | direct
SFan@sheppardmullin.com | Bio

**Sheppard**Mullin
350 South Grand Avenue, 40th Floor
Los Angeles, CA 90071-3460
+1 213-620-1780 | main
www.sheppardmullin.com | LinkedIn

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. _____ This message is CONFIDENTIAL and may contain legally privileged information intended only for the addressee. If you are not the addressee you may not use, forward, copy or disclose to anyone any information contained in this message. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY ALLRED, MAROKO & GOLDBERG IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 323-653-6530. Thank you.

_____
_____ This message is CONFIDENTIAL and may contain legally privileged information intended only for the addressee. If you are not the addressee you may not use, forward, copy or disclose to anyone any information contained in this message. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY ALLRED, MAROKO & GOLDBERG IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 323-653-6530. Thank you.

_____
_____ This message is CONFIDENTIAL and may contain legally privileged information intended only for the addressee. If you are not the addressee you may not use, forward, copy or disclose to anyone any information contained in

EXHIBIT 20/8

this message. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY ALLRED, MAROKO & GOLDBERG IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 323-653-6530. Thank you.

_____

EXHIBIT 20/9