SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
TRACEY A. KENNEDY, Cal Bar No. 150782
ROBERT E. MUSSIG, Cal. Bar No. 240369
H. SARAH FAN, Cal. Bar No. 328282
350 South Grand Avenue, 40th Floor
Los Angeles, CA 90071-3460
Telephone:  213.620.1780
Facsimile:  213.620.1398
E-mail:     tkennedy@sheppardmullin.com
            rmussig@sheppardmullin.com
            sfan@sheppardmullin.com

Attorneys for Defendant.
CHEVRON U.S.A. INC.,
a Pennsylvania corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MARK SNOOKAL, an individual,<br><br>         Plaintiff,<br><br>    vs.<br><br>CHEVRON USA, INC., a California Corporation, and DOES 1 through 10, inclusive,<br><br>         Defendants. | Case No. 2:23-cv-6302-HDV-AJR<br><br>**DECLARATION OF H. SARAH FAN IN SUPPORT OF DEFENDANT CHEVRON U.S.A., INC.'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE A MOTION TO COMPEL FURTHER DISCOVERY AND TO FILE A MOTION FOR SANCTIONS**<br><br>**(Dkt. No. 47)**<br><br>District Judge: Hon. Hernán De. Vera<br>Magistrate Judge: Hon. A. Joel Richlin<br><br>Action Filed: August 3, 2023<br>Trial Date: August 19, 2025 |

-1-

## <u>DECLARATION OF H. SARAH FAN</u>

I, Sarah Fan, declare as follows:

1.      I am an attorney licensed to practice law in California.  I am an associate with the law firm Sheppard, Mullin, Richter & Hampton LLP, counsel of record for Defendant Chevron U.S.A., Inc., a Pennsylvania corporation ("Chevron U.S.A.").  I make I have personal knowledge of the facts set forth below and, if called as a witness, could and would testify competently to such facts under oath.

2.      Plaintiff has taken six depositions in this case thus far, including four of the doctors involved in the MSEA determination—Dr. Mark Levy, Dr. Eshiofe Asekomeh, Dr. Ujomoti Akintunde, and Dr. Victor Adeyeye.  Aside from Dr. Levy, these doctors have never been employed by Chevron U.S.A., and their depositions had to be coordinated through Chevron Nigeria, Limited ("Chevron Nigeria"), which is a wholly separate and distinct corporate entity from Chevron U.S.A.  I defended the depositions of Drs. Akintunde and Adeyeye, and neither of these witnesses testified that Dr. Stephen Frangos was involved in Plaintiff's MSEA determination in any way, nor indicated that he was a decisionmaker with respect to the determination.

3.      On November 15, 2024, at 6:00 a.m., I attended the deposition of Dr. Victor Adeyeye as noticed by Plaintiff.  I am in possession of his deposition transcript.

4.      After Plaintiff noticed the depositions of the doctors located in Nigeria, Chevron U.S.A. worked diligently to coordinate with Chevron Nigeria regarding the doctors' availability for deposition, taking into account their schedules, availability, and clinical duties, as well as the 8-9 hour time difference between California and Nigeria.

5.      On January 16, 2025, taking advantage of the reopened discovery period, Plaintiff's counsel met and conferred for the first time regarding Requests for Production of Documents which were propounded throughout the life of this matter, demanding further production and supplementation of documents and information regarding numerous Requests for Production.  Despite the fact that Plaintiff had already dismissed

his age discrimination claim, Plaintiff sought extensive production of documents, which also encompassed the dismissed claim, and which required further meet and confer between the parties.  Since then, during my meet and confer discussions with Plaintiff's counsel, Olivia Flechsig, including during telephone calls on February 24, 2025, and February 26, 2025, I kept Ms. Flechsig apprised of the timeline regarding the collection of documents and information from Chevron Nigeria, as well as regarding issues with the document collection.  For example, some of the documents collected involved encrypted email correspondence from Chevron Nigeria which could not be accessed or reviewed until they had been decrypted by IT personnel.

6.    During the meet and confer process, I consistently agreed to attend an informal discovery conference regarding any outstanding discovery issues and have always maintained that Chevron U.S.A. would do so.  Ms. Flechsig and I agreed during these meet and confer discussions that the parties would jointly seek an informal discovery conference with the Magistrate Judge once the parties had narrowed the remaining discovery issues following receipt of Chevron U.S.A.'s supplemental document production.

7.    Chevron U.S.A. produced additional documents pursuant to the parties' meet and confer efforts on March 11, 2025.  I also provided available dates for an informal discovery conference with the Magistrate Judge, and informed Ms. Flechsig that we could provide additional dates of availability if necessary.  I never received a response from Ms. Flechsig to my email.

8.    On March 25, 2025, I received a phone call from Ms. Flechsig advising that she would be filing an ex parte application on Plaintiff's behalf to seek leave to file a motion to compel and for sanctions.  When I asked, Ms. Flechsig indicated that the basis of Plaintiff's request for sanctions was Plaintiff's contention that the documents produced by Chevron U.S.A. on March 11, 2025, should have been produced earlier in response to Plaintiff's first set of Requests for Production of Documents, even though this matter had been previously addressed by the Court regarding Plaintiff's first ex parte application on

DECLARATION OF H. SARAH FAN

this subject.

9.     During the call with Ms. Flechsig, I also asked whether the parties could reach an agreement to informally resolve the subject of Plaintiff's ex parte application, including whether Plaintiff believed additional time was necessary to conduct further discovery regarding the documents produced. Ms. Flechsig denied that this was the case and stated that Plaintiff was not requesting leave to reopen discovery or to change any existing schedules in the case, and restated that Plaintiff needed to proceed with his ex parte application.

10.    A true and correct copy of Chevron U.S.A.'s responses to Plaintiff's first set of Requests for Production of Documents, which were served on June 6, 2024, are attached here as **Exhibit D**. Plaintiff's counsel did not meet and confer regarding these responses until January 16, 2025.

11.    A true and correct copy of Chevron U.S.A.'s responses to Plaintiff's second set of Requests for Production of Documents, which were served on August 12, 2024, are attached here as **Exhibit E**. Plaintiff's counsel did not meet and confer regarding these responses until January 16, 2025.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed on April 2, 2025, at Culver City, California.

*/s/ Sarah Fan*

H. SARAH FAN

SMRH:4910-8937-5281.2

DECLARATION OF H. SARAH FAN

# EXHIBIT D

DocuSign Envelope ID: 6BF307E7-20E5-42F9-A305-929B55D63CEA

1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
2 | Including Professional Corporations
TRACEY A. KENNEDY, Cal Bar No. 150782
3 | ROBERT E. MUSSIG, Cal. Bar No. 240369
333 South Hope Street, 43rd Floor
4 | Los Angeles, CA 90071-1422
Telephone: 213.620.1780; Facsimile: 213.620.1398
5 | E-mail:    tkennedy@sheppardmullin.com; rmussig@sheppardmullin.com

6 | LINDA Z. SHEN, Cal Bar No. 294039
501 W. Broadway, 18th Floor
7 | San Diego, CA 92101-3598
Telephone: 619.338.6500; Facsimile: 619.234.3815
8 | Email:    lshen@sheppardmullin.com

9 | Attorneys for Defendant.
CHEVRON U.S.A. INC. a Pennsylvania corporation
10

11 | UNITED STATES DISTRICT COURT

12 | CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

13

14 | MARK SNOOKAL, an individual,                     Case No. 2:23-cv-6302-HDV-AJR

15 |           Plaintiff,                             **DEFENDANT CHEVRON U.S.A. INC.'S RESPONSE TO PLAINTIFF MARK SNOOKAL'S REQUEST FOR PRODUCTION, SET ONE**

16 |     vs.

