# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-06302-HDV-AJR | Date | April 28, 2025 |
|---|---|---|---|
| Title | Mark Snookal v. Chevron USA, Inc., et al. | | |

| Present: | Hon. A. Joel Richlin, U.S. Magistrate Judge | |
|---|---|---|
| | Claudia Garcia-Marquez | CS 4/28/2025 |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys for Plaintiff(s): | Attorneys for Defendant(s): |
| | Dolores Y. Leal<br>Olivia Joy Flechsig | Sarah Fan<br>Robert E. Mussig, Jr |

**Proceedings:**   MINUTES OF INFORMAL DISCOVERY VIDEOCONFERENCE

On April 28, 2025, the Court held an informal discovery conference to discuss certain discovery disputes. Based on the discussion with the parties, the Court ordered as follows:

**Redacted Documents:** Defendants produced CUSA0001359 and CUSA0001409-1412 with redactions that relate to third-party employees of Chevron entities. Defendant redacted these documents which are internal emails to protect employee privacy rights. The Court generally thinks that the stipulated protective order in the case is sufficient to protect third-party employee privacy rights with regard to this very limited set of emails. However, the Court will permit Defendant to submit the unredacted version of these emails to the Court for *in camera* review by Friday May 2, 2025. Defendant may also (but is not required to) file a short brief if it wants to make any specific argument about why it should not be required to produce these emails without redaction or why it should be permitted to keep specific language in the emails redacted. Defendant will need to address why the stipulated protective order is insufficient to protect employee privacy rights. Any brief filed by Defendant on this issue must be filed by the end of the day on Friday May 2, 2025. If Defendant files a brief on this issue, Plaintiff may (but is not required to) file an optional response by the end of the day on May 5, 2025. The Court will then take the matter under submission and issue a ruling on whether Defendant must produce this limited set of emails without redaction.

**Documents Related to Chevron's Consideration of Plaintiff and Other Candidates for Positions in El Segundo:** After Plaintiff was denied the position in Nigeria, he applied for three positions in El Segundo. Plaintiff seeks documents related to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-06302-HDV-AJR | Date | April 28, 2025 |
|---|---|---|---|
| Title | Mark Snookal v. Chevron USA, Inc., et al. | | |

Chevron's consideration of other candidates for the El Segundo positions, arguing that the documents are relevant to Plaintiff's constructive termination claim because a jury could find that the individuals ultimately hired for these positions were less qualified than Plaintiff. However, Defendant persuasively argues, with support from the transcript of Plaintiff's deposition, that Plaintiff admitted at deposition that the individuals ultimately hired for the El Segundo positions were not less qualified than Plaintiff. Indeed, Plaintiff admitted that he does not have a college degree and the individuals who were ultimately hired for these positions do have college degrees. Plaintiff further admitted that a college degree is relevant to these job positions and that it is not illegal for Chevron to favor candidates with college degrees over those who do not have college degrees. At most, Plaintiff contended in his deposition that he was equally qualified for the position as the person who was ultimately hired and did have a college degree. Therefore, Plaintiff's testimony makes clear that he does not contend the individuals ultimately hired were less qualified.

Based on this record, the Court concludes that documents and communications wholly related to candidates for the El Segundo positions other than Plaintiff are not proportional to the needs of the case. By contrast, the Court concludes that Plaintiff is entitled to all documents and communications related to Chevron's consideration of Plaintiff for the El Segundo positions. The Court directs Defendant to produce all non-privileged documents and communications related to Chevron's consideration of Plaintiff for the El Segundo positions by May 5, 2025, or to confirm in writing that it has already done so. The Court also notes that it has not yet given the parties the opportunity for formal briefing on this issue. Therefore, if Plaintiff wants to dispute the Court's ruling on this issue, he can file a motion to compel by the end of the day on Friday May 2, 2025, and Defendant will have until the end of the day on May 7, 2025 to file an opposition. However, the Court notes that if Plaintiff chooses to file a motion to compel and the Court denies the motion, it may be required to award expense reimbursement under Federal Rule of Civil Procedure 37.

**Documents Sufficient to Show Chevron USA's Relationship with Chevron Nigeria:** Plaintiff's counsel clarified that they are seeking evidence of the corporate separateness of Chevron USA and Chevron Nigeria, as well as the way the two entities function with regard to certain hiring functions. Defense counsel believes it may have already provided some of this evidence in prior discovery responses. The Court directs the parties to meet and confer on this issue such that defense counsel identifies any discovery responses where it believes this information is provided and Plaintiff's counsel clarifies what additional information it believes is missing. Defendant will then have the option to

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-06302-HDV-AJR | Date | April 28, 2025 |
|---|---|---|---|
| Title | Mark Snookal v. Chevron USA, Inc., et al. | | |

provide any missing information by producing documents such as a contract or agreement between the two entities, or providing a declaration attesting to the information under penalty of perjury. The parties shall provide an email update to the Court on this issue by the end of the day on Friday May 2, 2025.

**April 25, 2025 Document Production:** As to the documents that Defendant agreed to produce, the Court ordered Defendant to complete its production by April 25, 2025. Plaintiff's counsel reports that Defendant indeed produced a voluminous number of documents on April 25, 2025, but that counsel has concerns as to completeness and the privilege log. The Court directs the parties to first meet and confer amongst themselves to see if they can narrow the dispute, and then provide an update to the Court by email as to whether there is any remaining dispute. The Court will schedule a further informal discovery conference as needed based on the email update from the parties. Plaintiff's counsel also reminded the Court that they want to seek monetary sanctions related to Defendant's discovery conduct. The Court will discuss this with the parties after they meet and confer regarding the April 25, 2025 document production and privilege log, since the issues are related.

IT IS SO ORDERED.

00:57