# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-06302-HDV-AJR | Date | May 5, 2025 |
|---|---|---|---|
| Title | Mark Snookal v. Chevron USA, Inc., et al. | | |

| Present: | Hon. A. Joel Richlin, U.S. Magistrate Judge |
|---|---|

| Claudia Garcia-Marquez | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys for Plaintiff(s): | Attorneys for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:**        ORDER REGARDING DISCOVERY DISPUTES

On April 28, 2025, the Court held an informal discovery conference to discuss certain discovery disputes.  The Court then issued initial guidance and directions.  The parties have met and conferred and provided updates by email.  The Court issues the following Order to memorialize what has occurred and the further steps that are required.

**Redacted Documents:**  Defendants produced CUSA0001359 and CUSA0001409-1412 with redactions that relate to third-party employees of Chevron entities.  Defendant redacted these documents which are internal emails to protect employee privacy rights.  The Court advised that it was inclined to order production of these emails without redaction because the Stipulated Protective Order was sufficient to protect third-party employee privacy rights.  However, the Court permitted Defendant to submit the unredacted version of these emails to the Court for *in camera* review and submit a brief arguing why Defendant should be permitted to keep specific language in the emails redacted.

On May 2, 2025, Defendant submitted the unredacted version of these emails for *in camera* review and agreed to produce these emails without redaction subject to the confidentiality provisions of the Stipulated Protective Order.  The Court has also reviewed the unredacted emails and agrees that they are appropriate for production without redaction subject to the confidentiality provisions of the Stipulated Protective Order.  Once these emails are produced, no further action is required by Defendant on this issue.

**Documents Related to Chevron's Consideration of Plaintiff and Other Candidates for Positions in El Segundo:**  Based on Plaintiff's own deposition testimony, the Court concluded that documents and communications wholly related to candidates for the El Segundo positions other than Plaintiff were not proportional to the

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-06302-HDV-AJR | Date | May 5, 2025 |
|---|---|---|---|
| Title | Mark Snookal v. Chevron USA, Inc., et al. | | |

needs of the case. By contrast, the Court concluded that Plaintiff was entitled to all documents and communications related to Chevron's consideration of Plaintiff for the El Segundo positions. Therefore, the Court directed Defendant to produce all non-privileged documents and communications related to Chevron's consideration of Plaintiff for the El Segundo positions by May 5, 2025, or to confirm in writing that it has already done so.

However, the Court had not given the parties the opportunity for formal briefing on this issue. Therefore, the Court permitted Plaintiff until the end of the day on May 2, 2025 to file a motion to compel seeking a broader scope of documents if Plaintiff wanted to dispute the Court's ruling on this issue. Plaintiff declined to file such a motion and therefore the Court's prior ruling stands.

**Documents Sufficient to Show Chevron USA's Relationship with Chevron Nigeria:** The Court directed the parties to meet and confer on this issue such that defense counsel identify any discovery responses where it believed this information had been provided and Plaintiff's counsel clarify what additional information it believes was still missing. The Court advised that Defendant should have the option to provide any missing information by producing documents such as a contract or agreement between the two entities, or providing a declaration attesting to the information under penalty of perjury. The parties have now met and conferred and updated the Court by email that they reached agreement on additional information that Defendant will provide (which will include a supplemental response to Plaintiff's RFP No. 26). The Court appreciates the parties' efforts to informally resolve this dispute. Defendant shall provide the supplemental information agreed to (including any supplemental discovery response agreed to) no later than May 19, 2025. If Defendant needs more time, it can submit a request for an extension based on good cause. Absent an extension, failure to meet this deadline will subject Defendant to sanctions.

IT IS SO ORDERED.