1  DOLORES Y. LEAL (134176)
   OLIVIA FLECHSIG (334880)
2  ALLRED, MAROKO & GOLDBERG
3  6300 Wilshire Blvd. Suite 1500
   Los Angeles, CA 90048-5217
4  (323) 653-6530
   dleal@amglaw.com
5  oflechsig@amglaw.com

6

7  **Attorneys for Plaintiff MARK SNOOKAL**

8
                    UNITED STATES DISTRICT COURT
9
                 FOR THE CENTRAL DISTRICT OF CALIFORNIA
10

11 | MARK SNOOKAL, an individual, | ) CASE NO.: 2:23-cv-6302-HDV-AJR
12 |                              | )
   |                              | )
13 |          Plaintiff,          | ) **PLAINTIFF MARK SNOOKAL'S**
   |                              | ) **STATUS REPORT RE: DISCOVERY**
14 |                              | ) **DISPUTES**
   |     vs.                      | )
15 |                              | )
   |                              | ) District Judge: Hon. Hernan D. Vera
16 | CHEVRON USA, INC., a California | ) Magistrate Judge: Hon. A. Joel Richlin
17 | Corporation, and DOES 1 through 10, | ) Action Filed: August 3, 2023
   | inclusive,                   | ) Trial Date: August 19, 2025
18 |                              | )
   |                              | )
19 |                              | )
   |          Defendants.         | )
20

---

1
PLAINTIFF MARK SNOOKAL'S STATUS REPORT RE: DISCOVERY DISPUTES

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to the Honorable Judge A. Joel Richlin's May 20, 2025 Order Directing Parties to File a Status Report Re: Discovery Disputes (Dkt 57), Plaintiff Mark Snookal, by and through his counsel of record, respectfully submits the following status report regarding the status of Parties' discovery disputes.[1]

### I.    Status of Parties' Compliance with the Court's Discovery Orders

On April 9, 2025, the Court ordered that, following meet and confer efforts to identify categories of documents still missing from Defendant's production, "[a]ny documents agreed to be produced must be produced by Defendant no later than April 25, 2025." (Dkt 51.)

On April 28, 2025, during Parties further Informal Discovery Conference, Ms. Fan represented to the Court that Defendant had completed its document production in compliance with the Court's order.[2] Nonetheless, on May 5, 2025, Ms. Fan emailed that after Defendant "reviewed Defendant's supplemental document production and realized that the job descriptions for Drs. Adeyeye, Akintunde, and Asekomeh, and the CV for Dr. Asekomeh, were contained in a different review folder and were inadvertently not included in the production. . ." Along with this May 5, 2025 email, Defendant produced new documents bates stamped as CUSA0002774-2834 which included the listed job descriptions, CV, and various cardiology studies produced for the first time.

Plaintiff reserves all of his rights with respect to these discovery matters, including the right to seek sanctions against Defendant and its counsel, as may be appropriate, for the

---

[1] We note that we declined to submit a joint report with Defendant only because they first offered to do so at 1:00 pm today. This was after our report was substantially completed, and we were not immediately available to meet and confer about it over the phone this afternoon.

[2] The Court's April 28, 2025 Minutes of Informal Discovery Videoconference r notes in relevant part that "the Court ordered Defendant to complete its production by April 25, 2025. Plaintiff's counsel reports that . . . counsel has concerns as to completeness and the privilege log." (Dkt. 53.)

repeated, substantial delays throughout the discovery process.

Based upon the representations of Defendant and its counsel that it has finished supplementing its various responses, it appears that Defendant has substantially complied with the Court's Order's regarding discovery, except as noted above.

## II.     Status of Outstanding Disputes

On May 2, 2025, Parties' respective counsel (Olivia Flechsig for Plaintiff, and Sarah Fan for Defendant) met and conferred over the phone regarding a handful outstanding discovery disputes.

The only still-outstanding dispute relates to Defendant's privilege log produced on April 25, 2025. Specifically, three entries marked as PRIVID-0005, 0006, and 0081 involve communications between non-attorney, percipient witnesses. Yet, Defendant has claimed these documents have been withheld because they are attorney-client privileged communications. During the May 2, 2025 call, we reached impasse on this issue, and Ms. Fan said she would follow up with authorities supporting Defendant's position. We have not yet received these authorities to date.

DATED: May 27, 2025                    ALLRED, MAROKO & GOLDBERG

By: _____
DOLORES Y. LEAL
OLIVIA FLECHSIG
Attorneys for Plaintiff,
**MARK SNOOKAL**