1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2  Including Professional Corporations
   TRACEY A. KENNEDY, Cal Bar No. 150782
3  ROBERT E. MUSSIG, Cal. Bar No. 240369
   H. SARAH FAN, Cal. Bar No. 328282
4  350 South Grand Avenue, 40th Floor
   Los Angeles, CA 90071-3460
5  Telephone:  213.620.1780
   Facsimile:  213.620.1398
6  E-mail:     tkennedy@sheppardmullin.com
               rmussig@sheppardmullin.com
7              sfan@sheppardmullin.com

8  Attorneys for Defendant.
   CHEVRON U.S.A. INC.,
9  a Pennsylvania corporation

10

11                UNITED STATES DISTRICT COURT

12      CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

13  MARK SNOOKAL, an individual,        Case No. 2:23-cv-6302-HDV-AJR

14              Plaintiff,              **DEFENDANT CHEVRON U.S.A.,
                                        INC.'S MEMORANDUM OF POINTS
15      vs.                             AND AUTHORITIES IN SUPPORT OF
                                        MOTION IN LIMINE NO. 1 TO
16  CHEVRON USA, INC., a California     EXCLUDE EVIDENCE OR
    Corporation, and DOES 1 through 10, TESTIMONY OF ANY SUBJECTIVE
17  inclusive,                          OPINION OR BELIEF BY PLAINTIFF
                                        REGARDING HIS PAST OR FUTURE
18              Defendants.             ECONOMIC DAMAGES**

19

20                                      Date:   July 29, 2025
                                        Time:   10:00 a.m.
21                                      Place:  Courtroom 5B – Fifth Floor

22                                      District Judge: Hon. Hernán De. Vera
                                        Magistrate Judge: Hon. A. Joel Richlin
23
                                        Action Filed: August 3, 2023
24                                      Trial Date: August 19, 2025

25

26

27

28

**TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on Tuesday, July 29, 2025 at 10:00 a.m., or as soon thereafter as counsel may be heard in the courtroom of the Honorable Hernán D. Vera, located in the First Street U.S. Courthouse, Courtroom 5B, 350 West 1st Street, Los Angeles, California 90012, Defendant Chevron U.S.A. Inc., a Pennsylvania corporation ("Chevron U.S.A.") will move and hereby does move for an order barring Plaintiff Mark Snookal ("Plaintiff") from introducing the subjective opinions and beliefs of Plaintiff and his witnesses regarding Plaintiff's past and future economic damages pursuant to Federal Rules of Evidence 402, 403, 701 and 702.

This motion is made following the conference of counsel pursuant to C.D. Cal. Local Rule 7-3, which took place on June 17, 2025, and in writing on June 19, 2025.

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Robert Mussig, all pleadings, papers and other documentary materials in the Court's file for this action, those matters of which this Court may or must take judicial notice, and such other matters as this Court may consider in connection with the hearing on this matter.

Dated:  July 1, 2025

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
                    */s/ Tracey A. Kennedy*
                    TRACEY A. KENNEDY
                    ROBERT E. MUSSIG
                    H. SARAH FAN
                    Attorneys for Defendant
                    CHEVRON U.S.A. INC.,
                    a Pennsylvania Corporation

## I.    INTRODUCTION

Pursuant to Federal Rules of Evidence 402, 403, 701 and 702, the Court should exclude the introduction of subjective opinions and beliefs of Plaintiff Mark Snookal ("Plaintiff") and his witnesses regarding Plaintiff's past and future economic damages— namely, his belief that he would have remained in the Reliability Engineering Manager ("REM") position in Escravos for the entire 3 to 4 year duration of the expatriate assignment and/or that he would have remained in that position or an equivalent position until his retirement.  The reason such evidence should be excluded in this particular case is because such opinions or belief have no basis in fact.  Plaintiff admitted that there is no guarantee that he would have been reselected for the REM position after the assignment ended, and there is no guarantee that he would have found another, equivalent expatriate assignment.  Additionally, there is no guarantee that Plaintiff would have remained in the REM position for the entire duration of the assignment.  The REM position was subject to reselection as part of a wide-scale reorganization in or around the end of 2020, and the employee who assumed the REM position after Plaintiff's offer was rescinded did not remain in the position past January 2021.  As such, any subjective opinions, beliefs, or speculation that Plaintiff would have continued in the REM position past January 2021 should be excluded.

