DOLORES Y. LEAL (134176)
OLIVIA FLECHSIG (334880)
ALLRED, MAROKO & GOLDBERG
6300 Wilshire Blvd. Suite 1500
Los Angeles, CA 90048-5217
(323) 653-6530
dleal@amglaw.com
oflechsig@amglaw.com

**Attorneys for Plaintiff MARK SNOOKAL**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SNOOKAL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CHEVRON USA, INC., a California Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 2:23-cv-6302-HDV-AJR<br><br>**PLAINTIFF MARK SNOOKAL'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 – DAUBERT MOTION TO EXCLUDE THE PURPORTED EXPERT OPINION TESTIMONY OF DR. UJOMOTI AKINTUNDE**<br><br>[*Filed concurrently with the Declaration of Olivia Flechsig in Support of Plaintiff's Motion in Limine No. 2 and [Proposed] Order Granting Plaintiff's Motion in Limine No. 2 to Exclude the Purported Expert Opinion Testimony of Dr. Ujomoti Akintunde*]<br><br>District Judge: Hon. Hernan D. Vera<br>Magistrate Judge: Hon. A. Joel Richlin<br>Action Filed: August 3, 2023<br>Trial Date: August 19, 2025<br><br>Hearing Date: July 24, 2025<br>Hearing Time: 10:00 a.m.<br>Courtroom: 5b |

1

PLAINTIFF MARK SNOOKAL'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 – DAUBERT MOTION TO EXCLUDE THE PURPORTED EXPERT OPINION TESTIMONY OF DR. UJOMOTI AKINTUNDE

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on July 24, 2025 at 10:00 a.m., or as soon as possible thereafter as the matter may be heard, in Courtroom 5b in the above-referenced Court, located at 350 W. First Street, Los Angeles, CA 90012, before the Honorable Hernan D. Vera, Plaintiff Mark Snookal will, and does hereby, move the Court for an Order excluding the opinion testimony of Defendant's purported cardiology expert, Dr. Ujomoti Akintunde, at the trial of this matter. This Motion is made pursuant to Local Rule 7, *et seq.*, the Court's Civil Trial Order, Section B1 (Dkt 18), and the Court's inherent power to manage the course of trials (*Luce v. United States*, 469 US 38, 41, 105 S.Ct. 460, 563 fn. 4 (1984)) based upon the following grounds:

1. Dr. Akintunde lacks the requisite "scientific, technical, or other specialized knowledge" to provide reliable opinions regarding Plaintiff Mark Snookal's cardiac condition and alleged resulting risk of adverse cardiac event because she possesses little experience in treating patients with Mr. Snookal's cardiac condition. Fed. R. Evid. 702. And,

2. Dr. Akintunde's purported expert opinions regarding Plaintiff Mark Snookal's cardiac condition and alleged resulting risk of adverse cardiac event are neither based upon "sufficient facts and data" nor "reliable principles and methods" as applied to Mr. Snookal. Id.

This Motion is based upon this Notice, the Memorandum of Points and Authorities in Support Thereof, the Declaration of Olivia Flechsig and Exhibits thereto, and all pleadings, papers, and documents filed in the above-entitled action, along with oral and/or documentary evidence as may be presented at any hearing on said Motion.

Respectfully Submitted,

DATED: July 1, 2025  ALLRED, MAROKO & GOLDBERG

By: _/s/ Olivia Flechsig_____
DOLORES Y. LEAL
OLIVIA FLECHSIG
Attorneys for Plaintiff, **MARK SNOOKAL**

## MEMORANDUM OF POINTS AND AUTHORITIES

This *Daubert* motion seeks from this Honorable Court an Order excluding the opinion testimony of Defendant's purported cardiology expert, Dr. Ujomoti Akintunde, at the trial of this matter. Dr. Akintunde has admitted to a relative lack of experience with treating patients with Mr. Snookal's heart condition; could not recall reviewing any applicable medical literature or conducting research prior to rendering an opinion on Mr. Snookal's individualized risk; and to not having reviewed all of Mr. Snookal's relevant medical records before rendering her opinion. Expressing these opinions at trial would possess no indicia of reliability and should not be presented to the jury. Plaintiff therefore respectfully requests that her opinion testimony be excluded.

