DOLORES Y. LEAL (134176)
OLIVIA FLECHSIG (334880)
ALLRED, MAROKO & GOLDBERG
6300 Wilshire Blvd. Suite 1500
Los Angeles, CA 90048-5217
(323) 653-6530
dleal@amglaw.com
oflechsig@amglaw.com

**Attorneys for <u>Plaintiff MARK SNOOKAL</u>**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SNOOKAL, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> CHEVRON USA, INC., a California Corporation, and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO.: 2:23-cv-6302-HDV-AJR <br><br> **PLAINTIFF MARK SNOOKAL'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 - TO EXCLUDE REFERENCES TO THIRD-PARTY MEDICAL INFORMATION** <br><br> [*Filed concurrently with the Declaration of Olivia Flechsig in Support of Plaintiff's Motion in Limine No. 3 to Exclude Reference to Third-Party Medical Information and [Proposed] Order Granting Plaintiff's Motion in Limine No.*] <br><br> District Judge: Hon. Hernan D. Vera <br> Magistrate Judge: Hon. A. Joel Richlin <br> Action Filed: August 3, 2023 <br> Trial Date: August 19, 2025 <br><br> Hearing Date: July 24, 2025 <br> Hearing Time: 10:00 a.m. <br> Courtroom: 5b |

1
PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 – TO EXCLUDE REFERENCES TO THIRD-PARTY MEDICAL INFORMATION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on July 24, 2025 at 10:00 a.m., or as soon as possible thereafter as the matter may be heard, in Courtroom 5b in the above-referenced Court, located at 350 W. First Street, Los Angeles, CA 90012, before the Honorable Hernan D. Vera, Plaintiff Mark Snookal will, and does hereby, move the Court for an Order precluding Defendant Chevron USA, Inc., its counsel and all witness, and each of them, from referring, directly or indirectly, to the mental health diagnoses of any third party at the trial of this matter. This Motion is made pursuant to Local Rule 7, *et seq.*, the Court's Civil Trial Order, Section B1 (Dkt 18), and the Court's inherent power to manage the course of trials (*Luce v. United States*, 469 US 38, 41, 105 S.Ct. 460, 563 fn. 4 (1984)) based upon the following grounds:

1. The third-party medical information in question, specifically various mental health diagnoses, are not relevant to any claim or defense. Fed. R. Evid. 401;
2. To the extent third-party medical information has any relevance, it is substantially outweighed by the risk of prejudice to Plaintiff. Fed. R. Evid. 403; and
3. Third parties are afforded a right to privacy by the Constitution of the State of California, and invasion of those privacy rights is not justified by the needs of the litigation.

This Motion is based upon this Notice, the Memorandum of Points and Authorities in Support Thereof, the Declaration of Olivia Flechsig and Exhibits thereto, and all pleadings, papers, and documents filed in the above-entitled action, along with oral and/or documentary evidence as may be presented at any hearing on said Motion.

Respectfully Submitted,

DATED: July 1, 2025                ALLRED, MAROKO & GOLDBERG

By: _____
DOLORES Y. LEAL
OLIVIA FLECHSIG
Attorneys for Plaintiff,
**MARK SNOOKAL**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTUAL OVERVIEW

Defendant Chevron USA, Inc. ("Defendant" or "Chevron") is the former employer of Plaintiff Mark Snookal ("Plaintiff" or "Mr. Snookal"). After Chevron offered Mr. Snookal a job position in Escravos, Nigeria, Chevron rescinded the offer after Mr. Snookal disclosed his disability (a dilated aortic root) during a medical screening. Chevron claimed the rescission was proper because Mr. Snookal posed a future risk to himself in the hypothetical event that he suffered a serious cardiac event and required immediate medical rescue from the job site. Chevron made the decision to deem Mr. Snookal "not fit for duty" against the recommendations of Mr. Snookal's treating cardiologist and of the doctor Defendant assigned to evaluate Mr. Snookal's medical clearance, and Chevron doubled down on this decision despite the opinions of several other doctors who noted Mr. Snookal's negligible risk of serious cardiac event. Accordingly, Mr. Snookal has brought a claim for disability discrimination in violation of the California Fair Employment and Housing Act ("FEHA") for the rescission of the job position.

Defendant Chevron USA, Inc. (Defendant or "Chevron") is the former employer of Plaintiff Mark Snookal ("Plaintiff" or "Mr. Snookal"). After Chevron offered Mr. Snookal a job position in Escravos, Nigeria, Chevron rescinded the offer after Mr. Snookal disclosed his disability during a medical screening. Chevron claimed the rescission was proper because Mr. Snookal posed a future, hypothetical risk to himself because if he required medical rescue from the location, rescue could be delayed. Against the recommendations of Mr. Snookal's treating cardiologist and the doctor Defendant assigned to evaluate Mr. Snookal's medical clearance, and despite several cardiologists who opined about the negligible risks associated with Mr. Snookal's asymptomatic disability, Defendant deemed Mr. Snookal "not fit for duty" and rescinded the position. Accordingly, Mr. Snookal has brought a claim for disability discrimination in violation of the California Fair Employment and Housing Act ("FEHA").

Since Mr. Snookal's heart condition was at the core of Defendant's stated reasons for rescinding the job position from Mr. Snookal, Defendant gained access to many of Mr. Snookal's medical records and therapy during discovery, some of which refer to third-party

medical information and past diagnoses of Mr. Snookal's family members. However, the third-party medical information of others should not be admitted because it is irrelevant, even if there is any minimal relevance, it is substantially outweighed by the risk of prejudice to Plaintiff, and because the privacy rights of the third parties in question should be protected.

This motion is made following the meet and confer efforts of counsel pursuant to LR 7-3 which took place on or about June 17, 2025 and via email correspondence thereafter. (Flechsig Decl. at ¶ 5-6.)

