DOLORES Y. LEAL (134176)
OLIVIA FLECHSIG (334880)
ALLRED, MAROKO & GOLDBERG
6300 Wilshire Blvd. Suite 1500
Los Angeles, CA 90048-5217
(323) 653-6530
dleal@amglaw.com
oflechsig@amglaw.com

Attorneys for Plaintiff MARK SNOOKAL

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
TRACEY A. KENNEDY, Cal Bar No. 150782
ROBERT E. MUSSIG, Cal. Bar No. 240369
H. SARAH FAN, Cal. Bar No. 328282
350 South Grand Avenue, 40th Floor
Los Angeles, CA 90071-3460
Telephone:    213.620.1780
Facsimile:    213.620.1398
E-mail:       tkennedy@sheppardmullin.com
              rmussig@sheppardmullin.com
              sfan@sheppardmullin.com

Attorneys for Defendant.
CHEVRON U.S.A. INC.,
a Pennsylvania corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MARK SNOOKAL, an individual,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CHEVRON USA, INC., a California Corporation, and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. 2:23-cv-6302-HDV-AJR<br><br>**JOINTLY SUBMITTED DISPUTED JURY INSTRUCTIONS BY THE PARTIES**<br><br>Place:  Courtroom 5B – 5th Floor<br>Judge:  Hon. Hernán D. Vera<br><br>Action Filed: August 3, 2023<br>Pre-Trial Conf.: July 29, 2025<br>Trial Date: August 19, 2025 |

**DISPUTED JURY INSTRUCTIONS**

| PLAINTIFF'S INSTRUCTIONS – DISPUTED BY DEFENDANT | | GIVEN | NOT GIVEN |
|---|---|---|---|
| No. | Description | | |
| 1 | C.A.C.I. 2544 DISABILITY DISCRIMINATION – AFFIRMATIVE DEFENSE – HEALTH OR SAFETY RISK (modified) | | |
| 2 | C.A.C.I. 3927 Aggravation of Preexisting Condition or Disability | | |
| 3 | C.A.C.I. 3928 Unsusually Susceptible Plaintiff | | |
| 4 | CACI 3935 Prejudgment Interest | | |

| DEFENDANT'S INSTRUCTIONS – DISPUTED BY PLAINTIFF | | GIVEN | NOT GIVEN |
|---|---|---|---|
| No. | Description | | |
| 5 | C.A.C.I. 2544 DISABILITY DISCRIMINATION – AFFIRMATIVE DEFENSE – HEALTH OR SAFETY RISK (modified | | |

Dated: July 14, 2025

ALLRED, MAROKO & GOLDBERG

By  /s/ Dolores Leal
DOLORES LEAL
OLIVIA FLECHSIG
Attorneys for Plaintiff
MARK SNOOKAL

Dated: July 14, 2025

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  /s/ Tracey A. Kennedy
TRACEY A. KENNEDY
ROBERT E. MUSSIG
H. SARAH FAN

Attorneys for Defendant
CHEVRON U.S.A. INC.,
a Pennsylvania Corporation

**INSTRUCTION NO. 1**

**CACI NO. 2544 DISABILITY DISCRIMINATION—AFFIRMATIVE DEFENSE—HEALTH OR SAFETY RISK (MODIFIED)**

Chevron U.S.A. Inc. claims that its conduct was not discriminatory because, even with reasonable accommodations, Mark Snookal was unable to perform at least one essential job duty without endangering his health or safety or the health or safety of others. To succeed on this defense, Chevron U.S.A. Inc. must prove all of the following:

1. That managing a multidiscipline team of ~20 engineers and technicians in the areas of rotating equipment instrumentation & analyzers, and electrical was an essential job duty;
2. That there was no reasonable accommodation that would have allowed Mark Snookal to perform this job duty without endangering his health or safety or the health or safety of others; and
3. That Mark Snookal's performance of this job duty would present an immediate and substantial degree of risk to him or others.

However, it is not a defense to assert that Mark Snookal has a disability with a future risk, as long as the disability does not presently interfere with his ability to perform the job in a manner that will not endanger him or others.

In determining whether Chevron U.S.A. Inc. has proved this defense, factors that you may consider include the following:

    a. The duration of the risk;

    b. The nature and severity of the potential harm;

    c. The likelihood that the potential harm would have occurred;

    d. How imminent the potential harm was; and

    e. Relevant information regarding Mark Snookal's past work history and medical history.

Your consideration of these factors should be based on a reasonable medical judgment that relies on the most current medical knowledge or on the best available objective evidence.

**INSTRUCTION NO. 2**

**C.A.C.I 3927 – AGGRAVATION OF PREEXISTING CONDITION OR DISABILITY**

Mark Snookal is not entitled to damages for any physical or emotional condition that he had before Chevron U.S.A. Inc's conduct occurred. However, if Mark Snookal had a physical or emotional condition that was made worse by Chevron U.S.A. Inc's wrongful conduct, you must award damages that will reasonably and fairly compensate him for the effect on that condition.

**INSTRUCTION NO. 3**

**C.A.C.I 3928 – UNUSUALLY SUSCEPTIBLE PLAINTIFF**

You must decide the full amount of money that will reasonably and fairly compensate Mark Snookal for all damages caused by the wrongful conduct of Chevron U.S.A., Inc., even if Mark Snookal was more susceptible to injury than a normally healthy person would have been, and even if a normally healthy person would not have suffered similar injury.

**INSTRUCTION NO. 4**

**C.A.C.I 3935 –  PREJUDGMENT INTEREST (CIV. CODE, § 3288)**

If you decide that Mark Snookal is entitled to recover damages for past economic loss in one or more of the categories of damages that he claims, then you must decide whether he should also receive prejudgment interest on each item of loss in those categories. Prejudgment interest is the amount of interest the law provides to a plaintiff to compensate for the loss of the ability to use the funds. If prejudgment interest is awarded, it is computed from the date on which each loss was incurred until the date on which you sign your verdict. Whether Mark Snookal should receive an award of prejudgment interest on all, some, or none of any past economic damages that you may award is within your discretion. If you award these damages to Mark Snookal, you will be asked to address prejudgment interest in the special verdict form.

DISPUTED JURY INSTRUCTIONS

# INSTRUCTION NO. 5

## C.A.C.I. 2544 DISABILITY DISCRIMINATION – AFFIRMATIVE DEFENSE – HEALTH OR SAFETY RISK (modified)

Chevron U.S.A. claims that its conduct was not discriminatory because, even with reasonable accommodations, Mark Snookal was unable to perform at least one essential job duty without endangering his health or safety or the health or safety of others. To succeed on this defense, Chevron U.S.A. must prove all of the following:

1. That the location of the job was an essential job duty;

2. That there was no reasonable accommodation that would have allowed Mark Snookal to perform this job duty without endangering his health or safety or the health or safety of others; and

3. That Mark Snookal's performance of this job duty would present an immediate and substantial degree of risk to him or others.

However, it is not a defense to assert that Mark Snookal has a disability with a future risk, as long as the disability does not presently interfere with his ability to perform the job in a manner that will not endanger him or others.

In determining whether Chevron U.S.A. has proved this defense, factors that you may consider include the following:

    a.    The duration of the risk;

    b.    The nature and severity of the potential harm;

    c.    The likelihood that the potential harm would have occurred;

    d.    How imminent the potential harm was;

    e.    Relevant information regarding Mark Snookal's past work history; and

    f.    Medical opinions from medical professionals.

Your consideration of these factors should be based on a reasonable medical judgment that relies on the most current medical knowledge or on the best available objective evidence.