SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
TRACEY A. KENNEDY, Cal Bar No. 150782
ROBERT MUSSIG, Cal. Bar No. 240369
H. SARAH FAN, Cal. Bar No. 328282
350 South Grand Avenue, 40th Floor
Los Angeles, CA 90071-3460
Telephone:  213.620.1780
Facsimile:  213.620.1398
E-mail:     tkennedy@sheppardmullin.com
            rmussig@sheppardmullin.com
            sfan@sheppardmullin.com

Attorneys for Defendant.
CHEVRON U.S.A. INC.,
a Pennsylvania corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MARK SNOOKAL, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>CHEVRON USA, INC., a California Corporation, and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 2:23-cv-6302-HDV-AJR<br><br>**DEFENDANT CHEVRON USA, INC.'S OPPOSITION TO PLAINTIFF MARK SNOOKAL'S MOTION IN LIMINE NO. 3 – TO EXCLUDE REFERENCES TO THIRD-PARTY MEDICAL INFORMATION**<br><br>Date:  July 24, 2025<br>Time:  10:00 a.m.<br>Place: Courtroom 5B – Fifth Floor<br><br>District Judge: Hon. Hernán De. Vera<br>Magistrate Judge: Hon. A. Joel Richlin<br><br>Action Filed: August 3, 2023<br>Trial Date: August 19, 2025 |

## OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3

### I. INTRODUCTION

Defendant Chevron U.S.A. Inc., a Pennsylvania corporation ("Chevron U.S.A." or "Defendant"), hereby opposes Plaintiff Mark Snookal's Motion in Limine No. 3 seeking to exclude references to third-party medical information.

Plaintiff's motion to exclude evidence of third-party medical information should be denied because (1) it does not adequately describe the evidence Plaintiff seeks to exclude, and (2) third-party medical information is relevant to Plaintiff's claim that Chevron U.S.A.'s alleged acts caused him emotional distress.

As to the first point, during the meet and confer process, Plaintiff did not place any limitations on the "third-party medical information" he seeks to exclude. In a footnote in his motion, he states for the first time: "this Motion does not seek to exclude evidence relating to Mr. Snookal's son…." While that resolves the bulk of the dispute, it still leaves open the question of exactly what would be excluded. For example, there are references in Plaintiff's medical records to his ongoing strained relationship with his father, including the fact his son refuses to associate with his father. It is unclear whether Plaintiff is seeking to exclude that evidence. It is not strictly speaking "medical information" but Chevron U.S.A. referenced this evidence during the meet and confer process and Plaintiff did not deny—and still has not denied—that this is among the evidence he seeks to exclude.

Second, the information Plaintiff apparently seeks to exclude includes evidence of other stressors the jury may reasonably find contributed to Mr. Snookal's alleged emotional distress. In addition to his relationship with his father, Plaintiff's medical records also reference various diseases, illnesses and other conditions his family members suffer from, including depression, substance abuse, and suicide. It would be reasonable for a jury to conclude that the ongoing stress associated with these family issues contributed at least in part to his alleged emotional distress, or that his family history of

depression is the actual cause of any purported emotional distress and not Chevron U.S.A.'s alleged acts.

For both these reasons, Plaintiff's Motion in Limine No. 3 should be denied.

## II. ARGUMENT

### A. Plaintiff's Motion is Impermissibly Vague

Federal Rule of Civil Procedure 7(b)(1) requires a moving party to state "with particularity" the grounds upon which a motion is made and the relief or order sought. Plaintiff fails to do so here. Instead, his motion simply states that he wishes to exclude information in his medical records pertaining to "third-party medical information and past diagnoses of [his] family members" without specifying precisely what records this is intended to encompass. Mot., 3:28-41. Plaintiff does not explain what the term "third-party medical information" is intended to mean, or identify any specific records that would be embraced by the term. As noted above, Plaintiff's medical records contain numerous references to third-parties, including references to Plaintiff's relationship with his father as well as references to his relationship with his wife and her family. Declaration of Robert Mussig ("Mussig Decl.") ¶ 2. It is entirely uncertain whether Plaintiff is seeking to exclude this evidence, or evidence like it, although it appears he is because this evidence was referenced during the meet and confer process and Plaintiff did not disavow that position. This uncertainty is fatal to Plaintiff's motion. See Kelly v. New West Fed. Sav., 49 Cal. App. 4th 659, 671 (1996) (denying motion in limine because "[n]o factual support or argument was presented to suggest the nature and type of speculative testimony which [the defendant] expected to be elicited from plaintiffs"); Boeken v. Philip Morris, Inc., 127 Cal. App. 4th 1640, 1675 (2005) (rejecting a purported objection to evidence in a motion in limine because the moving party did not "specify any particular evidence to be excluded").

