SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
TRACEY A. KENNEDY, Cal Bar No. 150782
ROBERT MUSSIG, Cal. Bar No. 240369
H. SARAH FAN, Cal. Bar No. 328282
350 South Grand Avenue, 40th Floor
Los Angeles, CA 90071-3460
Telephone: 213.620.1780
Facsimile: 213.620.1398
E-mail:    tkennedy@sheppardmullin.com
           rmussig@sheppardmullin.com
           sfan@sheppardmullin.com

Attorneys for Defendant.
CHEVRON U.S.A. INC.,
a Pennsylvania corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MARK SNOOKAL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CHEVRON USA, INC., a California Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-6302-HDV-AJR<br><br>**DEFENDANT CHEVRON USA, INC.'S OPPOSITION TO PLAINTIFF MARK SNOOKAL'S MOTION IN LIMINE NO. 4 TO EXCLUDE REFERENCE TO PLAINTIFF'S CARDIAC MEDICAL HISTORY AFTER SEPTEMBER 2019**<br><br>Date: July 24, 2025<br>Time: 10:00 a.m.<br>Place: Courtroom 5B – Fifth Floor<br><br>District Judge: Hon. Hernán De. Vera<br>Magistrate Judge: Hon. A. Joel Richlin<br><br>Action Filed: August 3, 2023<br>Trial Date: August 19, 2025 |

## OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 4

Defendant Chevron U.S.A. Inc., a Pennsylvania corporation ("Chevron U.S.A."), hereby opposes Plaintiff Mark Snookal's Motion in Limine No. 4 seeking to exclude references to Plaintiff's cardiac medical history after September 2019.

Plaintiff's motion should be denied because Plaintiff's post-September 2019 cardiac medical history is clearly relevant. This is a disability discrimination case where Plaintiff is seeking to recover, among other things, emotional distress damages purportedly arising from Chevron U.S.A.'s alleged acts. In other words, Plaintiff has put his mental state at issue in the case. Chevron is entitled to show that Plaintiff's mental state may have been affected by causes or stressors other than Chevron's alleged acts. Sanchez v. U.S. Airways, Inc., 202 F.R.D. 131, 136 ("To allow Plaintiffs to make a claim for emotional distress, but shield information related to their claim, is similar to shielding other types of medical records. For instance, if the injury at issue were to the knee, and Plaintiff had sustained a subsequent knee injury requiring treatment, Plaintiffs would not be able to hide the details of the subsequent knee injury because of privilege or privacy considerations…. The only way to adequately review the facts is to bring to light relevant information."). "For each item of damages … the plaintiff must show that the damage was proximately caused by the defendant's unlawful conduct. In turn, the [defendant] is entitled to show that other factors contributed to the plaintiff's damages." E.E.O.C. v. California Psychiatric Transitions, 258 F.R.D. 391, 400 (E.D. Cal. 2009).

As Plaintiff acknowledges in his motion, he has had ***two heart surgeries*** since the alleged discriminatory act occurred in 2019. Mot., 5:20-22. It would be imminently reasonable for the jury to conclude that these two heart surgeries contributed, at least in part, to Plaintiff's alleged emotional distress. This is particularly true in light of the fact Plaintiff suffers from a ***serious*** heart condition—a dilated aortic root. It would be logical and fair for a jury to conclude Plaintiff may be even more concerned about heart surgery than the average person, or that Plaintiff's ongoing heart issues have had a major impact

on his emotional state. Plaintiff attempts to downplay the significance of the two heart surgeries in his brief (see Mot., 6:3-4) but it is not for him to decide whether they affected his emotional state—that is the role of the jury. As such, information (including medical records) pertaining to Plaintiff's two heart surgeries since September 2019 is directly relevant to Plaintiff's claims, and admissible.

Plaintiff claims that references to the two heart surgeries since 2019 could somehow be prejudicial but does not spend any time explaining how. Instead, he simply states such references "may have a strong emotional appeal" or could somehow "invoke [the jury's] biases" without explaining why or how. This is insufficient to show any prejudice at all, much less unfair prejudice that outweighs the probative value of the information. In any event, any risk of unfair prejudice, of which there is extremely little, can be avoided by an instruction from the Court, if needed, as to the limited purpose for which such evidence may be introduced. Tamko Roofing Products v. Ideal Roofing, 282 F.3d 23, 40 (1st Cir. 2002).

For all these reasons, this Court should deny Plaintiff's Motion in Limine No. 4 and instead permit Chevron U.S.A. to introduce evidence of Plaintiff's cardiac medical history after September 2019 at trial.

Dated: July 15, 2025

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  /s/ Tracey Kennedy
TRACEY A. KENNEDY
ROBERT E. MUSSIG
H. SARAH FAN
Attorneys for Defendant
CHEVRON U.S.A. INC.,
a Pennsylvania Corporation