1  DOLORES Y. LEAL (134176)
   OLIVIA FLECHSIG (334880)
2  ALLRED, MAROKO & GOLDBERG
3  6300 Wilshire Blvd. Suite 1500
   Los Angeles, CA 90048-5217
4  (323) 653-6530
   dleal@amglaw.com
5  oflechsig@amglaw.com

6

7  **Attorneys for <u>Plaintiff MARK SNOOKAL</u>**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SNOOKAL, an individual,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CHEVRON USA, INC., a California Corporation, and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | CASE NO.: 2:23-cv-6302-HDV-AJR<br><br>**PLAINTIFF MARK SNOOKAL'S BRIEF IN SUPPORT OF CACI JURY INSTRUCTION FOR PREJUDGMENT INTEREST**<br><br>District Judge: Hon. Hernan D. Vera<br>Magistrate Judge: Hon. A. Joel Richlin<br>Action Filed: August 3, 2023<br>Pre-Trial Conference Date: July 29, 2025<br>Trial Date: August 19, 2025 |

1
PLAINTIFF MARK SNOOKAL'S BRIEF IN SUPPORT OF CACI JURY INSTRUCTION FOR PREJUDGMENT INTEREST

Per the Court's request in the above-captioned matter, Plaintiff Mark Snookal ("Mr. Snookal") respectfully submits this brief containing additional legal support for the premise that prejudgment interest can be sought as a form of damages in this action. The case law is clear that prejudgment interest is an awardable form of damages in employment cases wherein lost income is sought, including in this disability discrimination actions pursuant to the Fair Employment and Housing Act ("FEHA").

## I.      California Law Governing Prejudgment Interest Applies.

Federal courts sitting in diversity are required to apply state substantive law and federal procedural law as established in *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938). "It is well settled that prejudgment interest is a substantive aspect of a plaintiff's claim, rather than a merely procedural mechanism." *Sea Hawk Seafoods v. Exxon Corp. (In re Exxon Valdez)*, 484 F.3d 1098, 1101 (9th Cir. 2007); see also *Mutuelles Unies v. Kroll & Linstrom*, 957 F.2d 707, 714 (9th Cir. 1992) ("In diversity jurisdiction, state law governs all awards of prejudgment interest"). Cal. Civ. Code §§ 3287 and 3288 both authorize awards of prejudgment interest.

## II.     Prejudgment Interest is Appropriate Under Cal. Civ. Code § 3288.

California Civil Code § 3288 states prejudgment interest may be given, in the discretion of the jury, "in an action for the breach of an obligation not arising from contract, and in every case of oppression, fraud, or malice," but only on that portion of the award representing economic damages. Cal. Civ. Code § 3288; *Greater Westchester Homeowners Ass'n v. City of Los Angeles,* 26 Cal.3d 86, 102-03 (1979). A party does not have to prove both a breach of non-contractual obligation and oppression, fraud, or malice to recover prejudgment interest under this section. *Bullis v. Security Pac. Nat. Bank*, 21 Cal.3d 801, 814 (1978). There is no requirement under this section that damages be readily ascertainable. *Newby v. Vroman*, 11 Cal.App.4th 283, 289 (1992) (distinguishing prejudgment interest under Cal. Civ. Code § 3287, which requires damages be "known or knowable," from § 3288, which has no such requirement). California courts have held that prejudgment interest for past lost income is

permissible under Civil Code, section 3288. *Canavin v. Pacific Southwest Airlines*, 148 Cal.App.3d 512, 524-528 (1983).[1]

Defendant has an affirmative duty pursuant to the California Fair Employment and Housing Act (FEHA) to take reasonable steps to prevent disability discrimination from occurring. Defendant's discrimination in violation of the FEHA against Mr. Snookal constitutes a breach of such obligation, and as such, prejudgment interest is available under Cal. Civ. Code § 3288. Thus, prejudgment interest is appropriate for the jury to determine based on Mr. Snookal's past economic damages, specifically his lost income from the date of Defendant's rescission of his job offer, including the lost value of his income and benefits. Even though there is no requirement under Cal. Civ. Code § 3288 that the damages be readily ascertainable, as detailed below, Mr. Snookal's past economic damages are readily ascertainable, because they are based on a fixed compensation package as outlined in his offer letter.

### III. Prejudgment Interest is Also Appropriate Under Cal. Civ. Code § 3287.

California Civil Code § 3287(a) also provides for prejudgment interest on damages that are "certain, or capable of being made certain by calculation." Such prejudgment interest is particularly important in employment matters, because "without prejudgment interest, the backpay remedy may lose a significant portion of its value, and the employee left less than fully reimburse[d]… for his or her lost wages." *Currie v. Workers' Comp. Appeals Bd.*, 24 Cal.4th 1109, 1115 (2001).

