SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
TRACEY A. KENNEDY, Cal Bar No. 150782
ROBERT MUSSIG, Cal. Bar No. 240369
H. SARAH FAN, Cal. Bar No. 328282
350 South Grand Avenue, 40th Floor
Los Angeles, CA 90071-3460
Telephone:    213.620.1780
Facsimile:    213.620.1398
E-mail:        tkennedy@sheppardmullin.com
               rmussig@sheppardmullin.com
               sfan@sheppardmullin.com

Attorneys for Defendant.
CHEVRON U.S.A. INC.,
a Pennsylvania corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MARK SNOOKAL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CHEVRON USA, INC., a California Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-6302-HDV-AJR<br><br>**DEFENDANT CHEVRON U.S.A. INC.'S TRIAL BRIEF RE: PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4: CACI 3935 PREJUDGMENT INTEREST**<br><br>District Judge: Hon. Hernán De. Vera<br>Magistrate Judge: Hon. A. Joel Richlin<br><br>Action Filed: August 3, 2023<br>Trial Date: August 19, 2025 |

## I. INTRODUCTION

Plaintiff Mark Snookal's Proposed Jury Instruction No. 4, and corresponding proposed question on the jury verdict form, are inapplicable to this case. The proposed instruction is based on CACI No. 3935, derived from California Civil Code section 3288,[1] which states: "In an action for the breach of an obligation not arising from contract, and in every case of oppression, fraud, or malice, interest may be given, in the discretion of the jury." Based on the statute, in order for CACI No. 3935 to apply, the case must involve breach of a <u>non</u>-contractual obligation, or oppression, fraud, or malice. None of these exist in the present case. Plaintiff's request for a jury instruction and special verdict question asking the jury to decide regarding an award of prejudgment interest should be denied.

## II. PREJUDGMENT INTEREST IS NOT AUTHORIZED UNDER CALIFORNIA CIVIL CODE SECTION 3288 BECAUSE THIS CASE IS FUNDAMENTALLY CONTRACTUAL AND THERE IS NO OPPRESSION, FRAUD, OR MALICE.

This case involves a single claim of disability discrimination arising from Plaintiff's employment relationship with his former employer. It is well-settled that the employment relationship, even where it is terminable at will and upon terms dictated by the employer, is "fundamentally contractual." <u>Voris v. Lampert</u>, 7 Cal. 5th 1141, 1148 (Cal. 2019); <u>Hess Collection Winery v. Agricultural Labor Relations Bd.</u>, 140 Cal. App. 4th 1584, 1600 (Cal. Ct. App. 2006).

In this case, there was a judicial ruling that there is no evidence of oppression, fraud, or malice—it is not at issue. "<u>There is nothing in the record to even **suggest** malice on the part of Chevron.</u> . . . There is no basis for a finding of punitive damages." Dkt. 63, 15:7-8 (emphasis added).

---

[1] "In diversity jurisdiction, state law governs all awards of pre-judgment interest." <u>Mutuelles Unies v. Kroll & Linstrom</u>, 957 F.2d 707 (9th Cir. 1992) (citing <u>Lund v. Albrecht</u>, 936 F.2d 459, 464-65 (9th Cir. 1991).

Since the issues before the jury do not involve a non-contractual obligation, nor oppression, fraud, or malice, CACI 3935—and therefore, Plaintiff's Proposed Jury Instruction No. 4—is inapplicable.

### III. PREJUDGMENT INTEREST IS NOT AVAILABLE UNDER CALIFORNIA CIVIL CODE SECTION 3287 BECAUSE THE AMOUNT OF DAMAGES IS NOT CERTAIN AND DEPENDS ON THE JURY'S DETERMINATION OF CONFLICTING EVIDENCE.

An employee may only recover prejudgment interest if damages are "certain" or "capable of being made certain by calculation." Wisper Corp. v. California Commerce Bank, 49 Cal. App. 4th 948, 957-58 (Cal. Ct. App. 1996) (citing Cal. Civ. Code, § 3287). Damages are "certain" when the employer "actually knows the amount owed or from reasonably available information could . . . have computed that amount." Roodenburg v. Pavestone Co., L.P., 171 Cal. App. 4th 185, 191 (Cal. Ct. App. 2009). Where the amount of economic damages is not readily determinable, it "weighs against awarding prejudgment interest." Navarro v. DHL Global Forwarding, 2017 U.S. Dist. LEXIS 211126, *2 (C.D. Cal. Dec. 22, 2017) (citing Domingo v. New England Fish Co., 727 F.2d 1429, 1446 (9th Cir. 1984)).

Prejudgment interest is not available where the amount of damages "depends upon a judicial determination based upon conflicting evidence and is not ascertainable from truthful data." Wisper, 49 Cal. App. 4th at 960 (quoting Fireman's Fund Insurance Co. v. Allstate Ins. Co., 234 Cal. App. 3d 1154, 1173(1991) (internal quotations and citations omitted). In other words, prejudgment interest is not recoverable if "the amount of damages depends upon a judicial determination based upon conflicting evidence and cannot be resolved except by account, verdict or judgment." Western Air Charter, Inc. v. Schembari, 2019 U.S. Dist. LEXIS 37127, *6 (Mar. 7, 2019) (citing Duale v. Mercedes-Benz USA, LLC, 148 Cal. App. 4th 718, 729; Stein v. S. Cal. Edison Co., 7 Cal. App. 4th 565, 573 (1992)(emphasis added)).

