

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11    MARK SNOOKAL,                          Case No. 2:23-cv-6302-HDV-AJR

12                    Plaintiff,

13            v.                             **FINAL JURY INSTRUCTIONS**

14

15    CHEVRON USA, INC. et al.,

16                    Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 1**

**DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

1

**INSTRUCTION NO. 2**

2

**CLAIMS AND DEFENSES**

3      To help you follow the evidence, I will give you a brief summary of the positions of the

4  parties:

5      The plaintiff asserts one claim: disability discrimination. The plaintiff has the burden of

6  proving this claim. The defendant denies this claim.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## INSTRUCTION NO. 3

2

## BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

3      When a party has the burden of proving any claim by a preponderance of the evidence, it

4  means you must be persuaded by the evidence that the claim is more probably true than not true.

5      You should base your decision on all of the evidence, regardless of which party presented

6  it.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 4**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I may instruct you to accept as proved.

### INSTRUCTION NO. 5

### WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.  Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.  Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1

**INSTRUCTION NO. 7**

2

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

3      Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such

4  as testimony by a witness about what that witness personally saw or heard or did. Circumstantial

5  evidence is proof of one or more facts from which you could find another fact. You should

6  consider both kinds of evidence. The law makes no distinction between the weight to be given to

7  either direct or circumstantial evidence. It is for you to decide how much weight to give to any

8  evidence.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-

**INSTRUCTION NO. 8**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

## INSTRUCTION NO. 9

### CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case, if any;

5.    the witness's bias or prejudice, if any;

6.    whether other evidence contradicted the witness's testimony;

7.    the reasonableness of the witness's testimony in light of all the evidence; and

8.    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

-10-

**INSTRUCTION NO. 10**

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed

-11-

1   during the trial. Also, do not do any research about this case, the law, or the people involved—

2   including the parties, the witnesses or the lawyers— until you have been excused as jurors. If

3   you happen to read or hear anything touching on this case in the media, turn away and report it to

4   me as soon as possible.

5          These rules protect each party's right to have this case decided only on evidence that has

6   been presented here in court. Witnesses here in court take an oath to tell the truth, and the

7   accuracy of their testimony is tested through the trial process. If you do any research or

8   investigation outside the courtroom, or gain any information through improper communications,

9   then your verdict may be influenced by inaccurate, incomplete or misleading information that

10  has not been tested by the trial process. Each of the parties is entitled to a fair trial by an

11  impartial jury, and if you decide the case based on information not presented in court, you will

12  have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it

13  is very important that you follow these rules.

14         A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a

15  mistrial could result that would require the entire trial process to start over. If any juror is

16  exposed to any outside information, please notify the court immediately.

17

18

19

20

21

22

23

24

25

26

27

28

-12-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### INSTRUCTION NO. 11

### PUBLICITY DURING TRIAL

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

1

## INSTRUCTION NO. 12

2

## NO TRANSCRIPT AVAILABLE TO JURY

3      I urge you to pay close attention to the trial testimony as it is given. During deliberations

4      you will not have a transcript of the trial testimony.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 13**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

## INSTRUCTION NO. 14

## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 15**

**OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**INSTRUCTION NO. 16**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts.

1.  Mark Snookal was hired by Chevron U.S.A. Inc. on January 12, 2009.

2.  Mark Snookal has a dilated aortic root.

3.  Plaintiff Mark Snookal's dilated aortic root is considered a disability, for the purposes of this case only.

4.  Chevron U.S.A. Inc. offered Mark Snookal a job as Reliability Engineering Manager, located in Escravos, Nigeria, in June 2019.

5.  The job offer of Reliability Engineering Manager, located in Escravos, Nigeria, was contingent on Mr. Snookal obtaining the appropriate work authorization and passing the Medical Suitability of Ex Pat Assignment ("MSEA").

6.  On August 15, 2019, Dr. Eshiofe Asekomeh completed Chevron's Expatriate Exam Recommendation form and declared that Mr. Snookal was not fit for duty in Escravos, but cleared him to work in Lagos, Nigeria.

7.  In August 2019, Mr. Snookal appealed the decision by Dr. Asekomeh.

8.  On September 4, 2019, Mr. Snookal was advised that the Reliability Engineering Manager job offer, located in Escravos, Nigeria, was rescinded.

9.  On August 4, 2021, Mr. Snookal resigned from Chevron U.S.A. Inc.

You must therefore treat these facts as having been proved.

