1 | DOLORES Y. LEAL (134176)
2 | OLIVIA FLECHSIG (334880)
  | ALLRED, MAROKO & GOLDBERG
3 | 6300 Wilshire Blvd. Suite 1500
  | Los Angeles, CA 90048-5217
4 | (323) 653-6530
  | dleal@amglaw.com
5 | oflechsig@amglaw.com

7 | **Attorneys for Plaintiff MARK SNOOKAL**

9 | UNITED STATES DISTRICT COURT
10 | FOR THE CENTRAL DISTRICT OF CALIFORNIA

| MARK SNOOKAL, an individual, | ) CASE NO.: 2:23-cv-6302-HDV-AJR |
|---|---|
| Plaintiff, | ) **DECLARATION OF RENEE MOCHKATEL IN SUPPORT OF PLAINTIFF MARK SNOOKAL'S MOTION FOR ATTORNEYS' FEES AND COSTS** |
| vs. | ) |
| CHEVRON USA, INC., a California Corporation, and DOES 1 through 10, inclusive, | ) [Filed concurrently herewith *Plaintiff Mark Snookal's Notice of Motion and Motion for Attorneys' Fees and Costs; Tables 1 and 2 to Plaintiff's Motion for Attorneys' Fees and Costs; Declarations of Dolores Y. Leal, Olivia Flechsig, Karis Stephen, Sabrina Medler, J. Bernard Alexander, III, Lisa Bloom, Tamara Freeze, and Mark Snookal; and [Proposed] Order Granting Plaintiff's Motion for Attorneys' Fees and Costs*] |
| Defendants. | ) |
| | ) Action Filed: August 3, 2023 |
| | ) Trial Dates: August 19-25, 2025 |
| | ) Judgment Entered: September 3, 2025 |
| | ) Date:  November 13, 2025 |
| | ) Time:  10:00 a.m. |
| | ) Crtrm: 5B |

1
DECLARATION OF RENEE MOCHKATEL IN SUPPORT OF
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

**DECLARATION OF RENEE MOCHKATEL**

I, RENEE MOCHKATEL, declare as follows:

1. I am an attorney duly licensed to practice before all of the Courts of the State of California, and have been an active member of the California State Bar since June 1982. If called as a witness, I could and would competently testify to the following facts based upon my own personal knowledge.

2. This declaration is being submitted in support of Plaintiff Snookal's motion for attorney fees and costs pursuant to Government Code §12965(b) and Code of Civil Procedure §1032.

3. I am a partner in the law firm of Allred, Maroko & Goldberg in Los Angeles, California. A substantial part of our practice is plaintiff employment litigation that focuses on litigating and trying complex civil rights and employment matters. Our firm litigates individual matters and multi-plaintiff cases in these areas.

4. I have been a member of the California bar since 1982. I have been employed with Allred, Maroko & Goldberg since 1984 and during my tenure have been an active member of the trial team as second chair on many employment cases in which a jury has rendered a verdict on behalf of our client, including the following:

** *Sabino Gutierrez v. Cal Spas*: In this novel case, our client, a man, sued his Employer and a female supervisor, for sexual harassment. In 1993, a Los Angeles jury issued a unanimous verdict and awarded our client one million dollars.

** In *Christian v. J&J Snack Foods:* Our client, a straight male sued another straight male for sexual harassment. A jury awarded our client in excess of $5 million.

** In 2002 the case of *Janice Adams v. LAUSD* resulted in a jury verdict of over $4,000,000.

** We represented two individuals in the protected age group who sued their employer for age discrimination. An arbitrator issued an award of over $1,000,000.

** In 2019, although I was not at counsel table, I was on the trial team with Ms. Leal and Nathan Goldberg which represented Lauren Reeves in a sexual harassment case against

1  Alkiviades David.  I worked on the case from the beginning of our firm's representation of Ms.
2  Reeves, including extensive law and motion work and discovery.  The jury awarded Ms. Reeves
3  a total of $5 million dollars against Defendant David.
4        **      In 2019, although I was not at counsel table, I was on the trial team with Ms. Leal
5  and Mr. Goldberg which represented Mahim Khan in a sexual harassment case against
6  Alkiviades David.  I worked on the case from the beginning of our firm's representation of Ms.
7  Khan, including extensive law and motion work and discovery.  The jury awarded Ms. Khan a
8  total of $58,250,000 dollars against Defendant David.
9        5.      When I initially joined Allred Maroko and Goldberg I worked primarily of family
10 law cases.  However, for the past approximately 25 years I have worked on hundreds of cases
11 advocating on behalf of employees.  I represent plaintiffs in employment litigation in matters
12 involving discrimination, sexual harassment and wrongful termination
13       6.      I have been recognized as one of Southern California's "SuperLawyers" by Law
14 & Politics and Los Angeles Magazine from 2008 through 2025.  In addition, I served on the
15 Executive Committee of the Labor and Employment Section of the Los Angeles County Bar
16 Association for over 10 years.  In 2018, I received an award as Distinguished Alumna from Cal
17 Poly Pomona.  I also served as an Officer and Trustee for Temple Israel of Hollywood for over a
18 decade working passionately on issues of social justice.
19       7.      Over 90% of our cases are taken on a contingency basis.  Through my practice, I
20 have become familiar with the rates charged by law firms in Los Angeles County for litigation
21 of employment-related matters such as this case.  Based on that knowledge, and my knowledge
22 of the experience level and/or abilities of Plaintiff's counsel, it is my professional opinion that
23 the rates sought by our firm are well within the range charged by comparably qualified attorneys
24 for similar litigation. These hourly rates are reasonable and consistent with fees being charged
25 by Plaintiff trial attorneys in employment cases with commensurate skill level, expertise and
26 experience.
27       8.      Based on my experience in the field, employment cases are by nature risky and
28 expensive to litigate. Recovery is never assured. Cases often take years to resolve.  My clients

1  are invariably unable to pay my legal fees and costs which, in cases I participate in and try,
2  almost always approach or break into seven figures.  In order to maintain a viable private
3  practice, I must place a premium on assessing a case from the perspective of trial costs versus
4  the legal merits and the expected recovery.  In cases where damages may be lower, or difficult to
5  obtain, I examine the possibilities of fee-shifting statutes, should I prevail.  My hourly rate is
6  $1200 per hour.
7         10.    As set forth in Ms. Leal's Declaration, filed concurrently herewith, my total hours
8  in the case were 33.6 at the rate of $1200 per hour for a total request of $40,320.  I have
9  reviewed my billing statement attached to Ms. Leal's declaration as Exhibit A, and it is accurate.
10 This time spent was reasonably necessary to preparing Mr. Snookal's case for trial.
11        I declare under penalty of perjury under the laws of the State of California that the
12 foregoing is true and correct and, if called to testify, I could and would competently testify to the
13 above facts.
14        Executed this 17th day of September, 2025, at Los Angeles, California.

_____
RENEE MOCHKATEL