```
 1  DOLORES Y. LEAL (134176)
    OLIVIA FLECHSIG (334880)
 2  ALLRED, MAROKO & GOLDBERG
    6300 Wilshire Blvd. Suite 1500
 3  Los Angeles, CA 90048-5217
 4  (323) 653-6530
    dleal@amglaw.com
 5  oflechsig@amglaw.com
 6
 7  Attorneys for Plaintiff MARK SNOOKAL
 8
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| MARK SNOOKAL, an individual, | ) CASE NO.: 2:23-cv-6302-HDV-AJR |
|---|---|
| Plaintiff, | ) **DECLARATION OF KARIS STEPHEN IN SUPPORT OF PLAINTIFF MARK SNOOKAL'S MOTION FOR ATTORNEYS' FEES AND COSTS** |
| vs. | ) |
| CHEVRON USA, INC., a California Corporation, and DOES 1 through 10, inclusive, | ) [Filed concurrently herewith *Plaintiff Mark Snookal's Notice of Motion and Motion for Attorneys' Fees and Costs; Tables 1 and 2 to Plaintiff's Motion for Attorneys' Fees and Costs; Declarations of Dolores Y. Leal, Olivia Flechsig, Renee Mochkatel, Sabrina Medler, J. Bernard Alexander, III, Lisa Bloom, Tamara Freeze, and Mark Snookal; and [Proposed] Order Granting Plaintiff's Motion for Attorneys' Fees and Costs*] |
| Defendants. | ) Action Filed: August 3, 2023<br>) Trial Dates: August 19-25, 2025<br>) Judgment Entered: September 3, 2025<br>) <br>) Date:  November 13, 2025<br>) Time:  10:00 a.m.<br>) Crtrm:  5B |

1
DECLARATION OF KARIS STEPHEN IN SUPPORT OF
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

**DECLARATION OF KARIS STEPHEN**

I, KARIS STEPHEN, declare as follows:

1. I am an attorney duly licensed to practice in the State of California and have been an active member of the California State Bar since December 2023. If called as a witness, I could and would competently testify to the following facts based upon my own personal knowledge.

2. This declaration is being submitted in support of Plaintiff Snookal's Motion for Attorneys' Fees and Costs pursuant to Government Code §12965(b).

3. I am an associate at the law firm of Allred, Maroko & Goldberg in Los Angeles, California. A substantial part of our practice is plaintiff employment litigation that focuses on litigating and trying complex civil rights and employment matters. Our firm litigates individual matters and multi-plaintiff cases in these areas.

4. After graduating from the University of Pennsylvania Law School in 2023, I became a member of the California State Bar in 2023. I started my legal career as an associate in the Labor & Employment group at Latham & Watkins. I have been employed with Allred, Maroko & Goldberg as an associate since 2024. During my tenure at Allred, Maroko & Goldberg, I have represented plaintiffs in employment litigation and pre-litigation matters ranging from race discrimination to sexual harassment to wrongful termination. In addition, I represent victims of sex abuse in their civil cases.

5. I am a member of the California Employment Lawyers Association, the Los Angeles County Bar Association's Labor and Employment Law Section, and the Langston Bar Association. I am a regular contributor to the Daily Journal, writing about a range of legal issues related to my practice. I also serve as the Chair of the Young Professionals Advisory Board for Los Angeles Music & Art School, a non-profit organization that provides after-school arts education to local youths.

6. Over 90% of our cases at Allred, Maroko & Goldberg are taken on a contingency basis. Through my practice, I have become familiar with the rates charged by law firms in Los Angeles County for litigation of employment-related matters such as this case. Based on that

knowledge, and my knowledge of the experience level and/or abilities of Plaintiff's counsel, it is my professional opinion that the rates sought by our firm are well within the range charged by comparably qualified attorneys for similar litigation. These hourly rates are reasonable and consistent with fees being charged by Plaintiff trial attorneys in employment cases with commensurate skill level, expertise and experience.

7. Based on my experience in the field, employment cases are by nature risky and expensive to litigate. Recovery is never assured. Cases often take years to resolve. My clients are invariably unable to pay my legal fees and costs which, in cases I participate in, almost always approach or break into seven figures. In order to maintain a viable private practice, I must place a premium on assessing a case from the perspective of trial costs versus the legal merits and the expected recovery. In cases where damages may be lower, or difficult to obtain, I examine the possibilities of fee-shifting statutes, should I prevail. My hourly rate is $450.00 per hour. I am informed and believe that my hourly rate while I was practicing at Latham & Watkins as a first year associate was significantly more than the $450 rate I am currently requesting, despite the fact that my experience, skills, training, and qualifications have only increased since then.

8. As set forth in Ms. Leal's declaration, filed concurrently herewith, my total hours in the case were 111.8 at the rate of $450 per hour for a total request of $50,310. I have reviewed the billing statements as reflected in Exhibit A to Ms. Leal's declaration, and it is accurate.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and, if called to testify, I could and would competently testify to the above facts.

Executed this 17th day of September, 2025, at Los Angeles, California.

_____
KARIS STEPHEN

3
DECLARATION OF KARIS STEPHEN IN SUPPORT OF
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS