1  DOLORES Y. LEAL (134176)
   OLIVIA FLECHSIG (334880)
2  ALLRED, MAROKO & GOLDBERG
3  6300 Wilshire Blvd. Suite 1500
   Los Angeles, CA 90048-5217
4  (323) 653-6530
   dleal@amglaw.com
5  oflechsig@amglaw.com

6

7  **Attorneys for <u>Plaintiff MARK SNOOKAL</u>**

8

9              UNITED STATES DISTRICT COURT

10         FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

12  MARK SNOOKAL, an individual,        ) CASE NO.: 2:23-cv-6302-HDV-AJR
                                        )
13                                      ) **DECLARATION OF J. BERNARD**
                                        ) **ALEXANDER, III IN SUPPORT OF**
14              Plaintiff,              ) **PLAINTIFF MARK SNOOKAL'S**
                                        ) **MOTION FOR ATTORNEYS' FEES**
15      vs.                             )
                                        ) [*Filed concurrently herewith Plaintiff Mark*
16                                      ) *Snookal's Notice of Motion and Motion for*
                                        ) *Attorneys' Fees and Costs; Tables 1 and 2 to*
17  CHEVRON USA, INC., a California     ) *Plaintiff's Motion for Attorneys' Fees and*
    Corporation, and DOES 1 through 10, ) *Costs; Declarations of Dolores Y. Leal, Olivia*
18  inclusive,                          ) *Flechsig, Renee Mochkatel, Karis Stephen,*
                                        ) *Sabria Medler, Lisa Bloom, Tamara Freeze*
19                                      ) *and Mark Snookal; and [Proposed] Order*
                                        ) *Granting Plaintiff's Motion for Attorneys'*
20              Defendants.             ) *Fees and Costs*]
                                        )
21                                      )
                                        )
22                                      ) Action Filed: August 3, 2023
23                                      ) Trial Dates: August 19-25, 2025
                                        ) Judgment Entered: September 3, 2025
24                                      )
                                        )  Date:  November 13, 2025
25                                      ) Time:  10:00 a.m.
                                        ) Crtrm: 5B
26                                      )
27  _____

28

                                        1
DECLARATION OF J. BERNARD ALEXANDER, III IN SUPPORT OF PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES

## <u>DECLARATION OF J. BERNARD ALENXANDER, III</u>

I, J. BERNARD ALEXANDER, III, declare:

1.    I am an attorney at law fully licensed to practice before all of the Courts of the State of California and am a partner of Alexander Morrison + Fehr LLP.

2.    I have personal knowledge of the material facts set forth herein, except those where I have indicated my statement is based on information and belief. If called upon as a witness, I could competently testify thereto.

3.    I make this Declaration in support of Plaintiff Mark Snookal's Motion for Attorneys' Fees.

**I.    Background, Training and Experience:**

4.    I received my Bachelor of Arts degree from the University of California at Los Angeles in 1983. My Juris Doctor was awarded by Southwestern University School of Law in 1986, where I earned a Deans Scholarship. I was first admitted to practice before the courts of the State of California in 1987 and am admitted to the U.S. District Courts for the Central, Eastern and Southern Districts of California and the U.S. Courts of Appeal for the Ninth Circuit, and the Northern District of Illinois.

5.    I am a founding partner of Alexander Morrison + Fehr LLP (the successor law firm to Alexander Krakow + Glick LLP). Currently my practice consists of 80% plaintiff employment litigation and 20% police excessive force cases. Over 95% of the firm's work is done on a contingency basis, consistent with the practice of a substantial majority of plaintiff civil rights attorneys.

6.    Throughout my 35+ years of practice, I have achieved numerous six, seven, and eight-figure verdicts and a nine-figure verdict, and achieved settlements in various types of civil rights cases, including police excessive force cases and plaintiff employment cases. I have been lead trial counsel in well over 75 trials and have successfully handled numerous mediations and binding arbitrations.

7.     I completed a two-year term as President of the California Employment Lawyers Association ("CELA"), in October 2015. CELA is a statewide organization and the largest bar association in California for lawyers representing employees, with a membership of approximately 1,300 attorneys. While President, in 2014, I created the annual CELA trial college, which emphasizes successful trial techniques in trying Plaintiff employment cases.  Over 350 attorneys have graduated from the college, many of which have subsequently had great success in trying cases.

