# EXHIBIT "B"

Electronically Received 05/19/2025 04:26 PM

1  **WORKPLACE JUSTICE ADVOCATES, PLC**
2  Tamara S. Freeze, California Bar No. 239037
   tf@workplacejustice.com
3  Xinyue Liu, California Bar No. 349155
   xliu@workplacejustic.com
4  400 Spectrum Center Drive, Suite 560
   Irvine, California 92618
5  Telephone: (949) 378-9794

6  Attorneys for Plaintiff,
   JEFFREY QIUHONG YANG

**FILED**
Superior Court of California
County of Los Angeles
05/22/2025
David W. Slayton, Executive Officer/Clerk of Court
By: _____ G. Morales _____ Deputy

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE**

| | |
|---|---|
| JEFFREY QIUHONG YANG, | CASE NO.: 20STCV45192 |
| Plaintiff, | *Assigned for all purposes to the Hon. Joseph Lipner* |
| vs. | Dept: 72 |
| GLOBAL WIN CAPITAL CORPORATION, | |
| Defendant. | **[~~PROPOSED~~] ORDER GRANTING PLAINTIFF JEFFREY QIUHONG YANG'S MOTION FOR ATTORNEYS' FEES** |
| GLOBAL WIN CAPITAL CORPORATION, a Delaware corporation, | Hearing Date: May 8, 2025 Time: 8:30 a.m. Dept: 72 |
| Cross-Complainant, | Complaint Filed: November 24, 2020 Trial Date:        October 23, 2024 |
| vs. | |
| JEFFREY QIUHONG YANG, an individual, XIAOBEL ELLIS LIU, an individual, and ROES 1-50 | **CRS #: 869277319574** |
| Cross-Defendants. | |

1

**EXH B/1**

**[~~PROPOSED~~] ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

1                                      **[~~PROPOSED~~] ORDER**

2          On May 8, 2025, Plaintiff Jeffrey Yang's Motion for Attorneys' Fees came regularly on for

3 hearing, the Hon. Joseph Lipner presiding. Tamara Freeze and Jordanna Thigpen appeared for

4 Plaintiff Jeffrey Yang ("Plaintiff"), and Felix Woo appeared for Defendant Global Win Capital

5 Corporation ("Defendant"). The Court posted its tentative ruling online in advance of the hearing.

6 The Court and counsel conferred in open court and the cause was argued. The matter was taken

7 under submission, and later in the day on May 8, 2025, the Court issued a Minute Order, which is

8 restated below with the Court's final ruling:

9          Plaintiff and Cross-Defendant Jeffrey Qiuhong Yang ("Plaintiff") moves for an award of

10 attorney's fees against Defendant and Cross-Complainant Global Win Capital Corporation

11 ("Defendant") pursuant to Labor Code, section 1102.5, subd. (j). The Court has identified a number

12 of reductions to be made in Plaintiff's claimed rates and hours. Attached hereto as **<u>Exhibit A</u>** is a

13 spreadsheet reflecting the total lodestar and multiplier to be awarded. **<u>Exhibit A</u>** was prepared by

14 Plaintiff's counsel pursuant to the Court's Order to recalculate the requested fees after the Court-

15 ordered reductions, and on May 19, 2025, Defendants confirmed through their counsel that they

16 concur with the calculations.

17 **Background**

18          Plaintiff is Defendant's former Chief Financial Officer. Plaintiff alleges that he was

19 terminated in retaliation for his whistleblower complaints. Defendant alleges that it terminated

20 Plaintiff for incurring unapproved unreasonable business expenses.

21          On November 24, 2020, Plaintiff filed this lawsuit against Defendant, stating claims for

22 whistleblower retaliation and wrongful termination and seeking, among other remedies, back and

23 front pay damages. The operative complaint is now the Second Amended Complaint ("SAC").

