# EXHIBIT "C"

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 72

| | |
|---|---|
| 20STCV45192 | June 11, 2024 |
| JEFFREY QIUHONG YANG vs GLOBAL WIN CAPITAL CORPORATION, A DELAWARE CORPORATION, et al. | 8:30 AM |

Judge: Honorable Joseph Lipner        CSR: Tammie Moore, CSR #11525
Judicial Assistant: G. Morales         ERM: None
Courtroom Assistant: F. Estrada        Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Tamara Freeze ; Xinyue Liu, Via LACC

For Defendant(s): Akhil Sheth , Via LACC; Melanie Elizabeth Walker , Via LACC

**NATURE OF PROCEEDINGS:** Hearing on Motion for Sanctions; Hearing on Motion to Quash MOTION TO QUASH DEFENDANT AND CROSS-COMPLAINANT GLOBAL WIN CAPITAL CORPORATION'S LETTERS OF REQUESTS TO AMCOR SINGAPORE PTE LTD.

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, rule 2.956, Tammie Moore, CSR # 11525, certified shorthand reporter is appointed as an official Court reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter Agreement. The Order is signed and filed this date.

The matter is called for hearing.

The Court posted its tentative ruling online in advance of this hearing.

The Court and counsel confer in open court.

Cause is argued.

The Motion to Quash is taken under submission.

Later this date in chambers, the Court rules on the Motion to Quash as follows:

The Motion to Quash filed by Jeffrey Qiuhong Yang on 04/10/2024 is Granted in Part.

Plaintiff Jeffrey Qiuhong Yang ("Plaintiff") moves to quash the Letter of Request issued to Amcor Singapore PTE LTD ("Amcor Singapore") at the request of Defendant and Cross-Complainant Global Win Capital Corporation ("Defendant").

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 72

| | |
|---|---|
| 20STCV45192 | June 11, 2024 |
| JEFFREY QIUHONG YANG vs GLOBAL WIN CAPITAL CORPORATION, A DELAWARE CORPORATION, et al. | 8:30 AM |

Judge: Honorable Joseph Lipner  CSR: Tammie Moore, CSR #11525
Judicial Assistant: G. Morales  ERM: None
Courtroom Assistant: F. Estrada  Deputy Sheriff: None

---

The Court DENIES Plaintiff's motion as to the portions of the letter of request that pertain to Plaintiff's job application and offer letter.

The Court GRANTS Plaintiff's motion as to the remaining portions of the letter of request.

The Court DENIES Plaintiff's and Defendant's respective requests for attorney fees.

## Background

Plaintiff is Defendant's former Chief Financial Officer. Plaintiff alleges that he was terminated in retaliation for his whistleblower complaints. Defendant alleges that it terminated Plaintiff for incurring unapproved unreasonable business expenses.

On November 24, 2020, Plaintiff filed this lawsuit against Defendant, stating claims for whistleblower retaliation and wrongful termination. Plaintiff seeks, among other remedies, back and front pay damages.

On January 15, 2021, Defendant filed a Cross-Complaint against Plaintiff. The operative cross-complaint is now the First Amended Cross-Complaint ("FACC"), which alleges that Plaintiff committed fraud and incurred unreasonable business expenses.

On December 14, 2023, the Court reopened fact discovery through April 15, 2024 for the limited purpose of seeking supplemental information and documents regarding Plaintiff's post-termination employment, compensation, and benefits by way of the following:

> 1. Defendant shall be permitted to serve a demand on Plaintiff to supplement his responses and production to Request for Production Nos. 120, 135, and 136, Special Interrogatories Nos. 11 through 17, and Form Interrogatory—Employment No. 210.6 pursuant to California Code of Civil Procedure §§ 2031.050 and 2030.070;
> 2. Defendant shall be permitted to seek to compel Plaintiff to comply with his prior agreement to permit the inspection of documents responsive to Request for Production No. 120 pursuant to California Code of Civil Procedure § 2031.320; and
> 3. Defendant shall be permitted to serve Plaintiff's current employer, Amcor, with a subpoena seeking Plaintiff's personnel and payroll records dating back to May 2018 and October 2019.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 72

| | |
|---|---|
| 20STCV45192 | June 11, 2024 |
| JEFFREY QIUHONG YANG vs GLOBAL WIN CAPITAL CORPORATION, A DELAWARE CORPORATION, et al. | 8:30 AM |

Judge: Honorable Joseph LipnerCSR: Tammie Moore, CSR #11525
Judicial Assistant: G. MoralesERM: None
Courtroom Assistant: F. EstradaDeputy Sheriff: None

---

The Court based this order in part on the fact that Plaintiff had failed to produce almost any compensation records from his new job, despite having indicated that he was in fact employed at Amcor and earning money there.

