DOLORES Y. LEAL (134176)
OLIVIA FLECHSIG (334880)
ALLRED, MAROKO & GOLDBERG
6300 Wilshire Blvd. Suite 1500
Los Angeles, CA 90048-5217
(323) 653-6530
dleal@amglaw.com
oflechsig@amglaw.com

**Attorneys for Plaintiff MARK SNOOKAL**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SNOOKAL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CHEVRON USA, INC., a California Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 2:23-cv-6302-HDV-AJR<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF MARK SNOOKAL'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>[*Filed concurrently with Plaintiff Mark Snookal's Notice of Motion and Motion for Attorneys' Fees and Costs; Tables 1 and 2 to Plaintiff's Motion for Attorneys' Fees and Costs, Declarations of Dolores Y. Leal, Olivia J. Flechsig, Renee Mochkatel, Karis Stephen, Sabrina Medler, J. Bernard Alexander, Lisa Bloom, Tamara Freeze, and Mark Snookal*]<br><br>District Judge: Hon. Hernan D. Vera<br>Magistrate Judge: Hon. A. Joel Richlin<br>Action Filed: August 3, 2023<br>Trial Date: August 19, 2025<br><br>Hearing Date: November 13, 2025<br>Hearing Time: 10:00 a.m.<br>Courtroom: 5B |

1. Between August 19, 2025 to August 25, 2025, the Court presided over a jury trial in Plaintiff Mark Snookal's Fair Employment and Housing Act (FEHA) disability discrimination case against Defendant Chevron USA, Inc. On September 3, 2025, the Court entered judgment in Plaintiff's favor after a unanimous, eight-person jury returned a $4 million verdict. On September 17, 2025, Plaintiff filed his Notice of Motion and Motion for Attorney's Fees and Costs. Chevron USA, Inc. filed its opposition papers on [DATE] in response. Plaintiff subsequently replied on [DATE].

2. On November 13 at 10:00 a.m. in Courtroom 5B of the above-entitled Court, located at 350 W. First Street, Los Angeles, CA 90012, Plaintiff Mark Snookal's ("Plaintiff's") Motion for Attorneys' Fees and Costs came on regularly for hearing. All Parties were represented by their counsel.

Having reviewed the papers and heard oral argument on the issue, the Court finds as follows:

Plaintiff demonstrated the following reasonable hourly rates for his attorneys:

1. Dolores Y. Leal: $1200
2. Olivia J. Flechsig: $650
3. Renee Mochkatel: $1200
4. Karis Stephen: $450
5. Sabrina Medler: $450

The Court reviewed Plaintiff's attorney's billing statements and found them to be reasonable. The following chart shows the hours/rate incurred/awarded:

| ATTORNEY | HOURLY RATE | HOURS | TOTAL FEES |
| --- | --- | --- | --- |
| Dolores Y. Leal | $1200 | 519.90 | $623,880 |
| Olivia J. Flechsig | $650 | 604.17 | $392,710.50 |
| Renee Mochkatel | $1200 | 33.6 | $40,320 |
| Karis Stephen | $450 | 111.8 | $50,310 |
| Sabrina Medler | $450 | 37.4 | $16,830 |

The Court therefore awards a lodestar of $1,124,050.50 in attorneys' fees.

The following factors may be considered in deciding whether to apply a multiplier TO THE LODESTAR: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award" *Ketchum v. Moses*, 24 Cal.4th 1122 1132 (2001).

The Court finds that the case applying the FEHA "direct threat" affirmative defense to be an extremely novel and difficult issue and is not aware of any other cases tried to jury in which a Plaintiff prevailed despite Defendant's assertion, as here, of a direct threat defense to disability discrimination. This case also involved the weighing of medical evidence by competing experts, further increasing the difficulty and complexity of the case.

Further, the Court finds that the legal skills demonstrated by Plaintiff's counsel assisted in his award, not only at trial but also in pretrial proceedings, including in defeating Defendant's Motion for Summary Judgment and obtaining crucial discovery despite Defendant's reticence to make the information available. The $4 million unanimous verdict is further evidence of Plaintiff's counsel's efficacy. Third, the Court finds that Plaintiff's counsel made a sufficient showing that completing work for Plaintiff precluded them from taking other work, and fourth, Plaintiff's counsel represented Plaintiff on a contingency fee basis, and for over two years have not received payment.

Accordingly, applying a 2.0 multiplier to the lodestar, the Court awards attorneys' fees to Plaintiff in the amount of $2,248,101.00.

In addition, the Court has reviewed Plaintiff's submission of his itemized costs incurred in litigating this case. The Court awards costs to Plaintiff in the amount of $155,277.39.

IT IS SO ORDERED.

DATE: _____     _____
Honorable Hernán D. Vera
United States District Court Judge