DOLORES Y. LEAL (134176)
OLIVIA FLECHSIG (334880)
ALLRED, MAROKO & GOLDBERG
6300 Wilshire Blvd. Suite 1500
Los Angeles, CA 90048-5217
(323) 653-6530
dleal@amglaw.com
oflechsig@amglaw.com

**Attorneys for Plaintiff MARK SNOOKAL**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SNOOKAL, an individual, | CASE NO.: 2:23-cv-6302-HDV-AJR |
| Plaintiff, | **DECLARATION OF DOLORES Y. LEAL IN SUPPORT OF PLAINTIFF MARK SNOOKAL'S REPLY TO DEFENDANT CHEVRON USA, INC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** |
| vs. | |
| CHEVRON USA, INC., a California Corporation, and DOES 1 through 10, inclusive, | |
| | District Judge: Hon. Hernan D. Vera |
| | Magistrate Judge: Hon. A. Joel Richlin |
| | Action Filed: August 3, 2023 |
| Defendants. | Trial Date: August 19, 2025 |
| | Hearing Date: November 13, 2025 |
| | Hearing Time: 10:00 a.m. |
| | Courtroom: 5B |

1
DECLARATION OF DOLORES Y. LEAL IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT CHEVRON USA, INC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

## DECLARATION OF DOLORES Y. LEAL

I, DOLORES Y. LEAL, declare as follows:

1. I am an attorney duly licensed to practice before all of the Courts of the State of California, and have been an active member of the California State Bar since June 1988. If called as a witness, I could and would competently testify to the following facts based upon my own personal knowledge.

2. This declaration is being filed in support of Plaintiff Mark Snookal's Reply to Defendant Chevron U.S.A. Inc's Opposition to Plaitniff's Motion for Attorneys' Fees and Costs pursuant to Government Code Sec.12965(b).

## BILLING INVOICES AND HOURLY RATES

3. Defendant's counsel created Exhibits A through A-7 which are purportedly excerpts from Plaintiff's counsel's time entries. The font is so small that it is illegible. Courts have the discretion to reject or refuse to consider exhibits or documents that are illegible or difficult to read as the font size is too small, as legibility is essential for fair judicial proceedings and compliance with procedural rules. Plaintiff respectfully requests the Court reject these exhibits. Central District California, **L.R. 11-3.1 "Legibility"** provides: "All pleadings, motions, affidavits, declarations, briefs, points and authorities, and other documents, including all exhibits thereto (hereinafter collectively referred to as "documents"), presented for filing or lodging with the Clerk shall be typewritten or printed, or prepared by a photocopying or other duplicating process **that will produce clear** and permanent copies **equally legible** to printing, in black or dark blue ink…." Defendant could have very well printed the information vertically with larger font so the Court and Plaintiff could have read and consider with ease.

4. However, relying on the description of the Exhibits in the declaration by defense counsel Tracey Kennedy of Exhibits A to A-7, I address their arguments herein.

## HOURLY RATES

5. Exhibit A purports to have "Plaintiff's requested hourly fee rates, as well as with Defendant's proposed hourly fee rate given reasonable rates in the Los Angeles market, notations as to reasons for fee reductions and total amount of fees given the hourly rates set forth." As is

required, prior to filing the motion for attorneys fees/costs, I met and conferred with defense counsel. We discussed Plaintiff's counsel's hourly rates and whether defense counsel would stipulate to the "reasonableness." I was told that they would not stipulate. When I inquired if they would provide their hourly rates to compare, I was told no. Their refusal should raise concerns. Those concerns are revealed in the declaration by Olivia Flechsig filed concurrently herewith which shows hourly rates of attorneys at Sheppard Mullin with less experience and significantly less time as attorneys, yet have higher hourly rates.

