# Exhibit 2

# Dolores Leal

| | |
|---|---|
| **From:** | Dolores Leal |
| **Sent:** | Wednesday, October 8, 2025 4:44 PM |
| **To:** | 'Sarah Fan'; Olivia Flechsig |
| **Cc:** | 'Tracey Kennedy'; 'Robert Mussig'; Angie Paz |
| **Subject:** | RE: Snookal v. Chevron | Renewed JMOL |
| **Attachments:** | Costs & Disbursements Combined.pdf |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Sarah,

Here's the cost billing statement along with the invoices/receipts. You will see on the total billing sheet, there are some entries highlighted (copying and parking). They are highlighted to show that we don't have receipts for those costs.

Regards,
Dolores

Dolores Y. Leal (she/her)
**ALLRED, MAROKO & GOLDBERG**
6300 Wilshire Blvd. Suite 1500
Los Angeles, CA 90048
323 653 6530
**New York Office:**
111 Broadway Suite 1406
New York, NY 10006
www.amglaw.com
dleal@amglaw.com



**From:** Dolores Leal
**Sent:** Tuesday, September 30, 2025 9:07 PM
**To:** Sarah Fan <SFan@sheppardmullin.com>; Olivia Flechsig <oflechsig@amglaw.com>
**Cc:** Tracey Kennedy <TKennedy@sheppardmullin.com>; Robert Mussig <RMussig@sheppardmullin.com>; Angie Paz <apaz@amglaw.com>
**Subject:** RE: Snookal v. Chevron | Renewed JMOL

Sarah,

Our office manager is out for the holy days so I won't be able to get you the invoices until Friday.

As to our agreement to waive the parking costs if you don't contest the mediator fees, let me know your response.

Dolores

Dolores Y. Leal (she/her)
**ALLRED, MAROKO & GOLDBERG**
6300 Wilshire Blvd. Suite 1500
Los Angeles, CA 90048
323 653 6530
**New York Office:**
111 Broadway Suite 1406
New York, NY 10006
www.amglaw.com
dleal@amglaw.com



**From:** Sarah Fan <SFan@sheppardmullin.com>
**Sent:** Tuesday, September 30, 2025 3:24 PM
**To:** Dolores Leal <dleal@amglaw.com>; Olivia Flechsig <oflechsig@amglaw.com>
**Cc:** Tracey Kennedy <TKennedy@sheppardmullin.com>; Robert Mussig <RMussig@sheppardmullin.com>
**Subject:** RE: Snookal v. Chevron | Renewed JMOL

Hello Dolores:

Defendant will contest the hourly rates sought in Plaintiff's motion for attorneys' fees.

Additionally, I wanted to follow up regarding the other matters relating to Plaintiff's motion below. Could you please send over at your earliest convenience the invoices/receipts showing the amount and nature of the costs being sought?

Thanks,
-Sarah


**Sarah Fan** | Associate
**SheppardMullin** | Los Angeles
+1 213-617-5549 | ext. 15549

**From:** Sarah Fan
**Sent:** Thursday, September 25, 2025 12:57 PM
**To:** 'Dolores Leal' <dleal@amglaw.com>; Olivia Flechsig <oflechsig@amglaw.com>
**Cc:** Tracey Kennedy <TKennedy@sheppardmullin.com>; Robert Mussig <RMussig@sheppardmullin.com>
**Subject:** RE: Snookal v. Chevron | Renewed JMOL

**EXHIBIT 2/2**

Thanks, Dolores. I was writing you an email to follow up as well – I understand from our conversation that Plaintiff will agree to waive the parking costs sought in his cost bill if Defendant agrees not to contest the mediator's fees which are being sought, but otherwise intends to seek recovery of these costs. Please let me know if that's not the case. The third category of disputed costs is the costs associated with Thalia Tse's exhibits. Please let us know whether Plaintiff still intends to seek those costs.

Finally, regarding the costs which Plaintiff is seeking in his motion for attorneys' fees and costs (see attached), could you please provide the invoices/receipts showing the amount and nature of the charges sought?

Thanks,
-Sarah

**Sarah Fan** | Associate
**SheppardMullin** | Los Angeles
+1 213-617-5549 | ext. 15549

---

**From:** Dolores Leal <dleal@amglaw.com>
**Sent:** Thursday, September 25, 2025 12:43 PM
**To:** Sarah Fan <SFan@sheppardmullin.com>; Olivia Flechsig <oflechsig@amglaw.com>
**Cc:** Tracey Kennedy <TKennedy@sheppardmullin.com>; Robert Mussig <RMussig@sheppardmullin.com>
**Subject:** RE: Snookal v. Chevron | Renewed JMOL

Hi Sarah,

As a follow-up to our conversation a couple minutes ago, after you speak with Tracey/Robert, please let us know whether you will be contesting the hourly rates we seek in our motion for attorneys fees.

