# Exhibit 1

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
Babak G. Yousefzadeh, Cal. Bar. No. 235974
Gal Gressel, Cal. Bar. No. 286312
Hyunki ("John") Jung, Cal. Bar. No. 318887
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4158
Telephone: (415) 434-9100
Facsimile:  (415) 434-3947
Email: byousefzadeh@sheppardmullin.com
       ggressel@sheppardmullin.com
       hjungsheppardmullin.com

Attorneys for Defendants, KAISER FOUNDATION HEALTH PLAN INC., KAISER FOUNDATION HOSPITALS, and SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE**

| | |
|---|---|
| MARIA F. TORRES,<br><br>  Plaintiff,<br><br>  v.<br><br>SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, a corporation; KAISER FOUNDATION HEALTH PLAN INC.; a corporation; KAISER FOUNDATION HOSPITALS, a corporation; and Does 1 through 10, Inclusive,<br><br>  Defendants. | Case No. 19STCV42476<br><br>*Assigned for all purposes to Dept. 58*<br><br>**DECLARATION OF GAL GRESSEL IN SUPPORT OF DEFENDANTS' MOTION FOR TERMINATING SANCTIONS OR ISSUE AND EVIDENCE SANCTIONS; AND MONETARY SANCTIONS AGAINST PLAINTIFF AND HER COUNSEL IN THE AMOUNT OF $154,557**<br><br>**RESERVATION ID#: 019718469581**<br><br>Judge:      Hon. Judge Bruce G. Iwasaki<br>Date:       May 17, 2023<br>Time:       9:00 a.m.<br>Courtroom:  Dept. 58<br><br>Complaint:  November 25, 2019<br>FAC:        December 7, 2022<br>Trial Date: TBD |

# DECLARATION OF GAL GRESSEL

I, Gal Gressel, declare and state as follows:

1. I am an attorney with the law firm Sheppard Mullin Richter & Hampton, LLP, attorneys of record for defendants Kaiser Foundation Health Plan Inc., Kaiser Foundation Hospitals, and Southern California Permanente Medical Group ("Defendants"). Unless expressly stated otherwise below, I have personal knowledge of the facts set forth herein, and I could and would testify competently thereto if called and sworn as a witness.

## Factual Background

2. A true and correct copy of excerpts of Volume I of Plaintiff's deposition testimony, taken on November 11, 2020 is attached as **Exhibit A**. A true and correct copy of excerpts of Volume II of Plaintiff's deposition testimony, taken on November 12, 2020 is attached as **Exhibit B**. A true and correct copy of excerpts of Volume III of Plaintiff's deposition testimony, taken on March 26, 2021, is attached as **Exhibit C**. A true and correct copy of excerpts of Volume IV of Plaintiff's deposition testimony, taken on October 6, 2022, is attached as **Exhibit D**.

3. **Exhibit E** is a true and correct copy of the License, Certificate, and Registration Verification ("LCR") policy in effect at the time of Plaintiff's termination of employment.

4. As part of litigation of this case, a search was conducted for any instance where an employee performed worked on an expired license, certification, or verification ("LCR") (such as a Basic Life Support certification), or when an employee failed to timely renew their LCR. SCPMG produced documents to Plaintiff showing such information for each employee. **Exhibit F** is a true and correct copy of a chart produced in this case that shows (a) the employees' ages at the time of discipline, and (b) whether the employee had taken a medical leave of absence within the year preceding the discipline (like Plaintiff). An analysis of the information in the chart shows the following:

- The age of the employee at termination ranged from 22 to 63 years old, with an average age of 40 (adding together all ages and dividing by 25);
- In 18 instances the employee had not taken medical leave in one year preceding the termination (18/25 = 72%);
- In 6 instances the employee had taken medical leave in the preceding year (7/25 = 28%).

**Relevant Discovery Requests and Responses**

5. A true and correct copy of Defendant Southern California Permanente Group's ("SCPMG") Form Interrogatories – General (Set One), are attached as **Exhibit G**. A true and correct copy of Plaintiff's responses to SCPMG's Form Interrogatories – General (Set One) are attached as **Exhibit H**.