17 | CHEVRON USA, INC., a California
Corporation, and DOES 1 through 10,              Action Filed: August 3, 2023
18 | inclusive,                                       Trial Date: February 4, 2025

19 |           Defendants.

20

21

22 | PROPOUNDING PARTY:     PLAINTIFF MARK SNOOKAL

23 | RESPONDING PARTY:      DEFENDANT CHEVRON USA. INC.

24 | SET NO.:               ONE (1)

25 | NUMBERS:               1-22

26

27

28

-1-

1    Pursuant to Federal Rule of Civil Procedure Rule 34, Defendant CHEVRON

2 U.S.A. INC. a Pennsylvania corporation ("Defendant" or "CHEVRON U.S.A. INC.") for

3 itself and no other party, hereby objects and responds to the Request for Production of

4 Documents, Set No. One ("Requests") served by Plaintiff MARK SNOOKAL

5 ("Plaintiff"), as set forth below.

6                                **PRELIMINARY STATEMENT**

7    These responses are made solely for purposes of this action. Each response and/or

8 production is subject to all objections as to competence, relevance, materiality,

9 confidentiality, propriety, admissibility, privilege, privacy, propriety information, trade

10 secrets and the like, and any and all other objections and grounds which would require

11 the exclusion of any statements contained herein, if such statements were made by a

12 witness present and testifying at court, all of which objections and grounds are reserved

13 and may be interposed at the time of trial.

14    Defendant has not yet completed its investigation of the facts relating to this case,

15 has not fully completed discovery in this matter, and has not fully completed preparation

16 for trial. Accordingly, all of the following responses are based upon information and

17 documents presently available to and specifically known to Defendant at this time.

18 Furthermore, these responses disclose only those contentions that presently occur to

19 Defendant.  Defendant is not making any incidental or implied admissions regarding the

20 contents of these documents. The fact that Defendant has responded or objected to any

21 Request or part thereof should not be taken as an admission that Defendant accepts or

22 admits the existence of any fact set forth or assumed by Plaintiff's Request, or that such

23 response or objection constitutes admissible evidence. The fact that Defendant has

24 answered part or all of any Request is not intended and shall not be construed to be a

25 waiver by Defendant of all or any part of any objections to any Request.

26    It is anticipated that further discovery, independent investigation, legal research

27 and analysis will supply additional facts and add meaning to the known facts as well as

28 establish entirely new factual contentions and legal contentions, all of which may lead to

substantial additions to, changes in and variations from the responses set forth herein. These responses are given without prejudice to Defendant's rights to produce evidence of any subsequently discovered facts or documents and/or tangible things that Defendant may later discover or recall. Accordingly, Defendant hereby reserves the right to add to, modify or otherwise change or amend the responses herein as additional facts are ascertained, analysis and contentions are made, and legal research is completed.  The responses contained herein are made in a good faith effort to supply as much factual information and specification of legal contentions as is presently known, but should in no way be to the prejudice of Defendant in relation to further discovery, research or legal analysis.

To the extent that the Request calls for information which was prepared in anticipation of litigation for trial or for information or material covered by the work product doctrine, or which constitutes information which is privileged or related to confidential trade secrets or the privilege of privacy (including the freedom of association and financial privacy), Defendant objects to responding to such Request and thus will not supply nor render any information or documents protected from discovery by virtue of the work product doctrine, the attorney client privilege, or the trade secret or privacy privilege.

This preliminary statement is incorporated herein by reference to each of the responses below as if stated in full.

## **GENERAL OBJECTIONS**

1.     Defendant objects to each and every Request to the extent it seeks information privileged against disclosure by the attorney-client privilege and/or attorney work-produce doctrine. No response, identification, or production should be construed as a waiver of either the attorney-client privilege or attorney work-product doctrine.

2.     Defendant objects to each and every Request to the extent it seeks information that is confidential, proprietary, or a business or trade secret.

3.      Defendant objects to each and every Request to the extent it seeks information pertaining to a non-party that is protected from disclosure by, among other things, the California Constitution's right of privacy and other privacy privileges.

4.      In responding to the following Requests, Defendant does not concede the relevance or materiality of any such area of inquiry or document request to the subject matter of this litigation.

5.      Inadvertent production of privileged information by Defendant shall not constitute a waiver of any applicable privilege or doctrine, including but not limited to objections on the basis of competency, confidentiality, relevancy, materiality, privilege and/or admissibility of evidence as such objections may apply at trial or otherwise in this action.

6.      Defendant objects to each and every Request to the extent it is overbroad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including, without limitation, on the grounds that a Request lacks reasonable date or time parameters.

7.      Defendant objects to each and every Request to the extent it is vague, ambiguous, and/or unintelligible.

8.      Defendant objects to each and every Request to the extent the requested information or documents are available from other sources and/or from other means.

Each of the foregoing general objections is hereby incorporated by reference into each specific objection to each Request as if separately stated therein.

## RESPONSES TO REQUESTS FOR THE PRODUCTION OF DOCUMENTS
## REQUEST FOR PRODUCTION NO. 1:

Any and all documents which support describe **YOUR** personnel policies and procedures in effect from January 1, 2019 to January 1, 2022, including, but not limited to **YOUR** policies relating to:

.      (a) Disability Accommodations;

.      (b) Discrimination;

-4-

1      .      (c) Harassment;

2      .      (d) Transfers;

3      .      (e) Hiring;

4      .      (f) Performance evaluations;

5      .      (g) Standards of Conduct.

6      .      (h) Discipline;

7      .      (i) Discrimination complaint processes; and

8      .      (j) Equal employment opportunity (EEO) policies.

9 **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

10      Defendant hereby incorporates by reference the general objections set forth above.

11 Defendant objects to this request on the grounds that it seeks documents that are not

12 relevant to the subject matter involved in the pending action and disproportionate to the

13 needs of the case. Defendant objects to this request on the grounds that it is overbroad,

14 unduly burdensome, oppressive and harassing, as it seeks documents that are not related

15 to the subject matter involved in the pending action. Defendant objects to this request to

16 the extent and as phrased, that it seeks documents that are protected from disclosure by

17 the attorney-client privilege and/or the attorney work product doctrine. Defendant

18 objects to this request to the extent that it seeks confidential and/or proprietary business

19 information. Defendant objects to this request on the grounds that the term "YOUR" is

20 overbroad.