## II.    RELEVANT FACTUAL BACKGROUND

Plaintiff was hired by Chevron U.S.A. on January 12, 2009, as an Analyzer Engineer.  Beginning in or about November 2016, Plaintiff was promoted to the position of Instrumentation, Electrical, and Analyzer Reliability ("IEAR") Team Lead in the Reliability subgroup of the Maintenance department, with Pay Salary Grade 22 (earning approximately $141,100 base salary).  In or around May 2019, Plaintiff applied for and ultimately received an offer for an expatriate assignment as a Reliability Engineering Manager ("REM") position in Escravos, Nigeria, with an assignment duration of 3-4 years.  After Plaintiff failed to clear the Medical Suitability for Expat Assignment ("MSEA") fitness for duty examination, the offer for the REM position was rescinded on

or about September 4, 2019.

On or about August 4, 2021, Plaintiff voluntarily resigned from his employment with Chevron U.S.A., effective August 20, 2021, for the stated reason that he was leaving for an opportunity with significantly increased responsibility. The evidence at trial will show that from September 2019 through the date of his resignation, Plaintiff never experienced a decrease in his compensation or benefits.

The evidence will show that Plaintiff started his employment as a E/I Maintenance Superintendent at Nippon Dynawave Packaging Co. ("Nippon Dynawave") in Longview, Washington on or about September 6, 2021, with a base pay of $150,000 and an annual incentive target of 20% of his base, as well as equivalent health insurance benefits, 401(k) plan, vacation, and relocation benefits. After resigning from Nippon Dynawave effective August 25, 2023, Plaintiff started employment as an Electrical Superintendent at Georgia-Pacific Wauna LLC ("Georgia-Pacific") on September 1, 2023, earning a base salary of $180,000 with eligibility for performance pay, as well as equivalent health insurance benefits, 401(k) plan, and vacation benefits.

In calculating Plaintiff's alleged economic damages, Plaintiff's economics expert, Dr. Charles L. Baum, assumed, without any factual support or rationale, that Plaintiff would have been promoted to Pay Salary Grade 23 "after no more than 6 months" after the position was expected to begin on August 1, 2019. Mussig Decl., ¶ 4, Ex. C [Baum Report] at p. 2, no. 7. This assumption is based on information Dr. Baum received from Plaintiff and his counsel. Plaintiff testified during deposition that he believed Chevron U.S.A. had a policy against keeping employees at a lower Pay Salary Grade than the position they held was graded for more than 6-12 months, and that he believed he "might" have been moved up to Pay Salary Grade 23 after working six months in Escravos. Mussig Decl., ¶ 2, Ex. A [Pl. Dep. Tr.] at 265:16-266:5. However, Plaintiff also admitted that no one had told him he would advance to Pay Salary Grade 23 after he assumed the REM position in Escravos. *Id.* at 272:20-23.

Additionally, Dr. Baum's economic damages calculations assume, again without

-4-

1  any factual basis, or based on any reliable rationale, that if Plaintiff assumed the REM

2  position in Escravos, with an assignment duration of 3-4 years, that Plaintiff would

3  continue in that position or maintained some other position with the same compensation.

4  Mussig Decl., ¶ 3, Ex. B [Baum Dep. Tr.] at 22:10-23:9.  However, Plaintiff admitted

5  that there was no guarantee he would have gotten the assignment again after it ended.

6  Mussig Decl., ¶ 2, Ex. A [Pl. Dep. Tr.] at 271:8-24.  The evidence at trial will show that

7  between March 2020 and June 2020, the individual who assumed the REM position after

8  Plaintiff's offer was rescinded, Amir Zaheer, was kept home from the assignment due to

9  COVID-related travel restrictions in Nigeria.  Subsequently, due to an internal

10  reorganization, the REM position was subject to reselection, and beginning in or around

11  January 2021, another employee, Cesar Malpica, assumed the REM position.

12  **III.  ARGUMENT**

13      A.  **Statements of Belief Constitute Improper Lay Opinion Testimony
          Under FRE 702.**

14

15      Federal Rule of Evidence ("FRE") 701 sets the requirements for lay opinion

16  testimony, which require generally that a witness have personal knowledge of the matter