I.   **FACTUAL OVERVIEW**

Defendant Chevron USA, Inc. ("Defendant" or "Chevron") is the former employer of Plaintiff Mark Snookal ("Plaintiff" or "Mr. Snookal"). After Chevron offered Mr. Snookal a job position in Escravos, Nigeria, Chevron rescinded the offer after Mr. Snookal disclosed his disability (a dilated aortic root) during a medical screening. Chevron claimed the rescission was proper because Mr. Snookal posed a future risk to himself in the hypothetical event that he suffered a serious cardiac event and required immediate medical rescue from the job site. Chevron made the decision to deem Mr. Snookal "not fit for duty" against the recommendations of Mr. Snookal's treating cardiologist and of the doctor Defendant assigned to evaluate Mr. Snookal's medical clearance, and it doubled down on this decision despite the opinions of several other doctors who noted Mr. Snookal's negligible risk of serious cardiac event. Accordingly, Mr. Snookal has brought a claim for disability discrimination in violation of the California Fair Employment and Housing Act ("FEHA") for the recission of the job position.

There is a key dispute of fact concerning whether Defendant can assert a "direct threat" affirmative defense for rescinding the position, which in turn depends upon whether Defendant applied "reasonable medical judgment that relies on the most current medical knowledge or on the best available objective evidence" considering the duration of the risk; the nature and severity of the potential risk; the likelihood that the potential harm would have occurred; how

imminent the potential harm was; and relevant information regarding Mr. Snookal's employment history. Cal. Code Regs., tit. 2, § 11067 *et seq*.

In its Second Amended Initial Expert Witness Disclosures, Defendant listed Dr. Ujomoti Akintunde ("Dr. Akintunde") as a non-retained expert and disclosed that she "may offer testimony at trial regarding her review of medical records or other documents, communications between and among Dr. Akintunde and other health care professionals concerning Plaintiff Mark Snookal and Plaintiff's medical history, health condition, and fitness to be medically cleared for the role of the REM position in Escravos, Nigeria in 2019." (Declaration of Olivia Flechsig in Support of Plaintiff's Motion in Limine No. 1 ("Flechsig Decl.") at ¶ 3).

Dr. Akintunde is a fact witness insofar as she consulted with Defendant about Mr. Snookal's heart condition before Defendant made its decision to deem Mr. Snookal "not fit for duty." However, Dr. Akintunde's conclusory opinions concerning Mr. Snookal's supposed risk of a serious cardiac event should be excluded because she is not a qualified expert.

This motion is made following the meet and confer efforts of counsel pursuant to LR 7-3 which took place on or about June 17, 2025 and via email correspondence thereafter. (Flechsig Decl. at ¶ 5.)

**II.    ARGUMENT**

The Federal Rules of Evidence instruct that only "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:

    (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

    (b) the testimony is based on sufficient facts or data;

    (c) the testimony is the product of reliable principles and methods; and

    (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case."

Fed. R. Evid. 702. Similarly, in *Daubert*, the United States Supreme Court charged trial courts

4

PLAINTIFF MARK SNOOKAL'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 – DAUBERT MOTION TO EXCLUDE THE PURPORTED EXPERT OPINION TESTIMONY OF DR. UJOMOTI AKINTUNDE

with determining whether scientific expert testimony under Rule 702 is not only relevant, but reliable. *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 589 (1993); *see also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999) (extending *Daubert* to all expert testimony). "[A] district court abuses its discretion when it either abdicates its role as gatekeeper by failing to assess the scientific validity or methodology of an expert's proposed testimony, or delegates that role to the jury by admitting the expert testimony without first finding it to be relevant and reliable." *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1189 (9th Cir. 2019). (internal quotations and brackets omitted). And "[t]he party offering the expert bears the burden of establishing that Rule 702 is satisfied." *In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 943 (C.D. Cal. 2015) (internal citation and quotation marks omitted).