## II.    ARGUMENT

### A.    The Third Party Medical Information in Question is Irrelevant

Federal Rule of Evidence 401 provides that "evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Huddleston v. U.S.*, 485 U.S. 681, 682-92 (1988). Notably, there is no third-party medical information in the record which concerns a family history of a heart condition, severe cardiac event, nor anything else that directly relates to Mr. Snookal's alleged health risks due to his dilated aortic root. (Declaration of Olivia Flechsig in Support of Plaintiff's Motion in Limine No. 3 ("Flechsig Decl.") at ¶ 3.)

However, during meet and confer efforts concerning the substance of this motion in limine, defense counsel asserted that "Mr. Snookal's family history of mental health issues certainly would be relevant to his claimed emotional distress damages." (Id. at ¶ 6.)[1] There is indeed a key factual dispute concerning Mr. Snookal's emotional distress damages and the severity, duration, and cause of same. But, to the extent Defendant wishes to argue that Mr. Snookal's family's mental health history means Mr. Snookal is more susceptible to emotional distress, and therefore less worthy of compensation, this argument is legally incorrect. To the contrary, "[t]he tortfeasor takes the person he injures as he finds him. If, by reason of some

---

[1] Notably, this Motion does not seek to exclude evidence relating to Mr. Snookal's son since Mr. Snookal has testified to the relevance of this information with respect to his emotional distress damages. (Flechsig Decl. at ¶ 4, Exhibit 1.)

preexisting condition, his victim is more susceptible to injury, the tortfeasor is not thereby exonerated from liability." *Rideau v. Los Angeles Transit Lines*, 124 Cal.App.2d 466, 471 (1954) (internal citations omitted). The Judicial Counsel of California Civil Jury Instruction on this issue also instructs that the jury "must decide the full amount of money that will reasonably and fairly compensate [Plaintiff] for all damages caused by the wrongful conduct of [Defendant], even if [Plaintiff] was more susceptible to injury than a normally healthy person would have been, and even if a normally healthy person would not have suffered similar injury." CACI 3928 – Unusually Susceptible Plaintiff (2025).

To the extent that Defendant seeks to argue that third-party medical information was an alternative cause of Mr. Snookal's emotional distress, the alleged stressors at issue still have to be rationally related to the type of emotional distress Plaintiff actually alleges, and "[i]n performing a Fed. R. Evid. 403 balancing [test], the probative value of 'other probable causes' evidence increases to the extent that the defendants have 'specific evidence' establishing causation of the plaintiff's emotional distress." *Luna v. Cnty. of Los Angeles*, *supra*, at *5 (C.D. Cal. Sept. 25, 2008) (internal citation omitted). Here, Defendant does not have any specific evidence establishing a causal link to Plaintiff's emotional distress.

Similarly, pursuant to Federal Rule of Evidence 611(a), "[t]he court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to:

(1) make those procedures effective for determining the truth;

(2) avoid wasting time; and

(3) protect witnesses from harassment or undue embarrassment."

Excluding this third-party medical information would be an appropriate application of Rule 611 because introducing potentially embarrassing and irrelevant information about third parties is harassing to Mr. Snookal.

### B.     The Probative Value, if Any, is Substantially Outweighed by the Risk of Unfair Prejudice

Should the court find that the evidence is relevant, it should nonetheless be excluded

pursuant to Rule 403 of the Federal Rules of evidence. Rule 403 provides in relevant part that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury. . ." *"Unfair prejudice"* means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." See Fed. R. Evid. 403 advisory committee note. See also *United States v. Ellis*, 147 F.3d 1131, 1135 (9th Cir. 1998) (defining evidence that presents a danger of unfair prejudice as "'evidence designed to elicit a response from the jurors that is not justified by the evidence'.")

Though listing the mental health histories of non-party witnesses may have a strong emotional appeal to the jury and be shocking or salacious to some, for the reasons listed above, it has little to no relevance to any fact or defense. The events Mr. Mussig lists as purportedly relevant are also overwhelmingly in the distant past – for example, he references events that happened between fifteen and fifty one years ago (including while Mr. Snookal was still in utero). (Flechsig Decl. at ¶ 6.) Some of the third-party medical information also refers to Mr. Snookal's distant relations, which is even less relevant to Mr. Snookal's emotional distress. Id. In sum, the risk of prejudice to Mr. Snookal is far outweighed by the risk that third party medical evidence will confuse the jury and lead it to reach decisions based on judgments unsupported by the evidence.

### C. The Third Party Medical Information Is Private

Last, it is canonical that third parties have right to privacy afforded by the Article I, Section I of the California Constitution. Though privacy may not be a federally recognized privilege, it is, as here, a "state recognized privilege in a federal action based on diversity jurisdiction." *Hill v. Eddie Bauer*, 242 F.R.D. 556, 562 (C.D.Cal. 2007). Though the third-party right to privacy is not absolute, "the privilege is subject to balancing the needs of the litigation with the sensitivity of the information . . ." Id. quoting *Davis v. Leal*, 43 F. Supp. 2d 1102, 1110 (E.D. Cal. 1999). Medical information is highly sensitive, and as articulated above, the needs of the litigation do not at all require that this information be heard by the jury. These rights should not be infringed upon simply so that Defendant can seek to harass Mr. Snookal or to mislead and

confuse the jury with highly prejudicial information.

**III.     CONCLUSION**

For the foregoing reasons, Plaintiff respectfully submits that the evidence in question should be excluded from the trial of this case.

DATED: July 1, 2025                    ALLRED, MAROKO & GOLDBERG

By: _____
DOLORES Y. LEAL
OLIVIA FLECHSIG
Attorneys for Plaintiff,
**MARK SNOOKAL**