## B. Third-Party Medical Information is Relevant and Not Unfairly Prejudicial

Plaintiff has put his mental state at issue by seeking to recover damages for alleged emotional distress purportedly arising from Chevron U.S.A.'s alleged acts. Chevron U.S.A. is entitled to show that Plaintiff's mental state may have been affected by causes or stressors other than Defendant's alleged acts. Sanchez v. U.S. Airways, Inc., 202 F.R.D. 131, 136 ("To allow Plaintiffs to make a claim for emotional distress, but shield information related to their claim, is similar to shielding other types of medical records. For instance, if the injury at issue were to the knee, and Plaintiff had sustained a subsequent knee injury requiring treatment, Plaintiffs would not be able to hide the details of the subsequent knee injury because of privilege or privacy considerations…. The only way to adequately review the facts is to bring to light relevant information."). "For each item of damages … the plaintiff must show that the damage was proximately caused by the defendant's unlawful conduct. In turn, the [defendant] is entitled to show that other factors contributed to the plaintiff's damages." E.E.O.C. v. California Psychiatric Transitions, 258 F.R.D. 391, 400 (E.D. Cal. 2009). As such, medical records containing information regarding other possible stressors is directly relevant to Plaintiff's claims, and are admissible.

Here, Plaintiff's medical records show that Plaintiff has had many other stressors in his life that are undoubtedly related to his alleged emotional distress, and thus relevant to Plaintiff's claims. Among other things, his medical records show: "Mother had anxiety and depression, Maternal cousins have [history of] substance abuse. One has bipolar, one great uncle committed suicide[]. One . . . whole sister has anxiety. Two half sisters both anorexic and one has trichalomenia." Mussig Decl. ¶ 2. A jury could reasonably conclude that these stressors are the cause of any purported emotional distress, and not Chevron U.S.A.'s alleged acts. See California Psychiatric Transitions at 400 (holding that medical records relating to plaintiff's depression were admissible to show that her emotional distress was not caused by alleged sexual harassment).

      Notably, even when medical records may include additional information not directly related to the plaintiff's emotional distress claim, courts have still refused to exclude such records when they contain relevant information as to the plaintiff's emotional distress. Smith for J.L. v. Los Angeles Unified Sch. Dist., 2018 WL 6136812, at *4 (C.D. Cal. Jan. 16, 2018), order clarified, 2018 WL 6137133 (C.D. Cal. Feb. 13, 2018) (denying plaintiff's motion in limine to exclude medical records concerning plaintiff's visit to have warts removed, which was unrelated to the case, where the plaintiff directly placed at issue his medical condition, including his psychological condition, and the records mentioned that plaintiff had met with a social worker to discuss diet, exercise, and issues arising from stress due to parental conflicts and separation).

      To the extent Plaintiff will suffer any prejudice (he will not), it is hardly unfair prejudice, and such prejudice does not substantially outweigh the probative value of the evidence. Also, any risk of unfair prejudice, of which there is little, can be avoided by an instruction from the Court, if needed, as to the limited purpose for which such evidence may be introduced. Tamko Roofing Products v. Ideal Roofing, 282 F.3d 23, 40 (1st Cir. 2002). Finally, any third-party privacy concerns can be addressed by omitting the names of the individuals at issue and simply stating their relationship to Plaintiff.

## III. CONCLUSION

      For all the foregoing reasons, this Court should deny Plaintiff's Motion in Limine to exclude references to third-party medical information and instead permit Chevron U.S.A. to introduce such evidence as it sees fit.

[*signature appears on following page*]

Dated: July 15, 2025

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     */s/ Robert Mussig*
TRACEY A. KENNEDY
ROBERT MUSSIG
H. SARAH FAN
Attorneys for Defendant
CHEVRON U.S.A. INC.,
a Pennsylvania Corporation