California courts have applied Cal. Civ. Code § 3287 to lost wages in employment-related cases. *Goldfarb v. Civil Svc. Commission*, 225 Cal.App.3d, 635-636 (Cal. Ct. App. 1990); *Currie*, 24 Cal.4th at 1115 (awarding prejudgment interest based on salary payments that would have been due if plaintiff had not suffered an adverse employment action)[2]; *Jadwin v. City of Kern*,

---

[1] Although *Canavan* was a wrongful death action, at issue was the propriety of a prejudgment interest request for past lost income and earning capacity under Cal. Civ. Code § 3288.

[2] Although this case involved workers' compensation discrimination claims, the same reasoning applies equally to FEHA claims, as both statutes aim to provide remedial relief for economic losses.

767 F.Supp. 1069, 1078-1079 (E.D. Cal. Jan. 24, 2011) (awarding prejudgment interest for backpay in a discrimination case under both federal law and FEHA); *Mass v. Board of Education*, 61 Cal.2d 612, 624 (Cal. S.Ct. 1964) (finding a wrongfully suspended teacher who was reinstated and awarded her full salary from the date of suspension was "entitled to prejudgment interest as an element of damages on each [lost] salary payment as it accrued.").

In determining certainty under Cal. Civ. Code § 3287, courts consider whether the defendant knew or could have computed the amount owed based on available information. *Chesapeake Indus., Inc. v. Togova Enters., Inc.*, 149 Cal.App.3d 901, 907 (Cal. Ct. App. 1983). Courts take a "generally liberal construction of 'certainty'" concerning a defendant's awareness of the plaintiff's claim amount. (Id.)

Here, Mr. Snookal's past economic losses are capable of calculation. Plaintiff's expert witness, Dr. Charles Baum, provided a detailed report outlining Mr. Snookal's lost economic damages: the difference in Mr. Snookal's projected earnings and employment benefits at Chevron absent Chevron's recission of the position in Nigeria minus his actual and projected earnings and employment benefits from Chevron and subsequent employment.

The fact that expert Dr. Baum included multiple options in his calculations does not negate that the economic damages have a reasonable degree of certainty. In *Children's Hospital & Medical Center v. Bonta*, the California First District Court of Appeals affirmed prejudgment interest despite the defendants arguing that "the uncertainty of the amount of damages... is shown not only by the fact that respondents presented different damage models from which they asked the court to choose, but also by the disparity between the amount of damages sought... and that awarded." 97 Cal. App. 4th 740, 772 (Cal. Ct. App. 2002). The *Children's Hospital* court rejected this argument, citing cases where plaintiffs were awarded prejudgment interest even though their experts had proposed different measures of damages. (Id.)

### IV.     **Prejudgment Interest is Required to Fully Compensate Mr. Snookal.**

Federal courts have consistently awarded prejudgment interest for past economic damages in actions involving discrimination and retaliation. EEOC v. Red Baron Steak Houses, 1988 U.S. Dist. LEXIS 12425, *4, (N.D. Cal. Sept. 8, 1988) (finding prejudgment interest

appropriate in a pregnancy discrimination case under Title VII); *Partington v. Broyhill Furniture Industries, Inc.*, 999 F.2d 269, 274 (7th Cir.1993) (awarding prejudgment interest in an age discrimination case under the Age Discrimination in Employment Act); *Thurman v. Yellow Freight Systems, Inc.*, 90 F.3d 1160, 1170 (6th Cir. 1996) (noting that "[p]rejudgment interest is usually appropriate to make a discrimination plaintiff whole" in a Title VII race discrimination case); *Viveros v. Donahoe, 2012 U.S. Dist. LEXIS 172037,* *33 (C.D. Cal. Nov. 30, 2012) (awarding prejudgment interest in a pregnancy discrimination case under Title VII); *Arnold v. Pfizer Inc.*, 2015 U.S. Dist. LEXIS 33216 *1-2 (D. Ore. Mar. 18, 2015) (awarding prejudgment interest in a disability discrimination and retaliation case under the Americans with Disabilities Act and stating that "money has a time value, and prejudgment interest is therefore necessary in the ordinary case to compensate a plaintiff fully." (citations omitted.)

Here, not only has Mr. Snookal lost an opportunity to earn income and employment benefits; he has also lost the value of such earnings over time. Prejudgment interest will ensure Mr. Snookal is properly made whole.

**V.     Conclusion**

In conclusion, prejudgment interest is appropriate and necessary in this action as it is a form of compensatory damages to which Mr. Snookal is entitled under the law.

Dated: August 21, 2025                    ALLRED, MAROKO & GOLDBERG

By: _____
DOLORES Y. LEAL
OLIVIA FLECHSIG
Attorneys for Plaintiff,
**MARK SNOOKAL**