Here, the amount of Plaintiff's damages are clearly in dispute—nothing is certain about the calculation of Plaintiff's alleged economic damages. Not only is Plaintiff's

entitlement to economic damages in question, but also the method of calculating Plaintiff's economic damages, if any. Plaintiff claims that he is entitled to economic damages from the date of the offer for the expatriate assignment for the Reliability Engineering Manager ("REM") position in Escravos, until a projected date of retirement in 2035, based on total assumed compensation, including the REM base salary, Escravos location premium, and tax equalization benefits, as well as a potential future promotion to a higher salary grade. All of these factors are in dispute.

The date that Plaintiff became entitled to alleged economic damages is in dispute. Even though Plaintiff's offer letter indicated a projected start date, Plaintiff's own email correspondence indicated that his anticipated travel date was not until August 31, 2019. Plaintiff contends that he would have been promoted to a higher pay salary grade after he assumed the REM position. However, evidence has and/or will be presented that Plaintiff had no reasonable expectation of a promotion to a higher salary grade. The dates and amounts of Plaintiff's alleged damages would depend on the jury's determination of these issues.

The duration of Plaintiff's economic damages is likewise in dispute. Plaintiff contends that that he would have continued to work at Chevron U.S.A. "for a long time" if it weren't for the events at issue in this case, and would have continued to work in expatriate assignment positions until he retired. Chevron U.S.A. presented evidence that there is no guarantee that an employee will receive an expatriate assignment offer, that they will continue to work in the position after they receive an offer, or that they will be able to receive another expatriate assignment offer after completing the term of their assignment. Additionally, Plaintiff never applied for another expatriate assignment after the offer for the REM position was rescinded. Indeed, Plaintiff resigned to work for other employers who did not have expatriate employment opportunities with similar earning potential, though Plaintiff earned better compensation and benefits with those employers. A jury will need to determine whether Plaintiff made reasonable efforts to mitigate his damages following the rescission of the REM offer in order to determine

whether and in what amount to award damages, if any.

Chevron U.S.A. also presented evidence that due to a company-wide reorganization, the employee who took the position after Plaintiff's offer was rescinded, Amir Zaheer, was moved out of the position in October 2020. The employee currently in the position, Cesar Malpica, has only continued in the position for longer than 4 years due to another company-wide reorgnization. Mr. Malpica's position is currently designated as a "must move," meaning that in connection with the upcoming reorganization, he will no longer be working in the position. The jury must decide whether it was likely that Plaintiff would have continued working in the REM position, and/or would have moved into other expatriate positions in the future, in order to determine the amount of Plaintiff's economic damages.

Furthermore, the methodology for calculating the amount of Plaintiff's alleged economic damages is in dispute. Plaintiff contends that he is entitled to the Escravos location premium and tax equalization benefits, even after the offer was rescinded, and he did not experience the hazards these benefits were intended to offset. However, evidence in this trial has established that location premiums and tax equalization benefits vary depending on the assignment location and also change over time. In 2019, Escravos was one of two locations with the highest location premiums, with premiums ranging from approximately 10% to 55%. Mr. Malpica testified that Escravos currently carries the highest location premium.

There is no way to speculate whether Plaintiff could have retained the REM position in October 2020 when Mr. Zaheer could not, or whether Plaintiff would have been considered a "must move" in connection with the pending reorganization this year. The location of a new expatriate assignment (and the associated location premium), if indeed there could have been one, is impossible to speculate—there is no telling what locations or positions would have been available to Plaintiff at that time or another time, or whether he would have been selected for those positions in competition against other candidates. Whether and for how long the location premiums should apply, if at all, is an

issue for the jury to decide.

Since Plaintiff's damages are not certain and are not calculable without the jury's determinations in this matter, prejudgment interest is not available under California Civil Code section 3287.  See Navarro v. DHL Global Forwarding, 2017 U.S. Dist. LEXIS 211126, *4-5 (C.D. Cal. Dec. 22, 2017) (finding damages uncertain and incalculable where employer had no way of knowing whether and when employee would be hired by a different employer or what his future compensation would be).

## IV. CONCLUSION

Based on the foregoing, Chevron U.S.A. respectfully requests that the Court deny Plaintiff's request for Plaintiff's Proposed Jury Instruction No. 4 (CACI 3935) and for a corresponding question on the jury verdict form asking the jury to decide if prejudgment interest should be awarded.

Dated:  August 21, 2025

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      */s/ Robert Mussig*
TRACEY A. KENNEDY
ROBERT MUSSIG
H. SARAH FAN
Attorneys for Defendant
CHEVRON U.S.A. INC.,
a Pennsylvania Corporation