1

**INSTRUCTION NO. 18**

2

**IMPEACHMENT EVIDENCE – WITNESS**

3

The evidence that a witness lied under oath on a prior occasion may be considered,

4

along with all other evidence, in deciding whether or not to believe the witness and how much

5

weight to give to the testimony of the witness and for no other purpose.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 21**

**EXPERT OPINION**

You have heard testimony from several witnesses designated as experts or who have offered medical testimony, including Dr. Victor Adeyeye, Dr. Ujomoti Akintunde, Dr. Eshiofe Asekomeh, Charles Baum, Ph.D., Dr. Shahid Hameed Khan, Dr. Scott Levy, Dr. Alexander R. Marmureanu, Anthony Reading, Dr. Irving Sobel, and Chen Song, Ph.D. who testified about their to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training or education of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**INSTRUCTION NO. 22**

**EXPERTS – QUESTIONS CONTAINING ASSUMED FACTS**

The law allows expert witnesses to be asked questions that are based on assumed facts. These are sometimes called "hypothetical questions."

In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

**INSTRUCTION NO. 23**

**CONFLICTING EXPERT TESTIMONY**

If the expert witnesses disagreed with one another, you should weigh each opinion against the others. You should examine the reasons given for each opinion and the facts or other matters that each witness relied on. You may also compare the experts' qualifications.

1

**INSTRUCTION NO. 24**

2

**CAUSATION – SUBSTANTIAL FACTOR**

3

      A substantial factor in causing harm is a factor that a reasonable person would consider to

4

have contributed to the harm. It must be more than a remote or trivial factor. It does not have to

5

be the only cause of the harm. Conduct is not a substantial factor in causing harm if the same

6

harm would have occurred without that conduct.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 26**

**DISABILITY DISCRIMINATION – DISPARATE TREATMENT – ESSENTIAL**

**FACTUAL ELEMENTS**

Mark Snookal claims that Chevron U.S.A. Inc. wrongfully discriminated against him based on his heart condition. To establish this claim, Mark Snookal must prove all of the following:

1.    That Chevron U.S.A. Inc. was an employer;

2.    That Mark Snookal was an employee of Chevron U.S.A. Inc. and applied to Chevron U.S.A. Inc. for a job;

3.    That Chevron U.S.A. Inc. knew that Mark Snookal has a heart condition that limited a major life activity;

4.    That Mark Snookal was able to perform the essential job duties of the Reliability Engineering Manager position either with or without reasonable accommodation for his condition;

5.    That Chevron U.S.A. Inc. rescinded the expatriate job offer;

6.    That Mark Snookal's heart condition was a substantial motivating reason for Chevron U.S.A. Inc.'s decision to rescind the expatriate job offer;

7.    That Mark Snookal was harmed; and

8.    That Chevron U.S.A. Inc.'s conduct was a substantial factor in causing Mark Snookal's harm.

Mark Snookal does not need to prove that Chevron U.S.A. Inc. held any ill will or animosity toward him personally because he was disabled. On the other hand, if you find that Chevron U.S.A. Inc. did hold ill will or animosity toward plaintiff because of his disability or because he was perceived to be disabled, you may consider this fact, along with all the other evidence, in determining whether Mark Snookal's heart condition was a substantial motivating reason for Chevron U.S.A. Inc.'s decision to rescind the expatriate job offer.

**INSTRUCTION NO. 27**

**DISABILITY DISCRIMINATION – "ESSENTIAL JOB DUTIES" EXPLAINED**

In deciding whether a job duty is essential, you may consider, among other factors, the following:

    a.    Whether the reason the job exists is to perform that duty;

    b.    Whether there is a limited number of employees available who can perform that duty;

    c.    Whether the job duty is highly specialized so that the person currently holding the position was hired for his or her expertise or ability to perform the particular duty.

Evidence of whether a particular duty is essential includes, but is not limited to, the following:

    a.    Chevron U.S.A. Inc.'s judgment as to which functions are essential;

    b.    Written job descriptions prepared before advertising or interviewing applicants for the job;

    c.    The amount of time spent on the job performing the duty.

    d.    The consequences of not requiring the person currently holding the position to perform the duty;

    e.    The terms of a collective bargaining agreement;

    f.    The work experiences of past persons holding the job;

    g.    The current work experience of persons holding similar jobs;

    h.    Reference to the importance of the job in prior performance reviews.