8.     I am an active member of the National Employment Lawyers Association ("NELA"), and was an elected Executive Board Member of six years. During my time on the board, I taught and assisted with the curriculum at a bi-annual trial boot camp which is attended by Plaintiff employment attorneys from throughout the United States, where the techniques taught at CELA were expanded to be taught nationally.

9.     I am regularly invited to speak at continuing legal education seminars, around the United States, on various employment law topics related to whistleblower claims, various forms of discrimination, harassment, retaliation and disability claims, trial and litigation strategies and techniques, and various other substantive areas of the law within employment litigation. I have given numerous employment law speeches and presentations at conferences for a variety of legal organizations, including the American Bar Association ("ABA"), CELA, NELA and NELA state affiliates, the Los Angeles County Bar Association ("LACBA") Labor and Employment Section, the John M. Langston Bar Association of Los Angeles, the Consumer Attorneys Association for Los Angeles ("CAALA"), and Consumer Attorneys of California ("CAOC"). I am also a member of the Legal Eagles for Truth Justice and the American Way ("LEFTJAW"), a local branch of CELA that is devoted exclusively to the representation of employees.

DECLARATION OF J. BERNARD ALEXANDER, III IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

10.    Since 2021, I have been on the Board of Trustees for my alma mater, Southwestern University School of Law.

11.    From approximately 2016 to 2022, I was an Adjunct Professor teaching mediation techniques at USC Gould School of Law.

12.    I am also a lifetime member of the John M. Langston Bar Association of Los Angeles and the UCLA Alumni Association.  From 2005 until approximately 2022, I was an active member of the Los Angeles County Bar Association Labor and Employment Executive Committee.

## II.    Professional Recognition and Honors

13.    In August 2023, Alexander Morrison + Fehr LLP (and in 2017 its predecessor firm, Alexander Krakow + Glick LLP) was designated one of the Top 20 Boutiques for plaintiff employment law in California by the Los Angeles Daily Journal.

14.    I have received numerous forms of professional recognition and honors, including:

- 2025 Southwestern University School of Law, Alumnus of the Year
- 2024 San Francisco Trial Lawyer of the Year
- 2023 Langston Trial Lawyer of the Year
- 2022 CAALA Trial Lawyer of the Year
    - Voted Charles B. O'Reilly Memorial "Trial Lawyer of the Year" by the Consumer Attorneys Association of Los Angeles (CAALA) (2022), a membership organization of approximately three thousand members. One of only six (6) employment lawyers out of the fifty-two (52) individuals who have received this honor since 1972.
- 2022 San Francisco Trial Lawyer of the Year, Finalist
- 2022 Cover photo and article in Southern California Super Lawyer
- 2021-2026 Top 10 Southern California Super Lawyer

4

- 2021 American College of Trial Lawyers Fellow
- 2020 College of Labor & Employment Lawyers Fellow
- 2013 American Board of Trial Advocates (ABOTA), Southern California
- 2020 LACBA Jim Robie Professionalism and Civility Award
  - An award given to a Los Angeles trial lawyer, active in the Los Angeles County Bar Association, acknowledging recognition from the plaintiff and defense bar, as well as the judiciary, whose career demonstrates qualities of professionalism, civility, service, enthusiasm and collegiality. https://lacba.org/?pg=jim-robie-professionalism-and-civility-award
- 2019-2023 Top 100 Attorneys in California
- 2016 CELA Joe Posner Award Recipient
  - Awarded the California Employment Lawyers' Association "Joe Posner Award," CELA's highest individual recognition for a career dedicated to advancing employee rights. CELA is a statewide organization of over twelve hundred employee rights lawyers – the largest statewide employee rights organization in the Country.
- 2019 "Lawyer of the Year" Honoree for Employment Law, Best Lawyers Southern California (published November 2018);
- Daily Journal's Top 75 California Labor and Employment Lawyers:  2012 to present;
- Super Lawyer - Employment Litigation:  2009 through 2024 (published by Los Angeles Magazine and Law & Politics)
- Top 100 Southern California Super Lawyers, by Los Angeles Magazine and Law & Politics: 2015 – 2019, 2021-2024.

DECLARATION OF J. BERNARD ALEXANDER, III IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

- 2023 CABL (California Assoc. of Black Lawyer) Advocate for Social Justice Award
- 2023 - 2025 Lawdragon 500 Leading Civil Rights & Plaintiff Employment Lawyers
- 2024 Best Lawyers Lawyer of the Year - Employment Law - Individuals in Los Angeles, August 2014 to present.