24 On January 15, 2021, Defendant filed a Cross-Complaint against Plaintiff. The operative cross

25 complaint at trial was the First Amended Cross-Complaint ("FACC"), which alleges that

26 Plaintiff committed fraud and incurred unreasonable business expenses.

27          On November 15, 2024, after a jury trial, Plaintiff obtained a verdict in his favor on his

28 claims for breach of contract, wrongful discharge, and whistleblower retaliation under Labor Code,

**EXH B/2**

**[~~PROPOSED~~] ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

1  section 1102.5. The jury found that punitive damages were appropriate. Global Win obtained a

2  verdict in its favor on its cross-claim for breach of fiduciary duty

3       On November 19, 2024, after a second phase of trial for punitive damages, Plaintiff obtained

4  a jury award of punitive damages in his favor. Judgment was entered on December 26, 2024.

5  Plaintiff obtained a total net judgment of $2,207,290.07, Plaintiff's total gross Judgment of

6  $2,248,290.07 offset by Defendant's total gross Judgment of $41,000.

7       On March 18, 2025, Plaintiff filed this motion for attorney's fees. Defendant filed an

8  opposition and Plaintiff filed a reply.

9  **Legal Standard**

10       "The court is authorized to award reasonable attorney's fees to a plaintiff who brings a

11  successful action for a violation of [Labor Code, section 1102.5]." (Lab. Code, § 1102.5, subd.

12  (j).)

13       "[A] court assessing attorney fees begins with a touchstone or lodestar figure, based on the

14  'careful compilation of the time spent and reasonable hourly compensation of each attorney …

15  involved in the presentation of the case.' [Citation.]" (*Ketchum*, *supra*, 24 Cal.4th at pp. 1131-

16  1132.) "[T]he lodestar is the basic fee for comparable legal services in the community; it may be

17  adjusted by the court based on factors including, as relevant herein, (1) the novelty and difficulty

18  of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the

19  nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of

20  the fee award." (*Id*. at p. 1132.) "The purpose of such adjustment is to fix a fee at the fair market

21  value for the particular action. In effect, the court determines, retrospectively, whether the

22  litigation involved a contingent risk or required extraordinary legal skill justifying augmentation

23  of the unadorned lodestar in order to approximate the fair market rate for such services." (*Ibid*.")

24  **Discussion**

25       The parties do not dispute that Plaintiff, having the net monetary recovery, is the prevailing

26  party.

27       In his moving papers, Plaintiff initially sought a lodestar of $2,669,504.00 with a multiplier

28  of 2.0 on the hours not spent preparing this fee motion, for a total of $5,296,764. In his reply

**EXH B/3**

**[~~PROPOSED~~] ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

papers, Plaintiff reduces his lodestar request to $2,443,497.50, with a total request of

$4,838,042.50 after the 2.0 multiplier for non-fee-motion hours.

***Hourly Rates***

Defendant objects that the requested hourly rates are too high. The Court has reviewed the

qualifications and the other evidence and information provided by Defendant.

The Court agrees with Defendant that, in the circumstances of this case, it is not appropriate

to charge current rates for Plaintiff's counsel when their actual historical rates were lower. The

Court notes that in past cases Plaintiff's counsel requested their historical rates, not their current

rates. An award of historical rates is particularly appropriate in this case as the Court awards a

multiplier: in the context of this matter, seeking both a multiplier and historical hours at current rates

is a form of double-dipping. The multiplier is designed in part to compensate Plaintiff for

the contingent nature of the work and the time it has taken for Plaintiff's counsel to be paid.