Plaintiff subsequently produced payroll records for Amcor from January 2020 to December 2023, but did not provide documents or information relating to stock options that he stated in his deposition that he had received, nor did Plaintiff produce any documents reflecting his long-term incentive benefits plan with Amcor, which Plaintiff's expert claimed he needed in order to evaluate Plaintiff's damages. Defendant also objected that Plaintiff's payroll records did not appear to include all the allowances and benefits that Plaintiff received.

On March 12, 2024, the Court granted Defendant's motion to compel further production, ordering Defendant to send Plaintiff a letter indicating what discovery items it still needed from him. The Court ordered that Plaintiff produce those items provide a declaration, under penalty of perjury, indicating that the requested items did not exist.

Despite the Court's order, Plaintiff provided neither documents nor declaration as to a number of items, including the amounts of certain bonus awards and incentive plans he benefited from. The parties engaged in an extensive meet-and-confer process regarding the discovery. A sanctions motion related to those documents is pending before the Court.

On December 21, 2023, Defendant served Plaintiff with a Notice to Consumer or Employee and Objection, attaching a Deposition Subpoena for Production of Business Records that Defendant intended to serve on Amcor Singapore PTE LTD ("Amcor Singapore") and Amcor Packaging (Shanghai) Company Ltd. ("Amcor Shanghai"). Defendant sent the subpoenas to Amcor's affiliate in North America, but received no response.

On February 20, 2024, the Court granted Defendant's ex parte to submit Letters of Request for International Judicial Assistance to the Ministry of Justice of China and the Registrar of the Supreme Court of Singapore. The letters were sent on February 24, 2024.

On April 25, 2024, Plaintiff withdrew his claim for back pay from the February 1, 2020, the date he took the job at Amcor.

Plaintiff filed motions to quash each of the letters of request. Defendant agreed to withdraw the letter of request to Amcor Shanghai in exchange for Plaintiff's withdrawal of the Amcor Shanghai motion to quash. Defendant offered to reduce the scope of the Amcor Singapore letter,

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
Civil Division
Central District, Stanley Mosk Courthouse, Department 72

| | |
|---|---|
| 20STCV45192 | June 11, 2024 |
| JEFFREY QIUHONG YANG vs GLOBAL WIN CAPITAL CORPORATION, A DELAWARE CORPORATION, et al. | 8:30 AM |

Judge: Honorable Joseph Lipner              CSR: Tammie Moore, CSR #11525
Judicial Assistant: G. Morales                    ERM: None
Courtroom Assistant: F. Estrada                Deputy Sheriff: None

---

limiting the request to Yang's employment application and offer letter from Amcor Singapore. The parties were not able to reach an agreement on the Amcor Singapore motion.

## Legal Standard

If a subpoena requires the attendance of a witness or the production of documents, the court may, upon motion reasonably made, make an order quashing the subpoena entirely, modifying it, or directing compliance with it upon those terms or conditions as the court shall declare, including protective orders. (Code Civ. Proc., § 1987.1, subd. (a).)
In making an order pursuant to Code of Civil Procedure section 1987.1, "the court may in its discretion award the amount of the reasonable expenses incurred in making or opposing the motion, including reasonable attorney's fees, if the court finds the motion was made or opposed in bad faith or without substantial justification or that one or more of the requirements of the subpoena was oppressive." (Code Civ. Proc., § 1987.2, subd. (a).)

## Discussion

Plaintiff argues that Defendant failed to give notice of the letters request.

"Prior to the date called for in the subpoena duces tecum for the production of personal records, the *subpoenaing party* shall serve or cause to be served on the consumer whose records are being sought a copy of the subpoena duces tecum, of the affidavit supporting the issuance of the subpoena, if any, and of the notice described in subdivision (e), and proof of service as indicated in paragraph (1) of subdivision (c)." (Code Civ. Proc., § 1985.3, subd. (b) [emphasis added].)