6.  If Ms. Kennedy's hourly rates are indeed at or higher than my hourly rate ($1200), it would clearly demonstarate my rate is reasonable inasmuch as Ms. Kennedy has been practicing employment law since December 1990 (per the State Bar website) or 2 ½ years less than me (June 1988). The same is true with respecd to defense counsel Robert Mussig (December 2005) and Sarah Fan (December 2019), their hourly rates would be relevant in determininig whether our firm attorneys' rates are reasonable. Ms. Flechsig, who has been practicing since January 2021, in my opinion did an outstanding job during pre-trial discovery, at trial, examining adverse witnesses, making the opening and closing statements and as other Plaintiff employment attorneys have attested in the declarations filed in support, Ms. Flechsig's hourly rate of $650 is well within the industry standard.

7.  While Defendant's counsel is challenging the amount of time spent by me and Ms. Flechsig, as noted in the declaration concurrently filed by Ms. Flechsig, the amount of work was necessitated because of defendant counsel's obstreperous discovery tactics which are detailed in Ms. Flechsig's declaration filed concurrently herewith.

8.  *Bronshteyn v Department of Consumer Affairs*, (9/17/25) 114 Cal.App.5th 537 *was* decided on September 17, 2025, the same day Plaintiff Snookal filed his motion for attorneys fees. The cse is also a disability discrimination, failure to accommodate case, and failure to engage in an interactive process case. The jury returned a verdict of $3.3 million. The Court of Appeal affirmed the trial court's attorneys' fee award of $4,889,786.03 and a 1.75 multiplier for fees incurred up to and including the jury verdict, and a 1.25 enhancement for hours worked after the verdict. I have known Plaintiff *Bronshteyn's* counsel, Jean Hyams,

Sharon Vinick, Leslie Levy, Wendy Mussell and Darci Burrell between 10-20 years. We haved all been presenters at the California Employment Lawyers annual conference. I served on the Board of the California Employment Lawyers Association with Jean Hyams. I checked the California State Bar website to obtain the dates of Ms. Hyams and Ms. Vinick's admission to the bar. Ms. Hyams was licensed 1 1/2 years after me -- in December 1989 and Ms. Vinick was licensed 6 months before me (December 1987). The Court awarded an hourly rate $1,100 for each.

## TIME BILLING RECORDS

9. My practice is to record the time spent on my cases each day and to the extent possible, contemporaneously on our firm's computer billing system. During the Snookal litigation, there were many meetings with the named partners about the case, involving litigation/trial strategy which I did not bill. The bulk of that time would have been with Nathan Goldberg, a top litigator and trial attorney. If I had to estimate, over the course of 2 ½ years, it would be at least 10 hours of unbilled time. Moreover, none of the named partners billed for the time they spent with me discussing/strategizing about the case. Their hourly rate is $1500.

10. Neither I nor Ms. Flechsig have our administrative assisiant/paralegals bill their time in this matter.

11. The 9th Circuit has defined "block billing" as "the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945 n.2 (9th Cir. 2007). As the court will note from the billing statements submitted (Exh.A to my declaration in support of the Motion), contrary to Defendant's position, Ms. Flechsig and I did not do "block billing." The entries segregate the duties performed by day with the description of work performed. Where multiple tasks are listed, each task is separated. As such, Defendant's argument that *their* proposed hourly rates and amount of time spent should be utilized and apply a 30% reducstion for Plaintiff's counsel's time should be disregarded.

12. In reviewing the time billing records by associate Karis Stephen, I noted that 1.6 hours were spent on administrative duties that while applicable to Plaintiff Snookal's case, they

also could be utilized on other firm cases. This includes: .9 on 8/5/25; .5 on 8/12/25 and .2 on 8/12/25 (total of 1.6 hrs). I am therefore excluding this amount ($720.00) from the attorney fee request.

13. In re-reviewing my time billing records, I see that in my time records, 1 hour was noted on 6/27/25 for "prospective calls". It was erroneously included. As such, this amount ($1200) is also excluded from the attorney fee request.