Regards,
Dolores

Dolores Y. Leal (she/her)
**ALLRED, MAROKO & GOLDBERG**
6300 Wilshire Blvd. Suite 1500
Los Angeles, CA 90048
323 653 6530
**New York Office:**
111 Broadway Suite 1406
New York, NY 10006
www.amglaw.com
dleal@amglaw.com



**From:** Sarah Fan <SFan@sheppardmullin.com>
**Sent:** Wednesday, September 24, 2025 6:41 PM
**To:** Olivia Flechsig <oflechsig@amglaw.com>; Dolores Leal <dleal@amglaw.com>

EXHIBIT 2/3

**Cc:** Tracey Kennedy <TKennedy@sheppardmullin.com>; Robert Mussig <RMussig@sheppardmullin.com>
**Subject:** RE: Snookal v. Chevron | Renewed JMOL

Hello Dolores and Olivia:

We're writing to discuss the following issues to be raised in Defendant's Renewed Motion for Judgment as a Matter of Law, or, in the alternative, for a New Trial and/or Remittitur. Defendant intends to move on the grounds that Plaintiff failed to present legally sufficient evidence to establish a prima facie case of disability discrimination. Specifically, Plaintiff did not present a sufficient evidentiary basis from which a reasonable jury could find that Plaintiff was qualified to perform the essential duties of the REM position, with or without reasonable accommodation. Employees who are not qualified to perform the essential duties of the job are excluded from the FEHA's prohibition against discrimination. See Cuiellette v. City of Los Angeles, 194 Cal. App. 4th 757, 766 (Cal. Ct. App. 2011); see also Cal. Gov't Code § 12926 (defining essential duties). The evidence in the record is undisputed that the REM position could not be performed outside of Escravos.

Additionally, Plaintiff did not present a sufficient evidentiary basis from which a reasonable jury could find that Plaintiff could perform the essential functions of the REM position without endangering his own health and safety or that of others. An employer is not prohibited from refusing to hire an employee who cannot perform his duties without endangering the health or safety of himself or others. Raytheon Co. v. Cal. Fair Employment & Hous. Comm'n, 212 Cal. App. 3d 1242, 1252 (Cal. Ct. App. 1989) (citing Cal. Gov't Code § 12940(a)(1)); see also Cal. Code Regs., tit. 2, § 11067(e) (providing factors considered in determining whether the health or safety defense is established). The analysis of the factors in Cal. Code Regs., tit. 2, § 11067 "should be based on a reasonable medical judgment that relies on the most current medical knowledge and/or on the best available objective evidence." Id. The evidence is undisputed that multiple doctors, including Plaintiff's treating cardiologist, evaluated Plaintiff's condition based on their medical knowledge and expertise and on then-prevailing, reputable medical literature, and determined that there was some risk associated with Plaintiff's condition. Medical doctors in Nigeria with knowledge of the conditions and medical capabilities in Escravos, including three cardiologists, unanimously opined based on their medical knowledge, expertise, and available medical literature that Plaintiff could not be adequately supported in Escravos in the event of an adverse cardiovascular event.

Defendant also intends to move on the grounds that the jury's award of damages is excessive, not based on substantial evidence, and speculative. Front pay awards in employment discrimination cases are intended to be temporary in nature, and such an extended front pay award is disfavored. McCray v. WestRock Servs., LLC, 2024 U.S. Dist. LEXIS 195106, *20-21 (C.D. Cal. Sept. 10, 2024). In normal circumstances, the REM position generally lasted only 3-4 years due to Nigerian visa restrictions. In this case the REM position was subject to reselection only one year after the start of the assignment, and was again subject to reselection around the time of trial, with no guarantee that the incumbent would remain in the position, move on to another expatriate position, or even stay in the company. The evidence is also undisputed that Plaintiff failed to mitigate his damages and did not apply to any other expatriate assignments after the REM position offer was rescinded. To the extent the jury relied on Dr. Baum's calculations, which is based on unfounded assumptions not in evidence, the verdict is unsupported by substantial evidence as a matter of law. See McCray, 2024 U.S. Dist. LEXIS 195106 at *21 (citing Atkins v. City of Los Angeles, 8 Cal. App. 5th 696, 740 (Cal. Ct. App. 2017). The jury's award of noneconomic damages is likewise excessive, and appears to be the product of passion or prejudice. The evidence is undisputed that Plaintiff's emotional distress symptoms had improved and were in partial remission, and the nature of the alleged harm and Plaintiff's symptoms fall far short of the severity of the alleged harm and symptoms in other cases where damages were reduced to less than that awarded here. See, e.g., Dias v. Tesla, Inc., 598 F. Supp. 3d 809 (N.D. Cal. 2022).