6. On March 15, 2021, I sent a letter to Plaintiff's counsel requested that Plaintiff produce her medical records, and also execute a release that SCPMG could provide to Plaintiff's healthcare providers to obtain records directly from the provider. A true and correct copy of my letter is attached as **Exhibit I**. At the time I sent my letter, Plaintiff had produced just *two* pages of medical records.

7. On March 23, 2021, Plaintiff agreed to produce her medical records, but later refused to sign a release. A true and correct of a letter from Plaintiff's counsel with this agreement is attached as **Exhibit J**. Following correspondence between myself and Plaintiff's counsel is attached as **Exhibits K and L**.

8. On April 22, 2021, SCPMG propounded Special Interrogatory No. 17, a true and correct copy of which is attached as **Exhibit M**. SCPMG specifically limited the interrogatory to start on May 1, 2018 because: (a) Plaintiff went on a medical leave on May 4, 2018 for arm and wrist injuries; and (b) based on Plaintiff's interrogatory answers, deposition testimony, and meet and confer correspondence, all of which asserted she did not have any prior emotional distress for which she sought treatment. Had Plaintiff truthfully answered these interrogatories or testified at deposition that she *had* previously sought treatment for emotional distress, this interrogatory would have used a broader timeframe to obtain all relevant information.

9. On June 1, 2021, Plaintiff responded to and answered SCPMG's Special Interrogatory No. 17. A true and correct copy of Plaintiff's response is attached as **Exhibit N**.

**Plaintiff's Native Text Messages and Questions About Her Alleged Disability**

10. SCPMG previously filed a motion to compel Plaintiff to answer further questions at deposition about her disability, and to produce documents, including native copies of her text messages, which the Court granted, on February 25, 2021. A true and correct copy of the court's February 25, 2021 order, and the parties' corresponding notices of ruling, is attached as **Exhibit O**.

- 3 -
Case No. 19STCV42476
SMRH:4855-8453-5632.4
DECLARATION OF GAL GRESSEL
EXHIBIT 1/3

1. 11. Plaintiff's counsel had instructed Plaintiff not to answer questions about her disability on the basis that the questions were improper legal-contention questions not permitted by *Rifkind v. Superior Court*, 22 Cal. App. 4th 1255, 1258 (1994). This Court overruled those objections and ordered Plaintiff to answer these questions. **See Exhibit G.** However, at Plaintiff's continued deposition, on March 26, 2021, Plaintiff's counsel instructed Plaintiff not to answer questions considered "outside the scope" of the questions the Court ordered Plaintiff to answer. Plaintiff's counsel had made the same "*Rifkind*" instructions in another case, *Vargas v. Kaiser Foundation Health Plan, Inc.*, Riverside County Superior Court Case No. RIC1906237. The Court in *Vargas* also found the instructions improper and imposed $3,600 in sanctions against the plaintiff in that case. A true and correct copy of the Notice of Ruling, which includes the court's order, is attached as **Exhibit P**.

12. SCPMG repeatedly requested that Plaintiff comply with the Court's order to produce her text messages in native format, but she refused, taking the position that she had "complied" with the Court's order by producing them in *PDF* format, and that there was "nothing left to do." True and correct copies of meet and confer communications between the parties' counsel on this subject are attached as **Exhibit Q** (March 2, 2021: defendants, requesting native copies of text messages, as ordered by the Court), **Exhibit R** (March 17 and 19, same), **Exhibit S** (March 23, 2021, Plaintiff stating that with her latest PDF format production, she had "complied" and there was "nothing left to do"); **Exhibit T** (March 24, 2021: defendants again requesting natives to comply with the Court's order); **Exhibit U** (March 25, Plaintiff refusing compliance).

13. On November 2, 2021, the parties stipulated, and the Court approved, the appointment of the Honorable Elizabeth Feffer (ret.) as an all-purpose discovery referee under Code of Civil Procedure section 638 (the "Referee"). A true and correct copy of the parties' stipulation and the Court's order appointing the Referee is attached as **Exhibit V**.