21      Subject to and without waiving any of its objections, Defendant responds as

22 follows: Defendant will produce its HR Policy for U.S.-Payroll Employees regarding

23 Equal Employment Opportunity, its HR Policy for U.S.-Payroll Employees regarding

24 Employment of Individuals With Disabilities, its HR Policy for U.S.-Payroll Employees

25 regarding Performance Management Program, its HR Policy for U.S.-Payroll Employees

26 regarding Protected Rates of Pay, and its Employee Handbook for the El Segundo

27 Refinery, each for the time period of January 1, 2019 through the termination of

28 Plaintiff's employment on August 20, 2021 in its possession, custody or control.

DocuSign Envelope ID: 6BF20757-285F-42F9-A30E-829BE5D63CEA

**REQUEST FOR PRODUCTION NO. 2:**

Any and all employee handbooks which **YOU** provided to Plaintiff during his employment with **YOU**.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant hereby incorporates by reference the general objections set forth above. Defendant objects to this request on the grounds that it seeks documents that are not relevant to the subject matter involved in the pending action and disproportionate to the needs of the case.  Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive and harassing, as it seeks documents that are not related to the subject matter involved in the pending action.  Defendant objects to this request to the extent and as phrased, that it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendant objects to this request to the extent that it seeks confidential and/or proprietary business information. Defendant objects to this request on the grounds that the term "YOU" is overbroad.

Subject to and without waiving any of its objections, Defendant responds as follows: Defendant will produce its Employee Handbook for the El Segundo Refinery for the time period of January 1, 2019 through the termination of Plaintiff's employment on August 20, 2021 in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 3:**

The complete personnel file for Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant objects to this request to the extent and as phrased, that it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving any of its objections, Defendant responds as follows: Defendant will produce Plaintiff's entire personnel file that Defendant

maintained in the ordinary course of business in connection with Plaintiff's employment

with Defendant in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 4:**

The complete contents of any other file or files, other than Plaintiffs personnel file,

maintained by **YOU** which refer to or are regarding Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendant hereby incorporates by reference the general objections set forth

above.  Defendant objects to this request on the grounds that it seeks documents that are

not relevant to the subject matter involved in the pending action and disproportionate to

the needs of the case.  Defendant objects to this request on the grounds that it is

overbroad, unduly burdensome, oppressive and harassing, as it seeks documents that are

not related to the subject matter involved in the pending action.  Defendant objects to this

request to the extent and as phrased, that it seeks documents that are protected from

disclosure by the attorney-client privilege and/or the attorney work product doctrine.

Defendant objects to this request to the extent that it seeks confidential and/or proprietary

business information.  Defendant objects to this request on the grounds that the term

"YOU" is overbroad.

Subject to and without waiving any of its objections, Defendant responds as

follows:  Defendant will produce all non-privileged documents responsive to this request

in its possession, custody and control, which include all documents from Human

Resources, and payroll-related documents in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 5:**

All documents or communications evincing or relating to any formal and/or

informal praise, positive performance feedback, awards, accolades, promotions, merit-

based bonuses or raises which **YOU** gave to Plaintiff for his performance from January 1,

2017 to January 1, 2022.

SMRH:4887-8217-2349.4          CHEVRON USA. INC.'S RESPONSE TO MARK SNOOKAL'S REQUEST FOR PRODUCTION,
SET ONE

DocuSign Envelope ID: 6BF20757-385F-42F9-A30E-829BE5D63CEA

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendant hereby incorporates by reference the general objections set forth above. Defendant objects to this request on the grounds that it seeks documents that are not relevant to the subject matter involved in the pending action and disproportionate to the needs of the case. Defendant objects to this request to the extent and as phrased, that it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendant objects to this request to the extent that it seeks confidential and/or proprietary business information. Defendant objects to this request on the grounds that the term "YOU" is overbroad.

Subject to and without waiving any of its objections, Defendant responds as follows: Defendant will produce all the performance evaluations that Plaintiff received during with Plaintiff's employment with Defendant and Plaintiff's payroll records for the time period of January 1, 2019 through the termination of Plaintiff's employment on August 20, 2021 in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all performance reviews given to Plaintiff during his employment with **YOU.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendant hereby incorporates by reference the general objections set forth above. Defendant objects to this request on the grounds that it seeks documents that are not relevant to the subject matter involved in the pending action and disproportionate to the needs of the case. Defendant objects to this request to the extent and as phrased, that it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendant objects to this request to the extent that it seeks confidential and/or proprietary business information. Defendant objects to this request on the grounds that the term "YOU" is overbroad.

Subject to and without waiving any of its objections, Defendant responds as follows: Defendant will produce all of the performance evaluations and other documents

1  that relate to Plaintiff's job performance that Plaintiff received during with Plaintiff's

2  employment with Defendant in its possession, custody or control.

3  **REQUEST FOR PRODUCTION NO. 7:**

4         Any and all documents which evidence or otherwise pertain to compensation

5  received by Plaintiff while employed by **YOU**, including, but not limited to, salary,

6  incentives, benefits, bonuses, tax neutralization benefits, stock options, profit sharing

7  plans, medical and dental insurance, retirement benefits, and life insurance, from January

8  1, 2015 to January 1, 2022.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

10        Defendant hereby incorporates by reference the general objections set forth above.

11 Defendant objects to this request on the grounds that it seeks documents that are not

12 relevant to the subject matter involved in the pending action and disproportionate to the

13 needs of the case.  Defendant objects to this request to the extent and as phrased, that it

14 seeks documents that are protected from disclosure by the attorney-client privilege and/or

15 the attorney work product doctrine.  Defendant objects to this request to the extent that it

16 seeks confidential and/or proprietary business information.  Defendant objects to this

17 request on the grounds that the term "YOU" is overbroad.

18        Subject to and without waiving any of its objections, Defendant responds as

19 follows: Defendant will produce Plaintiff's payroll records, Employee Handbook for the

20 El Segundo Refinery, policies that applied to Plaintiff's employment compensation in its

21 possession, custody or control.

22 **REQUEST FOR PRODUCTION NO. 8:**

23        Any and all documents which evidence or otherwise pertain to compensation

24 including, but not limited to, salary, incentives, benefits, bonuses, tax neutralization

25 benefits, stock options, profit sharing plans, medical and dental insurance, retirement

26 benefits, and life insurance, for the Reliability Engineering Manager Position in Escravos,

27 Nigeria, salary grade 22.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendant hereby incorporates by reference the general objections set forth above. Defendant objects to this request on the grounds that it seeks documents that are not relevant to the subject matter involved in the pending action and disproportionate to the needs of the case. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive and harassing, as it seeks documents that are not related to the subject matter involved in the pending action. Defendant objects to this request to the extent and as phrased, that it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendant objects to this request to the extent that it seeks confidential and/or proprietary business information.