17  forming the basis of the opinion, a rational connection between the opinion and the facts

18  upon which it is based, and the opinion or inference must be helpful to the trier of fact in

19  either understanding the testimony or in determining a fact in issue.  In order for Plaintiff

20  or any other lay witness to offer an opinion as to the extent of Plaintiffs alleged economic

21  damages, firsthand knowledge and expertise regarding the calculation of such damages is

22  necessary.  Fed. R. Evid. 701.  Plaintiff cannot establish that he or any of his witnesses

23  have such knowledge.

24      It is well-settled that damages calculations must be reasonable, and no more than

25  reasonable damages can be recovered.  *See* Cal. Civ. Code § 3359.  "Damage to be

26  subject to a proper award must be such as follows the act complained of as a legal

27  certainty."  *Agnew v. Parks*, 172 Cal. App. 2d 756, 768 (1959).  "A damage award must

28  not be speculative, remote, imaginary, contingent, or merely possible."  *Atkins v. City of*

1    *Los Angeles*, 8 Cal. App. 5th 696, 738 (2017) (*citing* cases) (internal quotes omitted).

2    Damages for loss of future earnings are only recoverable "where the evidence makes

3    reasonably certain their occurrence and extent." *Id.* (*quoting Toscano v. Greene Music*,

4    124 Cal. App. 4th 685, 694 (2004); *Licudine v. Cedars-Sinai Medical Center* (2016) 3

5    Cal. App. 5th 881, 887 (2016) ("the jury must fix a plaintiff's future earning capacity

6    based on what it is 'reasonably probable' she could have earned")). Any damages

7    calculations offered by Plaintiff, his counsel, and his experts must also be reliable, and

8    not speculative.

9       Chevron U.S.A. anticipates that Plaintiff will attempt to introduce evidence and

10   argument that he would have been promoted to Pay Salary Grade 23 within 6 months of

11   assuming the REM position in Escravos. However, Plaintiff's contentions are not based

12   in reality, as evidenced by his own admissions. While Plaintiff claims that it is Chevron

13   U.S.A.'s policy to promote employees to the Pay Salary Grade of the job position they

14   are working in, which is subject to proof, Plaintiff admitted no one told him he would

15   receive a promotion to Pay Salary Grade 23 after assuming the REM position. Mussig

16   Decl., ¶ 2, Ex. A [Pl. Dep. Tr.] at 272:20-23. Even Plaintiff's belief regarding Chevron

17   U.S.A.'s alleged policy, and its application to a hypothetical scenario where Plaintiff

18   assumed the REM position, is speculative—Plaintiff stated that "usually" an employee in

19   such a scenario would be reevaluated, and "generally speaking" may be moved to a

20   higher Pay Salary Grade. *Id.* at 265:16-266:5. Similarly, the assumption of Plaintiff's

21   economics expert that Plaintiff would have received the promotion as a matter of course

22   after assuming the REM position is based solely on Plaintiff's speculation.

23       Chevron U.S.A. also anticipates that Plaintiff will attempt to introduce evidence

24   and argument that his employment in the REM position in Escravos would have extended

25   beyond the duration of assignment—i.e., 3-4 years. Again, this is pure speculation not

26   based on the facts. Plaintiff admitted that there was no guarantee he would have gotten

27   the assignment again after it ended. Mussig Decl., ¶ 2, Ex. A [Pl. Dep. Tr.] at 271:8-24.

28   Additionally, after the offer for the REM position was rescinded from Plaintiff, the

1   employee who assumed the position after him was unable to work in the position between

2   March 2020 and June 2020 due to COVID-related travel restrictions in Nigeria, and when

3   the position was identified for reselection as part of company reorganization, that

4   employee was not reselected for the role.  Another employee assumed the REM position

5   in or around January 2021.