Here, Defendant cannot meet its burden to show that Dr. Akintunde meets the criteria of a qualified expert with respect to testimony concerning Mr. Snookal's risk of an adverse cardiac event due to his dilated aortic root. Therefore, any of her opinion testimony should be excluded.

**A.   Dr. Akintunde is Not a Qualified Expert for Purposes of Fed. R. Evid. 702**

**i.   Dr. Akintunde's opinion testimony is not sufficiently based upon applicable "scientific, technical, or other specialized knowledge" to "help the trier of fact understand the evidence."**

During her deposition, Dr. Akintunde testified concerning the extent of her skills, qualifications, training, and experience. (See generally, Flechsig Decl. at ¶ 4, Exhibit 1). She testified that since starting her job as a Staff Physician for Chevron Nigeria, she has only treated "a few" patients with a dilated aortic root (Mr. Snookal's specific heart condition).[1] (Id. at ¶ Exhibit 1/8.) Further, there are two specific types of serious cardiac events which could result from a dilated aortic root. Dr. Akintunde has never once treated anyone who has suffered either of these types of adverse cardiac events. (Id.at ¶ 4, Exhibit 1/7).

/ / /

---

[1] Mr.Snookal's dilated aortic root may also be referred to as a "thoracic aortic aneurysm."

### ii. Dr. Akintunde's Methods for Formulating Her Opinions Are Neither Based Upon "Sufficient Facts or Data" Nor Application of "Reliable Principles and Methods"

Dr. Akintunde's deposition testimony further reveals that she failed to base his opinion of Mr. Snookal's risk of adverse cardiac event on sufficient facts or data as Federal Rule of Evidence 702 requires. Specifically, Dr. Akintunde testified that though it is a typical part of her practice to review updated medical literature, she could not remember actually reviewing any medical studies, or attempting to conduct research regarding applicable studies, before rendering her opinion regarding Mr. Snookal's risk of severe cardiac event. (Id. at ¶ 4, Exhibit 1/3-6; 1/17-19).

Dr. Akintunde also failed to apply "reliable principles and methods" to Mr. Snookal's case specifically. Dr. Akintunde rendered her opinion of Mr. Snookal's purported risk of rupture or dissection without ever speaking to Mr. Snookal or to Mr. Snookal's treating cardiologist. (Id. at ¶ 4, Exhibit 1/8). She also rendered her opinion of Mr. Snookal's purported risk of severe cardiac event after having reviewed nothing other than two scans of Mr. Snookal's heart all from one time in 2019. (Id. at ¶ 4, Exhibit 1.) She did not review a medical summary and therefore had no information regarding whether Mr. Snookal's dilated aortic root was stable in size over time (which it was) nor whether Mr. Snookal was on preventative medication (which he was), etc. (Id. at ¶ 4, Exhibit 1/9-16.) This despite her own admission that a number of factors, including the stability of the size of the aortic dilation and the use of hypertensive medications are, among others, pertinent factors when evaluating someone's risk of serious cardiac event due to their dilated aortic root. (Id. at ¶ 4, Exhibit 1/12-14).

Synthesized together, the above principles governing the expert reliability analysis lead to the inescapable conclusion that Dr. Akintunde's opinions and anticipated testimony regarding Mr. Snookal's dilated aortic root and the alleged risks arising therefrom do not pass muster under Rule 702.

/ / /

/ / /

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion to exclude any of Dr. Akintunde's purported expert opinion testimony.

DATED:  July 1, 2025                                ALLRED, MAROKO & GOLDBERG

By: /s/ Olivia Flechsig
DOLORES Y. LEAL
OLIVIA FLECHSIG
Attorneys for Plaintiff,
**MARK SNOOKAL**