"Essential job duties" do not include the marginal duties of the position. "Marginal duties" are those that, if not performed would not eliminate the need for the job, or those that could be readily performed by another employee, or those that could be performed in another way.

**INSTRUCTION NO. 28**

**AFFIRMATIVE DEFENSE – HEALTH OR SAFETY RISK**

Chevron U.S.A. Inc. claims that its conduct was not discriminatory because, even with reasonable accommodations, Mark Snookal was unable to perform at least one essential job duty without endangering his health or safety or the health or safety of others. To succeed on this defense, Chevron U.S.A. Inc. must prove all of the following:

1.    That managing a multidiscipline team of ~20 engineers and technicians in the areas of rotating equipment instrumentation & analyzers, and electrical in Escravos was an essential job duty;

2.    That there was no reasonable accommodation that would have allowed Mark Snookal to perform this job duty without endangering his health or safety or the health or safety of others; and

3.    That Mark Snookal's performance of this job duty would present an immediate and substantial degree of risk to him or others.

However, it is not a defense to assert that Mark Snookal has a disability with a future risk, as long as the disability does not presently interfere with his ability to perform the job in a manner that will not endanger him or others.

In determining whether Chevron U.S.A. Inc. has proved this defense, factors that you may consider include the following:

a.    The duration of the risk;

b.    The nature and severity of the potential harm;

c.    The likelihood that the potential harm would have occurred;

d.    How imminent the potential harm was;

e.    Relevant information regarding Mark Snookal's past work history and medical history; and

f.    Medical opinions from medical professionals.

Your consideration of these factors should be based on a reasonable medical judgment that relies on the most current medical knowledge or on the best available objective evidence.

-30-

1

**INSTRUCTION NO. 29**

2

**CORPORATIONS AND PARTNERSHIPS – FAIR TREATMENT**

3        All parties are equal before the law and a corporation is entitled to the same fair and

4  conscientious consideration by you as any party.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## INSTRUCTION NO. 30

2

## LIABILITY OF CORPORATIONS – SCOPE OF AUTHORITY NOT IN ISSUE

3          Under the law, a corporation is considered to be a person. It can only act through its

4 employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of

5 its employees, agents, directors, and officers performed within the scope of authority.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 31**

**AGENT AND PRINCIPAL – DEFINITION**

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The other person is called a principal. One may be an agent without receiving compensation for services. The agency agreement may be oral or written.

-33-

1

**INSTRUCTION NO. 32**

2

**AGENT – SCOPE OF AUTHORITY DEFINED**

3

    An agent is acting within the scope of authority if the agent is engaged in the

4

performance of duties which were expressly or impliedly assigned to the agent by the principal.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**INSTRUCTION NO. 33**

2

**RATIFICATION**

3        A purported principal who ratifies the acts of someone who was purporting to act as the

4    principal's agent will be liable for the acts of that purported agent, provided that the principal

5    made a conscious and affirmative decision to approve the relevant acts of the purported agent

6    while in possession of full and complete knowledge of all relevant events.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**INSTRUCTION NO. 34**

2

**PRINCIPAL SUED BUT NOT AGENT – NO ISSUE AS TO AGENCY OR AUTHORITY**

3       Dr. Eshiofe Asekomeh, Dr. Victor Adeyeye, Dr. Ujomoti Akintunde, and Dr. Paul

4    Arenyeka were the agents of the defendant Chevron U.S.A. Inc., and, therefore, any act or

5    omission of Dr. Asekomeh , Dr. Adeyeye, Dr. Akintunde, and/or Dr. Arenyeka were the act or

6    omission of Chevron U.S.A. Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 35**

**DAMAGES – PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

    1.    non-economic damages for the mental, physical, emotional pain and suffering experienced in the past; and damages that with reasonable probability will be experienced in the future;

    2.    economic damages for the reasonable value of wages, earnings, and benefits lost up to the present time (past damages) and the reasonable value of wages, earnings and benefits that with reasonable probability will be lost in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

1

**INSTRUCTION NO. 36**

2

**MEASURES OF TYPES OF DAMAGES**

3      In determining the measure of damages, you should consider:

4      The mental, physical, emotional pain and suffering experienced and that with reasonable

5 probability will be experienced in the future;

6      The reasonable value of wages, earnings, and benefits lost up to the present time; and

7      The reasonable value of wages, earnings and benefits that with reasonable probability

8 will be lost in the future.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**INSTRUCTION NO. 37**