15.     I have obtained multiple multi-million-dollar verdicts and significant outcomes in employment and civil rights jury trial. Among the successful civil rights cases I have tried and been awarded prevailing party attorney fees in the past are the following:

a. *Lewis v Kern County (Sheriff)*, USDC Eastern District Case No. 1:21−CV−00378−KES-CDB: Jury verdict of $30,500,000, awarded to decedent's children in a wrongful death shooting case. Judge Kirk E. Sheriff. Fee motion pending at rate of $1,300 per hour.

b. *Diaz v Tesla Corporation*, USDC Northern District Case No. 3:17-cv-06748-WHO: Jury verdict of $136.9 million, in October 2021, for racial harassment, failure to prevent harassment and negligent retention, the largest single plaintiff harassment verdict in US history. USDC Judge William H. Orrick. Retried to verdict of $3,175,000 in 2023. Confidential settlement reached while $1,200 per hour fee motion pending.

c. *McCray v WestRock Services, Inc.,* Case No. 2:21−cv−09853−DMG−RAO: Jury verdict of $9,461,000, in August 2023, for retaliation, disability discrimination and failure to prevent discrimination and retaliation in favor of a 27-year African American employee. District Court Judge Dolly Gee; settled April 2025, with pending fee motion seeking a rate of

DECLARATION OF J. BERNARD ALEXANDER, III IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

$1,250 per hour. Top 100 Cases in California for 2023: No. 44. https://topverdict.com/lists/2023/california

   d.   *Pierce/Bland v East Bay Municipal Utility District*, USDC Case No. 3:21-cv-04325-AGT: Jury verdict of $7,990,000, in June 2023, for retaliation (Section 1983 and FEHA), failure to prevent discrimination and retaliation and construction discharge, in favor of two women of color employed in the General Counsel's Office of EBMUD. US Magistrate Judge Alex G. Tse; fee motion pending appeal. Top 100 Cases in California for 2023: No. 52. https://topverdict.com/lists/2023/california

   e.   *Mchaar v FedEx Ground,* Santa Clara Superior Court Case No. 20CV366270, for disability discrimination and retaliation of a part-time deaf employee in April 2023.  Judge Lori E. Pegg approved a rate of $1,100 ("Although even a $1,100 hourly rate is high for Santa Clara County…")  (A true and correct copy of the Court's order is attached as Exhibit "1".) Top 100 Cases in California for 2023: No. 91. https://topverdict.com/lists/2023/california

   f.   *Gallegos v. University of La Verne*, Los Angeles Superior Court Case No. 20STCV29478: Jury verdict of $600,000 in March 2023, for retaliation arising from protected medical leave followed rejected Offer to Compromise of $125,000. Appeal pending.

   g.   *Rios, et. al. v. City of Los Angeles*, Case No.: 2:21-cv-05341-RGK-MAA: Jury verdict of $120,000, in a police excessive force case where an African American family of three was stopped at gun point based on a "cold plate" – the vehicle license plate of the vehicle owned by them did not match the DMV issued plate, through no fault of their own. USDC Judge R. Gary Klausner

DECLARATION OF J. BERNARD ALEXANDER, III IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

approved a rate of $1,100 per hour. (A true and correct copy of the Court's order is attached as Exhibit "2".)

h. *Asfall v. Los Angeles Unified School District,* Case No. 2:18-cv-00505-CBM (RAOx): Jury verdict of $100,000 in emotional distress damages in a Title IX retaliation case. USDC Judge Consuelo B. Marshall approved a rate of $950 per hour with a 1.1 multiplier, in October 2020; affirmed on appeal. (A true and correct copy of the Court's order is attached as Exhibit "3".)

i. *Carter v. Federal Express, Inc.*, Los Angeles Superior Court Case No. BC 658923: Jury verdict of $5,317,162, with a remittitur to $3,515,000, in March 2019, for Disability Discrimination – Failure to Accommodate, Failure to Engage in the Interactive Process and Retaliation, in favor of a 25-year employee. Judge Rafael Ongkeko approved a rate of $850 per hour. (A true and correct copy of the Court's order is attached as Exhibit "4".) *(https://topverdict.com/lists/2019/california/top-10-civil-rights-verdicts)*.

j. *Monterroso v. Hydraulics International, Inc.*, Case No. Case No.: BC654053: Jury verdict of $1,292,063 in April 2019, for California Family Rights Act (CFRA) retaliation and Associational Discrimination – Failure to Accommodate, in favor of a 25-year employee making $19.07 on his date of termination. LASC Judge Maureen Duffy-Lewis.

k. *Kunga v. American Guard Services*, Case No. BC657320: Jury verdict of $3,000,000 in July 2018, for discrimination and retaliation under the California Family Rights Act, in favor of a $12 per hour security guard who was denied emergency leave to care for his daughter, then terminated for "job abandonment."