Accordingly, based on its review of the evidence, the Court awards the following rates:

| Attorney/Paralegal | Year of Work | Rate |
|---|---|---|
| **Tamara Freeze** | 2020 | $750 |
| | 2021 | $800 |
| | 2022 | $850 |
| | 2023-2024 | $900 |
| | 2025 | $950 |
| **Brian Hannemann** | 2024 | $950 |
| | 2025 | $1,000 |
| **Sharon Perez** | 2024-2024 | $450 |
| **Jordanna Thigpen** | 2025 | $915 |
| **Xinyue Liu** | 2021-2023 | $350 |
| | 2025 | $400 |
| **Zilu Liang** | 2021-2023 | $250 (1/21-2/15/21); $350 |
| | 2024-2025 | $350 |
| **Angela Markwith (PL)** | 2021 | $300 |
| **Zuleima Porron (PL)** | 2022-2023 | $250 |
| **Citlali Pichardo (PL)** | 2024 | $300 |
| **Ariel Rey (PL)** | 2024 | $300 |

**EXH B/4**

**[~~PROPOSED~~] ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

1

2     Defendant objects to the more recent hourly rates for Plaintiff's paralegals - $300.00 for Ariel

3     Rey and Citlali Pichardo. Plaintiff has provided evidence that these rates fall within the range

4     billed by paralegals in the Los Angeles area and approved by courts. (See generally Pearl Decl.)

5     The Court approves these rates.

6     Defendant does not object to the hourly rates of attorney Jordanna Thigpen ($915) and the

7     Court approves this rate. Moreover, the parties agreed at the hearing that Plaintiff may recover an

8     additional five hours of time for Ms. Thigpen's work on the preparation of calculations under

9     this order after reviewing the tentative and before the hearing.

10    ***Hours***

11    **Shanying and Jiang Claims**

12    Defendant objects to Plaintiff's request for hours spent litigating his claims against Defendants

13    Shanying International Holdings Corporation Limited ("Shanying") and Kevin Yulin Jiang

14    ("Jiang"), both of whom were dismissed from this case. The Court agrees. Defendant provides a

15    spreadsheet of each of the billing entries it includes in this amount and explains its rationale for each

16    entry. For entries where some of the work was relevant to the case in general, and not just Shanying

17    and Jiang, Defendant requests fractional reductions and explains its rationale. Plaintiff performed the

18    reduction of these hours at the historical rates established by the Court, and it is reflected in the

19    attached **Exhibit A** as to each of the affected timekeepers.

20    **Apportionment by Claims**

21    "When a cause of action for which attorney fees are provided by statute is joined with other

22    causes of action for which attorney fees are not permitted, the prevailing party may recover only

23    on the statutory cause of action. However, the joinder of causes of action should not dilute the

24    right to attorney fees. Such fees need not be apportioned when incurred for representation of an

25    issue common to both a cause of action for which fees are permitted and one for which they are

26    not. All expenses incurred on the common issues qualify for an award." (*Akins v. Enterprise*

27    *Rent-A-Car Co. of San Francisco* (2000) 79 Cal.App.4th 1127, 1133; *Reynolds Metals Co. v.*

28    *Alperson* (1979) 25 Cal.3d 124, 129.) "When the liability issues are so interrelated that it would

[~~PROPOSED~~] ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

1  have been impossible to separate them into claims for which attorney fees are properly awarded

2  and claims for which they are not, then allocation is not required." (*Ibid.*) " 'Attorneys fees need

3  not be apportioned between distinct causes of action where plaintiff's various claims involve a

4  common core of facts or are based on related legal theories.' [Citation.]" (*Graciano v. Robinson*

5  *Ford Sales, Inc.* (2006) 144 Cal.App.4th 140, 158–159.)

6      Here, Plaintiff's section 1102.5 claim provides for attorney's fees, but his contract and

7  wrongful termination claims do not. There is a common core of facts between Plaintiff's claims.

8  Plaintiff's wrongful termination and retaliation claims both related to Defendant's basis for

9  terminating Plaintiff. Because Plaintiff quit his job and alleged wrongful constructive termination, the

10  issue of whether Plaintiff was constructively terminated was also relevant to the issue of whether

11  Plaintiff was owed severance pay – the basis for Plaintiff's breach of contract claim.

12      The Court sustained demurrers to four of Plaintiff's other claims in the SAC – breach of the

13  covenant of good faith and fair dealing, unfair competition, defamation by libel, and defamation

14  by slander.