Defendant is not the issuing party of the letter of request – such a letter may only be issued by a tribunal in the United States. (28 U.S.C., § 1781, subd. (a)(2).) Plaintiff appears to argue that Defendant contended in the ex parte application that the letter issued from the *party*. The Court did not rely on any such assertion in granting the ex parte, and would not rely on such an assertion now, as it is contrary to the wording of the statute.

Further, Plaintiff had notice of the letter request, and in fact briefed the issue for the ex parte hearing. Defendant filed the ex parte application on February 7, 2024. Plaintiff filed an opposition on the same day. The hearing was held on February 20, 2024. Plaintiff had an opportunity to object, and did so.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 72

| | |
|---|---|
| 20STCV45192 | June 11, 2024 |
| JEFFREY QIUHONG YANG vs GLOBAL WIN CAPITAL CORPORATION, A DELAWARE CORPORATION, et al. | 8:30 AM |

Judge: Honorable Joseph Lipner            CSR: Tammie Moore, CSR #11525
Judicial Assistant: G. Morales            ERM: None
Courtroom Assistant: F. Estrada           Deputy Sheriff: None

---

Defendant has therefore complied with the notice requirements.

Plaintiff argues that the requests violate his privacy rights, are overbroad, and seek information that is not relevant to this action. The Court rejected these arguments in granting the initial application.

The request as to Plaintiff's application and offer letter is relevant. For example, Defendant is entitled to discover the starting dates that Plaintiff was offered, which go to mitigation if Plaintiff delayed his start date. Plaintiff has withdrawn his damages claims running from his start date at Amcor, but not before. The requested information therefore remains relevant.

The Court denies Plaintiff's motion as to the portions of the letter of request that pertain to Plaintiff's job application and offer letter. The Court grants Plaintiff's motion as to the remaining portions of the letter of request.

## *Sanctions*

The Court, exercising its discretion under Civil Procedure section 1987.2, denies both parties' requests for sanctions.

It is true that Defendant offered to withdraw the letter of request as to the portions of the letter that do not pertain to Plaintiff's job application and offer letter. However, Defendant did not make this offer until after Plaintiff filed the motion to quash, incurring attorney's fees of his own. Under the circumstances of this case, the Court does not find that either side acted "in bad faith or without substantial justification" (Civ. Proc. Code § 1987.2) in connection with this motion.

The Motion for Sanctions filed by Global Win Capital Corporation on 04/16/2024 is Granted in Part.

Defendant and Cross-Complainant Global Win Capital Corporation ("Defendant") for issue sanctions, evidentiary sanctions, and monetary sanctions in the amount of $46,242.15 against Plaintiff Jeffrey Qiuhong Yang ("Plaintiff").

The Court DENIES Defendant's requests for issue and evidentiary sanctions as MOOT.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 72

| | |
|---|---|
| 20STCV45192 | June 11, 2024 |
| JEFFREY QIUHONG YANG vs GLOBAL WIN CAPITAL CORPORATION, A DELAWARE CORPORATION, et al. | 8:30 AM |

Judge: Honorable Joseph Lipner  CSR: Tammie Moore, CSR #11525
Judicial Assistant: G. Morales  ERM: None
Courtroom Assistant: F. Estrada  Deputy Sheriff: None

---

The Court GRANTS Defendant's request for monetary sanctions in the amount of $39,924.09 against Plaintiff. Plaintiff shall make payment directly to Defendant's counsel within 30 days of this order.

Defendant shall give notice.

# Background

Plaintiff is Defendant's former Chief Financial Officer. Plaintiff alleges that he was terminated in retaliation for his whistleblower complaints. Defendant alleges that it terminated Plaintiff for incurring unapproved unreasonable business expenses.

On November 24, 2020, Plaintiff filed this lawsuit against Defendant, stating claims for whistleblower retaliation and wrongful termination. Plaintiff seeks, among other remedies, back and front pay damages.

On January 15, 2021, Defendant filed a Cross-Complaint against Plaintiff. The operative cross-complaint is now the First Amended Cross-Complaint ("FACC"), which alleges that Plaintiff committed fraud and incurred unreasonable business expenses.