14. Defendant asserts that the time billed by my partner, Renee Mochkatel should be reduced for work on the MSJ and for trial preparation (Opp at p. 4). As detailed in Ms. Mochkatel's declaration in support of the Motion for Attorneys fees, she has been practicing for 43 years and is very experienced in employmenet law. Ms. Mochkatel assisted Ms. Flechsig in the opposition to MSJ and with respect tot the trial preparation, she met with me to discusss pre-trial matters and assisted with mock cross examinations as delineated in her time records.

15. Defense counsel avers that Plaintiff Snookal's representation that "Defendant failed to settle are misleading…" (Kennedy Decl. para 2). This is inaccurate. In 2022 before our firm represented Plaintiff Snookal, he participated in an unsuccessful mediation thought the Department of Fair Employment and Housing. (Snookal Decl para 8). Then on April 20, 2023, after retaining the our firm, I sent a settlement demand letter to Chevron U.S.A., Inc.  No response was received. On May 11, 2023, I followed up with a second letter to Chevron, and again silence. Clearly Chevron refused to discuss settlement. **(Exh. 1 attached hereto)**. Based on Chevron's dismissiveness, it was evident that Defendant would dogmatically defend this case. And indeed it has for more than 2 years.

## COSTS

16. Defendant points out the Plaintiff did not file his Application to the Clerk to Tax Costs (form CV-59). This is accurate and this admnistrative error was unintentional. Plaintiff is concurrently herewith filing said form. Defendant has not been prejudiced in that Plaintiff and Defense counsel met and conferred regarding the costs being sought. Additionally, thereafter on October 8, 2025, (more than 2 weeks before their opposition was due), I sent Ms. Fan our firm's cost billing statement along with invoices/receiapts. (Attached as **Exh. 2)**

17. Ms. Fan advised me that they were challenging the mediation fee ($7,950), the parking costs ($310) and duplication costs ($19.30) for a witness who was deposed, Thalia Tse.

15. Plaintiff waives his request for parking and duplication costs (totaling $329.30).

18. A cost identified in Plaintiff's cost billing statement which was not contested by Defendant was $55.12 for messenger fees. Plaintiff also waives this amount.

Plaintiff therefore respectfully requests that the Court award the full amount of costs sought (subtracting $19.30, $310 and $55.12) in the amount of $154,892.97.

## MEDIATION COST

19. Defendant challenges the request for the cost of mediation ($7950) because it was not mandated. (Opp. Pg. 19) This is incorrect. On August 8, 2023, the Court issued its "Notice to Parties of Court-Directed ADR Program." (Docket #6) As such, the both counsel agreed to engage in private mediation. Angela Reddock-Wright was selected as the mediator. The mediation occurred on June 25, 2024.

20. Defendants served its FRCP 68 offer of settlement for $750,000 a day late. In any event, it was not an amount which Plaintiff was willing to consider. Defendant's last offer was 18.8% of the total $4M verdict. This should demonstrate that Plaintiff's counsel's tenacity in the face of defendant's concealing and obfuscating legitimate discovery requests, their presentation of the evidence to the jury yielded an excellent victory for Mr. Snookal and that his civil rights were vindicated after 6 years.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

21. Since filing Plaintiff's Motion for Attorneys Fees on September 17, 2025, Plaintiff's counsel has expended additional time. I attach as Exhibit 3 the billing statements since September 17, 2025. In summary:

| Attorney | Hourly Rate | Hours | Total Fees |
|---|---|---|---|
| Dolores Leal | $1200 | 31.60 | $37,920.00 |
| Olivia Flechsig | $650 | 32.70 | $21,255.00 |
| TOTAL FEES | | | $59,175.00 |

I declare under penalty of perjury under the laws of the State of California that the foergoing is strue and correct.

Executed this 30th day of October 2025, in Los Angeles, California.

_____
DOLORES Y. LEAL