Please let us know whether you will stipulate to the relief sought in the motion based on any of the above grounds. We look forward to discussing further on our call tomorrow.

Thanks,
-Sarah

**EXHIBIT 2/4**

Sarah Fan | Associate
**SheppardMullin** | Los Angeles
+1 213-617-5549 | ext. 15549

---

**From:** Sarah Fan
**Sent:** Wednesday, September 24, 2025 1:44 PM
**To:** 'Olivia Flechsig' <oflechsig@amglaw.com>; Dolores Leal <dleal@amglaw.com>
**Cc:** Tracey Kennedy <TKennedy@sheppardmullin.com>; Robert Mussig <RMussig@sheppardmullin.com>
**Subject:** RE: Snookal v. Chevron | Renewed JMOL

Thanks, Olivia. That works. I will circulate a Zoom videoconference link.

Thanks,
-Sarah


Sarah Fan | Associate
**SheppardMullin** | Los Angeles
+1 213-617-5549 | ext. 15549

---

**From:** Olivia Flechsig <oflechsig@amglaw.com>
**Sent:** Wednesday, September 24, 2025 1:24 PM
**To:** Sarah Fan <SFan@sheppardmullin.com>; Dolores Leal <dleal@amglaw.com>
**Cc:** Tracey Kennedy <TKennedy@sheppardmullin.com>; Robert Mussig <RMussig@sheppardmullin.com>
**Subject:** Re: Snookal v. Chevron | Renewed JMOL

Good Afternoon,

We are not available today, but we could do tomorrow at 12:30 pm.

Best,
Olivia

Get Outlook for iOS

---

**From:** Sarah Fan <SFan@sheppardmullin.com>
**Sent:** Wednesday, September 24, 2025 1:04:28 PM
**To:** Dolores Leal <dleal@amglaw.com>; Olivia Flechsig <oflechsig@amglaw.com>
**Cc:** Tracey Kennedy <TKennedy@sheppardmullin.com>; Robert Mussig <RMussig@sheppardmullin.com>
**Subject:** Snookal v. Chevron | Renewed JMOL

Hello Dolores and Olivia:

Defendant Chevron U.S.A. Inc. intends to file a Renewed Motion for Judgment as a Matter of Law, or, in the alternative, for a New Trial and/or Remittitur in this case. Are you available for a call this afternoon to meet and confer?

Thanks,
-Sarah

5

**EXHIBIT 2/5**

**Sarah Fan** | Associate
+1 213-617-5549 | direct
SFan@sheppardmullin.com | Bio

# SheppardMullin

350 South Grand Avenue, 40th Floor
Los Angeles, CA 90071-3460
+1 213-620-1780 | main
www.sheppardmullin.com | LinkedIn

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. _____ This message is CONFIDENTIAL and may contain legally privileged information intended only for the addressee. If you are not the addressee you may not use, forward, copy or disclose to anyone any information contained in this message. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY ALLRED, MAROKO & GOLDBERG IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 323-653-6530. Thank you. _____

_____ This message is CONFIDENTIAL and may contain legally privileged information intended only for the addressee. If you are not the addressee you may not use, forward, copy or disclose to anyone any information contained in this message. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY ALLRED, MAROKO & GOLDBERG IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 323-653-6530. Thank you.

_____ This message is CONFIDENTIAL and may contain legally privileged information intended only for the addressee. If you are not the addressee you may not use, forward, copy or disclose to anyone any information contained in this message. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY ALLRED, MAROKO & GOLDBERG IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 323-653-6530. Thank you.

_____ This message is CONFIDENTIAL and may contain legally privileged information intended only for the addressee. If you are not the addressee you may not use, forward, copy or disclose to anyone any information contained in this message. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY ALLRED, MAROKO & GOLDBERG IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 323-653-6530. Thank you.

_____ This message is CONFIDENTIAL and may contain legally privileged information intended only for the addressee. If you are not the addressee you may not use, forward, copy or disclose to anyone any information contained in this message. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY ALLRED, MAROKO & GOLDBERG IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 323-653-6530. Thank you.

_____

**EXHIBIT 2/6**