14. On February 3, 2022, Defendants filed an Omnibus Motion re Discovery Disputes, and to Impose Sanctions in the Amount of $6,000 Against Plaintiff and Her Counsel (the "Omnibus Motion"), to be heard by the Referee. This included Plaintiff's refusal to comply with this Court's February 25, 2021 order (Exhibit G) to produce native copies of her text messages and to answer questions at deposition about her alleged disability. On March 4, 2022, the Referee granted most parts of

1  Defendants' Omnibus Motion, including enforcing this Court's order that Plaintiff must produce her text
2  messages in native format and answer questions at deposition about her disability.  A true and correct
3  copy of the Referee's order is attached as **Exhibit W**.  The Referee also imposed the full amount of
4  sanctions requested, $6,000, against Plaintiff, because of "Plaintiff's failure to comply with the court's
5  February 25, 2021 orders" regarding production of her text messages in native format and refusal to
6  answer questions about her disability.  Exhibit W, p. 19.  I attended the hearing on the Omnibus Motion,
7  which took place on March 3, 2022.  A true and correct copy of excerpts of the hearing are attached as
8  **Exhibit X**.

### Plaintiff's Refusal to Comply with the Referee's Order

10  15.     On March 23, 2022, Defendants removed this action to federal court.  On March 29,
11  2022, I sent a letter to Plaintiff's counsel requesting that Plaintiff confirm she would comply with the
12  Referee's Order and make all disclosures and production by March 31, 2022.  My letter explained that
13  "after removal, the federal court takes the case up where the State court left it off," *Jenkins v.*
14  *Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 795 (9th Cir. 1996); *see also* 28 U.S.C. § 1450, that
15  any order entered by a state court "should be treated as though it had been validly rendered in the federal
16  proceeding," *Butner v. Neustadter*, 324 F.2d 783, 786 (9th Cir. 1963), and that as a result, the Referee's
17  Order remained valid and in effect.  A true and correct copy of my letter is attached as **Exhibit Y**.

18  16.     On March 31, 2022, Plaintiff's counsel responded that Plaintiff would <u>not</u> <u>comply</u> with
19  the Referee's Order, based on her contention that Defendants' removal was improper and that the action
20  was "stayed" at the superior court.  Plaintiff's counsel did not offer any authority for their position.  A
21  true and correct copy of Plaintiff's March 31, 2022 letter is attached as **Exhibit Z**.

22  17.     On April 7, 2022, I sent another letter to Plaintiff's counsel, again requesting that
23  Plaintiff comply with the Referee's Order, a true and correct copy of which is attached as **Exhibit AA**.
24  My letter explained that the state court action was not "stayed," but that rather, the removal terminated
25  the state court's jurisdiction altogether.  My letter explained that if Plaintiff continued to refuse to
26  comply with the Referee's Order, Defendants would file a motion for sanctions, including for issue
27  sanctions, evidence sanctions, monetary sanctions, and an adverse inference instruction.  I requested that
28

- 5 -

SMRH:4855-8453-5632.4

Case No. 19STCV42476
DECLARATION OF GAL GRESSEL

**EXHIBIT 1/5**

Plaintiff's counsel reconsider their position and inform me when they were available to discuss the issues raised in my letter. I did not receive a response.

18. On April 25, 2022, Defendants filed a motion for sanctions against Plaintiff due to her refusal to comply with the Referee's order. Plaintiff also filed a motion to remand the action. On June 13, 2022, the federal court denied Plaintiff's motion to remand, finding that her claims were preempted by the LMRA, and gave "Plaintiff one last chance to comply with the outstanding discovery orders before issuing additional sanctions, up to and including those requested by Defendants, if not additional." A true and correct copy of the federal court's order is attached as **Exhibit BB**. On May 23, 2022, the federal court had issued a tentative ruling to this same effect.

### Plaintiff's Failure to Comply With The Federal Court's Order

19. On May 25, 2022, Plaintiff supplemented her answer to Special Interrogatory No. 17, a true and correct copy of which is attached as **Exhibit CC**. Plaintiff also produced medical records. However, despite disclosing four new healthcare providers, Plaintiff produced records for just one of those providers. Plaintiff also produced unemployment and disability benefits records, but did not include in her production the records held by the Employment Development Department (EDD). However, Plaintiff had not provided Defendants with a release for those records from the EDD. Plaintiff's total production was 195 pages.