Subject to and without waiving any of its objections, Defendant responds as follows: Defendant will produce the pay scale for salary grade 22 for the Reliability Engineering Manager position in Escravos, Nigeria, as well as Defendant's Tax Equalization Policy and chart of Location Premiums by Areas of Assignment for Rotational Assignments for the time period of January 1, 2019 through the termination of Plaintiff's employment on August 20, 2021 in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all documents which evidence or otherwise pertain to compensation including, but not limited to, salary, incentives, benefits, bonuses, tax neutralization benefits, stock options, profit sharing plans, medical and dental insurance, retirement benefits, and life insurance, for the Reliability Engineering Manager Position in Escravos, Nigeria, salary grade 23.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendant hereby incorporates by reference the general objections set forth above. Defendant objects to this request on the grounds that it seeks documents that are not relevant to the subject matter involved in the pending action and disproportionate to the needs of the case. Defendant objects to this request on the grounds that it is overbroad,

unduly burdensome, oppressive and harassing, as it seeks documents that are not related to the subject matter involved in the pending action. Defendant objects to this request to the extent and as phrased, that it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendant objects to this request to the extent that it seeks confidential and/or proprietary business information.

Subject to and without waiving any of its objections, Defendant responds as follows: Defendant will produce the pay scale for salary grade 23 for the Reliability Engineering Manager position in Escravos, Nigeria, as well as Defendant's Tax Equalization Policy and chart of Location Premiums by Areas of Assignment for Rotational Assignments for the time period of January 1, 2019 through the termination of Plaintiff's employment on August 20, 2021 in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 10:**

All documents about or concerning **YOUR** decision to deem Plaintiff "not fit for duty" for the Reliability Engineering Manager position in Escravos, Nigeria.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendant hereby incorporates by reference the general objections set forth above. Defendant objects to this request on the grounds that it seeks documents that are not relevant to the subject matter involved in the pending action and disproportionate to the needs of the case. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive and harassing, as it seeks documents that are not related to the subject matter involved in the pending action. Defendant objects to this request to the extent and as phrased, that it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendant objects to this request to the extent that it seeks confidential and/or proprietary business information. Defendant objects to this request on the grounds that the term "YOUR" is overbroad.

1    Subject to and without waiving any of its objections, Defendant responds as
2  follows: Defendant will produce the medical forms and examination records that were
3  completed in connection with the assessment of Plaintiff's medical fitness for duty for the
4  Reliability Engineering Manager position in Escravos, Nigeria, as well as relevant
5  correspondence from Plaintiff, Dr. Sahid Khan (Plaintiff's cardiologist), Dr. Scott Levy
6  (Chevron's Regional Medical Manager for Europe, Eurasia, Middle East & Africa), and
7  other medical professionals affiliated with Chevron Nigeria Limited in its possession,
8  custody or control.

9  **REQUEST FOR PRODUCTION NO. 11:**

10    All documents reflecting any communications between **YOU** and any of Plaintiff's
11  medical providers, from January 1, 2019 to January 1, 2022.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

13    Defendant hereby incorporates by reference the general objections set forth above.
14  Defendant objects to this request on the grounds that it seeks documents that are not
15  relevant to the subject matter involved in the pending action and disproportionate to the
16  needs of the case.  Defendant objects to this request on the grounds that it is overbroad,
17  unduly burdensome, oppressive and harassing, as it seeks documents that are not related
18  to the subject matter involved in the pending action.  Defendant objects to this request to
19  the extent and as phrased, that it seeks documents that are protected from disclosure by
20  the attorney-client privilege and/or the attorney work product doctrine.  Defendant
21  objects to this request to the extent that it seeks confidential and/or proprietary business
22  information.  Defendant objects to this request on the grounds that the term "YOU" is
23  overbroad.

24    Subject to and without waiving any of its objections, Defendant responds as
25  follows: Defendant will produce all correspondence between Dr. Scott Levy (Chevron's
26  Regional Medical Manager for Europe, Eurasia, Middle East & Africa) and Dr. Sahid
27  Khan (Plaintiff's cardiologist) in its possession, custody or control.

28

DocuSign Envelope ID: 6BF20757-28EF-42F9-A30E-829BE5D68CEA

**REQUEST FOR PRODUCTION NO. 12:**

All documents reflecting complaints made by Plaintiff to **YOU,** including without limitation, disability discrimination complaints to the Chevron Ombudsman and Chevron's Human Resources, from January 1, 2019 to January 1, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant hereby incorporates by reference the general objections set forth above. Defendant objects to this request on the grounds that it seeks documents that are not relevant to the subject matter involved in the pending action and disproportionate to the needs of the case. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive and harassing, as it seeks documents that are not related to the subject matter involved in the pending action. Defendant objects to this request to the extent and as phrased, that it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendant objects to this request to the extent that it seeks confidential and/or proprietary business information. Defendant objects to this request on the grounds it assumes Plaintiff made a complaint of disability discrimination. Defendant objects to this request on the grounds that the term "YOU" is overbroad.

Subject to and without waiving any of its objections, Defendant responds as follows: Defendant will produce Plaintiff's correspondence and communications with Defendant's Human Resources personnel concerning any complaints of disability discrimination for the period of January 1, 2019 through the termination of Plaintiff's employment on August 20, 2021 in its possession, custody or control. Defendant will also produce its correspondence with the California Department of Fair Employment and Housing (now called the California Civil Rights Department) concerning Plaintiff's administrative complaint against Defendant in its possession, custody or control.

DocuSign Envelope ID: 6BE20757-28EF-42F9-A30E-829BE5D63CEA

**REQUEST FOR PRODUCTION NO. 13:**

Any and all communications about or concerning Plaintiff's complaints to **YOU,** from January 1, 2019 to January 1, 2022. Plaintiffs complaints to **YOU** include without limitation, disability discrimination complaints to the Chevron Ombudsman and Chevron's Human Resources.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendant hereby incorporates by reference the general objections set forth above. Defendant objects to this request on the grounds that it seeks documents that are not relevant to the subject matter involved in the pending action and disproportionate to the needs of the case. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive and harassing, as it seeks documents that are not related to the subject matter involved in the pending action. Defendant objects to this request to the extent and as phrased, that it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendant objects to this request to the extent that it seeks confidential and/or proprietary business information. Defendant objects to this request on the grounds it assumes Plaintiff made a complaint of disability discrimination. Defendant objects to this request on the grounds that the term "YOU" is overbroad.

Subject to and without waiving any of its objections, Defendant responds as follows: Defendant will produce Plaintiff's correspondence with Defendant's Human Resources personnel concerning any complaints of disability discrimination for the period of January 1, 2019 through the termination of Plaintiff's employment on August 20, 2021 in its possession, custody or control. Defendant will also produce its correspondence with the California Department of Fair Employment and Housing (now called the California Civil Rights Department) concerning Plaintiff's administrative complaint against Defendant in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all documents reflecting **YOUR** alleged efforts to investigate any of
Plaintiff's complaints of discrimination and/or failure to accommodate a disability,
including any of **YOUR** investigative files relating to same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendant hereby incorporates by reference the general objections set forth above.
Defendant objects to this request on the grounds that it seeks documents that are not
relevant to the subject matter involved in the pending action and disproportionate to the
needs of the case.  Defendant objects to this request on the grounds that it is overbroad,
unduly burdensome, oppressive and harassing, as it seeks documents that are not related
to the subject matter involved in the pending action.  Defendant objects to this request to
the extent and as phrased, that it seeks documents that are protected from disclosure by
the attorney-client privilege and/or the attorney work product doctrine.  Defendant
objects to this request to the extent that it seeks confidential and/or proprietary business
information. Defendant objects to this request on the grounds it assumes Plaintiff made a
complaint of disability discrimination. Defendant objects to this request on the grounds
that the term "YOUR" is overbroad.