6       Statements of belief that Plaintiff would have continued earning a certain amount

7   of base compensation from Chevron U.S.A., as well as location premiums and/or tax

8   equalization benefits relating to the expatriate assignment, but-for Chevron U.S.A.'s

9   conduct amounts to improper opinion testimony.  Such statements depend upon an

10  inference or conclusion made by a witness which does not relate to something that was

11  actually seen or heard, but rather by the witness' perception of how events occurred. As

12  such, they rest on a wholly subjective foundation that is not helpful to the jury who must

13  decide the case.

14      In fact, Plaintiff has no personal knowledge, and relies solely on his own

15  speculative allegations and beliefs, that he would have continued in the REM position for

16  the entire 3-4 years of the assignment even if it had not been rescinded, and/or that he

17  would have continued in the REM position or another equivalently compensated

18  expatriate position until his projected work life expectancy.  Plaintiff's intent or

19  subjective belief that he would remain in such positions is irrelevant, as he would have

20  been required to apply and be selected for those positions at each juncture.  There is also

21  no guarantee that Plaintiff would have stayed with Chevron U.S.A. until his retirement,

22  or even that Plaintiff would have wanted to continue working in expatriate assignments

23  after he experienced his first one in Escravos.  *See Atkins*, 8 Cal. App. 5th at 740-741

24  (finding employees' calculations of future economic damages too speculative in

25  assuming the actualization of various steps in their careers, including consideration that

26  the employees have not worked a day in those jobs); *see also Licudine v. Cedars-Sinai*

27  *Med. Ctr.*, 3 Cal. App. 5th 881, 899 (2016) (finding same, including consideration that

28  there was no evidence of the plaintiff's likelihood of obtaining the assumed job position).

1    It is clear that Plaintiff had no expectation of continued employment in the role
2    after the duration of the assignment ended in 3 to 4 years, and it is unlikely Plaintiff
3    would have remained in the role after January 2021, given the company-wide
4    reorganization.  Any belief or argument that Plaintiff would have continued in the REM
5    position or some other expatriate position—which would have required an additional
6    application and selection process—is based on pure speculation.  As such, this testimony
7    should be excluded under Federal Rules of Evidence 701.

8    Witnesses can describe facts, but that the Court should not allow them to suggest
9    their own interpretation or opinion as to what they attest absent personal knowledge
10   sufficient to permit such testimony. To allow a witness to usurp this function is to deny
11   the jury their role as the sole finders of fact.

12   Accordingly, any testimony regarding the extent of Plaintiff's alleged past
13   economic damages relating to an speculative promotion to Pay Salary Grade 23, and
14   alleged future economic damages after January 2021 based on compensation of the REM
15   position, must be excluded from presentation at trial.

16   **B.    Statements of Belief Are More Prejudicial Than Probative and Should
17   Be Excluded Pursuant to Federal Rules of Evidence Rule 403.**

18   Even if deemed relevant, "evidence may be excluded if its probative value is
19   outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the
20   jury, or by considerations of undue delay, waste of time or needless presentation of
21   cumulative evidence." Fed. R. Evid. 403.  As discussed in more detail, *supra*, Plaintiff's
22   unsupported beliefs regarding his past and future lost earnings following the rescission of
23   the REM position is based on his own speculation, not any objective support or
24   admissible evidence.  Allowing such testimony into evidence would confuse the issues
25   and mislead the jury into thinking that Plaintiff had any entitlement to the REM position
26   or other expatriate positions, or even that he was qualified for them, and would cause
27   unfair prejudice to Chevron U.S.A.  Additionally, allowing such improper opinion and
28   speculative testimony would unduly waste the Court and the jury's time.

IV.    **CONCLUSION**

Accordingly, Chevron U.S.A. respectfully requests an order precluding Plaintiff, his counsel, and his witnesses from presenting testimony or evidence of Plaintiff's alleged past economic damages relating to an speculative promotion to Pay Salary Grade 23, and alleged future economic damages after January 2021 based on compensation of the REM position, on the grounds that such evidence would be irrelevant and unduly prejudicial, and would also confuse the issues and mislead the jury.

Dated:  July 1, 2025

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By    _____
            */s/ Tracey Kennedy*
            TRACEY A. KENNEDY
            ROBERT E. MUSSIG
            H. SARAH FAN
            Attorneys for Defendant
            CHEVRON U.S.A. INC.,
            a Pennsylvania Corporation

SMRH:4922-6259-5409.4