2

**AGGRAVATION OF PREEXISTING CONDITION OR DISABILITY**

3      Mark Snookal is not entitled to damages for any physical or emotional condition that he

4  had before Chevron U.S.A. Inc's conduct occurred. However, if Mark Snookal had a physical or

5  emotional condition that was made worse by Chevron U.S.A. Inc's wrongful conduct, you must

6  award damages that will reasonably and fairly compensate him for the effect on that condition.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**INSTRUCTION NO. 38**

2

**UNUSUALLY SUSCEPTIBLE PLAINTIFF**

3

You must decide the full amount of money that will reasonably and fairly compensate

4

Mark Snookal for all damages caused by the wrongful conduct of Chevron U.S.A., Inc., even if

5

Mark Snookal was more susceptible to injury than a normally healthy person would have been,

6

and even if a normally healthy person would not have suffered similar injury.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-40-

**INSTRUCTION NO. 39**

**DAMAGES – MITIGATION**

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.    that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.    the amount by which damages would have been mitigated.

**INSTRUCTION NO. 40**

**DAMAGES ARISING IN THE FUTURE – DISCOUNT TO PRESENT CASH VALUE**

Any award for future economic damages must be for the present value of those damages.

Noneconomic damages such as pain and suffering, are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages would have been received.

The rate of return to be applied in determining present cash value should be in the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill. You should also consider decreases in the value of money that may be caused by future inflation.

**INSTRUCTION NO. 41**

**PHYSICAL PAIN, MENTAL SUFFERING, AND EMOTIONAL DISTRESS**

**(NONECONOMIC DAMAGES)**

No fixed standard exists for deciding the amount of noneconomic damages, including for past and future physical pain, mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, humiliation, and emotional distress. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

To recover for future pain and suffering, Mark Snookal must prove that he is reasonably certain to suffer that harm.

For future pain and suffering, determine the amount in current dollars paid at the time of judgment that will compensate Mark Snookal for future pain and suffering. This amount of noneconomic damages should not be further reduced to present cash value because that reduction should only be performed with respect to economic damages.

-43-

**INSTRUCTION NO. 42**

**DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

1
2

### INSTRUCTION NO. 43

### CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY

3    Because you must base your verdict only on the evidence received in the case and on
4 these instructions, I remind you that you must not be exposed to any other information about the
5 case or to the issues it involves. Except for discussing the case with your fellow jurors during
6 your deliberations:

7    Do not communicate with anyone in any way and do not let anyone else communicate
8 with you in any way about the merits of the case or anything to do with it. This includes
9 discussing the case in person, in writing, by phone, tablet, computer, or any other means, via
10 email, via text messaging, or any internet chat room, blog, website or application, including but
11 not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other
12 forms of social media. This applies to communicating with your family members, your
13 employer, the media or press, and the people involved in the trial. If you are asked or approached
14 in any way about your jury service or anything about this case, you must respond that you have
15 been ordered not to discuss the matter and to report the contact to the court.

16    Do not read, watch, or listen to any news or media accounts or commentary about the
17 case or anything to do with it, although I have no information that there will be news reports
18 about this case; do not do any research, such as consulting dictionaries, searching the Internet, or
19 using other reference materials; and do not make any investigation or in any other way try to
20 learn about the case on your own. Do not visit or view any place discussed in this case, and do
21 not use Internet programs or other devices to search for or view any place discussed during the
22 trial. Also, do not do any research about this case, the law, or the people involved— including
23 the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to
24 read or hear anything touching on this case in the media, turn away and report it to me as soon as
25 possible.

26    These rules protect each party's right to have this case decided only on evidence
27 that has been presented here in court. Witnesses here in court take an oath to tell the truth, and
28 the accuracy of their testimony is tested through the trial process. If you do any research or

1   investigation outside the courtroom, or gain any information through improper communications,
2   then your verdict may be influenced by inaccurate, incomplete or misleading information that
3   has not been tested by the trial process. Each of the parties is entitled to a fair trial by an
4   impartial jury, and if you decide the case based on information not presented in court, you will
5   have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it
6   is very important that you follow these rules.

7      A juror who violates these restrictions jeopardizes the fairness of these proceedings, and
8   a mistrial could result that would require the entire trial process to start over. If any juror is
9   exposed to any outside information, please notify the court immediately.

## INSTRUCTION NO. 44

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**INSTRUCTION NO. 45**

**RETURN OF VERDICT**

    A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.