LASC Judge Michael P. Linfield approved a rate of $815 per hour for work performed in 2018.

l. *Campbell v. Fuse LLC*: Arbitration award of $2.038 million in January 2017, in a wrongful termination case. Later, confirmed by LASC Judge Mark Mooney, based on an award of $815 per hour by Michael Latin, Judge Retired.

m. *Flores v. Office Depot*, Case No. BC 556173: Jury verdict of $10 million in January 2017, in a CFRA retaliation case. LASC Judge Daniel S Murphy awarded me a rate of $750 per hour, as lead trial counsel.

n. *Rivera v. Costco*: Jury verdict of $1,686,500 in November 2014 in a disability discrimination, defamation and wrongful termination case.

o. *Flores v. City of Westminster, USDC* Case no. 8:11-cv-00278-DOC-RNB: Jury verdict of $3.55 million in March 2014, representing three male Latino police officers in a failure to promote case based on race in Orange County. USDC Judge David O. Carter approved a rate of $750 per hour.

p. *Salinda v. DirecTV*, Case No. BC 475999: Jury verdict of $1,178,628 in 2013 in a disability discrimination case. LASC Judge Ronald Sohigian approved my rate of $675 per hour.

16.    Through my active involvement in California Employment Lawyers Association (CELA), National Employment Lawyers Association (NELA), Legal Eagles for Truth, Justice and the American Way (LEFTJAW), Consumer Attorneys Association of Los Angeles (CAALA) and the Los Angeles County Bar Association (LACBA), I meet and confer with numerous Southern and Northern California employment and civil rights lawyers on a daily basis and on a variety of employment and civil rights law issues, including hourly rates. Through my own experience and through my contacts with other attorneys and organizations

DECLARATION OF J. BERNARD ALEXANDER, III IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

throughout the Los Angeles, Orange County, Inland Empire, Sacramento and San Francisco legal communities, I am very familiar with the community standards for attorney fees awards in these areas. I have been called on, in numerous instances, to provide declarations in support of fees for attorneys practicing employment and civil rights law matters. It is based on this knowledge that I opine on the reasonableness of the hourly rates charged by counsel in this matter.

17.    I am also privy to rates charged to governmental entities by litigation defense counsel. Attached as Exhibit "1" is a true and correct copy of the declaration of CELA Chair, Brandi Cowen, who made a California Public Records Act Request to the Los Angeles Department of Water and Power ("LADWP") for the fee agreement entered between the LADWP and the law firm of Munger, Tolles, and Olsen to provide services to defend the City and/or the LADWP in legal actions arising out of the fires in Los Angles. That contract is attached to Brandi Cowen's declaration.  Exhibit "B" to Ms. Cowen's declaration identifies the hourly rate charged by Munger, Tolles, and Olsen partners and associates, and further substantiates the hourly rate attested to in my declaration.

## Summary of the Snookal Litigation

18.    I understand that on August 25, 2025, attorneys Dolores Y. Leal and Olivia Flechsig prevailed at trial in Snookal v. Chevron U.S.A. Inc., a disability employment discrimination case.

19.    I have personal knowledge of how difficult it is to try plaintiff employment discrimination cases such as this.

20.    I also understand that defense counsel in this case was Tracey Kennedy, of Sheppard Mullin.  I have personal knowledge of the skill and effectiveness of Ms. Kennedy and her firm, having litigated many cases against Sheppard Mullin, three of which I took to trial and prevailed, including the Tesla case identified above.

21.    Based on my past and current experience in ongoing litigation, Ms. Kennedy and Sheppard Mullin are formidable adversaries, and only the most skillful, prepared and competent Plaintiff attorneys are able to succeed against her.

22.    I am further informed that this was a particularly challenging case, where Plaintiff's counsel overcame many substantial impediments, including obstreperous tactics by defense counsel Sheppard Mullin during discovery, which resulted in Plaintiff's counsel having to (1) oppose two Motions for Summary Judgment rather than one; (2) being required to file two *ex parte* applications to address obstructionist discovery practices; and (2) participating in four Informal Discovery Conferences with the intervention of the Court, all owing to Defendant withholding discovery.