15      " ' "… [A]n unsuccessful claim will be *un*related to a successful claim when the relief sought

16  on the unsuccessful claim is intended to remedy a course of conduct entirely distinct and separate

17  from the course of conduct that gave rise to the injury on which the relief granted is premised."

18  [Citations.]' " (*Harman v. City and County of San Francisco* (2007) 158 Cal.App.4th 407, 423

19  [emphasis in original].)

20      Here, the unfair competition claim and covenant of good faith and fair dealing claim related

21  to the alleged breach of contract, and are therefore related. The defamation claims related to alleged

22  statements by Defendant that Plaintiff had committed theft, fraud, embezzlement, negligence,

23  breach of fiduciary duties, and breach of contract. (See SAC ¶¶ 95, 110.) This is not the same

24  alleged wrongdoing as Plaintiff's other claims – and furthermore, Defendant prevailed on its

25  cross-claim against Plaintiff for breach of fiduciary duty.

26      Neither Plaintiff nor Defendant provided a clear method of separating out Plaintiff's

27  unsuccessful claims. Plaintiff's defamation claims were eliminated in mid-2022, roughly a year and

28  a half after this case was filed in November 2020, and roughly a year and a half before this case was

**EXH B/6**

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

1    tried at the end of 2024. These claims were eliminated by demurrer to the SAC roughly halfway

2    through the case and did not go to trial. They thus represented a comparatively small portion of

3    the hours expended. The Court estimates that the removal of these claims represents a 4 percent

4    reduction in Plaintiff's lodestar amount for the time period through the end of 2022, after the

5    other adjustments to the lodestar. Plaintiff performed the reduction of these hours at the historical

6    rates established by the Court and it is reflected in the attached **Exhibit A** as to each of the affected

7    timekeepers.

8    **Block Billing**

9    Defendant objects to over 1,087 hours on the basis that they are block-billed. Here, the entries

10   that Defendant points to do combine tasks, but they do not appear to do so in a way that is

11   problematic. The tasks included are tasks for this case and are fundamentally compensable legal

12   work. It does not appear that the billing practices are being used to hide inappropriate time

13   expenditures.

14   **Specific Time Entries**

15   The Court does agree with certain of Defendant's arguments about the reasonableness of the

16   time spent. Defendant objects to the use of 32 hours to draft the First Amended Complaint and related

17   motion for leave to amend that was based on the parties' stipulation. According to the motion,

18   the purpose of the FAC was to address typographical errors and clarify Defendant Shanying with

19   more particularity. These changes to the complaint do not merit 32 hours of work. The Court

20   reduces this time to 3 hours.

21   Defendant objects to 250 hours spent on Plaintiff's motion for summary judgment, which was

22   denied based on Plaintiff's defective separate statement. (Plaintiff subsequently moved for

23   summary adjudication, which motion was denied on the merits.) The Court strikes the time spent

24   on the summary judgment motion.

25   Defendant objects to 340 hours spent opposing Defendant's motion for summary judgment,

26   which opposition was successful. The Court reduces this time to 60 hours.

27   Defendant objects to 94 hours spent on Plaintiff's motion for summary adjudication, which

28   was denied on the merits. The Court reduces this time to 30 hours.

**EXH B/7**

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

1        Defendant objects to 235 hours spent drafting Plaintiff's five motions in limine and opposing

2  Defendant's six motions in limine. The Court reduces this time to 50 hours.

3        Defendant objects to 52 spent for Xinyue Liu to attend trial as a third-chair attorney. Liu did

4  not question any witnesses or make argument. (Woo Decl. ¶ 14(d).) Plaintiff argues that Liu was

5  deeply familiar with the facts and evidence, with important language skills. The Court

6  acknowledges the benefit of having Liu present at trial for her language and attorney skills.