On December 14, 2023, the Court reopened fact discovery through April 15, 2024 for the limited purpose of seeking supplemental information and documents regarding Plaintiff's post-termination employment, compensation, and benefits by way of the following:

> 1. Defendant shall be permitted to serve a demand on Plaintiff to supplement his responses and production to Request for Production Nos. 120, 135, and 136, Special Interrogatories Nos. 11 through 17, and Form Interrogatory—Employment No. 210.6 pursuant to California Code of Civil Procedure §§ 2031.050 and 2030.070;
> 2. Defendant shall be permitted to seek to compel Plaintiff to comply with his prior agreement to permit the inspection of documents responsive to Request for Production No. 120 pursuant to California Code of Civil Procedure § 2031.320; and
> 3. Defendant shall be permitted to serve Plaintiff's current employer, Amcor, with a subpoena seeking Plaintiff's personnel and payroll records dating back to May 2018 and October 2019.

The Court based this order in part on the fact that Plaintiff had failed to produce almost any

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
Civil Division
Central District, Stanley Mosk Courthouse, Department 72

| | |
|---|---|
| **20STCV45192** | June 11, 2024 |
| **JEFFREY QIUHONG YANG vs GLOBAL WIN CAPITAL CORPORATION, A DELAWARE CORPORATION, et al.** | 8:30 AM |

Judge: Honorable Joseph Lipner            CSR: Tammie Moore, CSR #11525
Judicial Assistant: G. Morales            ERM: None
Courtroom Assistant: F. Estrada           Deputy Sheriff: None

---

compensation records from his new job, despite having indicated that he was in fact employed at Amcor and earning money there.

Plaintiff subsequently produced payroll records for Amcor from January 2020 to December 2023, but did not provide documents or information relating to stock options that he stated in his deposition that he had received, nor did Plaintiff produce any documents reflecting his long-term incentive benefits plan with Amcor, which Plaintiff's expert claimed he needed in order to evaluate Plaintiff's damages. Defendant also objected that Plaintiff's payroll records did not appear to include all the allowances and benefits that Plaintiff received.

On March 12, 2024, the Court granted Defendant's motion to compel further production, ordering Defendant to send Plaintiff a letter indicating what discovery items it still needed from him. The Court ordered that Plaintiff produce those items provide a declaration, under penalty of perjury, indicating that the requested items did not exist.

Despite the Court's order, Plaintiff provided neither documents nor declaration as to a number of items, including the amounts of certain bonus awards and incentive plans he benefited from. The parties engaged in a meet-and-confer process regarding the discovery.

On April 16, 2024, Defendant filed this motion for sanctions.

On April 25, 2024, Plaintiff withdrew his claim for back pay from the February 1, 2020, the date he took the job at Amcor.

Plaintiff filed an opposition on May 3, 2024 and Defendant filed a reply on May 9, 2024.

On May 16, 2024, the Court permitted additional briefing on the rates and hours for Defendant's fee request. Plaintiff filed a response on May 28, 204 and Defendant filed a supplemental reply on June 3, 2024.

## Legal Standard

Where a party misuses the discovery process, courts have discretion to impose terminating, issue, evidence, or monetary sanctions. (Code Civ. Proc. §§ 2023.010(g), 2030.290(c); *R.S. Creative, Inc. v. Creative Cotton, Ltd.* (1999) 75 Cal.App.4th 486, 495.) Misuse of the discovery process includes failure to respond to an authorized method of discovery or disobeying a court order to

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
Civil Division
Central District, Stanley Mosk Courthouse, Department 72

| | |
|---|---|
| 20STCV45192 | June 11, 2024 |
| JEFFREY QIUHONG YANG vs GLOBAL WIN CAPITAL CORPORATION, A DELAWARE CORPORATION, et al. | 8:30 AM |

Judge: Honorable Joseph Lipner          CSR: Tammie Moore, CSR #11525
Judicial Assistant: G. Morales           ERM: None
Courtroom Assistant: F. Estrada          Deputy Sheriff: None

---

provide discovery. (Code Civ. Proc., §§ 2023.010(d), (g).)

Monetary sanctions may be imposed "ordering that one engaging in the misuse of the discovery process, or any attorney advising that conduct, or both pay the reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct…unless [the Court] finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." (Code of Civ. Proc., § 2030.030, subd. (a).)

Issue sanctions may be imposed "ordering that designated facts shall be taken as established in the action in accordance with the claim of the party adversely affected by the misuse of the discovery process. The court may also impose an issue sanction by an order prohibiting any party engaging in the misuse of the discovery process from supporting or opposing designated claims or defenses." (Code of Civ. Proc., § 2030.030, subd. (b).)

Evidence sanctions may be imposed "by an order prohibiting any party engaging in the misuse of the discovery process from introducing designated matters in evidence." (Code of Civ. Proc., § 2030.030, subd. (c).)