20. On June 22, 2022, Defendants sent a demand to Plaintiff to supplement her discovery and provide releases for her medical records and EDD records. A true and correct copy of my letter with this demand is attached as **Exhibit DD**. Plaintiff provided the releases and supplemented her discovery responses. A true and correct copy of Plaintiff's second supplemental answer to Special Interrogatory No. 17 is attached as **Exhibit EE**.

21. Upon receiving Plaintiff's releases, Defendants issued subpoenas and included the releases, and received document productions from Plaintiff's providers and the EDD. The table below summarizes the information and documents that Plaintiff produced in comparison to the production of records received from Plaintiff's providers and the EDD. The additional documents that Defendants received total 1,281 new pages that Plaintiff did not produce.

| Custodian or Person Identified by Plaintiff as a Healthcare Provider | Documents Produced by Plaintiff | Later Production from Third Parties |
|---|---|---|
| Kaweah Delta Health Care District | Torres 2257-2315 (58 pages total) | SCPMG obtained via release, and produced under SCPMG 00004289-4596 (307 pages total).<br><br>The true document production was over 5 times what Plaintiff produced – an additional 290 pages of medical records at issue in this case. |
| Dr. Aditya Verma | None | SCPMG obtained via release, and produced under SCPMG 00004272-4288 (16 pages) |
| Terrio Physical Therapy | None | SCPMG obtained via release, and produced under SCPMG 00004670-4774 (104 pages) |
| Dr. Lily Honoris | None | SCPMG obtained via release, and produced under SCPMG 00004775-4803 (billing records) (28 pages); and SCPMG00004804-5753 (949 pages).<br><br>Defendants served a subpoena for these records on or about July 6, 2022. However, because the custodian of records did not respond to the subpoena and informed Defendants' deposition officer that the subpoena could not be located. Defendants re-issued the subpoena on September 15, 2022. The custodian of records then delivered the documents to the deposition in response to the July 6, 2022 subpoena. |
| Unemployment and EDD Benefits Records | Torres 2119-2256 (137 pages total) | SCPMG obtained via release, and produced under SCPMG 00004597-4669 (72 pages)<br><br>These were entirely different records than the records Plaintiff produced. |

22.     On September 27, 2022, Defendants received Plaintiff's medical records from her cardiologist. A true and correct copy of excerpts of these records are attached in **Exhibit FF**. Plaintiff's cardiologist's records disclosed at least three new providers, but Plaintiff has not produced any records relating to those providers.

23.     On October 11, 2022, Plaintiff produced Plaintiff produced 24 pages of medical records from Dr. Jennifer Soares, a true and correct copy of which is attached as **Exhibit GG**. On October 12,

1   2022, Plaintiff produced Torres 002375, a true and correct copy of which is attached as **Exhibit HH**.

2   On October 13, 2022, Plaintiff produced an expert report, which refers to Dr. Soares' notes.

3        24.    On September 14, 2022, before receiving the medical records productions described above, I sent a letter to Plaintiff's counsel inquiring whether Plaintiff sought more than garden variety emotional distress damages, with a request that Plaintiff agree to an independent medical examination if she so alleged. On September 15, 2022, Plaintiff's counsel responded that Plaintiff alleged more than garden variety emotional distress damages and represented that Plaintiff would agree to an independent medical examination. Following the disclosure of some of Plaintiff's missing mental health history on September 27, 2022, Plaintiff's counsel indicated that Plaintiff would no longer agree to an independent medical examination by Defendant's expert. After Defendants filed a renewed motion for sanctions in federal court, which raised Plaintiff's refusal, and provided Plaintiff with additional explaining that that the examination was proper, Plaintiff agreed to sit for an examination.

### Renewed Sanctions Motion in Federal Court

25.    On October 24, 2022, Defendants filed a renewed motion for sanctions. A true and correct copy of Plaintiff's opposition is attached as **Exhibit II**. However, on December 7, 2022, the federal court permitted Plaintiff to amend her Complaint to withdraw any allegations that gave rise to federal court jurisdiction under the Labor Management Relations Act, remanded the case to state court, and referred Defendants' motion for monetary sanctions (only) to the magistrate judge. A true and correct copy of the court's order is attached as **Exhibit JJ**. The federal court heard the motions on December 5, 2022, and a true and correct copy of the transcript from the hearing is attached as **Exhibit KK**. On January 26, 2023, the magistrate judge declined to consider the substance of the motion for sanctions, explaining that due to the remand, "the superior court would be better suited to determine whether Plaintiff has complied with the orders of the superior court and the superior court's discovery referee." A true and correct copy of the magistrate's order is attached as **Exhibit LL**.