Subject to and without waiving any of its objections, Defendant responds as
follows: Defendant will produce all non-privileged responsive documents to this request,
including relevant correspondence between Plaintiff and Defendant's Human Resources
personnel for the El Segundo Refinery in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 15:**

Any and all documents **YOU** relied upon in making hiring decisions for the job
positions identified in Paragraph 29 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendant hereby incorporates by reference the general objections set forth above. Defendant objects to this request on the grounds that it seeks documents that are not relevant to the subject matter involved in the pending action and disproportionate to the needs of the case. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive and harassing, as it seeks documents that are not related to the subject matter involved in the pending action. Defendant objects to this request to the extent and as phrased, that it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendant objects to this request to the extent that it seeks confidential and/or private personnel information of third parties. Defendant objects to this request on the grounds that the term "YOU" is overbroad.

Subject to and without waiving any of its objections, Defendant responds as follows: Defendant will produce – for the positions of El Segundo Operating Assistant, El Segundo Routine Maintenance General Team Lead, and El Segundo Maintenance Change Operating Assistant – the applications of Plaintiff and the job candidates who were selected for these positions in or around late 2019, as well as Defendant's ranking of the candidates for these positions (if any), with redactions to protect the privacy of third parties.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all communications regarding hiring decisions for the job positions described in Paragraph 29 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendant hereby incorporates by reference the general objections set forth above. Defendant objects to this request on the grounds that it seeks documents that are not relevant to the subject matter involved in the pending action and disproportionate to the needs of the case. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive and harassing, as it seeks documents that are not related

-16-

to the subject matter involved in the pending action. Defendant objects to this request to the extent and as phrased, that it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendant objects to this request to the extent that it seeks confidential and/or private personnel information of third parties.

Subject to and without waiving any of its objections, Defendant responds as follows: Defendant will produce – for the positions of El Segundo Operating Assistant, El Segundo Routine Maintenance General Team Lead, and El Segundo Maintenance Change Operating Assistant  – the applications of Plaintiff and the job candidates who were selected for these positions in or around late 2019, as well as Defendant's ranking of the candidates for these positions (if any), with redactions to protect the privacy of third parties.

**REQUEST FOR PRODUCTION NO. 17:**

Any and all documents evincing the job duties, pay grade, organizational structure, promotional opportunities for the Reliability Change Operating Assistant as identified in Paragraph 31 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendant hereby incorporates by reference the general objections set forth above. Defendant objects to this request on the grounds that it seeks documents that are not relevant to the subject matter involved in the pending action and disproportionate to the needs of the case. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive and harassing, as it seeks documents that are not related to the subject matter involved in the pending action. Defendant objects to this request to the extent and as phrased, that it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendant objects to this request to the extent that it seeks confidential and/or private personnel information of third parties.

1    Subject to and without waiving any of its objections, Defendant responds as

2  follows: Defendant will produce all non-privileged responsive documents to this request

3  as to the job duties and pay grade of the Reliability Change Operating Assistant,

4  including the offer letter issued to Plaintiff for the Reliability Change Operating Assistant

5  position, Plaintiff's payroll records while he held the Reliability Change Operating

6  Assistant position, any performance reviews discussing Plaintiff's work while he held the

7  Reliability Change Operating Assistant position, and Plaintiff's own characterization of

8  his work while he held the Reliability Change Operating Assistant position, as discussed

9  in Plaintiff's Personal Experience Record form.

10  **REQUEST FOR PRODUCTION NO. 18:**

11    Any and all communications about or concerning the creation of the Reliability

12  Change Operating Assistant position for Plaintiff.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

14    Defendant hereby incorporates by reference the general objections set forth above.

15  Defendant objects to this request on the grounds that it seeks documents that are not

16  relevant to the subject matter involved in the pending action and disproportionate to the

17  needs of the case.  Defendant objects to this request on the grounds that it is overbroad,

18  unduly burdensome, oppressive and harassing, as it seeks documents that are not related

19  to the subject matter involved in the pending action.  Defendant objects to this request to

20  the extent and as phrased, that it seeks documents that are protected from disclosure by

21  the attorney-client privilege and/or the attorney work product doctrine.  Defendant

22  objects to this request to the extent that it seeks confidential and/or private personnel

23  information of third parties.

24    Subject to and without waiving any of its objections, Defendant responds as

25  follows: Defendant will produce all non-privileged responsive documents to this request,

26  including the offer letter issued to Plaintiff for the Reliability Change Operating Assistant

27  position in its possession, custody or control.

28

-18-

**REQUEST FOR PRODUCTION NO. 19:**

Any and all communications by Dr. Eshiole Asekomeh about or concerning Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendant hereby incorporates by reference the general objections set forth above. Defendant objects to this request on the grounds that it seeks documents that are not relevant to the subject matter involved in the pending action and disproportionate to the needs of the case. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive and harassing, as it seeks documents that are not related to the subject matter involved in the pending action. Defendant objects to this request to the extent and as phrased, that it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving any of its objections, Defendant responds as follows: Defendant will produce all non-privileged responsive documents to this request, including the Expatriate Exam Recommendations form completed by Dr. Asekomeh in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all communications by Dr. Scott Levy about or concerning Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendant hereby incorporates by reference the general objections set forth above. Defendant objects to this request on the grounds that it seeks documents that are not relevant to the subject matter involved in the pending action and disproportionate to the needs of the case. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive and harassing, as it seeks documents that are not related to the subject matter involved in the pending action. Defendant objects to this request to the extent and as phrased, that it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

1    Subject to and without waiving any of its objections, Defendant responds as

2    follows: Defendant will produce all non-privileged responsive documents to this request,

3    including correspondence between Dr. Scott Levy and Plaintiff, correspondence between

4    Dr. Scott Levy and Dr. Sahid Khan (Plaintiff's cardiologist), and correspondence

5    between Dr. Scott Levy and other medical professionals affiliated with Chevron Nigeria

6    Limited in connection with Plaintiff's medical clearance for the Reliability Engineering

7    Manager position in Escravos, Nigeria in its possession, custody or control.

8    **REQUEST FOR PRODUCTION NO. 21:**

9    Any and all communications by anyone in Chevron's Human Resources

10   Department about or concerning Plaintiff from January 1, 2019 to January 1, 2022.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

12   Defendant hereby incorporates by reference the general objections set forth above.

13   Defendant objects to this request on the grounds that it seeks documents that are not

14   relevant to the subject matter involved in the pending action and disproportionate to the

15   needs of the case.  Defendant objects to this request on the grounds that it is overbroad as

16   to subject matter, unduly burdensome, oppressive and harassing, as it seeks documents

17   that are not related to the subject matter involved in the pending action.  Defendant

18   objects to this request to the extent and as phrased, that it seeks documents that are

19   protected from disclosure by the attorney-client privilege and/or the attorney work

20   product doctrine.