23.    I try more cases to jury verdicts than most.  In my experience, this is the first case of which I am aware where a Plaintiff prevailed in the face of a Defendant asserting a "direct threat defense" to a clam of disability discrimination.

24.    It is truly daunting circumstances to litigate against a well-funded defendant like Chevron U.S.A., Inc., being defendant by Sheppard Mullin and Tracey Kennedy, where litigation expenses are a non-issue.  Plaintiffs face the prospect of engaging in time-consuming, costly litigation where the likely prospect of losing would discourage most plaintiff firms from accepting the case, based on the degree of difficulty in litigating the case, let alone preparing for trial in hopes of prevailing.

25.    Despite the substantial obstacles faced, Plaintiff's counsel successfully overcame defenses asserted by Defendant Chevron U.S.A. Inc. and its well-respect trial counsel, Tracey Kennedy, and persuaded the jury that Defendant violated the Fair Employment and Housing Act, awarding total damages of $4,000,000.

26.    Civil rights trials are very easy to lose and extremely difficult to win. The cases are factually and legally complex and time consuming, and necessarily

DECLARATION OF J. BERNARD ALEXANDER, III IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

preclude retention in other employment cases. Employment discrimination cases cannot be handled like a personal injury mill. They are time-intensive cases that require specialized expertise in order to address the myriad of defenses available, including the direct threat defense under the Fair Employment and Housing Act, Gov't Code Sec. 12940 (a) (1) and Cal. Code Regs., tit.2, sec. 1106(b)-(e). The successful results achieve in this trial is a testament to perseverance and a tribute to the trial skills of Dolores Leal and Olivia Flechsig who successfully shepherded this case to verdict.

27.    In agreeing to accept a case on contingency, plaintiff's counsel must contemplate the prospect of carrying substantial expenses through final resolution, with no guarantee that expenses advanced will be recouped. Many contingent cases are lost, resulting in no fee to the plaintiff's attorney. Other cases settle at a loss, for figures that result in a contingency fee far below the actual fees expended by plaintiff's counsel. If, even when a case goes all the way to trial after years of litigation and the plaintiff prevails, if plaintiff's counsel can only hope to recover the actual time spent, the risks in taking such cases would so greatly outweigh any potential "upside" that Plaintiff firms--which are typically small firms of ten or less like mine--simply could not afford to accept such cases.

28.    When Plaintiff's counsel takes the substantial risk involved in representing a plaintiff in a civil rights case, Plaintiff's counsel should be rewarded not only for the legal acumen, but also for the substantial effort and persistence necessary in order to stay the course in seeking justice. That principle is demonstrated by the adversity Plaintiff's counsel overcame in prevailing over the efforts of Chevron, U.S.A., Inc.

## **Qualifications of Dolores Y. Leal**

29.    I am personally familiar with the professional abilities and accomplishments of Dolores Y. Leal, who I have known for about 30 years.

30.    During this time, Ms. Leal has consistently been recognized as a

DECLARATION OF J. BERNARD ALEXANDER, III IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

stalwart, a resource and a wealth of wisdom and information, especially as it relates to litigation of plaintiff employment discrimination cases.

31.    Ms. Leal has been a mentor to many new plaintiff employment attorneys and has shared her knowledge, experience and expertise as a speaker at several bar associations, including California Lawyers Association (Labor and Employment Law section), California Employment Lawyers Association ("CELA"), National Employment Lawyers Association ("NELA"), Legal Eagles for Truth and Justice in the American Way ("LEFTJAW"), Los Angeles County Bar Association ("LACBA" Labor/ Employment), Orange County Bar Association ("OCBA" Labor/ Employment), Consumer Attorneys Association of Los Angeles ("CAALA"), Women Lawyers of Los Angeles ("WLALA"), Beverly Hills Bar Association, Association of Workplace Investigators ABA (EEO Committee), and Latina Lawyers Bar Association ("LLBA").

32.    While Ms. Leal's qualifications and honors are set forth more fully in her Declaration filed concurrently herewith, I will provide a representative snippet. For the past 21 years, since 2004, Ms. Leal has received well deserved recognition: (1) as one of Southern California's "SuperLawyers" by Los Angeles Magazine; (2) as one of the Top Women Lawyers in Southern California in 2005, 2006, 2012, and 2018; (3) as one of the "Top 50 Women Lawyers in Los Angeles" by the Los Angeles Business Journal; (4) one of the "Best Lawyers" from 2006 to the present, to identified just a handful or representative accolades. Ms. Leal has always received an "AV" rating, the highest rating from Martindale Hubbell and has always received the highest client rating (10) on AVVO.