7  However, given first and second chair attorneys Freeze and Hannemann's deep experience (as

8  reflected in their billing rates), factual and evidentiary knowledge is not something that should

9  typically require a third chair on its own without further explanation. The Court reduces Liu's

10  trial time to 10 hours.

11        Plaintiff performed the reductions of these hours at the historical rates established by the

12  Court, and assessed the reductions of the hours on a pro rata basis as envisioned by the Court, and the

13  reductions are reflected in the attached **Exhibit A** as to each of the affected timekeepers.

14  ***Lodestar Multiplier***

15        The lodestar amount of attorney fees "may be adjusted by the court based on factors including,

16  as relevant herein, (1) the novelty and difficulty of the questions involved, (2) the skill displayed

17  in presenting them, (3) the extent to which the nature of the litigation precluded other

18  employment by the attorneys, (4) the contingent nature of the fee award. [Citation.] The purpose

19  of such adjustment is to fix a fee at the fair market value for the particular action." (*Ketchum v.*

20  *Moses* (2001) 24 Cal.4th 1122, 1132.) "[A]pplication of a lodestar multiplier is *discretionary*;

21  that is, it is based on the exercise of the court's discretion after consideration of the relevant

22  factors in a particular case." (*Nichols v. City of Taft* (2007) 155 Cal.App..4th 1233, 1240.)

23        The Court has considered all relevant factors in determining whether to grant a multiplier. The

24  Court explains some of its reasoning below.

25        Plaintiff requests a lodestar multiplier of 2.0. Plaintiff argues that a multiplier is warranted

26  due to the contingent risk involved, the extent to which the litigation precluded other employment,

27  and the results achieved.

28        Plaintiff's counsel accepted this case on a contingency basis and incurred significant risk in

**[~~PROPOSED~~] ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

1   doing so. Plaintiff's success at trial was by no means certain. While Plaintiff did ultimately

2   obtain a substantial net recovery, Defendant's own success on its breach of fiduciary duty claim

3   is some indication of the precariousness that Plaintiff's own claims faced. Further, this case has

4   proceeded for over three years and was intensely litigated, creating both a substantial delay in

5   payment and a risk that Plaintiff's attorneys would never be paid at all. This risk was exacerbated

6   by the high costs that Plaintiff's firm incurred in this litigation – nearly $245,000.00. (Freeze

7   Decl. ¶ 44.)

8           Plaintiff's attorneys were also precluded from accepting a number of other opportunities as a

9   result of taking on Plaintiff's case. (Freeze Decl. ¶ 45.) Tamara Freeze, the lead counsel, declined

10  a substantial number of other cases and co-counseling opportunities. (Freeze Decl. ¶ 45.) Freeze

11  and Liu, Plaintiff's attorneys who worked the majority of the hours, billed roughly 1,500 over 5

12  years and 1,200 hours over 2 years respectively. While this case by no means consumed the

13  majority of the attorneys' time, the time consumed is above average (even accounting for the

14  hourly reductions that the Court makes). Plaintiff's attorneys also voluntarily chose not to bill for

15  some time expenditures, including for interlocutory appeals and for time associated with the

16  motion for judgment notwithstanding the verdict. (Freeze Decl. ¶¶ 34-35.)

17          The results in this case do not appear especially supportive of a multiplier. Plaintiff requested

18  that the jury award over $18 million in damages, but only obtained roughly $2.2 million.

19          In this case, the contingent risk factor weighs the most heavily. As discussed above, this case

20  involved great risk to Plaintiff's attorneys that they would not only go unpaid, but sink

21  substantial litigation costs into this case. It has taken Plaintiff's counsel significant time to

22  recover any fees at all. While the result obtained is significantly worse than what Plaintiff

23  sought, it is still a good outcome in light of how hard-fought this case was.

24          Based on its consideration of the relevant factors, the Court grants a lodestar multiplier of 1.3.

25  This multiplier was applied to the lodestar for non-fee motion hours as corrected under the

26  Court's order, and at the historical rates established by the Court. The multiplier is reflected in the

27  attached **Exhibit A** as to each of the affected timekeepers.

28

[~~PROPOSED~~] ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

*Conclusion*

The Court identified a number of reductions to be made in Plaintiff's claimed hours. The Court requested that Plaintiff recalculate the requested fee award based on this order, and Plaintiff did so. Plaintiff also applied the multiplier based on the recalculated hours and the historical rates ordered by the Court. The total award is as set forth in the attached **Exhibit A**, and reflects a lodestar of $1,810,561.20, and a multiplier of $766,333.22, for a total award of **$2,576,894.42**.

IT IS SO ORDERED.

 

05/22/2025

Dated:  ~~May 19, 2025~~

Joseph Lipner / Judge
_____
HON. JOSEPH LIPNER
JUDGE OF THE SUPERIOR COURT

**EXH B/10**

**[~~PROPOSED~~] ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

*Jeffrey Qiuhong Yang v. Global Win Capital Corporation, et al.*
**TIME REPORT**

**REPORTING PERIOD: Case Inception through May 12, 2025**

**Categories:**
| | | |
|---|---|---|
| (1) Prefiling Investigation | (8) Legal Research | **Status:** |
| (2) Fact Investigation | (9) Settlement | (P) Partner/Principal |
| (3) Case Management | (10) Trial Preparation | (OC) Of Counsel |
| (4) Pleadings | (11) Trial Attendance | (SC) Senior Counsel |
| (5) Discovery | (12) Post-Trial Motions/Pleadings | (A) Associate |
| (6) Client Meeting | (13) Appeal | (PL) Paralegal |
| (7) Experts | | |

| NAME | Year | STATUS | (1) | (2) | (3) | (4) | (5) | (6) | (7) | (8) | (9) | (10) | (11) | (12) | Total Hours | Self-Imposed Reductions | Court Reductions | Hourly Rate | Lodestar | Lodestar Hours Subject to Requested 1.3 Multiplier | Total Requested (Lodestar with 1.3 Multiplier, Where Allowed) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Tamara Freeze (Overall) | 2005 | P | 4.8 | 0.9 | | 353.8 | 315.1 | 2.9 | 40.2 | 191.2 | 6.3 | 557.2 | 69.1 | 18.7 | 1,560.2 | | | | | | |
| Tamara Freeze (2020) | 2005 | P | | | | | | | | | | | | | 5.7 | | (1.5) | $750 | $3,024.00 | 4.2 | $3,931.20 |
| Tamara Freeze (2021) | 2005 | P | | | | | | | | | | | | | 349.1 | | (149.9) | $800 | $152,985.60 | 199.2 | $198,881.28 |
| Tamara Freeze (2022) | 2005 | P | | | | | | | | | | | | | 87.7 | | (10.4) | $850 | $63,076.80 | 77.3 | $81,999.84 |
| Tamara Freeze (2023-2024) | 2005 | P | | | | | | | | | | | | | 1,094.9 | | (175.2) | $900 | $827,730.00 | 919.7 | $1,076,049.00 |
| Tamara Freeze (2025) | 2005 | P | | | | | | | | | | | | | 22.8 | | | $950 | $21,660.00 | 22.8 | $28,158.00 |
| Brian Hannemann (2024) | 1993 | P | | | | | | | | | | 169.5 | 142.3 | | 311.8 | | | $950 | $296,210.00 | 311.8 | $385,073.00 |
| Brian Hannemann (2025) | 1993 | P | | | | | | | | | | | | 50.6 | 50.6 | | | $1,000 | $50,600.00 | 50.6 | $65,780.00 |
| Sharon Perez | 2022 | A | | | | 28.8 | 6.2 | | 1.5 | | | 19.6 | | | 56.1 | (2.1) | (23.8) | $450 | $12,638.70 | 30.2 | $25,277.40 |
| Zilu "Alena" Liang | n/a | PL | 1.2 | 9.2 | | 5.4 | 81.4 | 8.7 | | | | | | | 105.9 | (11.0) | | $250 | $22,776.00 | 94.9 | $45,552.00 |
| Zilu "Alena" Liang | 2021 | A | | | | 34.6 | 79.6 | 0.1 | | | | | | | 114.3 | (36.1) | (26.1) | $350 | $17,505.60 | 52.1 | $35,011.20 |
| Xinyue Liu | n/a | PL | | | | 148.3 | 153.2 | 1.7 | 1.0 | 47.3 | | | | | 351.5 | | | $350 | $122,017.00 | 351.5 | $244,034.00 |
| Xinyue Liu | 2023 | A | | 2.0 | | 336.1 | 65.3 | 10.1 | 7.0 | 24.6 | 1.2 | 349.6 | 10.0 | | 805.9 | (2.7) | (434.9) | $400 | $147,320.00 | 368.3 | $294,640.00 |
| Angela Markwith | n/a | PL | 16.0 | | | | | | | | | | | | 16.0 | | | $300 | $4,608.00 | 16.0 | $9,216.00 |
| Ariel Rey | n/a | PL | | | | 9.9 | | | | | 0.2 | | | | 10.1 | (0.9) | (5.2) | $300 | $1,200.00 | 4.0 | $2,400.00 |
| Citlali Pichardo | n/a | PL | | | | | | | | | | 11.9 | | | 11.9 | | (2.7) | $300 | $2,760.00 | 9.2 | $5,520.00 |
| Zuleima Porron | n/a | PL | | 4.4 | | 145.9 | 21.3 | | | 9.3 | | | | | 180.9 | (7.6) | (126.4) | $250 | $10,922.00 | 46.9 | $21,844.00 |
| | | | | | | | | | | | | | | | | | | | $1,757,033.70 | | |
| **TOTAL MERITS HOURS** | | | **22.0** | **16.5** | **0.0** | **1,062.8** | **722.1** | **23.5** | **49.7** | **272.4** | **7.5** | **1,108.0** | **259.4** | **105.9** | **3,575.2** | | | | | | |
| **Fee Motion Hours:** | | | | | | | | | | | | | | | | | | | | | |
| Jordanna Thigpen | 2004 | P (OC) | | | | | | | | | | 36.6 | | | 36.6 | | | $915 | $33,489.00 | n/a | $33,489.00 |
| Jordanna Thigpen (Reply - Fee Motion) | | | | | | | | | | | | | | 21.9 | 21.9 | | | $915 | $20,038.50 | n/a | $20,038.50 |
| **TOTAL HOURS** | | | **22.0** | **16.5** | **0.0** | **1,062.8** | **722.1** | **23.5** | **49.7** | **272.4** | **7.5** | **1,108.0** | **259.4** | **151.5** | **3,633.7** | | | | | | |
| **TOTAL LODESTAR** | | | | | | | | | | | | | | | | | | | **$1,810,561.20** | | **$2,576,894.42** |

EXH B/11

## PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 9465 Wilshire Blvd., Suite 300, Beverly Hills, CA 90212. On May 19, 2025, I served true copies of the following document(s) described as:

**[PROPOSED] ORDER GRANTING PLAINTIFF JEFFREY QIUHONG YANG'S MOTION FOR ATTORNEYS' FEES**

on the interested parties as follows:

FELIX T. WOO (SBN 208107)
fwoo@ftwlawgroup.com
FTW LAW GROUP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
Telephone: (213) 335-3960
Facsimile: (213) 344-4498

[X] **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address jt@thigpenlegal.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on May 19, 2025, at Beverly Hills, California.

/s/ Jordanna G. Thigpen
Jordanna G. Thigpen

**EXH B/12**

PROOF OF SERVICE