Before any sanctions may be imposed the court must make an express finding that there has been a willful failure of the party to serve the required answers. (*Fairfield v. Superior Court for Los Angeles County* (1966) 246 Cal.App.2d 113, 118.) Lack of diligence may be deemed willful where the party understood its obligation, had the ability to comply, and failed to comply. (*Deyo v. Killbourne* (1978) 84 Cal.App.3d 771, 787.) The party who failed to comply with discovery obligations has the burden of showing that the failure was not willful. Id. at 788.)

## Discussion

### *Issue Sanctions*

Plaintiff's withdrawal of his claim for damages beginning on the date he started employment at Amcor moots the motion as to issue and evidentiary sanctions.

### *Monetary Sanctions*

However, the Court finds that there is good cause to issue monetary sanctions.

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 72

**20STCV45192**  June 11, 2024
**JEFFREY QIUHONG YANG vs GLOBAL WIN CAPITAL**  8:30 AM
**CORPORATION, A DELAWARE CORPORATION, et al.**

Judge: Honorable Joseph Lipner                CSR: Tammie Moore, CSR #11525
Judicial Assistant: G. Morales               ERM: None
Courtroom Assistant: F. Estrada              Deputy Sheriff: None

---

Plaintiff's compensation at Amcor has now been the subject of three discovery motions in this case, concluding with Plaintiff's withdrawal of his claim for damages following his hiring at Amcor. Plaintiff repeatedly failed to produce documents regarding various forms of compensation – documents that he, as an employee at Amcor, would have a right to obtain. Plaintiff's compensation records would have been critical to the evaluation of Plaintiff's damages, including by Plaintiff's own expert. Plaintiff's argument that he had only recently come into possession of the documents in question is unavailing. Plaintiff knew that Defendant would request documents on his compensation following Defendant's motion to reopen discovery, and knew of the specific categories of documents that would be requested. By the time Plaintiff withdrew his claim, he had had over a month *after* the Court granted the motion to compel in which to provide employment documents that he has provided no reason to believe were not readily available to him. Moreover, Plaintiff failed to comply with the Court's order by March 20, 2024, the date compliance was due.

At the prior hearing, Plaintiff made a lengthy argument that monetary sanctions for violation of a court order were no longer permitted under *City of Los Angeles v. PricewaterhouseCoopers, LLC* (2022) 84 Cal.App.5th 466, *review granted* January 25, 2023, S277211. The Court does not recall Plaintiff bringing to the Court's attention the important fact that review of this case had been granted by the California Supreme Court. This means that the case is not binding authority. (California Rules of Court 8.1105, 8.1115.) Moreover, Plaintiff's failure to mention that review had been granted constitutes a violation of the California Rules of Court, which explicitly states: "Any citation to the Court of Appeal opinion must also note the grant of review. . . . " (California Rule of Court 8.115, subdivision (e)(1).) Yang also cited this case in its original papers opposing sanctions, and (again in violation of the California Rules of Court) failed to note that review was granted. To the contrary, Plaintiff called this precedent a "controlling case" (Yang's 5/3/2024 Opp. at 10:14-17) when, because of the undisclosed grant of review, the case is not controlling. Fundamentally, Plaintiff's heavy reliance on the case without informing the Court that review had been granted was an unreasonable waste of the Court's resources, both at the prior oral argument and in requiring the Court to chase down this information on its own after the hearing. In all events, the Court does not read the Court of Appeal decision in *City of Los Angeles v. PricewaterhouseCoopers, supra*, as undoing the well-established principle that a trial court may award monetary sanctions when a party like Yang violates a court order. (See Civ. Proc. Code § 2031.310, subdivision (i) [court may impose monetary sanction for failure to obey an order compelling further response to production demand], 2031.320, subdivision (c) [same for failure to obey court order to permit copying in response to a demand for inspection].)

Plaintiff also failed to comply with the Court's order relating to additional briefing. The Court

**20STCV45192**  
**JEFFREY QIUHONG YANG vs GLOBAL WIN CAPITAL CORPORATION, A DELAWARE CORPORATION, et al.**

June 11, 2024  
8:30 AM

Judge: Honorable Joseph Lipner  
Judicial Assistant: G. Morales  
Courtroom Assistant: F. Estrada  

CSR: Tammie Moore, CSR #11525  
ERM: None  
Deputy Sheriff: None

---

requested additional briefing so that it could determine whether the amount of the fee award was appropriate, not whether fees should be awarded at all. Nevertheless, Yang offered arguments in his supplemental briefing that the sanctions should not be awarded at all. While Plaintiff did not repeat his reliance on *City of Los Angeles v. PricewaterhouseCoopers, supra*, he made a new but equally unpersuasive argument. Yang now argues that Defendant may not seek fees associated with the sanctions motion because Defendant supposedly suffered no prejudice. Yang relies on *Morgan v. Ransom* (1979) 95 Cal.App.3d 664. This case is entirely inapposite, as it related to a terminating sanctions and not monetary sanctions. Here, Defendant suffered a concrete form of prejudice. Because of Yang's violation of the Court's order, Defendant incurred fees it never should have had to incur.

Plaintiff argues that no fees should be awarded on Defendant's motion for sanctions itself. Contrary to Plaintiff's argument, such fees are recoverable. (*Cornerstone Realty Advisors, LLC v. Summit Healthcare Reit, Inc.* (2020) 56 Cal.App.5th 771, 794–795.)

## *Amount of Sanctions*

The moving party bears the burden of proof as to "reasonableness" of any fee claim. (Code Civ. Proc., § 1033.5, subd. (c)(5).) The party seeking fees has the burden of documenting the appropriate hours expended and hourly rates. (*City of Colton v. Singletary* (2012) 206 Cal.App.4th 751, 784.) This burden requires competent evidence as to the nature and value of the services rendered. (*Martino v. Denevi* (1986) 182 Cal.App.3d 553, 559.) A plaintiff's verified billing invoices are prima facie evidence that the costs, expenses, and services listed were necessarily incurred. (*Hadley v. Krepel* (1985) 167 Cal.App.3d 677, 682.)

"In challenging attorney fees as excessive because too many hours of work are claimed, it is the burden of the challenging party to point to the specific items challenged, with a sufficient argument and citations to the evidence. General arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." (*Lunada Biomedical v. Nunez* (2014) 230 Cal.App.4th 459, 488, quoting *Premier Med. Mgmt. Sys., Inc. v. California Ins. Guarantee Ass'n* (2008) 163 Cal.App.4th 550, 564.) When items are properly objected to, the burden of proof is on the party claiming them as costs. (*Melnyk v. Robledo* (1976) 64 Cal.App.3d 618, 623-624.)

Defendant requests $46,242.15 in attorney's fees.

Defendant requests hourly rates of $1,190 for Melanie Walker, $973.25 for Andrea Ortega, and

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 72

| | |
|---|---|
| 20STCV45192 | June 11, 2024 |
| JEFFREY QIUHONG YANG vs GLOBAL WIN CAPITAL CORPORATION, A DELAWARE CORPORATION, et al. | 8:30 AM |

| | |
|---|---|
| Judge: Honorable Joseph Lipner | CSR: Tammie Moore, CSR #11525 |
| Judicial Assistant: G. Morales | ERM: None |
| Courtroom Assistant: F. Estrada | Deputy Sheriff: None |

---

$1,032.75 for Akhil Sheth. The Court finds these rates to be reasonable.

Defendant provides the billing sheet giving rise to its fees in a declaration attached to its reply brief. (Supp. Decl. Walker ¶ 7, Ex. 3.) Given the lengthy meet-and-confer process and the unusual nature of the issue and evidentiary sanctions which Defendant sought prior to Plaintiff's withdrawal of his claim, the Court is generally inclined to find that Defendant's counsels' time expenditures were reasonable.

Plaintiff argues that Defendant cannot recover fees for time spent drafting the evidentiary and issue sanction portions of the motion because those portions of the motion were mooted by Plaintiff's withdrawal of his claims. The Court disagrees. Plaintiff did not withdraw his claims until after the motion was filed. Defendant's counsel's work on the issue and evidentiary sanctions arguments was therefore still necessitated by Plaintiff's discovery conduct, even if Plaintiff's later conduct resolved the need for the sanctions.

The Court does find that some of Defendant's time entries are duplicative. The Court reduces Ortega's hours by 4.9, for a reduction of $4,768.93. The Court reduces Sheth's hours by 1.5, for a reduction of $1,549.13. This leads to a total reduction of $6,318.06.

The Court therefore awards $39,924.09 in attorney's fees.

Defendant is to give notice.