### Sanctions

26.    On February 27, 2023, this Court entered terminating sanctions in the case *Robert Wendt v. Oi, Inc.*, Case No. 22STCV10507. A true and correct copy of the Court's order is attached as Exhibit **Exhibit MM**.

27. Babak Yousefzadeh, a partner at my firm, has been practicing law in California for over eighteen years, and is a labor and employment specialist (having focused on employment law for almost his entire career), at one of the most preeminent law firms in the country, with one of the largest and best known labor and employment practices in California. Mr. Yousefzadeh's regular hourly rate during the pendency of this litigation are as follows: $860/hr in 2020; $925/hr in 2021; $985/hr in 2022; and $1,065/hr in 2023. Although Mr. Yousefzadeh's regular hourly rate has increased during this litigation, and the bulk of Defendants' efforts to obtain Plaintiff's medical records and related information took place in 2021 to present, when Mr. Yousefzadeh's rates were higher, for purposes of this motion, and to calculate fees more conservatively, Defendants request that the Court approve a lower rate of $750 per hour for Mr. Yousefzadeh.

28. I have been practicing law in California for over ten years, and am also an employment specialist in the labor and employment group of Sheppard Mullin. My regular hourly rates during the pendency of this litigation are as follows: $685/hr in 2020; $780/hr in 2021; $880/hr in 2022; and $975/hr in 2023. Although my regular hourly rate has increased during this litigation, and the bulk of Defendants' efforts to obtain Plaintiff's medical records and related information took place in 2021 to present, when my rates were higher, for purposes of this motion, and to calculate fees more conservatively, Defendants request that the Court approve a lower rate of $585 per hour for me.

29. John Jung has been practicing law in California for over five years, and is also an employment specialist in the labor and employment group of Sheppard Mullin. Mr. Jung's regular hourly rate in 2022, at the time he performed the relevant work on this matter, was $715 per hour. For purposes of this motion, and to calculate fees more conservatively, Defendants request that the Court approve lower rate of $500 per hour for Mr. Jung.

30. For efficiency, our firm has utilized paralegals to assist on this matter, with rates varying from $205 per hour to $385 per hour from 2020 to 2023. For purposes of this motion, and to calculate fees more conservatively, Defendants request that the Court approve an hourly rate of $250 per hour for paralegals.

31. I have reviewed our billing records to determine the costs and time incurred in: (1) seeking emotional-distress discovery from Plaintiff, such as propounding discovery, meet-and-confer

correspondence, reviewing documents and records, and seeking Plaintiff's medical records; (2) motion practice to obtain Plaintiff's emotional-distress discovery, which includes the motion to compel before the Referee, two sanctions motions in federal court, and this motion for sanctions (including an estimated eight hours of time for myself on the reply brief and two hours for Mr. Yousefzadeh); and (3) Defendants' expert psychiatrist, who was required to proceed without all of Plaintiff's relevant medical records, as summarized in the tables below.

**Reasonable Attorneys Fees'**

| Timekeeper | Hours | Rate | Total Reasonable Fees |
|---|---|---|---|
| Babak G. Yousefzadeh | 23.40 | $750 | $17,550 |
| Gal Gressel | 161.70 | $585 | $94,595 |
| John Jung | 24.8 | $500 | $12,400 |
| Paralegals | 36.8 | $250 | $9,200 |
| Total | | | $133,745 |

**Costs Incurred**

| Item | Cost |
|---|---|
| Service of Subpoenas, records fees, deposition officer fees | $3,138 |
| Psychiatric expert | $17,674 |
| Total | $20,812 |

Thus, the total reasonable attorneys fees' and costs incurred are $154,557.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on the 25th day of April, 2023, in San Francisco, California.

_____
Gal Gressel