21   Subject to and without waiving any of its objections, Defendant responds as

22   follows: Defendant will produce all correspondence and communications between

23   Plaintiff and El Segundo Human Resources personnel concerning Plaintiff's fitness for

24   duty for the Reliability Engineering Manager position in Escravos, Nigeria, and the

25   efforts to find a new position for Plaintiff after the recission of the conditional offer for

26   the Reliability Engineering Manager position in its possession, custody or control.

27   Defendant will also produce a copy of Human Resources' notes of the exit interview with

28   Plaintiff.

**REQUEST FOR PRODUCTION NO. 22:**

Any and all documents reflecting Chevron's Medical Suitability for Expat Assignment ("MSEA") policies in effect in California in 2019.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendant hereby incorporates by reference the general objections set forth above. Defendant objects to this request on the grounds that it seeks documents that are not relevant to the subject matter involved in the pending action and disproportionate to the needs of the case. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive and harassing, as it seeks documents that are not related to the subject matter involved in the pending action. Defendant objects to this request to the extent and as phrased, that it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving any of its objections, Defendant responds as follows: Defendant will produce its Rotational Expatriate Assignments policy and its MSEA Location Clusters Table for the time period of January 1, 2019 through the termination of Plaintiff's employment on August 20, 2021.

Dated: June 5, 2024

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
                 */s/ Tracey A. Kennedy*
TRACEY A. KENNEDY
ROBERT E. MUSSIG
LINDA Z. SHEN
Attorneys for Defendant
CHEVRON U.S.A. INC. a Pennsylvania corporation

**VERIFICATION**

I, _Scott M. Banks_ declare and state:

I am _Assistant Secretary_ of Chevron U.S.A. Inc. ("Chevron"), , a defendant in the action *Mark Snookal v. Chevron U.S.A. Inc*. Case No. 2:23-cv-6302-HDV-AJR filed in the United States District Court for the Central District of California.

I am authorized to sign this verification on behalf of **Chevron**, and I make this verification for that reason.

I have reviewed the foregoing document titled **DEFENDANT CHEVRON USA. INC.'S RESPONSE TO PLAINTIFF MARK SNOOKAL'S REQUEST FOR PRODUCTION, SET ONE**

I am informed and believe that the matters stated therein are true and, on that ground verify such matters are true. I do not believe that any one person at **Chevron** knows all of the matters stated therein, and therefore these responses were prepared with the assistance and advice of employees of, and counsel for, **Chevron,** upon whose assistance and advice I have relied. These responses are limited by the records and information still in existence, presently recollected, and thus far discovered in the course of preparation of these responses. **Chevron** reserves the right to change, or supplement said responses, or to apply for relief to permit insertion of unintentionally omitted matter.

I declare under penalty of perjury of the State of California and the United States of America  that the foregoing is true and correct.

Executed at _San Ramon_, California, on June _5_, 2024.


Name: _Scott M. Banks_

Title: _Assistant Secretary_

DocuSigned by:

*Scott M. Banks*

D3BFFA8D3EBD41C...

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Diego, State of California. My business address is 501 West Broadway, 18th Floor, San Diego, California 92101.

On June 6, 2024, I served true copies of the following document(s) described as **DEFENDANT CHEVRON U.S.A. INC.'S RESPONSE TO PLAINTIFF MARK SNOOKAL'S REQUEST FOR PRODUCTION, SET ONE** on the interested parties in this action as follows:

| | |
|---|---|
| Dolores Y. Leal<br>Olivia Flechsig<br>ALLRED, MAROKO & GOLDBERG<br>6300 Wilshire Blvd. Suite 1500<br>Los Angeles, CA 90048-5217<br>dleal@amglaw.com<br>oflechsig@amglaw.com | Attorneys for Plaintiff<br>MARK SNOOKAL |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address lshen@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 6, 2024, at Los Angeles, California.



_____
Linda Shen

EXHIBIT E

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2  Including Professional Corporations
   TRACEY A. KENNEDY, Cal Bar No. 150782
3  ROBERT E. MUSSIG, Cal. Bar No. 240369
   333 South Hope Street, 43rd Floor
4  Los Angeles, CA 90071-1422
   Telephone:   213.620.1780
5  Facsimile:   213.620.1398
   E-mail:      tkennedy@sheppardmullin.com
6               rmussig@sheppardmullin.com

7  Attorneys for Defendant.
   CHEVRON U.S.A. INC.
8

9                    UNITED STATES DISTRICT COURT

10        CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

11

12

13 | MARK SNOOKAL, an individual,          | Case No. 2:23-cv-6302-HDV-AJR
   |                                       |
14 |             Plaintiff,                | **DEFENDANT CHEVRON USA, INC.'S RESPONSES TO PLAINTIFF MARK SNOOKAL'S REQUESTS FOR PRODUCTION (SET 2)**
   |       vs.                             |
15 |                                       |
   | CHEVRON USA, INC., a California       | Action Filed: August 3, 2023
16 | Corporation, and DOES 1 through 10,   | Trial Date: February 4, 2025
   | inclusive,                            |
17 |                                       |
   |             Defendants.               |
18

19

20 PROPOUNDING PARTY:   PLAINTIFF, MARK SNOOKAL

21 RESPONDING PARTY:    DEFENDANT, CHEVRON USA, INC.

22 SET NO.:             TWO

23 NUMBERS:             28-40

24

25

26

27

28

SMRH:4854-9561-4163.1    DEFENDANT CHEVRON USA, INC.'S RESPONSES TO PLAINTIFF MARK SNOOKAL'S
                         REQUESTS FOR PRODUCTION (SET 2)

Pursuant to Federal Rule of Civil Procedure Rule 34, Defendant CHEVRON U.S.A. INC. a Pennsylvania corporation ("Defendant" or "CHEVRON U.S.A. INC.") for itself and no other party, hereby objects and responds to the Request for Production of Documents, Set No. One ("Requests") served by Plaintiff MARK SNOOKAL ("Plaintiff"), as set forth below.

## PRELIMINARY STATEMENT

These responses are made solely for purposes of this action. Each response and/or production is subject to all objections as to competence, relevance, materiality, confidentiality, propriety, admissibility, privilege, privacy, propriety information, trade secrets and the like, and any and all other objections and grounds which would require the exclusion of any statements contained herein, if such statements were made by a witness present and testifying at court, all of which objections and grounds are reserved and may be interposed at the time of trial.

Defendant has not yet completed its investigation of the facts relating to this case, has not fully completed discovery in this matter, and has not fully completed preparation for trial. Accordingly, all of the following responses are based upon information and documents presently available to and specifically known to Defendant at this time. Furthermore, these responses disclose only those contentions that presently occur to Defendant.  Defendant is not making any incidental or implied admissions regarding the contents of these documents. The fact that Defendant has responded or objected to any Request or part thereof should not be taken as an admission that Defendant accepts or admits the existence of any fact set forth or assumed by Plaintiff's Request, or that such response or objection constitutes admissible evidence. The fact that Defendant has answered part or all of any Request is not intended and shall not be construed to be a waiver by Defendant of all or any part of any objections to any Request.

It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts and add meaning to the known facts as well as

establish entirely new factual contentions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the responses set forth herein. These responses are given without prejudice to Defendant's rights to produce evidence of any subsequently discovered facts or documents and/or tangible things that Defendant may later discover or recall. Accordingly, Defendant hereby reserves the right to add to, modify or otherwise change or amend the responses herein as additional facts are ascertained, analysis and contentions are made, and legal research is completed.  The responses contained herein are made in a good faith effort to supply as much factual information and specification of legal contentions as is presently known, but should in no way be to the prejudice of Defendant in relation to further discovery, research or legal analysis.

To the extent that the Request calls for information which was prepared in anticipation of litigation for trial or for information or material covered by the work product doctrine, or which constitutes information which is privileged or related to confidential trade secrets or the privilege of privacy (including the freedom of association and financial privacy), Defendant objects to responding to such Request and thus will not supply nor render any information or documents protected from discovery by virtue of the work product doctrine, the attorney client privilege, or the trade secret or privacy privilege.

This preliminary statement is incorporated herein by reference to each of the responses below as if stated in full.

## **GENERAL OBJECTIONS**

1.    Defendant objects to each and every Request to the extent it seeks information privileged against disclosure by the attorney-client privilege and/or attorney work-produce doctrine. No response, identification, or production should be construed as a waiver of either the attorney-client privilege or attorney work-product doctrine.

2.      Defendant objects to each and every Request to the extent it seeks information that is confidential, proprietary, or a business or trade secret.

3.      Defendant objects to each and every Request to the extent it seeks information pertaining to a non-party that is protected from disclosure by, among other things, the California Constitution's right of privacy and other privacy privileges.

4.      In responding to the following Requests, Defendant does not concede the relevance or materiality of any such area of inquiry or document request to the subject matter of this litigation.

5.      Inadvertent production of privileged information by Defendant shall not constitute a waiver of any applicable privilege or doctrine, including but not limited to objections on the basis of competency, confidentiality, relevancy, materiality, privilege and/or admissibility of evidence as such objections may apply at trial or otherwise in this action.

6.      Defendant objects to each and every Request to the extent it is overbroad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including, without limitation, on the grounds that a Request lacks reasonable date or time parameters.

7.      Defendant objects to each and every Request to the extent it is vague, ambiguous, and/or unintelligible.

8.      Defendant objects to each and every Request to the extent the requested information or documents are available from other sources and/or from other means.

Each of the foregoing general objections is hereby incorporated by reference into each specific objection to each Request as if separately stated therein.

**RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 28:**

Produce all documents reflecting communications which refer or relate to Plaintiff Mark Snookal, made by any one of the persons identified in YOUR response to Plaintiff's Interrogatory No. 1.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Defendant hereby incorporates by reference the general objections set forth above. Defendant objects to this request on the grounds that it seeks documents that are not relevant to the subject matter involved in the pending action and disproportionate to the needs of the case. Defendant objects to this request to the extent and as phrased, that it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendant objects to this request to the extent that it seeks confidential and/or proprietary business information.

Subject to and without waiving any of its objections, Defendant responds as follows: Defendant has produced all responsive documents to this request in its possession, custody and control, which include all documents from Human Resources, medical professionals, and all medical documents and communications.

**REQUEST FOR PRODUCTION NO. 29:**

For each person identified in YOUR response to Plaintiff's Interrogatory No. 1, produce all documents reflecting the "discussions" and/or "information" provided "in connection with the decision to declare Plaintiff Mark Snookal 'not fit'" for duty for the Reliability Engineering Manager position in Escravos, Nigeria.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendant hereby incorporates by reference the general objections set forth above. Defendant objects to this request on the grounds that it seeks documents that are not relevant to the subject matter involved in the pending action and disproportionate to the needs of the case. Defendant objects to this request to the extent and as phrased, that it

1  seeks documents that are protected from disclosure by the attorney-client privilege and/or

2  the attorney work product doctrine.  Defendant objects to this request to the extent that it

3  seeks confidential and/or proprietary business information.

4       Subject to and without waiving any of its objections, Defendant responds as

5  follows:  Defendant has produced all responsive documents to this request in its

6  possession, custody and control, which include all documents from Human Resources,

7  and all medical documents and communications regarding Plaintiff.

8

9  **REQUEST FOR PRODUCTION NO. 30:**

10      For each person identified in YOUR response to Plaintiff's Interrogatory No. 1,

11  produce their current Curriculum Vitae ("CV") and resume.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

13      Defendant hereby incorporates by reference the general objections set forth above.

14 Defendant objects to this request on the grounds that it seeks documents that are not

15 relevant to the subject matter involved in the pending action and disproportionate to the

16 needs of the case.

17      Subject to and without waiving any of its objections, Defendant responds as

18 follows:  After a diligent search and reasonable inquiry, Defendant has no responsive

19 document in its possession, custody or control.

20 **REQUEST FOR PRODUCTION NO. 31:**

21      Produce all documents reflecting communications which refer or relate to Plaintiff

22 Mark Snookal, made by any one of the persons identified in YOUR response to

23 Plaintiff's Interrogatory No. 2.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

25      Defendant hereby incorporates by reference the general objections set forth above.

26 Defendant objects to this request on the grounds that it seeks documents that are not

27 relevant to the subject matter involved in the pending action and disproportionate to the

28

-6-

1  needs of the case, because the request lacks any subject matter or time frame.  Defendant

2  objects to this request to the extent and as phrased, that it seeks documents that are

3  protected from disclosure by the attorney-client privilege and/or the attorney work

4  product doctrine.  Defendant objects to this request to the extent that it seeks confidential

5  and/or proprietary business information.  Defendant objects to this request on the grounds

6  that the term "YOU" is overbroad.

7  **REQUEST FOR PRODUCTION NO. 32:**

8      Any and all documents reflecting Plaintiff Mark Snookal's job applications to any

9  job with YOU from January 1, 2019 to the present.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

11      Defendant hereby incorporates by reference the general objections set forth above.

12  Defendant objects to this request on the grounds that it seeks documents that are not

13  relevant to the subject matter involved in the pending action and disproportionate to the

14  needs of the case.  Defendant objects to this request to the extent and as phrased, that it

15  seeks documents that are protected from disclosure by the attorney-client privilege and/or

16  the attorney work product doctrine.  Defendant objects to this request to the extent that it

17  seeks confidential and/or proprietary business information.

18      Subject to and without waiving any of its objections, Defendant responds as

19  follows:  Defendant has produced all responsive documents to this request in its

20  possession, custody and control, which include all documents and communications from

21  Human Resources.

22

23  **REQUEST FOR PRODUCTION NO. 33:**

24      Any and all documents reflecting Chevron's policies, procedures, and/or best

25  practices for investigating complaints of discrimination in California from January 1,

26  2019 through January 1, 2022.

27

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

2      Defendant hereby incorporates by reference the general objections set forth above.

3  Defendant objects to this request on the grounds that it seeks documents that are not

4  relevant to the subject matter involved in the pending action and disproportionate to the

5  needs of the case.  Defendant objects to this request to the extent and as phrased, that it

6  seeks documents that are protected from disclosure by the attorney-client privilege and/or

7  the attorney work product doctrine.  Defendant objects to this request to the extent that it

8  seeks confidential and/or proprietary business information.

9      Subject to and without waiving any of its objections, Defendant responds as

10  follows:  Defendant has produced all responsive documents to this request in its

11  possession, custody and control, which include all documents from Human Resources

12  regarding policies and procedures and the employee handbooks.

13  **REQUEST FOR PRODUCTION NO. 34:**

14      Any and all documents reflecting Chevron's policies, procedures, and/or best

15  practices for providing disability accommodations in California from January 1, 2019

16  through January 1, 2022.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

18      Defendant hereby incorporates by reference the general objections set forth above.

19  Defendant objects to this request on the grounds that it seeks documents that are not

20  relevant to the subject matter involved in the pending action and disproportionate to the

21  needs of the case.  Defendant objects to this request to the extent and as phrased, that it

22  seeks documents that are protected from disclosure by the attorney-client privilege and/or

23  the attorney work product doctrine.  Defendant objects to this request to the extent that it

24  seeks confidential and/or proprietary business information.

25      Subject to and without waiving any of its objections, Defendant responds as

26  follows:  Defendant has produced all responsive documents to this request in its

27

28

SMRH:4854-9561-4163.1                DEFENDANT CHEVRON USA, INC.'S RESPONSES TO PLAINTIFF MARK SNOOKAL'S
REQUESTS FOR PRODUCTION (SET 2)

possession, custody and control, which include all documents from Human Resources regarding policies and procedures and the employee handbooks.

**REQUEST FOR PRODUCTION NO. 35:**

For each person identified in YOUR response to Plaintiff's Interrogatory No. 12, produce their current Curriculum Vitae ("CV") and resume.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Defendant hereby incorporates by reference the general objections set forth above. Defendant objects to this request on the grounds that it seeks documents that are not relevant to the subject matter involved in the pending action and disproportionate to the needs of the case.   Defendant objects to this request to the extent and as phrased, that it seeks documents that are private and confidential personnel records of third parties.

**REQUEST FOR PRODUCTION NO. 36:**

Any and all job application materials, including but not limited to GO-400-2 forms, resumes, cover letters, references, interest forms, etcetera, submitted by any applicant for the El Segundo Operating Assistant position YOU identified in response to Plaintiff's Interrogatory No. 4.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Defendant hereby incorporates by reference the general objections set forth above. Defendant objects to this request on the grounds that it seeks documents that are not relevant to the subject matter involved in the pending action and disproportionate to the needs of the case.  Defendant objects to this request to the extent and as phrased, that it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendant objects to this request to the extent that it seeks confidential and/or proprietary business information.  Defendant objects to this

request on the ground it seeks documents that are private and confidential personnel records of third parties.

**REQUEST FOR PRODUCTION NO. 37:**

Any and all job application materials, including but not limited to GO-400-2 forms, resumes, cover letters, references, interest forms, etcetera, submitted by any applicant for the El Segundo Routine Maintenance General Team Lead position YOU identified in response to Plaintiff's Interrogatory No. 4.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Defendant hereby incorporates by reference the general objections set forth above. Defendant objects to this request on the grounds that it seeks documents that are not relevant to the subject matter involved in the pending action and disproportionate to the needs of the case. Defendant objects to this request to the extent and as phrased, that it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendant objects to this request to the extent that it seeks confidential and/or proprietary business information. Defendant objects to this request on the ground it seeks documents that are private and confidential personnel records of third parties.

**REQUEST FOR PRODUCTION NO. 38:**

Any and all job application materials, including but not limited to GO-400-2 forms, resumes, cover letters, references, interest forms, etcetera, submitted by any applicant for the El Segundo Maintenance Change Operating Assistant position YOU identified in response to Plaintiff's Interrogatory No. 4.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Defendant hereby incorporates by reference the general objections set forth above. Defendant objects to this request on the grounds that it seeks documents that are not relevant to the subject matter involved in the pending action and disproportionate to the needs of the case. Defendant objects to this request to the extent and as phrased, that it

-10-

1  seeks documents that are protected from disclosure by the attorney-client privilege and/or

2  the attorney work product doctrine.  Defendant objects to this request to the extent that it

3  seeks confidential and/or proprietary business information.  Defendant objects to this

4  request on the ground it seeks documents that are private and confidential personnel

5  records of third parties.

6  **REQUEST FOR PRODUCTION NO. 39:**

7       Documents sufficient to reflect the extent to which the Reliability Engineering

8  Manager position in Escravos, Nigeria was modified or eliminated due to the COVID-19

9  pandemic.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

11       Defendant hereby incorporates by reference the general objections set forth

12  above.  Defendant objects to this request on the grounds that it seeks documents that are

13  not relevant to the subject matter involved in the pending action and disproportionate to

14  the needs of the case.  Defendant objects to this request on the grounds that it is

15  overbroad, unduly burdensome, oppressive and harassing, as it seeks documents that are

16  not related to the subject matter involved in the pending action and seeks documents that

17  demonstrate or prove a negative.  Defendant objects to this request to the extent and as

18  phrased, that it seeks documents that are protected from disclosure by the attorney-client

19  privilege and/or the attorney work product doctrine.  Defendant objects to this request to

20  the extent that it seeks confidential and/or proprietary business information.

21  **REQUEST FOR PRODUCTION NO. 40:**

22       Documents sufficient to reflect the extent to which the Reliability Engineering

23  Manager position in Escravos, Nigeria was restructured or eliminated any time after

24  January 1, 2019.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

26       Defendant hereby incorporates by reference the general objections set forth

27  above.  Defendant objects to this request on the grounds that it seeks documents that are

28

-11-

not relevant to the subject matter involved in the pending action and disproportionate to the needs of the case.  Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive and harassing, as it seeks documents that are not related to the subject matter involved in the pending action and seeks documents that demonstrate or prove a negative.  Defendant objects to this request to the extent and as phrased, that it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendant objects to this request to the extent that it seeks confidential and/or proprietary business information.

Dated:  August 12, 2024

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
TRACEY A. KENNEDY
ROBERT E. MUSSIG
Attorneys for Defendant
CHEVRON U.S.A. INC.

-12-

## PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles, State of California.  My business address is 333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

On August 12, 2024, I served true copies of the following document(s) described as **DEFENDANT CHEVRON USA, INC.'S RESPONSES TO PLAINTIFF MARK SNOOKAL'S REQUESTS FOR PRODUCTION (SET 2)** on the interested parties in this action as follows:

Dolores Y. Leal                                    Attorneys for Plaintiff,
Olivia Flechsig                                    MARK SNOOKAL
ALLRED, MAROKO & GOLDBERG
6300 Wilshire Blvd. Suite 1500
Los Angeles, CA 90048-5217
dleal@amglaw.com;
oflechsig@amglaw.com

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address bdelacruz@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 12, 2024, at Los Angeles, California.

_____
Beannette De La Cruz

-13-