33.    Ms. Leal wrote a book for employment law attorneys, *Litigating Sexual Harassment and Sex Discrimination Cases,* published by James Publishing, which I and many of my colleagues in the employment bar, here in California and throughout the United States utilize, when litigating such cases.

34.    Suffice it to say that Ms. Leal has a long and decorated history of

DECLARATION OF J. BERNARD ALEXANDER, III IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

being a talented, committed leader in the plaintiff employment litigation community, and has served in this role throughout the time that I have had the pleasure of knowing her.

35.    I understand that Ms. Leal is seeking an hourly attorney rate of $1,200 per hour.

36.    I am readily familiar with the rates charged by attorneys performing both plaintiff and defense employment and traditional civil rights work in California.  Based on my experience, Ms. Leal's requested rate of $1,200 is reasonable, well within the range of market value for a lawyer of her caliber, experience and well-deserved reputation, and undervalued.

37.    Comparatively speaking, and despite Ms. Leal's years of experience and professional recognition, her rate is at the very low end of what is charged by partners at Munger, Tolles to provide defense services. For example, the hourly rate for partner Henry Weissmann who was admitted 6 months before Ms. Leal is $1,950. The hourly rate for partner Dan Levin who was admitted in 2003, or 15 years after Ms. Leal, is $1,800. (See above para 17, Exh. B).

**Qualifications of Olivia Flechsig**

38.    I am personally aware of Ms. Flechsig's qualifications and abilities, and have personally known her for approximately the past five years. I understand Ms. Flechsig is seeking an hourly attorney rate of $650 per hour.

39.    I understand that Ms. Flechsig graduated from Stanford Law School in 2020 and has been working full time as an Associate with Allred, Maroko & Goldberg since October of 2020. She has earned a reputation as a rising star within the field of plaintiff-side employment practice.

40.    Ms. Flechsig's qualifications and honors are set forth more fully in her Declaration filed concurrently herewith.

41.    I am readily familiar with the rates charged by attorneys performing both plaintiff and defense employment and traditional civil rights work throughout

California.

42.     Based on my experience, Ms. Flechsig's requested rate of $650 per hour is reasonable and well within the range of market value for a lawyer of her caliber and experience. Comparatively speaking, her hourly rate is less than what is charged by associates at Munger, Tolles and Olsen to provide defense services. For example, a 5th year associate billed $1,080 per hour. A 4th year associate billed $995 per hour. (See above at para 17, Exh. B). By way of further example, associates at my firm with similar years of experience are billed at a rates not less than $650 to $750 per hour, depending on their level of trial and litigation experience.

## Qualifications of Renee Mochkatel

43.     I have known Renee Mochkatel for at least 20 years, and am personally familiar with her qualifications and abilities, as a plaintiff employment law colleague. Ms. Mochkatel is a partner at Allred, Maroko & Goldberg who has been practicing in California since 1982, and has been practicing with Allred, Maroko & Goldberg since 1984.

44.     Ms. Mochkatel has a stellar reputation among employment law community as a fierce advocate.  I have had dozens of legal discussions with Ms. Mochkatel regarding litigation tactics, strategy and trial.

45.     Ms. Mochkatel's qualifications and honors are set forth more fully in her Declaration filed concurrently herewith.

46.     I understand that Ms. Mochkatel is seeking an hourly rate of $1200, and that she has been paid this rate by hourly clients. This rate is reasonable and well within the range other members of the plaintiffs' civil rights and employment bar with similar qualifications and experience.

47.     Comparatively speaking, and despite Ms. Mochkatel's years of experience and professional recognition, her rate is at the very low end of what is charged by partners at Munger, Tolles in providing defense services. For example,

DECLARATION OF J. BERNARD ALEXANDER, III IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

1  the hourly rate for partner Henry Weissmann is $1,950. The hourly rate for partner

2  Dan Levin who was admitted in 2003, or 21 years after Ms. Mochkatel is $1,800.

3  (See above para 17, Exh. B).  In comparison to these gentleman, the conservative

4  rate being sought by Ms. Mochkatel is truly a bargain.

5          I declare under penalty of perjury under the laws of the State of California

6  that the foregoing is true and correct.

7          Executed this15th day of September 2025 in the County of Los Angeles, in

8  the State of California.

9

10

11                                    _____

12                                         J. Bernard Alexander, III

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF J. BERNARD ALEXANDER, III IN SUPPORT OF PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES